THE HONORABLE MARSHA J. PECHMAN

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVIS MICKELSON, DANIELLE H. MICKELSON, and the marital community thereof,<br><br>Plaintiffs,<br><br>v.<br><br>CHASE HOME FINANCE LLC, an unknown entity, et al.,<br><br>Defendants. | No. 2:11-cv-01445-9<br><br>CHICAGO TITLE INSURANCE COMPANY'S MOTION TO DISMISS<br><br>**NOTE ON MOTION CALENDAR:**<br>**Friday, November 4, 2011** |

## I.   RELIEF REQUESTED

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Chicago Title Insurance Company ("Chicago") moves this court for an order dismissing it from this lawsuit.

## II.   FACTS

Plaintiffs allege in their Complaint (Dkt. #1) they lost their family home to a non-judicial foreclosure "perpetrated by the defendants Chase Home Finance, LLC, Northwest

CHICAGO'S MOTION TO DISMISS – 1

NO. 2:11-CV-01445

**FIDELITY NATIONAL LAW GROUP**
A Division of Fidelity National Title Group, Inc.
1200 – 6TH AVENUE, SUITE 620
SEATTLE, WA  98101
(206) 223-4525

Trustee Services and Federal Home Loan Mortgage Corporation." Complaint at p. 2, lines 1-5. Chicago is not among those identified as a party to the foreclosure. Rather, Chicago appears to have been named as a defendant only because "it is the Trustee identified in the original deed of trust." Complaint at p. 5, lines 1-5; see also Complaint at p. 18.

To clarify, Chicago was originally appointed as trustee under a deed of trust signed by Plaintiffs on November 22, 2005, and recorded on November 28, 2006, under Island County Auditor's File No. 4155570. Complaint, Exhibit C ("Deed of Trust"). On September 19, 2008, an Appointment of Successor Trustee ("Appointment") was recorded under Island County Auditor's File No. 4236911.[1] The Appointment appoints defendant Northwest Trustee Services, Inc. as successor trustee.

Plaintiffs do not allege that Chicago, as original trustee, took any affirmative action to conduct the subject sale. Plaintiffs do, however, allege that at the time of the sale Chicago "had not been relieved from its duty as trustee". Complaint at p. 18, lines 12-14. Plaintiffs then jump to the conclusion that Chicago "breached its duty of good faith to the borrower." Complaint at p. 18, lines 23-25.

Plaintiffs' bare allegations and conclusory statements do not raise a right to relief against Chicago. Chicago's motion should be granted for the following reasons.

---

[1] Plaintiffs do not attach the Appointment of Successor Trustee, but refer to it in their Complaint. Chicago has attached a true and correct copy of the Appointment, since the court may consider evidence on which a complaint necessarily relies if the complaint refers to the document, the document is central to Plaintiffs' claims, and no party questions the authenticity of the copy attached to the CR 12(b)(6) motion. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (exhibits to a motion to dismiss were considered by the court without converting it to a motion for summary judgment).

CHICAGO'S MOTION TO DISMISS – 2

NO. 2:11-CV-01445

FIDELITY NATIONAL LAW GROUP
A Division of Fidelity National
Title Group, Inc.
1200 – 6TH AVENUE, SUITE 620
SEATTLE, WA 98101
(206) 223-4525

### III. ISSUE STATEMENT

1. Does Plaintiffs' breach of good faith claim fail as a matter of law where Chicago was not a party to the subject nonjudicial foreclosure and Plaintiffs waived their rights to pursue Chicago by failing to enjoin the sale?

### VI. LEGAL STANDARD AND ARGUMENT

In order to survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief above the speculative level." *Id.* at 555. In other words, a plaintiff must set forth a plausible claim for relief, not simply a possible claim for relief. *See Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009).

Under *Iqbal*, ""[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Plausibility requires more than "a sheer possibility that a defendant has acted unlawfully." *Id.* "When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.*

Plaintiffs have not alleged one fact that could allow the court to draw a reasonable inference that Chicago is liable to Plaintiffs for breach of good faith. Chicago was not a party to the sale. Chicago took no affirmative action with regard to any of the foreclosure or proceedings.

