THE HON. MARSHA J. PECHMAN
Noted on Motion Calendar
November 4, 2011

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| TRAVIS MICKELSON, DANIELLE H. MICKELSON, and the marital community thereof | |
| | NO.  2:11-cv-01445 |
| Plaintiffs, | |
| vs. | RESPONSE TO CHICAGO TITLE INSURANCE COMPANY'S MOTION TO DISMISS |
| CHASE HOME FINANCE LLC, an unknown entity; et. al. | |
| Defendants. | |

COMES NOW plaintiffs, to respond and request this court deny defendant Chicago Title Insurance Company ("Chicago Title")'s motion to dismiss pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6).

## I.    FACTS

Plaintiff relies upon their amended complaint (Dkt. #29)("Amended Complaint"). Therein plaintiffs allege more fully the claims and allegations against Chicago Title. See e.g., Amended

RESPONSE TO CHICAGO TITLE INSURANCE COMPANY'S
MOTION TO DISMISS - 1

No. 2:11-CV-01445

**S T A F N E   L A W   F I R M**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /STAFNELAWFIRM@AOL.COM

Complaint at ¶¶ 6.26., 6.33-6.42 (breach of duty of good faith), 11.8, 11.12.,11.19-11.21.3 (criminal profiteering), 13.7 (unfair and deceptive practice by contractually defining, enforcing, or drafting uniform language which defines MERS as a beneficiary).

Plaintiffs allege the Sept. 19, 2008, appointment of successor trustee recorded under Island County Auditor's File No. 4236911 and beneficiary under Island County Auditor's File No. 4236910 were invalid for several reasons including, but not limited to: documents which were robosigned by a parties not authorized to appoint trustees or beneficiaries; the successor trustee was not qualified because of fiduciary conflicts; MERS not authorized to be beneficiary under Washington Statute; and successive transfers invalid. See, e.g., Complaint at ¶¶ 3.24, 6.1 - 6.32. Furthermore the non-judicial sale by a third party was procedurally defective and alleged to be partial to the purported beneficiary. See Complaint at ¶¶ 6.48-6.61

Chicago Title is the "Trustee" in the plaintiffs' Deed of Trust. See Complaint at ¶¶ 4.1 - 6.24 (problems associated with language in Deed of Trust). Chicago Title failed to resign as trustee under the plaintiffs' Deed of Trust. See Complaint at ¶ 6.26. Plaintiffs' amended complaint alleges Chicago Title had and continues to have statutory and contractual duties of good faith that are breached when certain foreseeable circumstances arise; as well as, Chicago Title criminally profited and participated in unfair and deceptive practices. See generally, Complaint at ¶¶ 6.26., 6.33-6.42, 11.8, 11.12.,11.19-11.21.3 * 13.7

## II.   ISSUE STATEMENTS

1.   Whether plaintiff alleged Chicago Title is still trustee under Wash. Rev. Code § 61.24.010 for plaintiffs' deed of trust?

S T A F N E   L A W   F I R M

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /STAFNELAWFIRM@AOL.COM

2.      Under Wash. Rev. Code § 61.24.010, are trustees duties of good faith to a borrower breached by foreseeable third party activities which cause an unauthorized and prejudiced non-judicial foreclosure on borrower's property.

3.      Whether, as a matter of law, a borrower waives right to pursue a claim against a trustee by failing to enjoin a sale?

### III.  STANDARD AND ARGUMENT

**A.   Legal Standard for Judgment on the Pleadings.**

A pleading that states a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FRCP 8(a). A district court should not dismiss for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [the plaintiff's] claims which would entitle [the plaintiff] to relief. Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994). Review is limited to the contents of the complaint. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Id. A complaint should not be dismissed ***unless it appears beyond doubt*** that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id. (emphasis supplied).

**B.   Plaintiffs pled Chicago Title is the only party authorized to commence a Trustee Sale.**

Chicago title raises this issue by stating in its motion that defendant Northwest Trustee Services, Inc. was appointed as successor trustee by a document filed under Island County

RESPONSE TO CHICAGO TITLE INSURANCE COMPANY'S
MOTION TO DISMISS - 3

No. 2:11-CV-01445

**S T A F N E   L A W   F I R M**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /STAFNELAWFIRM@AOL.COM

Auditors File No. 4236911. Plaintiffs attach a copy of this document and incorporate by reference in their amended complaint. See Exhibit E to Plaintiffs Amended Complaint

**1.   "the trustee" is exclusively authorized to perform a Trustee Sale under Ch. 61.24 RCW.**

As a matter of law, there can be only one trustee for purposes of performing a Trustees Sale. Under Wash. Rev. Code § 61.24.020, "a deed conveying real property to a trustee in trust to secure the performance of an obligation of the grantor or another to the beneficiary may be foreclosed by trustee's sale." "Trustee's sale" means "a nonjudicial sale under a deed of trust undertaken pursuant to this chapter." Wash. Rev. Code § 61.24.005 (14)). "If *the* trustee accepts a bid, then the trustee's sale is final as of the date and time of such acceptance if the trustee's deed is recorded within fifteen days thereafter." Wash. Rev. Code § 61.24.050 (emphasis supplied).

