THE HONORABLE MARSHA J. PECHMAN
**Noted on Motion Calendar**
November 4, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVIS MICKELSON, DANIELLE H. MICKELSON, and the marital community thereof,<br><br>Plaintiffs,<br><br>v.<br><br>CHASE HOME FINANCE LLC, an unknown entity, et al.,<br><br>Defendants. | No. 2:11-cv-01445-9<br><br>CHICAGO TITLE INSURANCE COMPANY'S MOTION TO STRIKE AND REPLY IN SUPPORT OF MOTION TO DISMISS |

## I.  REPLY

The Court should not consider Plaintiffs' Response to Chicago Title Insurance Company's ("Chicago") Motion to Dismiss ("Response") as it was not timely served and filed. Western District Local Civil Rule 7(d)(3) states: "Any opposition papers shall be filed and served not later than the Monday before the noting date." Accordingly, Plaintiffs were required to serve and file their Opposition by October, 31, 2011.

CHICAGO'S MOTION TO STRIKE AND
REPLY ON MOTION TO DISMISS – 1
NO. 2:11-CV-01445

FIDELITY NATIONAL LAW GROUP
A Division of Fidelity National
Title Group, Inc.
1200 – 6TH AVENUE, SUITE 620
SEATTLE, WA  98101
(206) 223-4525

Plaintiffs filed their opposition two days late on November 2, 2011 (Dkt. #31). Plaintiffs did not obtain an extension from the Court nor did they obtain leave to file a late opposition.

The Court may decline to consider any paper that is not timely within the deadline set by order or local rule. Moreover, according to the Ninth Circuit, failure to follow a district court's local rules is a proper ground for dismissal. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Thus, this Court should deem Plaintiffs' failure to timely file an opposition as consent to granting of Chicago's motion.

Even if considered by the Court, Plaintiffs' Response does not defeat Chicago's Motion to Dismiss. Plaintiffs maintain that an original trustee owes a duty of good faith to a borrower after appointment of a successor trustee, yet they have provided no legal authority to support their theory. The cases cited to by Plaintiffs concerning the "scope of the duty owed" are irrelevant. Washington's Deed of Trust Act (the "Act"), RCW 61.24 *et seq.*, controls the issues here.

The Act, however, does not recognize any cause of action against a prior trustee who is not a party to foreclosure. Rather, RCW 61.24.010(4) states that "the trustee **or** successor trustee has a duty of good faith to the borrower." (Emphasis added). Here, Plaintiff is apparently alleging both Northwest Trustee Services **and** Chicago owe that duty. The statute says otherwise. Once the appointment is made, any duty of the former trustee is extinguished.

Plaintiff cites *Bain v. One West Bank*, F.S.B., No. C09-0149JCC, 2011 U.S. Dist. LEXIS 26318, *15-16 (U.S. Dist. W.D. Wash., Mar. 15, 2011) for the proposition that what duty, if any, a trustee owes to a borrower is unknown at this time in the State of Washington.

CHICAGO'S MOTION TO STRIKE AND
REPLY ON MOTION TO DISMISS – 2
NO. 2:11-CV-01445

FIDELITY NATIONAL LAW GROUP
A Division of Fidelity National
Title Group, Inc.
1200 – 6TH AVENUE, SUITE 620
SEATTLE, WA 98101
(206) 223-4525

1  Interestingly, the *Bain* court was deciding the issue of whether the **successor trustee** had a
2  duty of good faith to the borrower. There is no discussion of whether the original trustee
3  owed that duty. In fact, the original trustee in that case, Stewart Title Guarantee Co. was not
4  even a named party.

### III.  CONCLUSION

Plaintiffs' Response is untimely and should not be considered by this Court. Regardless, Plaintiffs have no plausible claim for relief against Chicago. Accordingly, Chicago's Motion to Dismiss should be granted.

DATED this 4th day of November, 2011.

FIDELITY NATIONAL LAW GROUP

/s/ Erin M. Stines_____
Erin M. Stines, WSBA #31501
Fidelity National Law Group
A Division of Fidelity National
   Title Group, Inc.
1200 – 6th Avenue, Suite 620
Seattle, WA  98101
(206) 223-4525
(206) 223-4527 – FAX
erin.stines@fnf.com

*Attorney for*
*Chicago Title Insurance Company*

CHICAGO'S MOTION TO STRIKE AND
REPLY ON MOTION TO DISMISS – 3
NO. 2:11-CV-01445

FIDELITY NATIONAL LAW GROUP
A Division of Fidelity National
Title Group, Inc.
1200 – 6TH AVENUE, SUITE 620
SEATTLE, WA  98101
(206) 223-4525

# CERTIFICATE OF SERVICE

I certify that on the date given below I electronically filed this document entitled CHICAGO TITLE INSURANCE COMPANY'S REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO DISMISS with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following persons:

Scott E. Stafne , WSBA No. 6964
STAFNE LAW FIRM
239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
360-403-8700
360- 386-4005 - FAX
Email: scott.stafne@stafnelawfirm.com

*Attorneys for Plaintiffs*

Fred B Burnside, WSBA No. 32491
Email: fredburnside@dwt.com
Rebecca J. Francis. WSBA No. 41196
Email: RebeccaFrancis@dwt.com
DAVIS WRIGHT TREMAINE (SEA)
1201 THIRD AVENUE STE 2200
SEATTLE, WA 98101-3045
206-757-8016
206-757-7016 – FAX

*Attorneys for Defendants*
*Chase Home Finance LLC,*
*JPMorgan Chase Bank, N.A.,*
*Mortgage Electronic Registration Systems Inc.*
 *and Federal Home Loan Mortgage Corporation*

CHICAGO'S MOTION TO STRIKE AND
REPLY ON MOTION TO DISMISS – 4
NO. 2:11-CV-01445

**FIDELITY NATIONAL LAW GROUP**
A Division of Fidelity National
Title Group, Inc.
1200 – 6TH AVENUE, SUITE 620
SEATTLE, WA  98101
(206) 223-4525

1 | Heidi E. Buck, WSBA No. 41769
ROUTH CRABTREE OLSEN
2 | 13555 SE 36TH STREET, STE 300
BELLEVUE, WA 98006
3 | 425-213-5534
425-283-5968 - FAX
4 | Email: hbuck@rcolegal.com
*Attorneys for Defendants*
5 | *Northwest Trustee Services Inc.*
*and Routh Crabtree Olsen PS*

**SIGNED** this 4th day of November, at Seattle, Washington.

/s/ Erin M. Stines_____

CHICAGO'S MOTION TO STRIKE AND
REPLY ON MOTION TO DISMISS – 5
NO. 2:11-CV-01445

FIDELITY NATIONAL LAW GROUP
A Division of Fidelity National
Title Group, Inc.
1200 – 6TH AVENUE, SUITE 620
SEATTLE, WA 98101
(206) 223-4525