UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVIS MICKELSON, and DANIELLE H. MICKELSON,<br><br>                    Plaintiffs,<br><br>          v.<br><br>CHASE HOME FINANCE LLC, et al.,<br><br>                    Defendants. | CASE NO. C11-1445 MJP<br><br>ORDER GRANTING DEFENDANT CHICAGO TITLE INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFFS' CLAIM FOR BREACH OF GOOD FAITH |

This matter comes before the Court on Defendant Chicago Title Insurance Company's motion to dismiss. (Dkt. No. 18.) Having reviewed the motion, Plaintiffs' opposition (Dkt. No. 31), the reply (Dkt. No. 33), and all related papers, the Court GRANTS the motion.

**Background**

Plaintiffs Travis and Danielle Mickelson filed suit against the Defendants alleging various improper and illegal acts related to the foreclosure on their home in Island County. Plaintiffs obtained a loan from MHL Funding Corp on November 22, 2005, to purchase the home. (Amended Complaint ("AC") ¶ 3.3.) The deed of trust securing the loan named

Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary and Chicago Title

Insurance Company ("Chicago") as the trustee.  (Dkt. No. 29-1 at 7.)  Roughly three years later

on September 19, 2008, Chase Home Finance LLC ("Chase") recorded an assignment of the

deed of trust from MERS to Chase. (Dkt. No. 29-1 at 27.)  The document is signed by Vonnie

McElligot as "Vice President" for MERS, though she is alleged and appears to be an employee

of Northwest Trustee Services, Inc. ("Northwest").  (Id.)  The same day, Northwest recorded an

appointment of successor trustee on behalf of Chase, which appointed Northwest the successor

trustee.  (Dkt. No. 29-1 at 29.)  This document is signed by Jeff Stenman.  (Id.)  Northwest had

previously record a document entitled "Limited Power of Attorney" on October 28, 2005, which

gave several individuals, including Vonnie McElligott and Jeff Stenman authority to make

substitutions and appointments of trustees on behalf of Chase.  (Dtk. No. 29-1 at 24.)

  Starting in the August of 2008, Plaintiffs fell behind on their mortgage payments and

were threatened with foreclosure by Chase and Northwest's employee Vonnie McElligott.  (AC ¶

3.23.)  Although Plaintiffs tried to enter into a loan modification program, their home was

ultimately sold in a non-judicial foreclosure sale on March 25, 2011. (AC ¶¶ 3.25-3.28.)  In their

sprawling amended complaint, Plaintiffs allege that the appointment of MERS as the beneficiary

to the first deed of trust was impermissible because MERS is not legally capable of being the

beneficiary.  (AC ¶¶ 6.4-6.21.)  Plaintiffs claim the assignment of the deed of trust to Chase was

invalid because MERS was not a proper beneficiary.  (AC ¶ 6.22.)  They also allege that

assignment to Chase was invalid because Vonnie McElligott is a "robo signer" and employee of

Northwest who "lacked authority, knowledge or training to perform the transaction" on behalf of

MERS.  (AC ¶ 6.23.)  Lastly, Plaintiffs conclude that Chicago was never properly replaced by

1    Northwest as trustee because Chase lacked the authority to appoint a successor trustee.  (AC ¶

2    6.25-6.31.)  Plaintiffs thus allege Chicago remains the trustee to their deed of trust.

3         Plaintiffs allege Chicago breached its duties of good faith as trustee under RCW

4    61.24.010(4).  Plaintiffs claim Chicago failed to satisfy its duty to investigate whether the

5    successor trustee was properly appointed under the Deed of Trust Instrument and/or the Deed of

6    Trust Act.  According to Plaintiffs' complaint, had Chicago satisfied this duty it would have

7    known the successor trustee was not actually the trustee and stopped the foreclosure sale.

8    Plaintiffs allege that Chicago "knew or should have known of the incidence of homeowners

9    being foreclosed upon through used [sic] of robo-signed document [sic] and should have been

10    monitoring County records of those persons to whom they owed a duty of good faith."  (AC ¶

11    6.37 n.9.)  Chicago's failure to act as Plaintiffs suggest purportedly constituted an "unfair or

12    deceptive practice in trade or commerce within the meaning of Wash. Rev. Code § 19.76.020,

13    and/or constituted criminal profiteering within the meaning of Ch. 9A.82 Wash. Rev. Code."

14    (AC ¶ 6.40.)

