1

2

3

4

5

6

7

8

9

The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| TRAVIS MICKELSON, DANIELLE H. MICKELSON, and the marital community thereof, | ) ) ) | No. C11-01445 MJP |
| | ) | |
| Plaintiffs, | ) ) | DEFENDANTS JPMORGAN CHASE BANK, MERS, AND FEDERAL HOME LOAN MORTGAGE CORPORATION'S PARTIAL MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6) |
| v. | ) ) ) | |
| CHASE HOME FINANCE LLC, et al., | ) ) | |
| Defendants. | ) ) | **Noted on Motion Calendar: January 20, 2012** |
| | ) | |

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

# TABLE OF CONTENTS

I.     INTRODUCTION AND SUMMARY OF ARGUMENT ....................................1

II.    STATEMENT OF FACTS ...............................................................................2

   A.   Plaintiffs' Loan History Shows Chase Holds Their Note and Can Foreclose......................2

   B.   Chase Uses Agents In Connection With Nonjudicial Foreclosure........................................4

   C.   Plaintiffs' Default Caused Chase to Initiate Foreclosure. ...................................................4

   D.   Plaintiffs' Prior Loan Modification Attempts. ....................................................................6

   E.   Plaintiffs' Complaint and Procedural Background. .............................................................7

III.   ARGUMENT .................................................................................................8

   A.   Plaintiffs Waived Their Quiet Title, Injunctive and Declaratory Relief, Criminal
        Profiteering Act, Unconscionability, and Breach of Contract Claims. ............................9

   B.   The Foreclosure Sale Mooted Plaintiffs' Quiet Title and Injunctive and Declaratory Relief
        Claims...................................................................................................................10

   C.   MERS Was a Valid Beneficiary of the Deed of Trust. .....................................................12

   D.   Plaintiffs' Show-Me-the-Note Claim Fails. ......................................................................17

   E.   The Statute of Limitations Bars the CPA Claim, Which Fails in Any Event. ...................17

IV.    CONCLUSION .............................................................................................21

DEFENDANTS CHASE, MERS & FREDDIE MAC'S PARTIAL MOTION TO
DISMISS
(C11-01445 MJP) — i
DWT 18649308v3 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Ancheta v. Golden Mortg. Empire, Inc.*,
   2011 U.S. Dist. LEXIS 22549 (N.D. Cal. 2011) ................................................... 11

*Alvarado v. Microsoft Corp.*,
   2010 WL 715455 (W.D. Wash. 2010) ................................................................ 19

*Ashcroft v. Iqbal*,
   556 U.S. 662, 129 S. Ct. 1937 (2009) ........................................................ *passim*

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ........................................................................... 9, 12, 17

*Bern v. Wells Fargo Bank, N.A.*,
   2011 WL 1561799 (W.D. Wash. 2011) ............................................................. 17

*Bhatti v. Guild Mortg. Co.*,
   2011 WL 6300229 (W.D. Wash. 2011) ................................................... 11, 13, 17

*Buse v. First Am. Title Ins. Co.*,
   2009 WL 1543994 (W.D. Wash. 2009) ............................................................. 14

*Cervantes v. Countrywide Home Loans, Inc.*,
   656 F.3d 1034 (9th Cir. 2011) .................................................................. *passim*

*Chapel v. Mortg. Elec. Reg. Sys., Inc.*,
   2010 WL 4622526 (W.D. Wash. 2010) ............................................................. 13

*Cronkhite v. Kemp*,
   741 F. Supp. 822 (E.D. Wash. 1989) ............................................................... 11

*Fisher v. Miocene Oil & Gas Ltd.*,
   335 Fed. Appx. 483 (5th Cir. 2009) ................................................................ 12

*Gossen v. JPMorgan Chase Bank*,
   --- F. Supp. 2d --, 2011 WL 4939828 (W.D. Wash. 2011) ........................... 1, 10, 11

*In re Mortg. Elec. Reg. Sys. (MERS) Litig.*,
   2011 WL 4550189 (D. Ariz. 2011) ............................................................... 1, 16

*In re United Home Loans*,
   71 B.R. 885 (W.D. Wash. 1987) ............................................................... 12, 13

*In re Kennedy*,
   2011 WL 165181 (Bankr. D. Or. 2011) ............................................................. 11

DEFENDANTS CHASE, MERS & FREDDIE MAC'S PARTIAL MOTION TO
DISMISS
(C11-01445 MJP) — ii
DWT 18649308v3 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

*Lamb v. MERS, Inc.*,
   2011 WL 5827813 (W.D. Wash. 2011) ............................................................... 2, 17, 21

*Lee v. City of Los Angeles*,
   250 F.3d 668 (9th Cir. 2001) ....................................................................................... 3

*Malone v. Nuber*,
   2009 WL 481285 (W.D. Wash. 2009) ........................................................................ 16

*Mickelson v. Chase Home Fin. LLC*,
   2011 WL 5553821 (W.D. Wash. 2011) ................................................................... 8, 16

*Minnick v. Clearwire US LLC*,
   683 F. Supp. 2d 1179 (W.D. Wash. 2010) ............................................................... 19

*Mulvihill v. Pac. Maritime Ass'n*,
   2011 WL 4712198 (W.D. Wash. 2011) ........................................................................ 8

*N.w. Laborers-Emp'r Health & Sec. Trust Fund v. Philip Morris, Inc.*,
   58 F. Supp. 2d 1211 (W.D. Wash. 1999) ................................................................. 13

*Nguyen v. IBM Lender Bus. Processing Serv.*,
   2011 WL 6130781 (W.D. Wash. 2011) ...................................................................... 20

*Parrino v. FHP, Inc.*,
   146 F.3d 699 (9th Cir. 1998) ....................................................................................... 2

*Rosal v. First Fed. Bank of Cal.*,
   671 F. Supp. 2d 1111 (N.D. Cal. 2009) ................................................................. 11, 19

*Ruvalcaba v. City of Los Angeles*,
   167 F.3d 514 (9th Cir. 1999) ..................................................................................... 11

*Segura v. Green Tree Serv., LLC*,
   2011 U.S. Dist. LEXIS 64649 (E.D. Cal. 2011) ...................................................... 11

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir. 2001) ....................................................................................... 8

*Torres v. Goddard*,
   2007 U.S. Dist. LEXIS 2341 (D. Ariz. 2007) ............................................................ 8

*Vasquez v. L.A. Cnty.*,
   487 F.3d 1246 (9th Cir. 2007) ..................................................................................... 8

*Vawter v. Quality Loan Serv. Corp. of Wash.*,
   707 F. Supp. 2d 1115 (W.D. Wash. 2010) ............................................................. 9, 12

DEFENDANTS CHASE, MERS & FREDDIE MAC'S PARTIAL MOTION TO
DISMISS
(C11-01445 MJP) — iii
DWT 18649308v3 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

*In re Veal*,
   450 B.R. 897 (B.A.P. 9th Cir. 2011) ................................................................. 17

*Corales*, __ F. Supp. 2d __, 2011 WL 4899957, *5 ........................................ 13, 15, 21

STATE CASES

*Allen v. State*,
   118 Wn.2d 753 (1992) .......................................................................................... 18

*Andrews v. Kelleher*,
   124 Wash. 517 (1923) .......................................................................................... 14

*Brown v. Household Realty Corp.*,
   146 Wn. App. 157 (2008) ................................................................................ 9, 10

*Carr v. Cohn*,
   44 Wash. 586 (1906) ............................................................................................ 14

*Cox v. Helenius*,
   103 Wn.2d 383 (1985) ............................................................................................ 9

*Hangman Ridge Training Stables, Inc. v. Safeco Title*,
   105 Wn.2d 778 (1986) ............................................................................... 18, 19, 21

*Indoor Billboard Wash., Inc. v. Integra Telecom of Wash.*,
   162 Wn.2d 59 (2007) ............................................................................................ 18

*Klem v. Wash. Mut. Bank*,
   2011 WL 6382147 (Wash. Ct. App. Dec. 19, 2011) ............................................ 19

*Nguyen v. Calhoun*,
   105 Cal. App. 4th 428 (2003) .............................................................................. 20

*Nguyen v. Doak Homes, Inc.*,
   140 Wn. App. 726 (2007) ............................................................................... 20, 21

*Parker v. Speedy Re-Finance, Ltd.*,
   23 Wn. App. 64 (1979) ........................................................................................ 11

*Plein v. Lackey*,
   149 Wn.2d 214 (2003) ................................................................................. 1, 9, 10

*Saunders v. Lloyd's of London*,
   113 Wn.2d 330 (1989) .......................................................................................... 18

*Skagit State Bank v. Rasmussen*,
   109 Wn.2d 377 (1987) .......................................................................................... 14

DEFENDANTS CHASE, MERS & FREDDIE MAC'S PARTIAL MOTION TO
DISMISS
(C11-01445 MJP) — iv
DWT 18649308v3 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

*Stiley v. Block*,
130 Wn.2d 486 (1996)................................................................ 13

