# EXHIBIT C

**Chase Home Finance LLC**
3415 Vision Drive
Columbus, OH 43219
Prepared by Robert Woodward
RE: Loan Number ▬9566
FHLMC: 328591920
(800) 446-8939 Homeowner's Assistance Department

## LOAN MODIFICATION AGREEMENT
(Providing for Fixed Interest Rate)

This Loan Modification Agreement ("Agreement"), made effective the First day of February 2009, between TRAVIS MICKELSON, Husband and DANIELLE H MICKELSON, Wife ("Borrower") and Chase Home Finance LLC, successor by merger to Chase Manhattan Mortgage Corporation ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument") to MHL FUNDING CORPORATION, dated NOVEMBER 22, 2005, and recorded as instrument no. 4155570, on NOVEMBER 29, 2005, of the Records of ISLAND County, and subsequently assigned to Chase Home Finance LLC, successor by merger to Chase Manhattan Mortgage Corporation of the Records of ISLAND County, The Trustee is **CHICAGO TITLE**. (2) the Note bearing the same date as, and secured by, the Security Instrument ("Note"), (collectively, the "Loan Documents"), which cover the real and personal property described in the Security Instrument and defined therein as the "Property", located at 436 EZDUZIT LANE, CAMANO ISLAND, WASHINGTON 98282, with the original principal balance U.S. $403,500.00, and the principal balance before the loan modification being U.S. $403,495.51, the real property described being set forth as follows:

### See Schedule A attached hereto and made a part hereof

A.P. NO.: **R23225-045-0530**

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Loan Documents):

1. The Borrower represents that the Borrower is the occupant of the property.

2. The Borrower acknowledges that interest has accrued but not been paid and the Lender has incurred, paid or otherwise advanced taxes, insurance premiums and other expenses necessary to protect or enforce its interest in the Note and the Security Instrument, and that such interest, costs and expenses, in the total amount of $29,304.83, have been added to the indebtedness under the terms of the Note and Security Instrument. As of February 1, 2009, the amount, including such amounts which have been added to the indebtedness (if any), payable under the Note and Security Instrument (the "Unpaid Principal Balance") is U.S. $432,800.34.

3. The Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of the Lender, until the Unpaid Principal Balance has been paid. Interest will be charged on the Unpaid Principal Balance at the yearly rate of 6.625%, beginning February 1, 2009. The Borrower promises to make monthly payments of principal and interest of U.S. $2,572.50, beginning on the first day of March, 2009, and continuing thereafter on the same day of each succeeding month. If on February 01, 2049 (the "Modified Maturity Date"), the Borrower still owes amounts under the Note and Security Instrument, as amended by the Modification, the Borrower will pay these amounts in full on the Modified Maturity Date.

   The Borrower will make such payments at P.O. Box 78420, Phoenix, AZ 85062-8420, or at such other place as the Lender may require.

Page - 44

4. Except to the extent that they are modified by this Modification, the Borrower will comply with all of the covenants, agreements, and requirements of the Note and the Security Instrument, including without limitation, the Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that the Borrower is obligated to make under the Security Instrument.

5. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in the Borrower is sold or transferred and the Borrower is not a natural person) without the Lender's prior written consent, the Lender may, at its option, require immediate payment in full of all sums secured by the Loan Documents. If the Lender exercises this option, the Lender shall give the Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which the Borrower must pay all sums secured by the Loan Documents. If the Borrower fails to pay these sums prior to the expiration of this period, the Lender may invoke any remedies permitted by the Loan Documents without further notice or demand on the Borrower.

6. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Loan Documents. Except as otherwise specifically provided in this Agreement, the Loan Documents will remain unchanged, and the Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement.

7. If one or more riders are executed by the Borrower and recorded together with this Modification, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Modification as if the rider(s) were a part of this Modification. [Check Applicable]

( ) 1-4 Family Rider – Assignment of Rents
( ) Modification Due on Transfer Rider

---

| | |
|---|---|
| Witness 1 Signature | TRAVIS MICKELSON |
| Printed Name of Witness | Date |
| Witness 2 Signature | |
| Printed Name of Witness | |

| | |
|---|---|
| Witness 1 Signature | DANIELLE H MICKELSON |
| Printed Name of Witness | Date |
| Witness 2 Signature | |
| Printed Name of Witness | |

Page - 45

ACKNOWLEDGEMENT

STATE OF _____
COUNTY OF _____

     Before me, a Notary Public, in and for said County, personally appeared the above named TRAVIS MICKELSON who acknowledged that he/she did sign the foregoing instrument, and that the same is his/her free act and deed.

     In Testimony Whereof, I have hereunto subscribed my name and affixed my official seal at _____, this _____ day of _____, 20___.


                                                              Notary Public

My commission expires: _____


STATE OF _____
COUNTY OF _____

     Before me, a Notary Public, in and for said County, personally appeared the above named DANIELLE H MICKELSON who acknowledged that he/she did sign the foregoing instrument, and that the same is his/her free act and deed.

     In Testimony Whereof, I have hereunto subscribed my name and affixed my official seal at _____, this _____ day of _____, 20___.


