**Transfer of the Property or a Beneficial Interest in Borrower**. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____(Seal)   _____(Seal)
**TRAVIS MICKELSON**           -Borrower   **DANIELLE H. MICKELSON**      -Borrower

_____(Seal)   _____(Seal)
                               -Borrower                                   -Borrower

_____(Seal)   _____(Seal)
                               -Borrower                                   -Borrower

_____(Seal)   _____(Seal)
                               -Borrower                                   -Borrower

FOR VALUE RECEIVED,
Pay To The Order Of

_____

*[Sign Original Only]*

WITHOUT RECOURSE
MHL Funding Corp.
By: _____
ANGELA ANDERSON, Assistant Secretary

VMP-838N (0210)            Page 4 of 4            Form 3520 1/01

Page - 28

# INTEREST-ONLY ADDENDUM
# TO ADJUSTABLE RATE PROMISSORY NOTE

MIN: 100112065709467936
MERS Phone: 1-888-679-6377

LOAN NUMBER: ▇▇▇3722

PROPERTY ADDRESS: 436 EZDUZIT Lane, CAMANO ISLAND, WA 98282

THIS ADDENDUM is made this  22nd  day of  NOVEMBER, 2005 , and is incorporated into and intended to form a part of the Adjustable Rate Note (the "Note") dated the same date as this Addendum executed by the undersigned and payable to
MHL FUNDING CORP.

(the "Lender").

THIS ADDENDUM supersedes Section 3(A), 3(B), 4(C) AND 7(A) of the Note. None of the other provisions of the Note are changed by this Addendum.

3.   PAYMENTS

   (A)   Time and Place of Payments

   I will pay interest by making payments every month for the first  120  payments (the "Interest-Only Period") in the amount sufficient to pay interest as it accrues. I will pay principal and interest by making payments every month thereafter for the next  240  payments in an amount sufficient to fully amortize the outstanding principal balance of the Note at the end of the Interest-Only Period over the remaining term of the Note in equal monthly payments.

   I will make my monthly payments on the  1st  day of each month beginning on
JANUARY, 2006        . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before principal. If, on
DECEMBER 01, 2035       , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

   I will make my payments at
PO BOX 79135, PHOENIX, AZ  85062-                                                                                    ,
or at a different place if required by the Note Holder.

   (B)   Amount of My Initial Monthly Payments

   My initial monthly payments will be in the amount of U.S. $ 2,227.66        . This payment amount is based on the original principal balance of the Note. This payment amount may change.

Initials: _____

4.   **INTEREST RATE AND MONTHLY PAYMENT CHANGES**

   (C)   **Calculation of Changes**

   Before each Change Date, the Note Holder will calculate my new interest rate by adding **TWO AND ONE QUARTER**   percentage point(s) ( **2.250** %) to the Current Index for such Change Date. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

   During the Interest-Only Period, the Note Holder will then determine the amount of the monthly payment that would be sufficient to repay accrued interest. This will be the amount of my monthly payment until the earlier of the next Change Date or the end of the Interest-Only Period unless I make a voluntary prepayment of principal during such period. If I make a voluntary prepayment of principal during the Interest-Only Period, my payment amount for subsequent payments will be reduced to the amount necessary to pay interest at the then current interest rate on the lower principal balance. At the end of the Interest-Only Period and on each Change Date thereafter, the Note Holder will determine the amount of the monthly payment that would be sufficient to repay in full the unpaid principal that I am expected to owe at the end of the Interest-Only Period or Change Date, as applicable, in equal monthly payments over the remaining term of the Note. The result of this calculation will be the new amount of my monthly payment. After the end of the Interest-Only Period, my payment will not be reduced due to voluntary prepayments.

7.   **BORROWER'S FAILURE TO PAY AS REQUIRED**

   (A)   **Late Charge for Overdue Payments**

   If the Note Holder has not received the full amount of any monthly payment by the end of **15**   calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.00** % of my overdue payment of interest for the first **120**   payments,   **5.00**   % of my overdue payment of principal and interest thereafter. I will pay this late charge promptly but only once on each late payment.

_____(Seal)   _____(Seal)
**TRAVIS MICKELSON**                -Borrower   **DANIELLE H. MICKELSON**           -Borrower

_____(Seal)   _____(Seal)
                -Borrower                       -Borrower

_____(Seal)   _____(Seal)
                -Borrower                       -Borrower

_____(Seal)   _____(Seal)
                -Borrower                       -Borrower