CHICAGO'S MOTION TO DISMISS – 3

NO. 2:11-CV-01445

**FIDELITY NATIONAL LAW GROUP**
A Division of Fidelity National
Title Group, Inc.
1200 – 6TH AVENUE, SUITE 620
SEATTLE, WA 98101
(206) 223-4525

1  Even if the facts presented by Plaintiffs were somehow sufficient to meet the *Iqbal*
2  tes,t Plaintiffs waived their right to pursue Chicago.  In Washington, borrowers who fail to
3  enjoin a trustee's sale waive certain claims including claims like the one alleged against
4  Chicago here. *Plein v. Lackey,* 149 Wn.2d 214, 67 P.3d 1061 (2003); *Brown v. Household*
5  *Realty Corp.,* 146 Wn. App. 157, 189 P.3d 233 (2008); see also RCW 61.24.127.  Plaintiffs
6  did not enjoin the sale.  Having failed to first obtain an injunction, Plaintiffs waived their
7  claim for breach of good faith against Chicago.

### V.   CONCLUSION

Plaintiffs have no right to relief as against Chicago.  Accordingly, Chicago respectfully requests that its motion to be GRANTED and it be dismissed from this lawsuit with prejudice and without further delay.

DATED this 13th day of October, 2011.

FIDELITY NATIONAL LAW GROUP

/s/ Erin M. Stines_____
Erin M. Stines, WSBA #31501
Fidelity National Law Group
A Division of Fidelity National
  Title Group, Inc.
1200 – 6th Avenue, Suite 620
Seattle, WA  98101
(206) 223-4525
(206) 223-4527 – FAX
erin.stines@fnf.com

*Attorney for*
*Chicago Title Insurance Company*

CHICAGO'S MOTION TO DISMISS – 4

NO. 2:11-CV-01445

FIDELITY NATIONAL LAW GROUP
A Division of Fidelity National
Title Group, Inc.
1200 – 6TH AVENUE, SUITE 620
SEATTLE, WA  98101
(206) 223-4525

# CERTIFICATE OF SERVICE

I certify that on the date given below I electronically filed this document entitled CHICAGO TITLE INSURANCE COMPANY'S MOTION TO DISMISS with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following persons:

Scott E. Stafne , WSBA No. 6964
STAFNE LAW FIRM
239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
360-403-8700
360- 386-4005 - FAX
Email: scott.stafne@stafnelawfirm.com
*Attorneys for Plaintiffs*

Fred B Burnside, WSBA No. 32491
Email: fredburnside@dwt.com
Rebecca J. Francis. WSBA No. 41196
Email: RebeccaFrancis@dwt.com
DAVIS WRIGHT TREMAINE (SEA)
1201 THIRD AVENUE STE 2200
SEATTLE, WA 98101-3045
206-757-8016
206-757-7016 – FAX
*Attorneys for Defendants
Chase Home Finance LLC,
JPMorgan Chase Bank, N.A.,
Mortgage Electronic Registration Systems Inc.
and Federal Home Loan Mortgage Corporation*

Heidi E. Buck, WSBA No. 41769
ROUTH CRABTREE OLSEN
13555 SE 36TH STREET, STE 300
BELLEVUE, WA 98006
425-213-5534
425-283-5968 - FAX
Email: hbuck@rcolegal.com
*Attorneys for Defendants
Northwest Trustee Services Inc.
and Routh Crabtree Olsen PS*

CHICAGO'S MOTION TO DISMISS – 5

NO. 2:11-CV-01445

**FIDELITY NATIONAL LAW GROUP**
A Division of Fidelity National
Title Group, Inc.
1200 – 6TH AVENUE, SUITE 620
SEATTLE, WA  98101
(206) 223-4525

1 | John S. Devlin, III, WSBA No. 23998
Email:  devlinj@lanepowell.com
2 | Andrew G. Yates, WSBA No. 34239
yatesa@lanepowell.com
3 | LANE POWELL PC
1420 FIFTH AVE., SUITE 4100
4 | SEATTLE, WA  98101
206-223-7000
5 | 206-223-7010 –FAX
*Attorneys for Defendant*
6 | *Mortgageit, Inc*

7

8       **SIGNED** this 13TH day of October, at Seattle, Washington.

9                                        */s/ Erin M. Stines*_____

10

11

12

13

14

15

16

17

18

19

20

21

22

23

CHICAGO'S MOTION TO DISMISS – 6

NO. 2:11-CV-01445

FIDELITY NATIONAL LAW GROUP
A Division of Fidelity National
Title Group, Inc.
1200 – 6TH AVENUE, SUITE 620
SEATTLE, WA  98101
(206) 223-4525

CHICAGO'S MOTION TO DISMISS – 6

NO. 2:11-CV-01445

FIDELITY NATIONAL LAW GROUP
A Division of Fidelity National
Title Group, Inc.
1200 – 6TH AVENUE, SUITE 620
SEATTLE, WA  98101
(206) 223-4525