**2.   Plaintiffs amended complaint makes sufficient allegations that Chicago Title is still the trustee.**

The Deed of Trust Act states only a beneficiary may appoint a successor trustee. Wash. Rev. Code § 61.24.010 (beneficiary as defined in Wash. Rev. Code § 61.24.005 and Plaintiffs Deed of Trust). RCW 61.24.010 and .020, also describe who may be a "trustee". See Wash. Rev. Code § 61.24.010-.020. In its motion and attachment Chicago Title, asserts that the existence of Island County Auditor's file no. 4155570 relieves them of their powers and responsibilities as trustee. *See* Chicago Title's Motion at *2. A 12(b)(6) motion is not decided on defendants facts, but assumption of truth of non-moving party's factual allegations, i.e., the plaintiffs complaint..

RESPONSE TO CHICAGO TITLE INSURANCE COMPANY'S
MOTION TO DISMISS - 4

No. 2:11-CV-01445

**S T A F N E   L A W   F I R M**
239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /STAFNELAWFIRM@AOL.COM

Here plaintiffs' amended complaint sufficiently alleges Chicago Title was not replaced and did not resign as trustee. See Amended Complaint at pp. 32-34. Whether Chicago Title is still trustee can be resolved in the plaintiffs favor in any of these alleged scenarios: (1) where there was a recordation or transaction, but it was invalid, because: (i) the successor was not qualified to be a trustee under Wash. Rev. Code § 61.24.010,   (ii) the party appointing them was not authorized to appoint successors under law or contract, or (iii) the document was signed by robo-signers without authority to make such a transaction; **and**, (2) there was no recording of resignation by the Trustee in the Island County Auditor's Office (which would affirmatively end an obligation as trustee).

**C.   Trustee's Duty of Good Faith was breached where the trustee knew or should have known the sale of Plaintiffs' property by a third was unauthorized and/or prejudicial.**

**1.   The Trustee has a duty of good faith.**

Proceeding under the standard that a Chicago Title is still the Trustee, as alleged by the plaintiff, the Deed of Trust Act provides:  "[t]he trustee or successor trustee has a duty of good faith to the borrower, beneficiary, and grantor." Wash. Rev. Code § 64.21.010(4).  No Washington Court has construed the requirements of this provision.  See Cox v. Helenius, 103 Wash. 2d 383, 593 P.2d 683 (1985) (construing predecessor statute); Bain, a case currently pending before the Washington Supreme Court, makes reference to the legislature's recent chance in language; states:

> The duty owed by a trustee to a borrower under Washington law is (*or at least was*) *not obvious*. Prior to June 12, 2008, the Washington Supreme Court held that a trustee of a deed of trust is a fiduciary for both the mortgagee and mortgagor and must act *impartially* between them. (emphasis supplied).

RESPONSE TO CHICAGO TITLE INSURANCE COMPANY'S
MOTION TO DISMISS - 5

No. 2:11-CV-01445

**STAFNE LAW FIRM**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
Tel. 360.403.8700 /STAFNELAWFIRM@AOL.COM

Bain v. OneWest Bank, F.S.B., No. C09-0149JCC, 2011 U.S. Dist. LEXIS 26318, *15-16 (U.S. Dist. W.D. Wash., Mar. 15, 2011)); review granted, Wash. Supreme Court No. 86206-1 (June 24, 2011).

But the existence of such a duty cannot be denied simply because it is not yet decided upon; so the first impression task of construing what, if anything, the trustee's duty of good faith embodies is the job of this court. This task is made easier by Washington's case law in other related contexts.   See, e.g., Frank Coluccio Const. Co., Inc. v. King County, 136 Wash. App. 751, 150 P.3d 1147 (2007)(construing implied duty of good faith in contracts); Edmonson v. Popchoi, 172 Wash. 2d 272, 256 P.3d 1223 (2011) (construing implied contractual duty of good faith and duty to defend under statutory warranty deed); Ellwein v. Hartford Accident And Indemnity Co., 142 Wash. 2d 766, 15 P.3d 640 (2001)(a duty of good faith owed by an insurance company to their insured persons); see also, Indus. Indem. Co. of the Nw., Inc. v. Kallevig, 114 Wash. 2d 907, 916-917, 792 P.2d 520 (1990); Anderson v. State Farm Mut. Ins. Co., 101 Wash. App. 323, 329, 2 P.3d 1029 (2000), review denied, 142 Wn.2d 1017, 20 P.3d 945 (2001)(further cases construing duty of good faith under Insurance Wash. Admin. Code).