15         Chicago filed its motion to dismiss the breach of good faith claim that was alleged

16    against it in Plaintiffs' original complaint.  Within twenty-one days of Chicago filing its motion,

17    Plaintiffs amended their complaint.  (Compare Dkt. Nos. 18 with 29.)  Both the original and

18    amended complaints assert claims against all Defendants, including Chicago, for violations of

19    the Consumer Protection Act ("CPA") and Washington's criminal profiteering act.  Thus,

20    Chicago has not moved for dismissal of all claims against it, despite its request to be dismissed

21    entirely from the case.

22                               **Analysis**

23    A.      <u>Standard</u>

24

1        On a motion to dismiss, the Court must accept the material allegations in the complaint as

2  true and construe them in the light most favorable to Plaintiff.  NL Indus., Inc. v. Kaplan, 792

3  F.2d 896, 898 (9th Cir. 1986).  A motion to dismiss filed pursuant to Rule 12(b)(6) tests the

4  sufficiency of the complaint.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  "To survive a

5  motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

6  claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)

7  (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 554, 570 (2007)).  The plaintiff must provide

8  "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

9  will not do."  Twombly, 550 U.S. at 555.  Here, Plaintiffs fail to cite either Iqbal or Twombly

10  and instead invoke the "no set of facts" standard that no longer has application.  (Dkt. No. 31 at

11  3.)  The standard Plaintiffs urge is no longer valid law and will not be applied.

12  B.    Untimely Response

13        Plaintiffs failed to file their response brief on time.  They filed it two days late.  Chicago

14  asks the Court to strike the brief in its entirety and deem this to be an admission that Chicago's

15  position has merit.  While the Court is sympathetic to Chicago's position, it does not find it

16  proper to overlook the arguments Plaintiffs assert.  The Court warns Plaintiffs that it will not

17  consider any future motion or responsive brief that is untimely filed unless Plaintiffs separately

18  show good cause for their failure to timely file their papers.

19  C.    Breach of Good Faith Claim

20        Plaintiffs present an untenable claim that Chicago breached its duty of good faith.  The

21  Court dismisses the claim.

22        Chicago fails to challenge Plaintiffs' allegations that Chicago is still the trustee on the

23  original deed of trust.  This is a crucial component of all of the claims against Chicago because

24

ORDER GRANTING DEFENDANT CHICAGO
TITLE INSURANCE COMPANY'S MOTION TO
DISMISS PLAINTIFFS' CLAIM FOR BREACH OF
GOOD FAITH- 4

1   the only way Chicago is alleged to be liable is as a trustee.  Here, Plaintiffs present a plausible

2   and uncontroverted theory that Chicago was not properly appointed by Chase because Chase was

3   not a proper successor beneficiary.  Plaintiffs allege that the individual signing the paperwork

4   appointing Chase lacked the authority to do so.  (AC ¶ 6.23.)  The document appears to support

5   this allegation, as it is signed by Vonnie McElligot as "Vice President" of MERS, even though

6   she appears only to be an employee of Northwest, not MERS.  Plaintiffs have thus presented a

7   plausible claim that Chase was not properly appointed as successor beneficiary and lacked

8   authority to replace Chicago as trustee with Northwest.  It thus appears plausible that Chicago

9   was still the proper trustee at the time of the foreclosure sale and may have owed a duty of good

10  faith to Plaintiffs.

11          Plaintiffs propose an untenable and expansive view of the duty of good faith of the

12  trustee to a deed of trust.  Plaintiffs suggest the duty of good faith required Chicago to undertake

13  a separate investigation as to whether the signatures on the papers appointing Chase and

14  Northwest as successor beneficiary and trustee, respectively, were valid or forgeries.  While

15  there is no binding authority discussing the scope of the statutory duty of good faith, Plaintiffs'

16  view is unreasonable.  Plaintiffs argue that a proper starting point is the implied duty of good

17  faith in every contract, which obligates the parties to cooperate with each other so that each may

18  obtain the full benefit of performance.  See Badgett v. Sec. State Bank, 116 Wn.2d 563, 569

19  (1991).  This, however, does not support the imposing an affirmative duty of investigation on

20  Chicago.  Plaintiffs also cite a case from this District where the Court found a possible breach of

21  the duty of good faith where the trustee performing the foreclosure sale was not properly

22  appointed as trustee.  Bain v. OneWest Bank, F.S.B., No. C09-149-JCC, 2011 WL 917385, at *6

23  (W.D. Wash. Mar. 15, 2011).  This case has little relevance, as Chicago is not alleged to have

24

ORDER GRANTING DEFENDANT CHICAGO
TITLE INSURANCE COMPANY'S MOTION TO
DISMISS PLAINTIFFS' CLAIM FOR BREACH OF
GOOD FAITH- 5