*Taylor v. Premier Mortg. Serv. Of Wash. Inc.*,
2004 WL 1658626 (Wash. Ct. App. 2004) ............................... 19

**STATE STATUTES**

RCW 7.28.010 ............................................................................ 11

RCW 9A.82.010(4)(qq) .............................................................. 10

RCW 19.36.110 .......................................................................... 20

RCW 19.86.120 .......................................................................... 18

RCW 61.12.020 .......................................................................... 14

RCW 61.24 .................................................................................. 19

RCW 61.24.005(2) .......................................................... 3, 12, 13, 17

RCW 61.24.010(2) ........................................................................ 5

RCW 61.24.020 .......................................................................... 14

RCW 61.24.030(8) ............................................................... passim

RCW 61.24.031 ...................................................................... 4, 15

RCW 61.24.040 ............................................................................ 5

RCW 61.24.040(1) ........................................................................ 5

RCW 61.24.040(2) ........................................................................ 5

RCW 61.24.040(6) ........................................................................ 6

RCW 61.24.050 .......................................................................... 11

RCW 61.24.060 .......................................................................... 11

RCW 61.24.127 .................................................................. 1, 9, 10

RCW 61.24.127(1) ...................................................................... 10

RCW 61.24.127(2) ...................................................................... 10

RCW 61.24.127(2)(b) ................................................................. 10

DEFENDANTS CHASE, MERS & FREDDIE MAC'S PARTIAL MOTION TO
DISMISS
(C11-01445 MJP) — v
DWT 18649308v3 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

RCW 61.24.127(2)(c) ................................................................................................ 10, 12

RCW 61.24.130(1) ........................................................................................................... 9

RCW 62A.1-103 ............................................................................................................ 14

RCW 62A.3-205 ...................................................................................................... 12, 13

RCW 62A.3-205(b) ..................................................................................................... 4, 12

RCW 62A.3-301 ...................................................................................................... 12, 13

RCW 62A.9-502(a) ...................................................................................................... 14

RCW 64.04.010 .......................................................................................................... 20

**REGULATIONS**

12 C.F.R. § 230.5 ........................................................................................................... 6

**OTHER AUTHORITIES**

Wm. B. Stoebuck, 18 Wash. Prac., Real Estate § 17.8 (2d ed. 2011) ........................................... 14

DEFENDANTS CHASE, MERS & FREDDIE MAC'S PARTIAL MOTION TO
DISMISS
(C11-01445 MJP) — vi
DWT 18649308v3 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

## I.   INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiffs Danielle and Travis Mickelson borrowed $403,500 from MHL Funding Corp. in 2005, before they defaulted in 2008 and sought a loan modification.  Defendant JPMorgan Chase Bank, NA ("Chase")[1] considered them for a loan modification—and offered them one—but Plaintiffs repeatedly missed the deadlines and lost their chance(s) at loan modification.  Plaintiffs use Chase's willingness to negotiate a loan modification as a sword to argue that Chase was required to continue entertaining new modification requests and never foreclose.  Plaintiffs did not cure their default or stop the March 25, 2011 nonjudicial foreclosure sale.  Plaintiffs' pattern of re-submitting modification applications did not deprive Chase of its remedies under their Deed of Trust.  The Court should dismiss all but the FDCPA claims—which will be the subject of a later summary judgment motion—against Chase, MERS, and Federal Home Loan Mortgage Corporation ("Freddie Mac") because:

*First*, Plaintiffs waived their quiet title, injunctive and declaratory relief, Criminal Profiteering Act, unconscionability, and contract claims by failing to restrain or enjoin the sale.  RCW 61.24.127; *Plein v. Lackey*, 149 Wn.2d 214, 220, 225-29 (2003).

*Second*, the foreclosure sale mooted Plaintiffs' claims for quiet title and injunctive and declaratory relief.  *Gossen v. JPMorgan Chase Bank*, --- F. Supp. 2d ---, 2011 WL 4939828, *5 (W.D. Wash. 2011).

*Third*, Plaintiffs' "illicit scheme," Deed of Trust Act ("DTA"), and CPA claims relating to MERS's role as Deed of Trust beneficiary fail because MERS was a valid beneficiary, *see Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044 (9th Cir. 2011), and because Plaintiffs lack standing to challenge the assignment from MERS to Chase in any event, *see In re Mortg. Elec. Reg. Sys. (MERS) Litig.*, 2011 WL 4550189, *4-5 (D. Ariz. 2011).

*Fourth*, Plaintiffs' show-me-the-note argument fails and in any event, Chase holds the Note, endorsed in blank, and so has authority to foreclose.  Compl. ¶¶ 5.1-5.8.

*Fifth*, the applicable limitations period bars Plaintiffs' MERS-based CPA claim, and Plaintiffs fail to allege facts plausibly establishing essential CPA elements in any event.

---

[1] On May 1, 2011, Chase Home Finance LLC merged into JPMorgan Chase Bank, NA, and no longer exists as a separate entity.  "Chase" here refers to both the former Chase Home Finance LLC and JPMorgan Chase Bank.

DEFENDANTS CHASE, MERS & FREDDIE MAC'S PARTIAL MOTION TO DISMISS
(C11-01445 MJP) — 1
DWT 18649308v3 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

## II.     STATEMENT OF FACTS

### A.     Plaintiffs' Loan History Shows Chase Holds Their Note and Can Foreclose.

*The Note.*  In November 2005, plaintiffs Danielle Mickelson (a real estate agent) and Travis Mickelson refinanced their Camano Island home loan.  Compl. ¶¶ 3.3, 3.2.58.  Plaintiffs executed a $403,400 Adjustable Rate Note (the "Note") with MHL Funding Corp. ("MHL Funding"), dated November 22, 2005.  *Id.* ¶ 3.3 & Ex. A; Reardon Dec. ¶ 2, Ex. A (Note, endorsed in blank).[2]  A recorded Deed of Trust secured the Note.  Compl. ¶ 3.6 & Ex. B; Reardon Dec. ¶ 3, Ex. B.  The Note expressly stated that Plaintiffs "understand that Lender may transfer this Note."  Compl., Ex. A; Reardon Dec., Ex. A.  The Note further explained:  "Even if, at a time when [Plaintiffs are] in default, the Note Holder does not require [Plaintiffs] to pay immediately in full as described [in the Note], the Note Holder will still have the right to do so if [Plaintiffs are] in default at a later time."  Reardon Dec., Ex. A (p. 3).  MHL Funding endorsed the Note in blank, making it bearer paper.  *See* Compl. ¶ 2.11; Reardon Dec., Ex. A (p. 4).  An excerpt of the original Note—which counsel can bring to oral argument—showing endorsement, follows:



WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

Reardon Dec. Ex. A (p. 4).

---

[2] The Court may consider documents relied on in the Complaint, such as a Promissory Note, Deed of Trust, Notice of Default, Notices of Trustee's Sale, and bank correspondence, even if not physically attached to the Complaint, without converting this motion into one for summary judgment.  *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).  "Even if the complaint does not explicitly refer to documents, if plaintiffs predicate their claims on those documents, defendants may rely on them."  *Lamb v. MERS, Inc.*, 2011 WL 5827813, *2 (W.D. Wash. 2011).

DEFENDANTS CHASE, MERS & FREDDIE MAC'S PARTIAL MOTION TO DISMISS
(C11-01445 MJP) — 2
DWT 18649308v3 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

***The Deed of Trust.***   The Deed of Trust securing the Note identified MHL Funding as the "Lender."  Compl., Ex. B; Reardon Dec., Ex. B.[3]  It identified MERS as the "nominee for Lender and Lender's successors and assigns," and as the "beneficiary under this Security Instrument." Compl., Ex. B (p. 2); Reardon Dec., Ex. B (p.2).  Like the Note, the Deed of Trust explained:

> The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower.  A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law.

Compl., Ex. B (p. 12); Reardon Dec., Ex. B (p. 12).  The Deed of Trust further specified that "[e]xtension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower … shall not operate to release the liability of Borrower," and "[a]ny forbearance by Lender in exercising any right or remedy … ***shall not be a waiver of or preclude the exercise of any right or remedy***."  Compl., Ex. B (p. 10) (emphasis added); Reardon Dec., Ex. B (p. 10).  Finally, the Deed of Trust empowered the Lender to direct a trustee to initiate foreclosure upon default.  Compl., Ex. B (p. 13); Reardon Dec., Ex. B (p. 13).  Plaintiffs initialed each page (and signed) the Deed of Trust. Compl., Ex. B; Reardon Dec., Ex. B.