                                                              Notary Public

My commission expires: _____

## SCHEDULE A

### Parcel A:

That Portion Of The Southwest Quarter Of The Southwest Quarter Of The Southwest Quarter Of Section 25. Township 32 North, Range 2 East Of The Willamette Meridian, Described As Follows:

Commencing At The Southwest Corner Of Said Section 25; Thence South 89°54'20,, East Along The South Line Of Said Section 25, 329.60 Feet; Thence North 0°27'18,, West 30.00 Feet To The Northerly Margin Of The Cross Island County Road;

Thence Continue North 0°27'18' West 316.45 Feet To The True Point Of Beginning: Thence Continue North 0°27'18,, West 158.22 Feet; Thence South 89°55'15.. East 329.98 Feet To The East Line Of Said Southwest Quarter Of The Southwest Quarter Of The Southwest Quarter: Thence South 0°24'37,, East Along Said East Line, 158.25 Feet To A Point That Is South 89°54'56,, East From That True Point Of Beginning:

Thence North 89°54'56' West 329.86 Feet To The True Point Of Beginning.

### Parcel B:

An Easement For Road, Ingress And Egress And Public And Private Utilities Being 60 Feet In Width From The Northerly Margin Of The Cross Island County Road To The North Line Of The Southwest Quarter Of The Southwest Quarter Of The Southwest Quarter Of Section 25, Township 32 North, Range 2 East Of The Willamette Meridian, The Centerline Of Said 60 Foot Easement Is Described As Follows:

Commencing At The Southwest Corner Of Said Section 25: Thence South 89°54'20,, East Along The South Line Of Said Section 25,329.60 Feet; Thence North 0°27'18,, West 30.00 Feet Said Northerly Margin Of The Cross Island County Road And The True Point Of Beginning Of Said Centerline; Thence Continue North 0°27'18 West 632.89 Feet To The North Line Of Said Subdivision And The Terminus Of Said Centerline.

For Informational Only:

Portion Of Sw 1/4 Of The Sw 1/4 Of 25-32-2

**AP NO # R23225-045-0530**

Page - 47

Loan number: ▒▒▒▒9566

                                                Chase Home Finance LLC, successor by merger
                                                to Chase Manhattan Mortgage Corporation

_____    _____
Witness 1 Signature                               Robert D. Harris
                                                Assistant Vice President

_____
Printed Name of Witness

_____
Witness 2 Signature

_____
Printed Name of Witness

STATE OF OHIO
COUNTY OF FRANKLIN

       Before me, a Notary Public, in and for said County, personally appeared Robert D. Harris, to me known and known to the person who, as an Assistant Vice President of Chase Home Finance LLC, successor by merger to Chase Manhattan Mortgage Corporation, the corporation which executed the foregoing instrument, signed the same, and acknowledged to me that said person did so sign said instrument in the name and behalf of said corporation as such officer; that the same is that person's free act and deed as such officer, and the free and corporate act and deed of said corporation; that said person was duly authorized thereunto by its Board of Directors.

       In Testimony Whereof, I have hereunto subscribed my name, and affixed my official seal, at Columbus, Ohio, this _____ day of _____, 20__.


                                                 _____
                                                 Notary Public

My commission expires: _____

## DOCUMENT CORRECTION AGREEMENT
("Agreement")

Loan No. ▮▮▮▮0410 (the "Loan")

**AGREEMENT TO CORRECT MISSTATED DOCUMENTS AND TO PROVIDE ADDITIONAL DOCUMENTATION OR FEES:** In consideration of Chase Home Finance, LLC as Servicing Agent ("Chase") modifying the Loan (the "Modification") as requested by the undersigned ("Borrower"), and regardless of the reason for any loss, misplacement, or inaccuracy in the modification agreement or any other document prepared in connection with the Modification, Borrower agrees as follows: if any document is lost, misplaced, misstated or inaccurately reflects the true and correct terms and conditions of the Modification, upon request of Chase, Borrower will comply with Chase's request to execute, acknowledge, and deliver to Chase any documentation ("Replacement Documents") Chase deems necessary to replace or correct the lost, misplaced, misstated or inaccurate document(s). Borrower agrees to deliver the Replacement Documents within ten (10) days after receipt by Borrower of a written request for such replacement. Borrower also agrees that upon request Borrower will pay to Chase any additional sum ("Fee") previously disclosed to Borrower as a cost or fee associated with the Modification, which, for whatever reason, was not previously collected.

**REQUEST BY CHASE:** Any request under this Agreement made by Chase, (including assignees and persons acting on behalf of Chase), shall be prima facie evidence of the necessity for same. A written statement addressed to Borrower, first class postage prepaid, at the mailing address indicated in Chase's records shall be considered conclusive evidence of receipt by Borrower of the request for Replacement Documents.

**BORROWER LIABILITY:** If Borrower fails or refuses to execute, acknowledge, and deliver the Replacement Documents or Fee to Chase more than (10) days after being requested to do so by Chase, Borrower shall be liable for any and all loss or damage which Chase reasonably sustains thereby, including, but not limited to all reasonable attorneys' fees and costs incurred by Chase. In addition, Chase may elect to declare the Modification null and void in which case the Loan shall be payable at the rate and on the terms as existed prior to the Modification. Any funds received by Chase in conjunction with the Modification shall be retained by Chase and applied to the Loan as determined by Chase in its discretion.

_____          _____Date
TRAVIS MICKELSON


_____          _____Date
DANIELLE H MICKELSON

Page - 49