**2.    Trustee Breaches Duty of Good Faith under certain foreseeable circumstances.**

A breach of duty of good faith can occur where a party owing a duty of good faith is indifferent or dismissive of their duty; for example in Edmonson, the Washington Supreme Court identified the duty of good faith which arose pursuant to a statutory warranty deed. Edmonson v. Popchoi, 172 Wn.2d 272, 256 P.3d 1223 (2011) (Based on a plain reading of the statute and the implied duty of good faith, a warranty to defend means that, upon proper tender, a grantor is obligated to defend in good faith and is liable for a breach of that duty;

RESPONSE TO CHICAGO TITLE INSURANCE COMPANY'S
MOTION TO DISMISS - 6

No. 2:11-CV-01445

**STAFNE LAW FIRM**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /STAFNELAWFIRM@AOL.COM

where indifference to the dispute and out-of-hand dismissal of the duty to defend could not be characterized as satisfying the warranty to defend).

The Trustee may breach its duty of good faith under Wash. Rev. Code § 61.24.010(4) and be liable for failure to comply under Wash. Rev. Code § 61.24.127(1), where they intended, knew or should have known, and failed to enjoin or notify the borrower of: (1) a third party's appointment of a successor trustee where they had no authority to do so; (2) appointment of the successor trustee using a robo-signed, forged or fraudulent document; (3) an unauthorized non-judicial foreclosure sale started by someone other than the trustee; (4) enforcing a Deed of Trust which does not comply with Washington Law; (5) learning of the commencement or completion of an improper sale and not acting to stop the sale; or, (6) otherwise refusing to defend a borrower in a case such as this. See Amended Complaint at ¶¶ 6.36-6.39[1]; see also, Complaint at ¶ 6.40 (allegations of unfair and deceptive practice); ¶¶ 11.8, 11.19-11.21 (allegations of criminal profiteering).

**3.    Whether Chicago Title knew or should have known is an issue of fact.**

The concept of foreseeability determines the scope of the duty owed. Christen v. Lee, 113 Wash. 2d 479, 492, 780 P.2d 1307 (1989). Foreseeability is normally an issue for the trier of

---

[1] Plaintiffs' Amended Complaint at

6.36. Defendant Chicago Title, the actual trustee appointed under plaintiffs' Deed of Trust, had a duty of good faith, which included the duty to know and/or should know that the purported trustee, defendant Northwest Trustee Services, had not been properly appointed under either the language of the Deed of Trust Instrument and/or the Deed of Trust Statute (see Wash. Rev. Code § 64.21.010(2)); and therefore, was not authorized by contract or law to bring a foreclosure sale.

6.37. Plaintiffs allege the defendant Chicago knew, or should have known of one or more activities in paragraph 1.4 of this complaint and incorporated herein conflicted with their duty of good faith under Wash. Rev. Code § 61.24.010(4); and non-disclosure of these activities to the plaintiffs breached their duty causing plaintiffs such damages as will be proved at trial.

6.38. Plaintiffs allege defendant Chicago Title had a duty to know and/or should have known that the appointment of the successor trustee by the purported trustee was a robosigned document signed by an employee of Northwest Trustee Services.

RESPONSE TO CHICAGO TITLE INSURANCE COMPANY'S
MOTION TO DISMISS - 7

No. 2:11-CV-01445

STAFNE LAW FIRM

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /STAFNELAWFIRM@AOL.COM

fact. Id. In order to establish foreseeability: "the harm sustained must be reasonably perceived as being within the general field of danger covered by the specific duty owed by the defendant." Id. Again FRCP 12(b)(6) motion is not decided on defendants facts, but assumption of truth of non-moving party's factual allegations.

**D.    Failure to enjoin is not waiver of claims against Chicago Title**

As now alleged in the plaintiffs' amended complaint states at pp 36-37:

> Wash. Rev. Code § 64.21.127 specifically provides:

> > (1) The failure of the borrower or grantor to bring a civil action to enjoin a foreclosure sale under this chapter may not be deemed a waiver of a claim for damages asserting: [***] (c) Failure of the trustee to materially comply with the provisions of this chapter.