1    engaged in or caused the foreclosure proceedings.  Plaintiffs also argue that a trustee breaches its

2    duty when it is indifferent or dismissive of its duty of good faith.  (Dkt. No. 31 at 6 (citing

3    Edmonson v. Popchoi, 172 Wn.2d 272 (2011)).)  The Court agrees that the trustee cannot be

4    indifferent to its duty.  Yet, even if the Court construes the Deed of Trust Act in Plaintiffs' favor

5    it is too great a stretch to impose a duty of investigation into possible fraud on the original

6    trustee.  See Udall v. T.D. Escrow Servs., Inc., 159 Wn.2d 903, 915-16 (2007) (requiring the Act

7    to be construed in the borrower's favor).  A trustee surely has a duty to ensure that its

8    replacement is proper, but not to second guess otherwise valid assignment documents.  As

9    related to this case, the Court finds that the duty of good faith extends only to ensuring that there

10   are no obvious or known defects in the documents replacing the trustee.  Plaintiffs would have

11   every trustee conduct a secondary investigation into the papers filed by the beneficiary, which is

12   simply too great a demand.

13          The allegations here do not show that Chicago breached a duty of good faith.  First, there

14   is no reason to assume Chicago knew MERS was never a valid beneficiary, as that legal question

15   remains unresolved and pending before the State Supreme Court.  Second, the documents

16   appointing Chase as successor beneficiary and Northwest as trustee appear to bear valid

17   signatures.  Plaintiffs have failed to present cogent allegations as to why Chicago should have

18   done any further investigation.  Plaintiffs cobble together only threadbare allegations that

19   Chicago knew that the assignment was invalid.  Plaintiffs allege only generically that everyone

20   in the mortgage industry knew that there were "robo-signers" and that Chicago should have

21   known that McElligot was not a MERS employee.  This is inadequate to state a plausible claim

22   for relief, as there is nothing more than conjecture to support Plaintiffs' theory.  See Twombly,

23

24
     ORDER GRANTING DEFENDANT CHICAGO
     TITLE INSURANCE COMPANY'S MOTION TO
     DISMISS PLAINTIFFS' CLAIM FOR BREACH OF
     GOOD FAITH- 6

1    550 U.S. at 570.  The allegations are simply too vague and conclusory to support a claim against

2    Chicago.  The Court therefore GRANTS Chicago's motion and dismisses this claim.

3    D.      <u>Waiver</u>

4            Chicago incorrectly argues that Plaintiffs waived their breach of good faith claim against

5    it by failing to enjoin the foreclosure.  As the Deed of Trust Act makes clear, Plaintiffs may bring

6    claims against the trustee for failure to comply with the Deed of Trust Act even if they fail to

7    enjoin the foreclosure sale.  RCW 64.24.127(1).  Plaintiffs may still seek damages arising out of

8    the "[f]ailure of the trustee to materially comply with" the Deed of Trust Act.  <u>Id.</u>

9    E.      <u>CPA and Criminal Profiteering</u>

10           Plaintiffs have asserted a CPA and a criminal profiteering claim against Chicago on

11   which Chicago has not moved for relief.  The claims were alleged in the original complaint as to

12   all Defendants, including Chicago.  The amended complaint makes more specific allegations that

13   Chicago violated the CPA and criminal profiteering by failing to restrain Northwest and the

14   foreclosure sale.  Because Chicago failed to move to dismiss these claims, the Court does not

15   examine their validity and cannot dismiss Chicago in its entirety from this case.

16                                          **Conclusion**

17           The Court GRANTS Chicago's motion and DISMISSES the breach of good faith claim

18   against Chicago.  Plaintiffs have not shown that Chicago owed them the extensive duty of good

19   faith that Plaintiffs alleged exists.  Because Chicago has not moved for dismissal of any other

20   claims against it, it is not dismissed from the case.

21   \\

22   \\

23   \\

24
     ORDER GRANTING DEFENDANT CHICAGO
     TITLE INSURANCE COMPANY'S MOTION TO
     DISMISS PLAINTIFFS' CLAIM FOR BREACH OF
     GOOD FAITH- 7

1    The clerk is ordered to provide copies of this order to all counsel.

2    Dated this 14th day of November, 2011.

3

4

5    _____
     Marsha J. Pechman
6    United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING DEFENDANT CHICAGO
TITLE INSURANCE COMPANY'S MOTION TO
DISMISS PLAINTIFFS' CLAIM FOR BREACH OF
GOOD FAITH- 8