***Chase's Evolving Interest in the Note and Deed of Trust.***   Plaintiffs acknowledge that Chase became the servicer of their loan on June 3, 2006.  Compl. ¶ 2.11.  Chase has also been the Note holder since at least September 5, 2007, because MHL Funding ceased operating as a Washington corporation on that date, and thus had to endorse the Note before then.  Francis Dec., Ex. H (MHL Funding's certificate of revocation); Reardon Dec., Ex. A (endorsed Note).  On August 25, 2008, MERS executed an assignment to Chase Home Finance of any remaining beneficial interest MERS had under the Deed of Trust.  Compl. ¶¶ 2.5.2, 3.18. 6.28 & Ex. D; Francis Dec., Ex. A (Assignment of Deed of Trust).  Vonnie McElligott signed the Assignment as Vice President of MERS.  Compl. ¶ 3.18 & Ex. D; Francis Dec., Ex. A.  The Assignment was recorded on September 19, 2008.  Francis Dec., Ex. A.  Thus, as of that date Chase was not only beneficiary as a matter of law (due to its status as Note holder, RCW 61.24.005(2)), but also

---

[3] The Court may take judicial notice of publicly recorded documents, like a Deed of Trust. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

DEFENDANTS CHASE, MERS & FREDDIE MAC'S PARTIAL MOTION TO DISMISS
(C11-01445 MJP) — 3
DWT 18649308v3 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1   beneficiary of record under the Deed of Trust.  Compl. ¶¶ 3.18, 6.4 (citing RCW 61.24.005(2));

2   *id.* ¶ 6.28; *see also* RCW 62A.3-205(b) (instrument endorsed in blank transferable by possession

3   alone); RCW 61.24.030(8) (beneficiary may initiate foreclosure)).

4   **B.      Chase Uses Agents In Connection With Nonjudicial Foreclosure.**

5          In October 2005, Chase Home Finance LLC (which merged into JPMorgan Chase Bank,

6   N.A., on May 1, 2011) executed a Limited Power of Attorney, appointing Northwest Trustee

7   Services ("NWT") employees Jeff Stenman and Vonnie McElligott, among others, as attorneys-

8   in-fact for purposes of default-servicing duties.  Compl., Ex. C; Francis Dec., Ex. F (2005 Limited

9   Power of Attorney).  These duties include issuing notices of default, substitutions of trustee, and

10  appointments of trustee.  Compl., Ex. C; Francis Dec., Ex. F.  This document was recorded with

11  the Island County recorder's office (where Plaintiffs' home is located) on October 28, 2005.

12  Compl., Ex. C.  On January 20, 2009, Chase executed another Limited Power of Attorney, again

13  appointing NWT as attorney-in-fact for foreclosure purposes.  Francis Dec., Ex. G.

14         **C.      Plaintiffs' Default Caused Chase to Initiate Foreclosure.**

15         ***Plaintiffs' Default.***  Plaintiffs' Note defined default as the failure to "pay the full amount

16  of each monthly payment on the date it is due."  Compl., Ex. A (p. 3); Reardon Dec., Ex. A (p. 3).

17  Plaintiffs admit that by August 2008, they had defaulted.  Compl. ¶ 3.23; Francis Dec., Ex. E.

18         ***Notice of Default.***  Due to Plaintiffs' default, Chase, as Deed of Trust beneficiary (Compl.

19  ¶ 6.28), began foreclosure proceedings.  Specifically, Chase engaged NWT to act as its "agent,"

20  and instructed NWT to deliver a Notice of Default to Plaintiffs, dated August 25, 2008.  Compl.

21  ¶¶ 2.5.4, 3.23 & Ex. F.  The DTA permits the beneficiary (Chase) to direct an "authorized agent"

22  (NWT) to issue a notice of default, as Chase did.  RCW 61.24.031; Compl., Ex. F.  Ms.

23  McElligott executed the notice of default, as authorized to do so under the Limited Power of

24  Attorney.  Compl. ¶ 3.16 & Ex. C; Francis Dec., Exs. F & G (recorded limited powers of

25  attorney).  The Notice of Default warned Plaintiffs they should "not ignore this notice; because if

26  you do nothing, you could lose your home at a foreclosure sale."  Compl., Ex. F.

27

DEFENDANTS CHASE, MERS & FREDDIE MAC'S PARTIAL MOTION TO
DISMISS
(C11-01445 MJP) — 4
DWT 18649308v3 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200  ·  1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150  ·  Fax: (206) 757-7700

1    ***Appointment of Successor Trustee.***  A few weeks later, on September 18, 2008, Chase, as

2    beneficiary under the Deed of Trust, appointed NWT as successor trustee.  Compl. ¶ 3.17 & Ex.

3    E.  Mr. Stenman had authority under the Limited Power of Attorney to execute the Appointment.

4    Compl. ¶ 3.16 & Ex. C; Francis Dec., Exs. F & G (recorded limited powers of attorney).  The

5    Appointment of Successor Trustee was recorded on September 19, 2008.  Compl., Ex. E.   This

6    authorized NWT to issue a Notice of Trustee's Sale.  RCW 61.24.010(2) (successor trustee vested

7    with powers upon recording of appointment); RCW 61.24.040 (trustee must record notice of sale).

8    ***Notices of Default, Postponements, and the Trustee's Sale.***  Because Plaintiffs did not

9    cure their default, on September 25, 2008, thirty days ***after*** NWT transmitted the Notice of

10   Default as Chase's agent, and six days ***after*** Chase recorded the Appointment of NWT as

11   successor trustee, NWT recorded a Notice of Trustee's Sale.  Compl., Ex. F (Notice of Trustee's

12   Sale); RCW 61.24.030(8) (default must be sent at least 30 days before recording sale notice);

13   RCW 61.24.040 (trustee must record sale notice).  The Notice scheduled the sale for December

14   26, 2008.  Compl. Ex. F; RCW 61.24.040(1) (sale must be at least 90 days after recording sale

15   notice).  NWT also sent a Notice of Foreclosure to Plaintiffs.  Compl., Ex. F; RCW 61.24.040(2).

16   Plaintiffs admit the sale did not occur on December 26, 2008.  Compl. ¶¶ 2.5.5, 3.28,

17   3.32.59 & Ex. G.  On April 9, 2009, NWT recorded a Notice of Discontinuance of Trustee's Sale,

18   canceling the trustee's sale that had been set for December 26, 2008.  Francis Dec., Ex. D (Notice

19   of Discontinuance).  Some seventeen months later, on September 7, 2010—and because Plaintiffs

20   ***still*** had not cured their original default—NWT recorded a new Notice of Trustee's Sale.  Francis

21   Dec., Ex. E (2010 Notice of Trustee's Sale); Compl. ¶¶ 2.5.5, 3.26, 3.28 & Ex. G.  The Notice set

22   the new sale date as December 10, 2010.  Francis Dec., Ex. E; Compl., Ex. G; RCW 61.24.040(1).

23   NWT also transmitted a Notice of Foreclosure to Plaintiffs.  Compl., Ex. G; RCW 61.24.040(2).

24   Subsequently, the December 2010 sale date was "postponed" until January 2011, while

25   Plaintiffs requested that Chase reconsider them for a loan modification.  *See* Compl. ¶ 3.32.51.

26   Chase placed the sale on "hold" in January 2011 for the same reason.  *Id.* ¶ 3.32.55.  In early

27   February 2011, Chase investigated the Mickelsons' unfortunate loss of income—why Mr.

DEFENDANTS CHASE, MERS & FREDDIE MAC'S PARTIAL MOTION TO
DISMISS
(C11-01445 MJP) — 5
DWT 18649308v3 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Mickelson was not working, and why Mrs. Mickelson "was no longer doing real estate." *Id.* ¶ 3.32.58.  Plaintiffs admit that Chase then notified them, on February 18, 2011, that unfortunately, the foreclosure sale ***would occur on March 25, 2011***.  *Id.* ¶ 3.32.59.  Plaintiffs also allege Chase warned them in early March 2011 that their mortgage account "may be closed." *Id.* ¶ 3.32.61.

Plaintiffs continued trying to convince Chase to modify their loan, but after March 10, 2011, Plaintiffs admit Chase ***never*** told them they would get a loan modification, and ***never*** told them the foreclosure sale was canceled or indefinitely postponed.  Although Chase notified them the sale would occur on March 25, 2011, Plaintiffs chose not to restrain the sale.  Plaintiffs admit they never obtained a modification, and do not dispute that they failed to cure their default at any point.  Chase's willingness to consider loan modification applications did not release them from their obligation, and Chase reserved the right to foreclose even after considering modification requests.  Compl., Exs. A (p. 3) & B (p. 10); Reardon Dec. Exs. A (p. 3) & B (p. 10).[4]

***Trustee's Sale.***  After extending the sale date for over two years—for Plaintiffs' benefit—NWT sold Plaintiffs' property on March 25, 2011, for $325,297.  Compl. ¶ 3.28. & Ex. T (Trustee's Deed); Francis, Dec., Ex. I (recorded Trustee's Deed); Compl., Ex. B (p.13); Reardon Dec., Ex. B (p. 13); RCW 61.24.040(6) (trustee may continue sale).