Plaintiffs also have the right to challenge the sale as void. See Albice v. Premier Mortg. Services of Washington, Inc., 239 P.3d 1148 (2010) rev. pending, 170 Wash. 2d 1029, 249 P.3d 623 (2011); Cox, 103 Wash. 2d 383, 593 P.2d 683; Moon v. GMAC Mortgage Corp., 2009 U.S. Dist. LEXIS 91933 (W.D. Wash., Oct. 2, 2009) (Although the waiver doctrine bars claims that contest the underlying debt or obligation, it does not preclude a borrower or granter from challenging, in a post sale action, the procedures of foreclosure or trustee's sale.) (citing CHD v. Boyles, 138 Wash. App. 131 at 139, 157 P.3d 415 (2007))

## IV.   CONCLUSION

Under the standards of 12(b)(6), this court must find that Chicago Title is still the trustee under the Plaintiffs' Deed of Trust and that Chicago Title knew or should have known of certain foreseeable events including: Northwest Trustee Services had not been properly appointed or was not authorized to bring a foreclosure sale;  that foreclosure industry was, and

RESPONSE TO CHICAGO TITLE INSURANCE COMPANY'S
MOTION TO DISMISS - 8

No. 2:11-CV-01445

**STAFNE LAW FIRM**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 / STAFNELAWFIRM@AOL.COM

still is, engaged in a broad range of unfair, deceptive, and criminal practices; and certain documents were signed by robo-signers.

Therefore, as a matter of law, Chicago Title had a duty of good faith, i.e., ensure impartial and authorized sale plaintiffs property, which was breached by indifference or dismissive of the aforementioned events discussed herein. All relief is not precluded by a borrowers' failure to enjoin the sale; and, for the aforementioned reasons, the motion to dismiss to CR 12(b) should be denied.

DATED this 2nd day of November, 2011, in Arlington, Washington.

/s/ Andrew J. Krawczyk_____
Scott E. Stafne, WSBA 6964
Andrew Krawczyk, WSBA 42982
Stafne Law Firm
239 N. Olympic Avenue
Arlington, WA 98223
(360) 403-8700
scott.stafne@stafnelawfirm.com
andrew@stafnelawfirm.com
Attorneys for Plaintiffs

RESPONSE TO CHICAGO TITLE INSURANCE COMPANY'S
MOTION TO DISMISS - 9

No. 2:11-CV-01445

STAFNE LAW FIRM
239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /STAFNELAWFIRM@AOL.COM

### CERTIFICATE OF SERVICE

I certify that on the date given below I electronically filed this document entitled RESPONSE

TO CHICAGO TITLE INSURANCE COMPANY'S MOTION TO DISMISS with the Clerk

of the Court using the CM/ECF System which will send notification of such filing to the

following persons:

Erin McDougal Stines
FIDELITY NATIONAL LAW GROUP
1200 6TH AVENUE STE 620
SEATTLE, WA 98101
(206) 224-6005
Fax: (877) 655-5286
Email: erin.stines@fnf.com
Attorney for Defendant Chicago Title Insurance Company

Fred B Burnside and Rebecca J. Francis
DAVIS WRIGHT TREMAINE (SEA)
1201 THIRD AVENUE STE 2200
SEATTLE, WA 98101-3045
206-757-8016
Fax: FAX 206-757-7016
Email: fredburnside@dwt.com
Email: RebeccaFrancis@dwt.com
Attorneys for Defendants: Chase Home Finance LLC, JPMorgan Chase Bank, N.A.,
Mortgage Electronic Registration Systems, Inc. and Federal Home Loan Mortgage
Corporation

Heidi E. Buck
ROUTH CRABTREE OLSEN
13555 SE 36TH STREET
STE 300
BELLEVUE, WA 98006
425-213-5534
Email: hbuck@rcolegal.com
Attorneys for Defendants: Northwest Trustee Services, Inc. and Routh, Crabtree, Olsen, P.S.

SIGNED this 2nd day of November, 2011.

/s/ Andrew J. Krawczyk_____
Scott E. Stafne, WSBA 6964
Andrew J. Krawczyk, WSBA 42982
Stafne Law Firm
239 N. Olympic Avenue
Arlington, WA 98223
(360) 403-8700
scott.stafne@stafnelawfirm.com
Attorneys for Plaintiffs

RESPONSE TO CHICAGO TITLE INSURANCE COMPANY'S
MOTION TO DISMISS - 10

No. 2:11-CV-01445