### D.    Plaintiffs' Prior Loan Modification Attempts.

Plaintiffs' Complaint focuses on their repeated attempts at obtaining a loan modification after their default; by their own measure, they began these efforts in September 2008.  Compl. ¶ 3.32.1.  Plaintiffs allege that on February 13, 2009, they "received modification paperwork dated February 5, 2009," indicating they had been approved for a loan modification.  *Id.* ¶ 3.32.13; Reardon Dec., Ex. C (Feb. 5, 2009 letter).  Plaintiffs fail to emphasize, however, that they did not comply with the requirements for consummating a loan modification.  For instance, the letter transmitting the modification paperwork instructed Plaintiffs to sign, notarize, and return all papers "within 72 hours," and to send a cashier's check for certain fees and costs, as well as the first month's modified payment.  Reardon Dec., Ex. C.  It warned that failure to meet this 72-hour

---

[4] Plaintiffs also reference rate change notice letters in 2010 and 2011.  Compl. ¶¶ 3.36, 3.32.45, 3.32.54 & Exs. V, Y, X.  These were not modification documents but notices required for an Adjustable Rate Note. 12 C.F.R. § 230.5.

DEFENDANTS CHASE, MERS & FREDDIE MAC'S PARTIAL MOTION TO DISMISS
(C11-01445 MJP) — 6
DWT 18649308v3 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

requirement "[would] cause the modification agreement to be **cancelled**." *Id.* (emphasis added).

Instead of completing the paperwork within 72 hours, however, Plaintiffs allege they called Chase on February 17—**four** days after they received the loan modification paperwork—to "see if they could lower their interest rate on the modification." Compl. ¶ 3.32.14. Plaintiffs then got another letter with loan modification papers, which instructed them to complete and return the papers by February 26. *Id.* ¶ 3.32.16; Reardon Dec., Ex. D (Feb. 20, 2009 letter). Plaintiffs again admit they **did not return these papers by the deadline**. Compl. ¶¶ 3.32.17, 3.32.25. Instead, Plaintiffs allege they returned "some" papers **after** February 25, and Plaintiffs admit they did not "execute[] the loan modification" until March 24, 2009, nearly one month after the deadline. *Id.* ¶¶ 3.32.17, 3.32.25 & Ex. S; Reardon Dec., Ex. E (returned loan modification papers).

After failing to timely accept the modification Chase offered, Plaintiffs (still in default) continued to seek a modification at a "lower rate," and a "special forbearance," through 2009 and 2010. They allege they received forbearance paperwork on October 26, 2009. Compl. ¶ 3.32.37. The Forbearance Plan letter directed Plaintiffs to sign, date, and return the letter to Chase "within five (5) days of the date of this letter." Reardon Dec. ¶ 7, Ex. F (Forbearance Plan). It warned:

> **Please note the Forbearance Plan will only be valid if payment and the signed Agreement are both received by the due date provided in the enclosed Agreement.** If the signed Agreement and/or payment are not received by the due date indicated, the Forbearance Plan will be declined and *all foreclosure activity will resume*.

*Id* (italics added). Again, Plaintiffs admit they did not timely return the paperwork, alleging they "sent their acceptance letter for special forbearance" on November 14, 2009—two weeks **after** the deadline. Compl. ¶ 3.32.39. Plaintiffs further allege they "mailed a cashier checks [sic] for $1320.00 on December 4, 2009, and January and February, 2010"—**also after the deadline**. *Id.* Likewise, Plaintiffs' application for a loan modification in early 2010 expired because Plaintiffs "failed to make all the required trial period payments within the designated time period." Reardon Dec. ¶ 8, Ex. G (Notice of Expiration); Compl. ¶¶ 13.4(H), 13.5(H).

### E.   Plaintiffs' Complaint and Procedural Background.

Based on these allegations, Plaintiffs assert against Chase, MERS, and Freddie Mac, claims for (1) "illicit scheme" (Compl. ¶¶ 4.1-4.2), (2) DTA violations (*id.* ¶¶ 5.1-6.32, 6.55-

DEFENDANTS CHASE, MERS & FREDDIE MAC'S PARTIAL MOTION TO DISMISS
(C11-01445 MJP) — 7
DWT 18649308v3 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

6.64), (3) quiet title (*id.* ¶¶ 7.1-7.3), (4) unconscionability (*id.* ¶¶ 8.1-8.5), (5) breach of contract (*id.* ¶¶ 9.1-9.4), (6) Criminal Profiteering Act violations (*id.* ¶¶ 11.1-11.23), (7) Fair Debt Collection Practices Act ("FDCPA") violations (*id.* ¶¶ 12.1-12.11), (8) Washington Consumer Protection Act ("CPA") violations, RCW 19.86 *et seq.* (*id.* ¶¶ 13.1-13.2, 13.4-13.5, 13.7, 13.11-13.2), and (9) injunctive and declaratory relief (*id.* ¶¶ 14.1-15.3).  Plaintiffs premise these claims on two theories: (1) MERS was never a valid beneficiary and thus, could not have assigned any beneficial interest in it to Chase; and (2) as a result, and because Chase allegedly did not hold the Note, Chase was not a beneficiary under the Deed of Trust and lacked authority to foreclose.

On October 13, 2011, defendant Chicago Title moved to dismiss the only claim Plaintiffs alleged against it in Plaintiffs' original complaint, breach of good faith and fair dealing.  Dkt. 18. Plaintiffs subsequently amended their complaint, adding additional claims against Chicago Title. Dkt. 29.  On November 14, 2011, the Court granted Chicago Title's motion to dismiss as to the breach of duty of good faith and fair dealing, but not the new claims asserted in the Amended Complaint.  Dkt. 35; *Mickelson v. Chase Home Fin. LLC*, 2011 WL 5553821 (W.D. Wash. 2011).

## III.   ARGUMENT

The Court should dismiss all claims asserted against Chase, MERS, and Freddie Mac, except the FDCPA claim—which will be the subject of a future summary judgment motion, requiring evidence beyond the pleadings—because Plaintiffs fail to allege facts that state a plausible claim for relief for those claims.  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009); *Mulvihill v. Pac. Maritime Ass'n*, 2011 WL 4712198, *6-7 (W.D. Wash. 2011) (granting partial motion to dismiss); *Torres v. Goddard*, 2007 U.S. Dist. LEXIS 2341, *4-5 (D. Ariz. 2007) (defendant may file partial Rule 12(b)(6) motion).  A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  Although the Court must accept as true the complaint's well-pled facts, conclusory legal allegations and unwarranted inferences cannot defeat a motion to dismiss.  *Vasquez v. L.A. Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  "[A]

DEFENDANTS CHASE, MERS & FREDDIE MAC'S PARTIAL MOTION TO DISMISS
(C11-01445 MJP) — 8
DWT 18649308v3 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200  ·  1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Plaintiffs must plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949.

A.      **Plaintiffs Waived Their Quiet Title, Injunctive and Declaratory Relief, Criminal Profiteering Act, Unconscionability, and Breach of Contract Claims.**

Washington's DTA "establishes the procedures and requisites for nonjudicial foreclosure." *Vawter v. Quality Loan Serv. Corp. of Wash.*, 707 F. Supp. 2d 1115, 1121 (W.D. Wash. 2010). These procedures and requisites further the Act's three primary goals:  "(1) that the nonjudicial foreclosure process should be efficient and inexpensive; (2) that the process should result in interested parties having an adequate opportunity to prevent wrongful foreclosure; and (3) that the process should promote stability of land titles."  *Plein*, 149 Wn.2d at 225; *Brown v. Household Realty Corp.*, 146 Wn. App. 157, 169 (2008).  To begin the nonjudicial foreclosure process, the beneficiary or its agent, or the trustee, must transmit to the borrower a written notice of default, providing the time by which and means to cure the default, at least thirty days before recording the notice of sale.  RCW 61.24.030(8).

If the borrower does not timely cure the default, she must follow the Act's procedure for stopping a trustee's sale.  *See Vawter*, 707 F. Supp. 2d at 1122; *Plein*, 149 Wn.2d at 225; *Cox v. Helenius*, 103 Wn.2d 383, 388 (1985) (statutory procedure is "the only means by which a grantor may preclude a sale once foreclosure has begun").  Borrowers may seek "to restrain, on any proper legal or equitable ground, a trustee's sale."  RCW 61.24.130(1).  A borrower waives any post-sale contest to the underlying obligation or sale when she (1) "received notice of the right to enjoin the sale," (2) before the sale had "actual or constructive knowledge of a defense to foreclosure," and (3) "failed to bring an action to obtain a court order enjoining the sale."  *Plein*, 149 Wn.2d at 227; *Brown*, 146 Wn. App. at 163 (borrowers waived claims by failing to seek to enjoin sale).

RCW 61.24.127, however, provides limited exceptions to this general rule.  Under that statute, a borrower does not waive certain enumerated claims:  "[c]ommon law fraud or

DEFENDANTS CHASE, MERS & FREDDIE MAC'S PARTIAL MOTION TO DISMISS
(C11-01445 MJP) — 9
DWT 18649308v3 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200  ·  1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150  ·  Fax: (206) 757-7700

misrepresentation," CPA violations, or "[f]ailure of the trustee to materially comply" with the DTA. RCW 61.24.127(1). But even that statute imposes limits on the unwaived claims, establishing a two-year limitations period, ***barring*** relief "other than monetary damages," and providing that such claims "may ***not*** affect in any way the validity or finality of the foreclosure sale or a subsequent transfer of the property." RCW 61.24.127(2) (emphasis added).

These principles apply here. Plaintiffs' claims for quiet title, injunctive and declaratory relief, violations of the Criminal Profiteering Act (which creates a statutory, not a common law, fraud claim, RCW 9A.82.010(4)(qq)), unconscionability, and breach of contract do not fall within the enumerated exceptions in RCW 61.24.127. Plaintiffs admit they received the Notice of Default and the Notices of Trustee's sale, and that those Notices advised them of their right to seek to enjoin the sale. Compl. ¶¶ 3.23, 3.32.41, 3.32.59, Exs. F, G. Although Plaintiffs sought to unwind the sale nearly five months after it had concluded, they neither requested nor obtained an order restraining the sale. *Id.*, Ex. T (Trustee's Deed); Francis Dec., Ex. I (same). *See Plein*, 149 Wn.2d at 229; *Brown*, 146 Wn. App. at 170 (borrowers waived post-sale remedies where they failed to seek a preliminary injunction). The Court should dismiss Plaintiffs' quiet title, Criminal Profiteering Act, unconscionability, and contract claims, as well as their right to seek declaratory or injunctive relief, or to unwind the sale and property transfer, because Plaintiffs waived those claims. *See Plein*, 149 Wn.2d at 229; *Brown*, 146 Wn. App. at 166, 170; RCW 61.24.127(2)(b) (party asserting non-waived claims may seek only monetary damages); RCW 61.24.127(2)(c) (non-waived claims may not affect finality of sale and property transfer). *See also Gossen*, 2011 WL 4939828, *5 (dismissing with prejudice DTA claims plaintiffs). Because Plaintiffs have waived these claims under the DTA, any amendment would be futile. *See id.* at *8.

**B.    The Foreclosure Sale Mooted Plaintiffs' Quiet Title and Injunctive and Declaratory Relief Claims.**

The Court may also dismiss Plaintiffs' quiet title and injunctive and declaratory relief claims because the foreclosure sale already occurred, leaving this Court unable to provide effective relief. Compl. ¶¶ 14.1-15.3. "If there is no longer a possibility that an appellant can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction."

DEFENDANTS CHASE, MERS & FREDDIE MAC'S PARTIAL MOTION TO DISMISS
(C11-01445 MJP) — 10
DWT 18649308v3 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1  *Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 521 (9th Cir. 1999).  The DTA provides no

2  redemption period for nonjudicial foreclosures.  If the trustee's sale proceeds, as it did here, the

3  borrower immediately loses his home and his equity in it.  *Cronkhite v. Kemp*, 741 F. Supp. 822,

4  825 (E.D. Wash. 1989).  Meanwhile, the purchaser takes all right, title, and interest in the property

5  upon delivery of the trustee's deed.  RCW 61.24.050.  And the purchaser is entitled to possess the

6  property on the twentieth day after the sale.  RCW 61.24.060.

7         Here, the property was sold to Freddie Mac on March 25, 2011.  Compl. ¶ 3.28 & Ex. T.

8  Plaintiffs waited until August 31, 2011 to file suit.  Thus, the purchaser has long had the right to

9  possess the property.  Plaintiffs therefore have lost any remaining interest in the property, and

10 their loan no longer exists.  *See Bhatti v. Guild Mortg. Co.*, 2011 WL 6300229, *4 (W.D. Wash.

11 2011) ("foreclosure action extinguishes the debt and transfers title to the property … to the

12 successful bidder").  This means the Court cannot provide effective relief for any of these claims:

13 because the sale already occurred, there is nothing to restrain (Compl. ¶¶ 14.1-15.3), and because

14 Plaintiffs no longer have any interest in the property, they cannot bring an action for quiet title (*id.*

15 ¶¶ 7.1-7.3; RCW 7.28.010 (quiet title action available to person with present interest in property)).

16 As a result, these claims are moot.  *See, e.g.*, *Gossen*, 2011 WL 4939828, *5; *Rosal v. First Fed.*

17 *Bank of Cal.*, 671 F. Supp. 2d 1111, 1136 (N.D. Cal. 2009) (injunctive relief claim moot post-

18 trustee's sale); *Ancheta v. Golden Mortg. Empire, Inc.*, 2011 U.S. Dist. LEXIS 22549, *11 (N.D.

19 Cal. 2011) (post-foreclosure, plaintiffs' loan no longer existed so nothing to rescind).  And

20 because the claims are moot, any amendment would be futile.  *See Gossen*, 2011 WL 4939828, *8

21 (dismissing quiet title, injunctive and declaratory relief claims without leave to amend where

22 foreclosure sale already occurred because amendment would be futile); *Segura v. Green Tree*

23 *Serv., LLC*, 2011 U.S. Dist. LEXIS 64649, *21-22 (E.D. Cal. 2011) (same).

24         Plaintiffs, however, purport to assert a claim that Freddie Mac is not a "bona fide

25 purchaser."  Compl. ¶¶ 6.62-6.64.  But Plaintiffs do not have such a claim, as bona fide purchaser

26 status is an affirmative defense, not an affirmative cause of action.  *See Parker v. Speedy Re-*

27 *Finance, Ltd.*, 23 Wn. App. 64, 75 (1979); *In re Kennedy*, 2011 WL 165181, *3 (Bankr. D. Or.

DEFENDANTS CHASE, MERS & FREDDIE MAC'S PARTIAL MOTION TO
DISMISS
(C11-1445 MJP) — 11
DWT 18649308v3 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

2011); *Fisher v. Miocene Oil & Gas Ltd.*, 335 Fed. Appx. 483, 492 (5th Cir. 2009).  Even if that were not the case, Plaintiffs' claim would still fail because they cannot unwind the sale, *see* RCW 61.24.127(2)(c), and they do not plead any **facts** plausibly stating a claim that Freddie Mac is not a bona fide purchaser.  *Twombly*, 550 U.S. at 555; *Iqbal*, 129 S. Ct. at 1949.

### C.      MERS Was a Valid Beneficiary of the Deed of Trust.

Plaintiffs premise their "illicit scheme," DTA, and CPA claims on their theory that MERS was not a valid beneficiary under the Deed of Trust and thus, could not have assigned any interest to Chase for foreclosure purposes.  Compl. ¶¶ 4.1-4.2, 6.1-6.64, 13.2, 13.4, 13.5, 13.7, 13.9-13.12. Because Plaintiffs' theory fails, so too do their claims.

***Chase Was Entitled to Foreclose Regardless of MERS.***  Plaintiffs' liability theory rests on a flawed premise: that Chase did not possess an equitable or beneficial interest in Plaintiffs' Deed of Trust until MERS assigned the Deed of Trust to Chase.[5]  But Chase had foreclosure rights under the Deed of Trust before MERS executed the assignment of record because Chase possessed the Note, endorsed in blank, since 2007.  Reardon Dec., Ex. A; Francis Dec., Ex. H.

The DTA gives the beneficiary the right to foreclose.  *Vawter*, 707 F. Supp. 2d at 1121. The Act defines a "beneficiary" with the right to foreclose as "the holder of the [promissory note] secured by the deed of trust."  RCW 61.24.005(2).  The "holder" of the note includes any party who takes possession of the note, endorsed in blank, by transfer.  RCW 62A.3-205; RCW 62A.3-301.  Transfer of promissory notes by endorsement and delivery occurs like all transfers of commercial paper—outside of county records.  No Washington statute requires parties to record such transfers to enforce rights under the transferred notes. Reardon Dec. Indeed, "the assignment of a deed of trust and note is valid between the parties whether or not the assignment is ever recorded."  *In re United Home Loans*, 71 B.R. 885, 891 (W.D. Wash. 1987).  In fact, Plaintiffs'

---

[5] Plaintiffs' Complaint confuses MERS's role.  MERS did not attempt to endorse Plaintiffs' Note to any other entity. Bank Dec., Ex. A.  Rather, MHL Funding endorsed the Note in blank, making it bearer paper, and the Note was endorsed and transferred to Chase, which became beneficiary under the Deed of Trust, by mere possession.  *Id.*; Compl. ¶ 2.11; Francis Dec., Ex. H (Certificate of Revocation); RCW 62A.3-205(b) (instrument endorsed in blank transferable by possession); RCW 61.24.005(2) (beneficiary means holder of instrument evidencing obligation secured by deed of trust); RCW 61.24.030(8) (beneficiary may initiate foreclosure).  The only interest MERS transferred to Chase under the recorded Assignment of Deed of Trust was its limited agency right to act as a nominee for the original lender and its successors and assigns.  *See* Francis Dec., Ex. A. (Assignment of Deed of Trust).

DEFENDANTS CHASE, MERS & FREDDIE MAC'S PARTIAL MOTION TO DISMISS
(C11-01445 MJP) — 12
DWT 18649308v3 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200  ·  1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150  ·  Fax: (206) 757-7700

1 Note and Deed of Trust expressly permitted MHL Funding to transfer the Note and Deed of Trust

2 **without** prior notice to them. *See* Reardon Dec., Exs. A, B (p. 12); Compl., Exs. A, B (p. 12).

3       And this process makes sense—the sole purpose of recording assignments of deeds of trust

4 is to provide notice to third parties of the security interest, not to provide notice to the borrower.

5 *Corales v. Flagstar Bank, FSB*, --- F. Supp. 2d ---, 2011 WL 4899957, *5 (W.D. Wash. 2011); *In*

6 *re United Home Loans*, 71 B.R. at 891 ("Recording of the assignments is for the benefit of third

7 parties."). Chase had authority to enforce the Note and Deed of Trust, even absent an assignment

8 from MERS, because Chase holds the Note. RCW 61.24.005(2); RCW 62A.3-205; RCW 62A.3-

9 301; *see also Chapel v. Mortg. Elec. Reg. Sys., Inc.*, 2010 WL 4622526, *3 (W.D. Wash. 2010)

10 (Washington's DTA does not require notice of assignment before foreclosure).

11       ***Plaintiffs Agreed to MERS's Role as Nominee.*** Plaintiffs' belated attack on MERS also

12 fails because the Note and Deed of Trust expressly contemplated that the security interest could

13 be transferred without prior notice to them, and disclosed MERS's role as nominee. Compl., Exs.

14 A, B; Reardon Dec., Exs. A, B. Plaintiffs agreed to the terms of the Note and Deed of Trust when

15 they signed them. Compl., Exs. A, B; Reardon Dec., Exs. A, B. Doing so put Plaintiffs on notice

16 that MERS was merely acting as MHL Funding Corp.'s nominee (and that of its successors and

17 assigns), and that the Note and Deed of Trust could be transferred (as it was). Compl., Ex. B (pp.

18 3, 12); Reardon Dec., Ex. B (pp. 3, 12). Thus, Plaintiffs cannot establish injury when events

19 occurred of which they were on notice by signing their Note and Deed of Trust. *See Cervantes*,

20 656 F.3d at 1042; *Bhatti*, 2011 WL 6300229, *5.

21       If Plaintiffs mean to assert a claim for civil conspiracy to commit fraud by alleging "illicit

22 scheme," that claim would fail for the same reason. *See N.w. Laborers-Emp'r Health & Sec.*

23 *Trust Fund v. Philip Morris, Inc.*, 58 F. Supp. 2d 1211, 1216 (W.D. Wash. 1999) (civil conspiracy

24 not an independent claim; plaintiff must establish underlying fraud). Because Plaintiffs agreed to

25 a Note and Deed of Trust expressly contemplating transfers without prior notice to them, and

26 identifying MERS as the lender's nominee, Plaintiffs cannot establish they justifiably relied on

27 any understanding to the contrary. *See Stiley v. Block*, 130 Wn.2d 486, 506 (1996) (plaintiff must

DEFENDANTS CHASE, MERS & FREDDIE MAC'S PARTIAL MOTION TO
DISMISS
(C11-01445 MJP) — 13
DWT 18649308v3 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200  ·  1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150  ·  Fax: (206) 757-7700

1    allege reliance to establish fraud claim); *Skagit State Bank v. Rasmussen*, 109 Wn.2d 377, 384

2    (1987) (reliance "must be reasonable under the circumstances"); *Cervantes*, 656 F.3d at 1041-42

3    (fraud claim based on MERS undercut by deeds of trust, which described MERS's role as "solely

4    as nominee for Lender" and informed plaintiffs loan could be transferred without prior notice).

5         ***Washington Law Expressly Contemplates the Use of Agents Like MERS.***  The Deed of

6    Trust Act provides that all deeds of trust are "subject to all laws relating to mortgages on real

7    property."  RCW 61.24.020.  Washington's mortgage statute expressly provides that parties to a

8    mortgage "may insert in such mortgage any lawful agreement or condition," such as a clause

9    agreeing that MERS is the lender's nominal beneficiary.  RCW 61.12.020.  Under Washington

10   law, "[t]here is hardly a limit to the imaginable clauses that may be added to a mortgage or to the

11   accompanying obligation, usually clauses for the protection of the mortgagee." Wm. B. Stoebuck,

12   18 Wash. Prac., Real Estate § 17.8 (2d ed. 2011).  The DTA incorporates agency principles.  *See*

13   *Buse v. First Am. Title Ins. Co.*, 2009 WL 1543994, *2 (W.D. Wash. 2009) (citations omitted).

14   Likewise, Washington's UCC expressly incorporates agency principles for negotiable instruments

15   (like Plaintiffs' Note), and contemplates the use of agents in connection with recording transfers

16   of property interests—MERS's role here..  RCW 62A.1-103 (incorporating agency principles);

17   RCW 62A.9-502(a) (financing statement sufficient if it identifies debtor, the "name of the secured

18   party ***or a representative of the secured party***," and identifies collateral covered by the financing

19   statement) (emphasis added).  The clause in Plaintiffs' Deed of Trust identifying MERS as the

20   nominal beneficiary (agent) of the lender (principal) complies with Washington statutory law.

21        The Deed of Trust is also consistent with Washington common law, which has endorsed

22   the MERS model for more than a century.  Washington courts have consistently held that an agent

23   may enforce the rights of principals even when the agent does not own the debt, and even in the

24   context of foreclosure.  *See, e.g.*, *Carr v. Cohn*, 44 Wash. 586, 588 (1906) (nominee to whom

25   property has been deeded without consideration and merely as title-holder for grantors, to convey

26   as they might direct, can bring quiet title action on deed); *Andrews v. Kelleher*, 124 Wash. 517,

27   534-36 (1923) (agent for bond holders had authority to prosecute suit foreclosing mortgage).

DEFENDANTS CHASE, MERS & FREDDIE MAC'S PARTIAL MOTION TO
DISMISS
(C11-01445 MJP) — 14
DWT 18649308v3 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200  ·  1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150  ·  Fax: (206) 757-7700

As this discussion shows, Washington law contemplates that parties to a Deed of Trust can, as here, agree to a contract provision allowing an entity like MERS to act as an agent or nominee for the lender and its assignees.  "By signing the deeds of trust, the plaintiffs agreed to the terms and were on notice of the contents," including that MERS was the beneficiary, acting "solely as nominee for Lender," and their loan could be transferred.  *Cervantes*, 656 F.3d at 1042; *see also Corales*, 2011 WL 4899957; Compl., Ex. B (pp. 2, 12); Reardon Dec., Ex. B (pp. 2, 12).

***The Ninth Circuit Recognizes MERS as a Proper Beneficiary.***  In addition, the Ninth Circuit recently upheld MERS's role as beneficiary and nominee in *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034 (9th Cir. 2011).  There, plaintiffs alleged a conspiracy to commit fraud and wrongful foreclosure based on MERS's status as the beneficiary, solely as the lender's "nominee," under their deeds of trust.  *Id.* at 1041-44.  In affirming dismissal of both claims, the Ninth Circuit reasoned plaintiffs had notice of MERS's role and the possibility their loan could be transferred because plaintiffs signed the deeds of trust so notifying them.  *Id.* at 1042.  The court also emphasized that "MERS did not initiate foreclosure:  the trustees initiated foreclosure in the name of the lenders."  *Id.* at 1044.  Consistent with the Ninth Circuit, "[t]his court has repeatedly rejected the argument that MERS is not a proper beneficiary under a Deed of Trust where the plaintiff has executed a deed which expressly acknowledges MERS's status as a beneficiary."  *Corales*, 2011 WL 4899957, *5 (citing *St. John v. Nw. Tr. Servs., Inc.*, 2011 WL 4543658, *2-3 (W.D. Wash. 2011); *Rhodes v. HSBC Bank USA, N.A.*, 2011 WL 321992, *3 (W.D. Wash. 2011); *Vawter*, 707 F. Supp. 2d at 1123; *Moon v. GMAC Mortg. Corp.*, 2008 WL 4741492, *5 (W.D. Wash. 2008)).

As with the deeds of trust in *Cervantes*, Plaintiffs initialed and signed each page of their Deed of Trust, which notified them of MERS's role and the possibility their loan could be transferred.  Compl., Ex. B (pp. 2, 12); Reardon Dec., Ex. B (pp. 2, 12).  And like the foreclosures at issue in *Cervantes*, ***MERS did not initiate foreclosure here***; rather, NWT did, issuing the Notice of Default as Chase's agent (RCW 61.24.031; Compl., Ex. F), and then taking the statutory steps necessary to foreclose as the appointed successor trustee.  Francis Dec., Ex. B (Appointment

DEFENDANTS CHASE, MERS & FREDDIE MAC'S PARTIAL MOTION TO DISMISS
(C11-01445 MJP) — 15
DWT 18649308v3 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200  ·  1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150  ·  Fax: (206) 757-7700

of Successor Trustee), Ex. C (Notice of Trustee's Sale), Ex. D (Notice of Discontinuance of

Trustee's Sale), Ex. E (Notice of Trustee's Sale); Compl., Exs. F, G.  And as the Court explained

in *Cervantes*, that MERS did not conduct the foreclosure process distinguishes this case from out-

of-state opinions that have questioned MERS's authority.  *Cervantes*, 656 F.3d at 1044 (citing

cases).  MERS was a proper beneficiary of Plaintiffs' Deed of Trust and as a result, its assignment

of its interest in the Deed of Trust to Chase was valid.

   ***Plaintiffs Lack Standing to Challenge the Assignment from MERS to Chase.***  In its

Order on Chicago Title's Motion to Dismiss (Dkt. 35), this Court acknowledged Plaintiffs'

assertion that Chase may lack authority to foreclose because Vonnie McElligott, an NWT

employee, signed the Assignment of Deed of Trust as "Vice President" of MERS.  *Mickelson*,

2011 WL 5553821, *2; Compl. ¶¶ 6.23-6.24.  The Court did not have the benefit of briefing on

this issue before it at the time, and the issue was not ripe for review.  Plaintiffs' conclusory

allegation does not state a plausible claim for wrongful foreclosure against Chase.  Plaintiffs'

speculative allegation that Ms. McElligott lacked agency authority to execute the Assignment is a

legal conclusion that the Court need not accept as true.  *Iqbal*, 129 S. Ct. at 1949; *Malone v.*

*Nuber*, 2009 WL 481285, *2 (W.D. Wash. 2009) ("the Court is not required to accept plaintiffs'

legal conclusion" about the existence of "an agency relationship" as true on Rule 12 motion)

(citing *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir.1994)).

   Moreover, Plaintiffs lack standing to challenge the assignment from MERS to Chase

because they are not parties or third-party beneficiaries to the assignment.  As strangers to the

assignment, Plaintiffs cannot "demonstrate a concrete and particularized injury in fact that is

fairly traceable to the challenged assignment." *MERS Litig.*, 2011 WL 4550189, *5 (plaintiffs

lacked standing to challenge assignments executed by MERS).  As long as Plaintiffs knew to

whom to make their monthly payments, any assignment did not affect them in a legally

cognizable way.  *Id.* ("as third-party borrowers, [Plaintiffs] are uninvolved and unaffected by the

alleged Assignments") (citing *Bridge v. Aames Cap. Corp.*, 2010 WL 3834059, *3 (N.D. Ohio

2010) ("Borrower certainly has an interest in avoiding foreclosure.  But the validity of the

DEFENDANTS CHASE, MERS & FREDDIE MAC'S PARTIAL MOTION TO
DISMISS
(C11-01445 MJP) — 16
DWT 18649308v3 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200  ·  1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1   assignments does not affect whether Borrower owes its obligations, but only to whom Borrower is

2   obligated.")).  *See also In re Veal*, 450 B.R. 897, 912 (B.A.P. 9th Cir. 2011) ("[T]he [borrower]

3   should be indifferent as to who owns or has an interest in the note so long as it does not affect

4   [her] ability to make payments on the note.").

5        ***Alleged Securitization of Plaintiffs' Loan Does Not Render It Unenforceable.***  Plaintiffs

6   also speculate, without any supporting facts, that their loan was securitized, rendering it

7   unenforceable.  Compl. ¶¶ 6.14-6.21.  Plaintiffs' bare assertions fail to plead a cause of action.

8   *See Twombly*, 550 U.S. at 555; *Iqbal*, 129 S. Ct. at 1949.  Regardless, this Court has recognized

9   that a loan's alleged securitization has no bearing on the issue of authority to foreclose.  "[S]ince

10  the securitization merely creates a separate contract, distinct from plaintiffs' debt obligations

11  under the Note and does not change the relationship of the parties in any way, plaintiffs' claims

12  arising out of securitization fail."  *Lamb v. MERS, Inc.*, 2011 WL 5827813, *6 (W.D. Wash.

13  2011) (citing cases); *Bhatti*, 2011 WL 6300229, *5 (citing cases); *In re Veal*, 450 B.R. at 912

14  ("[Plaintiffs] should not care who actually owns the Note—and it is thus irrelevant whether the

15  Note has been fractionalized or securitized—so long as they do know who they should pay.").

16      **D.**    **Plaintiffs' Show-Me-the-Note Claim Fails.**

17       Without any supporting facts, Plaintiffs also allege Chase did not hold their "original

18  promissory note endorsed in blank," and thus, could not foreclose.  Compl. ¶¶ 5.1-5.8.  But the

19  DTA does not require the trustee to produce the original note to the borrower to foreclose.

20  "Courts have 'routinely held that Plaintiff's "show me the note" argument lacks merit.'"  *Bern v.*

21  *Wells Fargo Bank, N.A.*, 2011 WL 1561799, *2 (W.D. Wash. 2011) (dismissing complaint

22  without leave to amend under Rules 12(b)(6) and 56) (collecting cases).  And Chase holds the

23  Note, endorsed in blank, making Chase the Deed of Trust beneficiary as a matter of law,

24  authorized to foreclose.  Reardon Dec., Ex. A; RCW 61.24.005(2); RCW 61.24.030(8).

25      **E.**    **The Statute of Limitations Bars the CPA Claim, Which Fails in Any Event.**

26       ***The Statute of Limitations Bars Plaintiffs' MERS-Based CPA Claim.***  Even if the Court

27  were to disagree about MERS's status and ability to transfer its interests under the Deed of Trust

DEFENDANTS CHASE, MERS & FREDDIE MAC'S PARTIAL MOTION TO
DISMISS
(C11-01445 MJP) — 17
DWT 18649308v3 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200  ·  1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

to Chase, the Court should still dismiss Plaintiffs' CPA claim because the statute of limitations bars it. "Any action to enforce a claim for damages under [the CPA] shall be *forever barred* unless commenced within four years after the cause of action accrues." RCW 19.86.120 (emphasis added). Deception-based claims like this one accrue when the plaintiff "knows or, through the exercise of due diligence, should have known all the facts necessary to establish a legal claim," i.e., that the challenged statement was false. *Allen v. State*, 118 Wn.2d 753, 758 (1992). Here, Plaintiffs allege that the Deed of Trust misrepresented MERS's authority because it identified MERS as the beneficiary, but MERS "never possessed the Mickelson's [sic] promissory note" and thus, could not have been the beneficiary under the DTA. Compl. ¶¶ 6.4-6.8 (citing RCW 61.24.005(2) (defining beneficiary as note holder)); *id.* ¶ 6.22 (again citing RCW 61.24.005(2) (defining beneficiary as note holder)). Plaintiffs thus knew or should have known all the facts necessary for their MERS-based CPA claim when their loan closed, on November 22, 2005. This means they needed to file their CPA claim by November 22, 2009. Instead, they waited until August 31, 2011, to file. The statute of limitations thus bars Plaintiffs' claim.

*Plaintiffs Do Not Allege Essential Elements of a CPA Claim.* Even if Plaintiffs' CPA claim were not time barred, it would still fail because they do not allege essential elements of it.

To state a CPA claim, Plaintiffs must allege: (1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) that impacts the public interest; (4) causes injury to the plaintiff's business or property; and (5) that injury is causally linked to the unfair or deceptive act. *Hangman Ridge Training Stables, Inc. v. Safeco Title*, 105 Wn.2d 778, 780 (1986). "[W]hether the [alleged] conduct constitutes an unfair or deceptive act can be decided by this court as a question of law." *Indoor Billboard Wash., Inc. v. Integra Telecom of Wash.*, 162 Wn.2d 59, 74 (2007). Plaintiffs may meet the first element in only two ways: by showing either an act or practice (1) that "has a capacity to deceive a substantial portion of the public," or (2) that "the alleged act constitutes a per se unfair trade practice." *Saunders v. Lloyd's of London*, 113 Wn.2d 330, 344 (1989) (quoting *Hangman Ridge*, 105 Wn.2d at 785-86). Plaintiffs base their CPA claim on MERS's status and role, Plaintiffs' "Dual Tracking" theory, and Plaintiffs' failure to obtain a

DEFENDANTS CHASE, MERS & FREDDIE MAC'S PARTIAL MOTION TO DISMISS
(C11-01445 MJP) — 18
DWT 18649308v3 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1   loan modification.  Compl. ¶¶ 13.2, 13.4, 13.5, 13.7, 13.9-13.11.  Plaintiffs fail to allege facts

2   plausibly showing essential elements of a CPA claim based on any of these theories.

3          *First*, Plaintiffs do not allege facts that if proven could establish a per se unfair trade

4   practice.   Only the Washington Legislature has the authority to declare conduct an "unfair" trade

5   practice.  *Hangman Ridge*, 105 Wn.2d at 787; *Minnick v. Clearwire US LLC*, 683 F. Supp. 2d

6   1179, 1186 (W.D. Wash. 2010).  Plaintiffs' attempt to establish a legislatively declared per se

7   CPA violation by citing RCW 61.24.135.  Compl. ¶ 13.11.  But that statute in 2010 addressed

8   solely collusive bidding at foreclosure sales, and Plaintiffs allege no facts suggesting collusive

9   bidding.  *See* Compl. ¶ 13.11 (citing RCW 61.24.135 (2010).  (The Legislature amended RCW

10  61.24.135 to add additional per se CPA violations, but those amendments were not effective until

11  July 22, 2011—after the conduct at issue here.) *See also Taylor v. Premier Mortg. Serv. Of Wash.*

12  *Inc.*, 2004 WL 1658626, *3 & n.7 (Wash. Ct. App. 2004) ("Taylor does not argue or cite any

13  authority indicating that, apart from an injunction, further relief is available. … The only violation

14  of RCW 61.24 which is also a violation of the CPA is a trustee's improper influence over the

15  bidding process.").

16         Because Plaintiffs allege no facts supporting a per se CPA violation, they cannot establish

17  an unfair act as a basis for a CPA claim.  *Alvarado v. Microsoft Corp.*, 2010 WL 715455, *3

18  (W.D. Wash. 2010) ("[c]onduct that is alleged to be simply unfair is not sufficient," and that

19  "*Hangman Ridge* remains the law in Washington and ***requires that the conduct be per se unfair,***

20  ***not merely labeled unfair by the Plaintiff*.**") (emphasis added); *Minnick*, 683 F. Supp. 2d at 1186

21  ("Plaintiffs have not identified a Legislatively-recognized per se unfair practice that would state a

22  claim and as such, the claim is incompatible with CPA jurisprudence."); *see also Klem v. Wash.*

23  *Mut. Bank*, 2011 WL 6382147, *8-10 (Wash. Ct. App. Dec. 19, 2011) (rejecting CPA "unfair"

24  claim where there was no allegation that the defendant committed a per se CPA violation as

25  established by the Legislature).

26         *Second*, Plaintiffs do not allege facts plausibly showing Defendants committed any

27  deceptive acts or practices.  To be "deceptive," the act or practice must be one that "misleads or

DEFENDANTS CHASE, MERS & FREDDIE MAC'S PARTIAL MOTION TO
DISMISS
(C11-01445 MJP) — 19
DWT 18649308v3 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200  ·  1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

misrepresents something of material importance."  *Nguyen v. Doak Homes, Inc.*, 140 Wn. App. 726, 734 (2007).  Plaintiffs offer two theories for deception under the CPA: (1) the dual-tracking theory, and (2) a promised loan modification.  Neither theory withstands scrutiny.

Plaintiffs allege Chase "assur[ed]" them "in writing and verbally, that they should not worry about the foreclosure sale date."  Compl. ¶ 10.8.  Even assuming the truth of those allegations (which Defendants do not concede), Plaintiffs do not allege Defendants promised not to foreclose and indeed, concede they knew as late as February 18, 2011, that despite earlier delays associated with loan modification review, ***the foreclosure sale was still scheduled***.  *Id.* ¶¶ 10.8, 3.32.61.  In fact, Plaintiffs admit that Defendants ***repeatedly*** warned them the foreclosure sale was still scheduled.  *See id.* ¶¶ 2.5.4, 2.5.5., 3.23, 3.26, 3.32.10, 3.32.30, 3.32.43, 3.32.44, 3.32.59, 3.32.61.  And Plaintiffs' Note and Deed of Trust expressly informed them that any modification or forbearance negotiations did ***not*** waive Chase's right to foreclose upon their default.  Compl., Ex. A (p. 3), B (p. 10); Reardon Dec., Ex. A (p. 3), B (p. 10).  Plaintiffs' allegations show Defendants did not misrepresent foreclosure risks, and thus Plaintiffs cannot show a deceptive act or practice.  *See Nguyen*, 140 Wn. App. at 734.[6]

Plaintiffs' loan-modification-application-based CPA claims fail for the same reason. Plaintiffs allege Chase "falsely promise[d] Plaintiffs … that their loans could be modified," and "that their initial, trial modification would be made permanent if and when they made the required payments on those plans."  Compl. ¶¶ 13.4(G) & (H), 13.5(G) & (H).  But documents Plaintiffs refer to and rely on in their Complaint show Chase did ***not*** promise a loan modification, and that Plaintiffs repeatedly failed to timely accept Chase's offers.  For instance, the February 2009 loan modification application warned Plaintiffs that if they failed to meet the 72-hour acceptance requirement, "the modification agreement [would] be cancelled."  Compl. ¶ 3.32.13; Reardon Dec., Ex. C.  Plaintiffs admit they did not timely return the paperwork for that loan modification.

---

[6] Even if Plaintiffs had alleged Defendants promised not to foreclose pending review of their loan modification application, that promise still would not be enforceable.  Under Washington law, all interests in real property must be documented in writing.  *See* RCW 64.04.010; RCW 19.36.110.  *See also Nguyen v. Calhoun*, 105 Cal. App. 4th 428, 446 (2003) ("foreclosure sale may not be set aside based on the lender's alleged breach of an oral agreement to postpone the trustee's sale"); *Nguyen v. IBM Lender Bus. Processing Serv.*, 2011 WL 6130781, *2 (W.D. Wash. 2011) ("Defendants correctly argue that oral Agreements regarding the extension of credit are not enforceable.").

DEFENDANTS CHASE, MERS & FREDDIE MAC'S PARTIAL MOTION TO DISMISS
(C11-1445 MJP) — 20
DWT 18649308v3 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Compl. ¶¶ 3.32.14, 3.32.16, 3.32.17, 3.32.25 & Ex. S.  And the Forbearance Plan Plaintiffs reference warned them the agreement would "only be valid if payment and the signed Agreement [were] both received by the due date provided in the enclosed Agreement."  *Id.* ¶ 3.32.37; Reardon Dec., Ex. F.  Again, Plaintiffs admit they did not timely return the paperwork.  Compl. ¶ 3.32.39.  Finally, Plaintiffs' trial payment plan expired because they did not make the payments within the designated time.  Reardon Dec., Ex. G; Compl. ¶¶ 13.4(H), 13.5(H).  These documents and allegations show that Chase repeatedly warned Plaintiffs that they had to timely perform and complete acceptance of its offers for any agreement to be valid.  Plaintiffs thus cannot establish Chase "falsely promis[ed]" a loan modification.  *Nguyen*, 140 Wn. App. at 734.

**Third**, Plaintiffs do not allege facts plausibly showing injury.  *See Hangman Ridge*, 105 Wn.2d at 792 (plaintiff must show injury to "business or property" to state CPA claim). Plaintiffs' Deed of Trust identified MERS and its status as MHL Funding's nominee and beneficiary, and notified Plaintiffs that their loan could be transferred without prior warning to them.  So notified, Plaintiffs cannot show they suffered any injury when MERS assigned its interest in the Deed of Trust to Chase, as the Deed of Trust permitted it to do.  *See* Part III.C, *supra*.; *Cervantes*, 656 F.3d at 1042; *see also Corales*, 2011 WL 4899957, *5; *Lamb*, 2011 WL 5827813, *6.

## IV.   CONCLUSION

Defendants Chase, MERS, and Freddie Mac respectfully request the Court grant their partial motion to dismiss under Fed. R. Civ. P. 12(b)(6), without leave to amend.

DATED this 29th day of December, 2011.

Davis Wright Tremaine LLP
Attorneys for JPMorgan Chase Bank, N.A.,
MERS, and Federal Home Loan Mortgage
Corporation
By */s/ Fred B. Burnside*
Fred Burnside, WSBA #32491
Rebecca Francis, WSBA #41196
E-mail: fredburnside@dwt.com
E-mail: rebeccafrancis@dwt.com

DEFENDANTS CHASE, MERS & FREDDIE MAC'S PARTIAL MOTION TO DISMISS
(C11-01445 MJP) — 21
DWT 18649308v3 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on December 29, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- **Heidi E. Buck**
  hbuck@rcolegal.com,tkwong@rcolegal.com,buck4343@gmail.com
- **John S Devlin , III**
  devlinj@lanepowell.com,Docketing-SEA@LanePowell.com,burrusl@lanepowell.com
- **Scott E Stafne**
  stafnelawfirm@aol.com,wwactfilings@aol.com
- **Erin McDougal Stines**
  erin.stines@fnf.com,nancy.hunt@fnf.com,cindy.rochelle@fnf.com
- **Andrew Gordon Yates**
  yatesa@lanepowell.com,docketing-sea@lanepowell.com,strayerd@lanepowell.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

DATED this 29th day of December, 2011.

Davis Wright Tremaine LLP
Attorneys for Defendants JPMorgan Chase Bank, N.A.; Mortgage Electronic Registration Systems Inc.; and Federal Home Loan Corporation

By    *s/ Fred B. Burnside*
Fred B. Burnside, WSBA #32491
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Telephone:  206-622-3150
Facsimile:   206-757-7700
E-mail:  fredburnside@dwt.com

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700