The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVIS MICKELSON, DANIELLE H. MICKELSON, and the marital community thereof,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>CHASE HOME FINANCE LLC, et al.,<br><br>　　　　　　　　Defendants. | No. C11-01445 MJP<br><br>DEFENDANTS JPMORGAN CHASE BANK, NA, MERS, AND FEDERAL HOME LOAN MORTGAGE CORPORATION'S REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)<br><br>**Noted on Motion Calendar:**<br>**February 3, 2012**<br><br>**Oral Argument Requested** |

**TABLE OF CONTENTS**

I. INTRODUCTION AND SUMMARY OF REPLY ................................................................1

II. ARGUMENT.........................................................................................................................1

    A.    Plaintiffs' Anti-Waiver Arguments Lack Merit. ................................................1

    B.    Chase Had No Duty to Show Plaintiffs the Original Note Before Foreclosing. ...................4

    C.    Plaintiffs Do Not Meaningfully Respond to Defendants' MERS Arguments. .....................6

    D.    Plaintiffs Allege No Facts Showing the Relevance of any Securitization. ...........................9

    E.    Plaintiffs Allege No Facts Showing Freddie Mac Is Not a Bona Fide Purchaser...............10

    F.    Plaintiffs Do Not Allege Facts Establishing the CPA Elements. .......................................11

III. CONCLUSION ...................................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Ashcroft v. Iqbal*,
   129 S. Ct. 1937 (2009) .......................................................................................... 1, 9, 11

*Bean v. BAC Home Loans Servicing, L.P.*,
   2012 WL 171435 (D. Ariz. 2012) ................................................................................. 9

*Beaver-Jackson v. Standard Tr. Co. of Wash.*,
   2008 WL 5100308 (W.D. Wash. 2008) ........................................................................ 3

*Bhatti v. Guild Mortg. Co.*,
   2011 WL 6300229 (W.D. Wash. 2011) ................................................................. 3, 4, 8

*Buddle-Vlasyuk v. Bank of NY Melon*,
   2012 WL 254096 (W.D. Wash. 2012) .......................................................................... 6

*Corales v. Flagstar Bank, FSB*,
   --- F. Supp. 2d ---, 2011 WL 4899957 (W.D. Wash. 2011) ..................................... 6, 8

*Culhane v. Aurora Loan Servs. of Neb.*,
   2011 WL 5925525 (D. Mass. 2011) ............................................................................. 9

*Gossen v. JPMorgan Chase Bank*,
   --- F. Supp. 2d ---, 2011 WL 4939828 (W.D. Wash. 2011) ..................................... 3, 7

*Hooker v. Nw. Tr. Serv., Inc.*,
   2011 WL 2119103 (D. Or. 2011) ............................................................................... 10

*In re Doble*,
   2011 WL 1465559 (Bankr. S.D. Cal. 2011) ................................................................. 6

*In re MERS Litig.*,
   2011 WL 4550189 (D. Ariz. 2011) ............................................................................... 9

*In re Veal*,
   450 B.R. 897 (BAP 9th Cir. 2011) ............................................................................. 10

*Minnick v. Clearwire US, LLC*,
   683 F.Supp.2d 1179 (W.D. Wash. 2010) ............................................................ 5, 7, 12

*Mosely v. CitiMortg.*,
   2011 WL 5175598 (W.D. Wash. 2011) ...................................................................... 12

*Negrete v. Alliance Life Ins. Co. of N. Am.*,
   523 F.3d 1091 (9th Cir. 2008) ...................................................................................... 4

DEFS.' REPLY IN SUPP. OF MOT. TO DISMISS (C11-01445 MJP) — i
DWT 18947422v1 0036234-000130

*Nunez v. San Diego*,
 114 F.3d 935 (9th Cir. 1997) .................................................................................................. 5

*Olander v. Recontrust Corp.*,
 2011 WL 841313 (W.D. Wash. 2011) ................................................................................ 5, 6

*Oliveros v Deutsche Bank Nat'l Trust Co.*,
 2012 WL 113493 (W.D. Wash. 2012) ................................................................................ 5, 6

*Ove v. Gwinn*,
 264 F.3d 817 (9th Cir.2001) ................................................................................................ 11

*Pitner v. Northland Grp. Inc.*,
 2012 WL 254035 (W.D. Wash. 2012) .................................................................................. 12

*Theros v. First Am. Title Ins. Co.*,
 2011 WL 462564 (W.D. Wash. 2011) .................................................................................... 5

*Treece v. Fieldston Mortg. Co.*,
 2012 WL 123042 (W.D. Wash. 2012) .............................................................................. 8, 11

*Vawter v. Quality Loan Serv. Corp. of Wash.*,
 707 F. Supp. 2d 1115 (W.D. Wash. 2010) .............................................................................. 8

*Williams v. Wells Fargo Bank, N.A.*,
 2012 WL 72727 (W.D. Wash. 2012) ................................................................................... 2, 7

**STATE CASES**

*Albice v. Premier Mortg. Servs. of Wash., Inc.*,
 157 Wn. App. 912, (2010), *rev. granted*, 170 Wn.2d 1029 (2011) ......................................... 2

*Badgett v. Sec. State Bank*,
 116 Wn.2d 563 (1991) .......................................................................................................... 12

*Brown v. Household Realty Corp.*,
 146 Wn. App. 157 (2008) ................................................................................................... 1, 3

*Cox v. Helenius*,
 103 Wn.2d 383 (1985) ......................................................................................................... 2, 3

*Fontenot v. Wells Fargo Bank, N.A.*,
 198 Cal. App. 4th 256 (2011) ...................................................................................... 8, 9, 10

*JPMorgan Chase Bank, N.A. v. Pace*,
 2011 WL 3802766 (Wash. Ct. App. 2011) .......................................................................... 2, 5

*McCurry v. Chevy Chase Bank, FSB*,
 169 Wn.2d 96 (2010) .............................................................................................................. 7

*MERS, Inc. v. Graham*,
   229 P.3d 420 (Kan. App. 2010) .................................................................................... 10

*MERS, Inc. v. Saunders*,
   2 A.3d 289 (Me. 2010) ................................................................................................. 10

*Peoples Nat'l Bank of Wash. v. Ostrander*,
   6 Wn. App. 28 (1971) ................................................................................................ 1, 2

*Plein v. Lackey*,
   149 Wn.2d 214 (2003) .............................................................................................. 1, 10

*State v. Kaiser*,
   161 Wn. App. 705 (2011) ............................................................................................. 12

*Udall v. T.D. Escrow Services, Inc.*,
   132 Wn. App. 290 (2006), *reversed on other grounds* 159 Wn.2d 903 (2007) .................... 7, 8

*Zuver v. Airtouch Commc'ns, Inc.*,
   153 Wn.2d 293 (2004) .................................................................................................. 12

**STATE STATUTES**

RCW 61.24.005(2) .................................................................................................................. 9

RCW 61.24.010(3) .................................................................................................................. 2

RCW 61.24.100(1) .................................................................................................................. 7

RCW 61.24.127 ............................................................................................................... 1, 3, 7

RCW 61.24.127(1) .................................................................................................................. 2

RCW 61.24.127(1)(c) .............................................................................................................. 2

RCW 61.24.127(2)(b) .............................................................................................................. 3

RCW 61.24.127(2)(c) .............................................................................................................. 3

**RULES**

Fed. R. Evid. 902(9) ................................................................................................................ 5

## I. INTRODUCTION AND SUMMARY OF REPLY

Plaintiffs' over-length Opposition highlights their Complaint's deficiencies and attempts to make this case vastly more complex than it is. But despite all their legal arguments, Plaintiffs *do not dispute* the facts that matter: (1) they signed the Deed of Trust identifying MERS as the beneficiary and as nominee for the lender; (2) they signed the Note secured by the Deed of Trust; (3) they defaulted in August 2008 and never cured that default; (4) they never timely completed loan modification paperwork; (5) Defendants never told them that foreclosure was permanently canceled; (6) they knew that in February 2011 foreclosure had resumed, with a sale scheduled for March 25, 2011; (7) they did *not* seek to restrain the sale; and (8) the property was sold. Rather than dispute these outcome-determinative facts, Plaintiffs respond with legal conclusions and assert they have stated plausible claims for relief simply because they say so. But "[a] claim has facial plausibility when the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (emphasis added). Plaintiffs do not meet this standard. The Court should grant Defendants' Motion for the reasons stated here and in its opening motion.

## II. ARGUMENT

### A.   Plaintiffs' Anti-Waiver Arguments Lack Merit.

Under settled law, borrowers waive post-sale challenges to the underlying obligation or sale when they receive notice of the right to enjoin the sale, have actual or constructive knowledge of a defense to foreclosure before the sale, and fail to invoke their presale remedies under the Deed of Trust Act ("DTA"). *Plein v. Lackey*, 149 Wn.2d 214, 227-28 (2003) (borrower waived "the right to contest the sale"). Until the 2009 and 2011 amendments to the DTA, Washington courts applied this waiver doctrine to *all* post-sale challenges to the underlying debt and sale. *Id.* at 229 (borrower "waived *any* objections to the foreclosure proceedings") (emphasis added); *Brown v. Household Realty Corp.*, 146 Wn. App. 157, 169 (2008) (tort and damages claims waived; citing cases); *Peoples Nat'l Bank of Wash. v. Ostrander*, 6 Wn. App. 28, 30 (1971) (fraud claim waived). Thus, contrary to Plaintiffs' assertions (Opp. at 19), the DTA amendments *narrowed* the waiver doctrine in the nonjudicial foreclosure context. *See* RCW 61.24.127.

DEFS.' REPLY IN SUPP. OF MOT. TO DISMISS (C11-01445 MJP) — 1
DWT 18947422v1 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1    Plaintiffs agree the enumerated nonwaived claims are (1) common law fraud or
2 misrepresentation, (2) CPA violations, and (3) "[f]ailure of the trustee to materially comply with
3 the provisions of" the DTA.  Opp. at 20; RCW 61.24.127(1).  Yet Plaintiffs argue that case law
4 predating the 2009 and 2011 amendments control and under that law, they can pursue "procedural
5 or jurisdictional challenges to a trustee's sale."  Opp. at 17 (citing *Cox v. Helenius*, 103 Wn.2d
6 383 (1985)). *Cox* presented the issue whether plaintiffs could bring post-sale challenges to the
7 *trustee's* actions (at a time when the Trustee owed a fiduciary duty) where plaintiffs did file a ***pre-***
8 ***sale*** lawsuit for damages and reconveyance, and the trustee sold the property for a "grossly
9 inadequate" price.  103 Wn.2d at 384-85, 388-89; *see also* RCW 61.24.010(3) ("trustee shall have
10 no fiduciary duty") (eff. June 12, 2008).  In other words, RCW 61.24.127(1)(c) codified remedies
11 available under *Cox*; but *Cox* does not give Plaintiffs' an additional type of nonwaived claim.

12    In any event, *Cox* has no bearing here because Plaintiffs do not bring procedural or
13 jurisdictional challenges to the sale, did not file a pre-sale lawsuit, and do not allege the purchase
14 price was "grossly inadequate."  Rather, Plaintiffs argue Chase lacked authority to foreclose
15 because, according to them, MERS had no authority to assign its interest in the Deed of Trust to
16 Chase, and Chase might not have held the endorsed Note at foreclosure.  Opp. at 4-17.  Plaintiffs
17 do not argue that Defendants (who are ***not*** the trustee) failed to follow the Act's procedural
18 requirements, but rather that before Defendants could invoke those procedures, Defendants
19 needed to satisfy Plaintiffs that they had authority to foreclose.  *Williams v. Wells Fargo Bank,*
20 *N.A.*, 2012 WL 72727, *3 (W.D. Wash. 2012) (dismissing on similar facts).  But if Plaintiffs
21 "believe[d] Chase lacked authority to foreclose, the [Act] required them to raise the issue before
22 the trustee's sale." *JPMorgan Chase Bank, N.A. v. Pace*, 2011 WL 3802766, *2 (Wn. App. 2011)
23 ("[I]f the Paces believe Chase lacked authority to foreclose, the [DTA] required them to raise the
24 issue before the trustee's sale.").  "To allow one to delay asserting a defense until [post-sale]
25 would be to defeat the spirit and intent of the [Act]." *Ostrander*, 6 Wn. App. at 32.[1]

---

[1] Plaintiffs' cases do not help them or are inapposite. *See* Opp. at 18 (citing *Moon v. GMAC Mortg. Corp.*, 2009 WL 3185596, *6 (W.D. Wash. 2009) (rejecting Deed of Trust Act claims); *Albice v. Premier Mortg. Servs. of Wash., Inc.*, 157 Wn. App. 912, (2010), *rev. granted*, 170 Wn.2d 1029 (2011) (setting aside sale under 2007 version of statute and because delay in sale beyond 120-day extension limit without new notice caused prejudice by chilling bidding).

DEFS.' REPLY IN SUPP. OF MOT. TO DISMISS (C11-01445 MJP) — 2
DWT 18947422v1 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Plaintiffs' remaining arguments lack basis in law or fact.  They complain that Defendants did "not provide any principals [sic] of statutory construction for reading RCW 61.24.127" as limiting Plaintiffs to damages claims.  Opp. at 18.  But Defendants did not need to provide such principles because the Act unambiguously limits the enumerated "nonwaived claims" to ones for damages:  "The claim *may not seek any remedy at law or in equity other than monetary damages*."  RCW 61.24.127(2)(b) (emphasis added); *see also* RCW 61.24.127(2)(c) ("claim may not affect in any way the validity or finality of the foreclosure sale or subsequent transfer of the property").  *See also Bhatti v. Guild Mortg. Co.*, 2011 WL 6300229, *4 (W.D. Wash. 2011)(quiet title and declaratory relief claims waived); *Gossen v. JPMorgan Chase Bank*, --- F. Supp. 2d ---, 2011 WL 4939828, *5 (W.D. Wash. 2011) (quiet title and injunctive and declaratory relief claims waived).  Plaintiffs' contention the Court can nevertheless hear their quiet title and declaratory and injunctive relief claims under its "inherent" "equitable powers" has no legal basis.  Opp. at 20-21.  The DTA "sets forth the *only* means by which a [borrower] may preclude a sale once foreclosure has begun."  *Cox*, 103 Wn.2d at 387; s*ee also Beaver-Jackson v. Standard Tr. Co. of Wash.*, 2008 WL 5100308, *2 (W.D. Wash. 2008) (Act's process "exclusive" means to challenge foreclosure; claim that foreclosure sale was improper was waived) (citations omitted).

Further, the facts do not support Plaintiffs' argument they lacked actual or constructive knowledge of a defense to foreclosure.  Opp. at 21-22.  Plaintiffs claim they lacked knowledge "since the improper acceptance of a non-beneficiary credit bid occurred during the sale."  Opp. at 21.  Even if Defendants understood what this means (and they do not), the fact remains Plaintiffs *do not dispute* the adequacy of the purchase price and *plead no facts* supporting any argument Freddie Mac failed to pay the trustee properly.  Opp. at 21-24; Compl. ¶¶ 6.62-6.64.  Plaintiffs next argue they did not have actual or constructive knowledge of a defense to foreclosure because they could not have discovered possible claims for fraud or misrepresentation until "after the fact."  Opp. at 22.  But "a person is *not required to have knowledge of the legal basis* for his claim, but merely knowledge of the *facts* sufficient to establish the elements of a claim that could serve as a defense to foreclosure."  *Brown*, 146 Wn. App. at 164-65 (emphasis added).  Plaintiffs'

DEFS.' REPLY IN SUPP. OF MOT. TO DISMISS (C11-01445 MJP) — 3
DWT 18947422v1 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Complaint arises out of their theory that MERS lacked authority to assign the Deed of Trust and that Chase might not hold the Note. Opp. at 4. But Plaintiffs *do not dispute* they signed their Deed of Trust identifying MERS as the beneficiary and nominee in 2005, or that they understood by March 2009 that Chase was the Lender under the Note. Compl., Exs. B, S. Plaintiffs knew of MERS's and Chase's roles two years before the foreclosure sale. Because Plaintiffs did not invoke their presale remedies, they have waived any DTA, quiet title, declaratory and injunctive relief, contract, unconscionability, and Criminal Profiteering Act claims.[2]

Even if they had not waived them, Plaintiffs' claims still fail. Plaintiffs' DTA claims fail because Defendants had authority to foreclose, as discussed below. Because Plaintiffs' primary arguments—that MERS's designation under the Deed of Trust rendered the document void, and that MERS lacked authority to assign the Deed of Trust—lack merit, so too do their quiet title and declaratory relief claims. *Bhatti*, 2011 WL 6300229, *5-6. And Plaintiffs now clarify they only seek to enjoin the unlawful detainer action pending in the Island County Superior Court. Opp. at 24. Plaintiffs must challenge that action in that court. *Negrete v. Alliance Life Ins. Co. of N. Am.*, 523 F.3d 1091, 1100 (9th Cir. 2008). Finally, Plaintiffs *do not dispute* that their contract and profiteering claims fail on the merits, and the Court should thus dismiss them. *See* LCR 7(b)(2).

**B.    Chase Had No Duty to Show Plaintiffs the Original Note Before Foreclosing.**

Plaintiffs spend six pages of their Opposition on a series of "show-me-the-Note" arguments that have no bearing on *any* of their claims. Opp. at 1-6. Plaintiffs' speculation over whether Chase held the endorsed Note at foreclosure does not save their claims, for three reasons.

*First*, in their Motion, Defendants showed that "[c]ourts 'have routinely held that Plaintiffs' "show me the note" argument lacks merit,'" and that Chase had no obligation to prove to Plaintiffs (rather than the Trustee) that it held the original note, endorsed in blank, to foreclose. Mot. at 18 (citing cases). *Plaintiffs provide no response* and thus concede the point. Because Chase had no duty to produce the endorsed Note to Plaintiffs as a condition to foreclosure, their speculation about the Note history cannot void the completed foreclosure sale or form a basis for

---

[2] Defendants have also shown that this Court has concluded a nonjudicial foreclosure sale moots claims for quiet title and injunctive and declaratory relief. Mot. at 11 (citing *Gossen*, 2011 WL 493828, *8). Plaintiffs do not respond to this authority, effectively conceding that under it their claims are moot. *See* LCR 7(b)(2).

DEFS.' REPLY IN SUPP. OF MOT. TO DISMISS (C11-01445 MJP) — 4
DWT 18947422v1 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

relief.  Even if this were a tenable basis to avoid foreclosure Plaintiffs waived it by failing to enjoin the sale. *Pace*, 2011 WL 3802766, *2 ("[I]f the Paces believe Chase lacked authority to foreclose, the [DTA] required them to raise the issue before the trustee's sale.").[3]

*Second*, Plaintiffs have **conceded** Chase held the Note.  Exhibit S to Plaintiffs' Complaint is the (untimely) signed and notarized March 2009 Loan Modification Agreement.  In it, Plaintiffs acknowledged that Chase was the "Lender" with authority to "amend[] and supplement[] … the Note," and to "invoke any remedies permitted by the Loan Documents [defined as the Deed of Trust and Note] without further notice or demand on the Borrower." Compl., Ex. S.  Plaintiffs do not dispute that under the Note, the "Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'"  *Id.*, Ex. A.  Thus, by signing the loan modification paperwork in March 2009, which disclosed Chase as the "Lender" under the Note, Plaintiffs not only had ***notice*** that Chase was the "Note Holder," but also ***acknowledged*** that Chase was entitled to enforce the Deed of Trust and Note.  Compl., Exs. A, B, S; *see also id.*, Ex. T (¶ 5) ("***Chase Home Finance LLC, being then the holder of the indebtedness secured by the Deed of Trust***, delivered to said Grantor [NWT] a written request directing Grantor to sell the Property in accordance with law and the terms of the Deed of Trust.").  The Court need not accept as true Plaintiffs' after-the-fact conclusion that Chase did not hold the endorsed Note at foreclosure. *Minnick v. Clearwire US, LLC*, 683 F. Supp. 2d 1179, 1183 (W.D. Wash. 2010) (Pechman, J.) (If "documents referenced in a complaint contradict a plaintiff's conclusory allegations, the Court is not required to accept those allegations as true.").

*Third*, Plaintiffs do not dispute the Note was endorsed in blank, the endorsed Note contains their signatures, or that Chase holds the endorsed Note.  To the extent Plaintiffs challenge the endorsement's authenticity, that effort is futile.  "Promissory notes are self-authenticating under Federal Rule of Evidence 902(9)." *Theros v. First Am. Title Ins. Co.*, 2011 WL 462564, *2 (W.D. Wash. 2011) (citations omitted); Fed. R. Evid. 902(9).[4]  *Cf. Oliveros v*

---

[3] This court may consider unpublished state opinions. *Nunez v. San Diego*, 114 F.3d 935, 942 n. 4 (9th Cir. 1997).
[4] Plaintiffs' reliance on *Olander v. Recontrust Corp.*, 2011 WL 841313 (W.D. Wash. 2011), is misplaced.  Opp. at n.5.  There, the Court found the allegation the Deed was invalid at inception sufficient to state a claim because plaintiff alleged the original lender was "neither an existing nor duly-licensed loan originator at the time the Deed of

DEFS.' REPLY IN SUPP. OF MOT. TO DISMISS (C11-01445 MJP) — 5
DWT 18947422v1 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

*Deutsche Bank Nat'l Trust Co.*, 2012 WL 113493, *1-3 (W.D. Wash. 2012) (rejecting challenge to endorsement based on "disparity" from other Note as simply a "variation on the 'show me the note' claims that courts routinely reject"); *Buddle-Vlasyukv. Bank of NY Melon*, 2012 WL 254096, *1-*2, *5 (W.D. Wash. 2012) (dismissing with prejudice claim based on challenge to endorsement as another a "'show-me-the-note' claim" that courts "routinely reject").

### C. Plaintiffs Do Not Meaningfully Respond to Defendants' MERS Arguments.

**Standing to Challenge MERS's Assignment.**  Defendants explained in their Motion that Plaintiffs lack standing to challenge MERS's assignment of the Deed.  Mot. at 16-17 (citing cases). ***Plaintiffs do not respond*** and thus admit they lack standing to attack the assignment. None of the inapposite bankruptcy cases Plaintiffs cite address whether a borrower has standing to challenge an assignment between MERS and the note holder in the context of a borrower's challenge to nonjudicial foreclosure.  Opp. at 7.  While defendants in *In re Doble*, 2011 WL 1465559 (Bankr. S.D. Cal. 2011), relied solely on the MERS assignment to foreclose, *id.* at *7-8, Defendants here have shown that Chase had authority to foreclose regardless of MERS.  *See* Mot. at 12-13.  And Plaintiffs' assertion that unspecified DTA provisions required Chase to list Freddie Mac in the Notice of Sale misses the mark.  Opp. at 7.  The Act "requires that a foreclosing lender demonstrate its ownership of the underlying note to the Trustee, not the borrower." *Oliveros*, 2012 WL 113493, at *3 (citing RCW 61.24.030(7)(a)).  That another entity may also have an interest in the loan does not matter.  *Corales v. Flagstar Bank, FSB*, --- F. Supp. 2d ---, 2011 WL 4899957, *4 (W.D. Wash. 2011) ("even if a lender sells a loan to Fannie Mae, the lender's possession of the Note endorsed in blank means that it may foreclose in its own name").  Because Plaintiffs' MERS assignment theory fails, the Court should dismiss their DTA and MERS-based CPA claims.

**MERS's Role.**  Defendants also showed that Plaintiffs agreed to MERS's role as beneficiary and nominee under the Deed of Trust, and courts in this district uniformly hold MERS is a valid beneficiary.  Mot. at 13-15. ***Plaintiffs do not dispute these facts or cases***, instead arguing that Deed of Trust are not really contracts, and then merely repeating their legal

---

Trust was executed." *Id.* at *4.  Here, Plaintiffs concede they obtained their loan from MHL Funding in 2005, and that MHL Funding remained in business until 2007, two years *after* loan origination.  Opp. at 6; Compl., Exs. A, B.

DEFS.' REPLY IN SUPP. OF MOT. TO DISMISS (C11-01445 MJP) — 6
DWT 18947422v1 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

conclusion that their Deed of Trust violates the DTA because it identified MERS as the beneficiary and nominee for the lender. Opp. at 7-9. Plaintiffs claim this renders the Deed of Trust "illegal and unenforceable." *Id.* at 9. Plaintiffs' theory fails, for at least three reasons, compelling dismissal of Plaintiffs' DTA and MERS-based CPA claims.

*First*, Plaintiffs do not have an affirmative cause of action for unconscionability. *Minnick*, 683 F. Supp. 2d at 1185-86. Rather, unconscionability is a defense to contract enforcement. *Id.* But Defendants are not trying to enforce the Deed of Trust against Plaintiffs. The foreclosure sale wiped away Plaintiffs' debt, and no loan exists to enforce. *See* RCW 61.24.100(1).

*Second*, even if such an affirmative cause of action existed, Defendants have demonstrated that Plaintiffs waived any such claim by failing to restrain the foreclosure sale. Mot. at 9-10. RCW 61.24.127 saves from waiver only damages claims for (1) common law fraud or misrepresentation, (2) violations of the CPA, or (3) "[f]ailure of the trustee to materially comply with the provisions" of the DTA. *Id.*; *Gossen*, 2011 WL 4939828, at *6 (RCW 61.24.127 saves from waiver only damages claims for these three types of claims). Unconscionability does not fit within any of these claims, and Plaintiffs do not argue otherwise.

*Third*, Defendants' Motion notes that courts in this district "repeatedly reject[] the argument MERS is not a proper beneficiary under a Deed of Trust where the plaintiff has executed a deed which expressly acknowledges MER's status as a beneficiary." Mot. at 15 (citing cases); *Williams*, 2012 WL 72727, *3 (citing cases). **Plaintiffs do not respond to these cases**.

**Cervantes.** Plaintiffs fail to meaningfully distinguish *Cervantes*. Opp. at 15. Plaintiffs argue that *Cervantes* involved Arizona's statute and "relied upon Arizona law for the proposition that: '[b]y signing the deeds of trust, the plaintiffs agreed to the terms and were *on notice* of the contents.'" Opp. at 15 (citation omitted). Citing *Udall v. T.D. Escrow Services, Inc.*, 132 Wn. App. 290, 302 (2006), *reversed on other grounds* 159 Wn.2d 903 (2007), Plaintiffs argue that such contract principles do not apply in Washington. Opp. at 16. Plaintiffs are mistaken about Washington law and misunderstand *Udall*. *See, e.g., McCurry v. Chevy Chase Bank, FSB*, 169 Wn.2d 96, 104 (2010) ("the terms of the deed of trust [are] a matter of contract law"). In *Udall*

DEFS.' REPLY IN SUPP. OF MOT. TO DISMISS (C11-01445 MJP) — 7
DWT 18947422v1 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

the court held a borrower may not bring a contract claim to challenge a nonjudicial foreclosure sale because the DTA provides the sole mechanism for disputing such sales. *See* 132 Wn. App. at 302. If anything, *Udall* supports the conclusion Plaintiffs cannot assert their claims for breach of contract, breach of the duty of good faith and fair dealing, or unconscionability. *Id.* at 302 ("the common law of contracts … is inapplicable to nonjudicial foreclosure sales."); *see also Vawter v. Quality Loan Serv. Corp. of Wash.*, 707 F. Supp. 2d 1115, 1123 (W.D. Wash. 2010) (citing *Udall* for proposition no affirmative claims permitted outside DTA to challenge foreclosure).

In any event, that many courts in this district have dismissed identical claims against MERS on the same basis as *Cervantes*—the borrowers agreed to and had notice of MERS's status by signing the Deed—refutes Plaintiffs' arguments otherwise. *Corales*, 2011 WL 4899957, *5 (citing cases); *Treece v. Fieldston Mortg. Co.*, 2012 WL 123042, *5 (W.D. Wash. 2012) (citing cases); *Bhatti*, 2011 WL 6300229, at *5 (citing cases).

Plaintiffs also assert MERS was not a valid beneficiary because it "never held the promissory note," and contend the fact MERS never held the note conflicts with language in the Deed of Trust stating MERS held legal title to the security interest. Opp. at 4, 16. Plaintiffs misunderstand the Deed of Trust. MERS held legal title to the "security instrument"—i.e., the Deed of Trust—not the Note. Compl., Ex. B, at 3. Plaintiffs cite no authority for the proposition that this arrangement—to which they agreed—violates the Act or renders MERS an invalid beneficiary. And to the contrary, courts have recognized that MERS's authority to assign the deed of trust does not depend on its interest in the note. In rejecting these very arguments, the court in *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 270 (2011), explained:

> MERS had no power *in its own right* to assign the note, since it had no interest in the note to assign, [but] MERS did not purport to act for its own interests …. Rather, the assignment of deed of trust states that MERS was acting as nominee for the lender, which *did* possess an assignable interest. A "nominee" is a person or entity designated to act for another in a limited role—in effect, an agent.

*Id.* The court found "nothing inconsistent in MERS's being designated both as the beneficiary and as a nominee, i.e., agent, for the lender." *Id.* at 273. It reasoned that the "implication of the designation is that MERS may exercise the rights and obligations of a beneficiary of the deed of trust, a role ordinarily afforded the lender, but it will exercise those rights and obligations only as

DEFS.' REPLY IN SUPP. OF MOT. TO DISMISS (C11-01445 MJP) — 8
DWT 18947422v1 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

an agent for the lender, not for its own interests." *Id.* Plaintiffs' cases agree. Opp. at 11 (quoting *Culhane v. Aurora Loan Servs. of Neb.*, 2011 WL 5925525, *14-17 (D. Mass. 2011).

Just as in *Fontenot*, MERS's authority to assign its legal title to the Deed of Trust here stems from an agency relationship between MERS and the lender. *See id.* at 270-71. Because Plaintiffs are neither parties to nor third-party beneficiaries of that agency relationship (and do not contend otherwise), they cannot challenge it. *See, e.g.*, *In re MERS Litig.*, 2011 WL 4550189, *5 (D. Ariz. 2011). And even if they could challenge it, Plaintiffs' bare assertions, devoid of factual content, do not state a claim. *See id.* ("allegation that MERS was merely a nominee is insufficient to demonstrate that MERS lacked authority to make a valid assignment"); *Bean v. BAC Home Loans Servicing, L.P.*, 2012 WL 171435, *1 (D. Ariz. 2012) (denying motion to reconsider dismissal where plaintiff pled no facts showing MERS was not acting as lender's agent, and rejecting argument "that, as a lender's nominee, MERS cannot act as a lender's agent").

### D. Plaintiffs Allege No Facts Showing the Relevance of any Securitization.

This Court has repeatedly explained that a loan's securitization does not give the borrower a cause of action because "[s]ecuritization merely creates a separate contract, distinct from Plaintiffs' debt obligations under the Note, and does not change the relationship of the parties in any way." Mot. at 17 (quoting *Lamb v. MERS, Inc.*, 2011 WL 5827813, *6 (W.D. Wash. 2011) (citing cases); *Bhatti*, 2011 WL 6300229, *5 (same; citing cases)). Without responding to these cases, Plaintiffs devote five pages of their Opposition to concluding their loan was securitized. Opp. at 11-15. But Plaintiffs identify *no facts* supporting their conclusion; their assertion they have stated a plausible claim does not make it so. Opp. at 13; *Iqbal*, 129 S. Ct. at 1949.

Even if they had alleged such facts (which they do not), Plaintiffs' arguments and cases would not advance their claims. For one, the court in *Culhane*, 2011 WL 5925525, *20 (*quoted in* Opp. at 11), rejected plaintiff's challenges to nonjudicial foreclosure because it found "no flaw in [the] process" of MERS, as nominee, assigning the mortgage to the note holder to foreclose. *Id.* at *19. Plaintiffs also cite no authority to support their argument that RCW 61.24.005(2) means that if a loan has been securitized, the note holder ceases being a "beneficiary." Opp. at 12-15.

DEFS.' REPLY IN SUPP. OF MOT. TO DISMISS (C11-01445 MJP) — 9
DWT 18947422v1 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

And the cases Plaintiffs do cite do not support their interpretation.[5] Plaintiffs agree that "stability of land titles" is a central goal of the DTA. *Id.* at 13. Yet Plaintiffs' Complaint undermines those goals—challenging a foreclosure sale a year after conclusion to unwind the sale and transfer title.[6]

Nor do Plaintiffs identify any injury as a result of any hypothetical securitization. Plaintiffs agree their Note informed them their loan could be transferred without prior notice to them. Opp. at 12; Mot., Ex. A; Compl., Ex. A. Documents Plaintiffs attach to and rely on in their Complaint confirm that at least by March 2009, they had notice their Note had been transferred to Chase. Compl., Ex. S. Plaintiffs' Complaint and exhibits show they knew precisely with whom to negotiate a loan modification: *Chase*. Compl. ¶ 2.11; Compl., Ex. S; Compl., App. I (ten pages about plaintiffs' efforts to modify loan with *Chase*). Plaintiffs nowhere claim they did not know who to pay, or that any transfer or alleged securitization interfered with their ability to make their payments. And Plaintiffs do not dispute they defaulted and never cured their default. Consequently, Plaintiffs cannot establish any transfer or alleged securitization caused them harm. *See* Mot. at 17 (citing *Bridge v. Aames Cap. Corp.*, 2010 WL 3834059, *3 (N.D. Ohio 2010) (validity of assignment "does not affect whether Borrower owes its obligations, but only to whom Borrower is obligated"); *In re Veal*, 450 B.R. at 912 (borrower is "indifferent as to who owns or has an interest in the note so long as it does not affect [borrower's] ability to make payments"); *Fontenot*, 198 Cal. App. 4th at 272 (transfer did not affect plaintiff's ability to make payments). The Court need not accept Plaintiffs' conclusory statement otherwise. *See* Opp. at 13:17-19.

### E. Plaintiffs Allege No Facts Showing Freddie Mac Is Not a Bona Fide Purchaser

Plaintiffs do not dispute that bona-fide purchaser status is an affirmative defense to contract enforcement, and that nobody is seeking to enforce any contract against them, such that

---

[5] Plaintiffs misunderstand the exclusionary clause of RCW 61.24.005(2), which addresses UCC Article 9. That clause applies if, for example, the Note holder pledges a borrower's Note as collateral (i.e., "security") to get a different loan from a new lender. Under the exclusionary clause, the new lender does not become the beneficiary of the Deed of Trust simply because it possesses the Note as security for an unrelated loan. *In re Veal*, 450 B.R. 897, 912-13 (BAP 9th Cir. 2011) ("Initially, a note is owned by the payee to whom it was issued. If that payee seeks … to use the note as collateral … Article 9 of the UCC governs that …loan transaction").

[6] The cases Plaintiffs cite do not apply. Opp. at 14. MERS did not conduct the foreclosure, making this case unlike *MERS, Inc. v. Graham*, 229 P.3d 420 (Kan. App. 2010), and *MERS, Inc. v. Saunders*, 2 A.3d 289 (Me. 2010). And the legal and factual landscape of *Hooker v. Nw. Tr. Serv., Inc.*, 2011 WL 2119103 (D. Or. 2011) differs; Washington law does not require recordation of all assignments, and Plaintiffs do not dispute recordation. Compl., Ex. D.

DEFS.' REPLY IN SUPP. OF MOT. TO DISMISS (C11-01445 MJP) — 10
DWT 18947422v1 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

this "claim" fails on its face. Mot. at 11.  Regardless Plaintiffs also admit that "recital of statutory compliance [in the Trustee's Deed] constitutes 'prima facie evidence of such compliance and conclusive evidence thereof in favor of bona fide purchasers.'"  Opp. at 23.  Plaintiffs do not dispute that the Trustee's Deed they attached to their Complaint contains such recitals.  Compl., Ex. T.  Nor do Plaintiffs plead *any* facts supporting their assertion that Freddie Mac lacks bona fide purchaser status, or that any documents in their case were "robo-signed," whatever that means. Opp. at 24; Compl. ¶¶ 6.62-6.64; Mot. at 16 & n.6 (citing cases rejecting robo-signing claims).  Instead, they present a series of legal conclusions.  *See* Opp. at 24.  But legal conclusions do not state a claim.  *See Iqbal*, 129 S. Ct. at 1949; *Treece*, 2012 WL 123042, *5 (dismissing where plaintiffs "are merely attempting to state a legal conclusion").  Nor can Plaintiffs state a plausible claim based on the unwarranted inference that because their Deed contains a footer stating it is a "Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS," Freddie Mac is thus not a bona fide purchaser.  Opp. at 24; Compl., Ex. B.  *Ove v. Gwinn*, 264 F.3d 817, 821 (9th Cir.2001) "unwarranted inferences are insufficient" to avoid dismissal).

### F. Plaintiffs Do Not Allege Facts Establishing the CPA Elements.

The Court should dismiss Plaintiffs' deception-based CPA claim because Plaintiffs base it on their "dual tracking" loan modification and foreclosure theory, yet Plaintiffs ***do not dispute*** they never timely completed a loan modification application, were never told the sale was forever cancelled, and indeed were told the sale *would* occur.  Opp. at 26; Mot. at 20-21.  Nor do they dispute that their Deed of Trust informed them any forbearance negotiations did not waive Chase's right to foreclose.  Compl., Ex. B, at 10.  And as Defendants established in their Motion, after Defendants placed a "hold" on foreclosure in January 2011, Plaintiffs were repeatedly warned the foreclosure sale ***was still scheduled*** and would occur on March 25, 2011, that Chase never promised them a loan modification, and that Plaintiffs never timely completed a loan modification agreement.  Mot. at 20-21 (citing Complaint).  Rather than identifying facts showing otherwise, Plaintiffs assert they "have sufficiently plead [sic] fact-specific instances of their attempts to obtain a loan modification from Chase."  Opp. at 26.  But Chase had no duty to

DEFS.' REPLY IN SUPP. OF MOT. TO DISMISS (C11-01445 MJP) — 11
DWT 18947422v1 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

modify Plaintiffs' loan.  *Badgett v. Sec. State Bank*, 116 Wn.2d 563, 568-72 (1991).  Plaintiffs plead no facts showing Defendants engaged in deceptive acts or practices.

Plaintiffs now appear to base any per se unfair CPA claim on their theory the Deed of Trust was illegal, not on any statutory declaration of CPA unfairness.  Opp. at 27.  Because "per se unfair trade practice" "include[s] only those practices the Legislature—as opposed to a court—determined were unfair," and because Plaintiffs do not base this claim on any such legislatively-recognized per se unfair practice, they have not and cannot state a per se unfair CPA claim. *Minnick*, 683 F. Supp. 2d at 1186.  Nor can Plaintiffs save their CPA claim by simply alleging their DTA contains boilerplate language.  Opp. at 27.  Plaintiffs' citation to *State v. Kaiser*, 161 Wn. App. 705 (2011) is misplaced because that case involved an attorney-general enforcement action where, unlike here, Plaintiffs alleged facts showing a material misstatement of fact; further, unlike here, attorneys general need not need to show causation or injury to state a CPA enforcement claim.  161 Wn. App. at 715, 719.  But even if the rule were otherwise, Plaintiffs here have not alleged *facts* showing the Deed of Trust was procedurally or substantively unconscionable.  That "an agreement is an adhesion contract does not necessarily render it procedurally unconscionable." *Zuver v. Airtouch Commc'ns, Inc.*, 153 Wn.2d 293, 304-05 (2004).  *Cf. Mosely v. CitiMortg.*, 2011 WL 5175598, *8 (W.D. Wash. 2011) (dismissing claim deed of trust was invalid or void where plaintiffs pled "no factual allegations").  Finally, Plaintiffs allege no facts showing they suffered injury stemming from any action taken by any defendant. *Pitner v. Northland Grp. Inc.*, 2012 WL 254035, *3 (W.D. Wash. 2012) (allegation that Plaintiffs "were unable to figure out … what was going on" with lender insufficient to show injury).

### III.  CONCLUSION

Defendants request that the Court grant their Motion to Dismiss without leave to amend.

    Davis Wright Tremaine LLP
*Attorneys for JPMorgan Chase Bank, N.A., MERS, and Federal Home Loan Mortg. Corp.*

By */s/ Fred B. Burnside*
    Fred Burnside, WSBA #32491
    Rebecca Francis, WSBA #41196
    fredburnside@dwt.com
    rebeccafrancis@dwt.com

DEFS.' REPLY IN SUPP. OF MOT. TO DISMISS (C11-01445 MJP) — 12
DWT 18947422v1 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on February 3, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- **Heidi E. Buck**
  hbuck@rcolegal.com,tkwong@rcolegal.com,buck4343@gmail.com
- **John S Devlin , III**
  devlinj@lanepowell.com,Docketing-SEA@LanePowell.com,burrusl@lanepowell.com
- **Scott E Stafne**
  stafnelawfirm@aol.com,wwactfilings@aol.com
- **Erin McDougal Stines**
  erin.stines@fnf.com,nancy.hunt@fnf.com,cindy.rochelle@fnf.com
- **Andrew Gordon Yates**
  yatesa@lanepowell.com,docketing-sea@lanepowell.com,strayerd@lanepowell.com

DATED this 3rd day of February, 2012.

    Davis Wright Tremaine LLP
    *Attorneys for Defendants JPMorgan Chase Bank, N.A.; Mortgage Electronic Registration Systems Inc.; and Federal Home Loan Corporation*

    By    *s/ Fred B. Burnside*
        Rebecca Francis, WSBA # 41196
        Fred B. Burnside, WSBA #32491
        1201 Third Avenue, Suite 2200
        Seattle, WA 98101-3045
        Telephone: 206-622-3150
        Facsimile: 206-757-7700
        E-mail: fredburnside@dwt.com
        E-mail: rebeccafrancis@dwt.com

CERTIFICATE OF SERVICE (C11-01445 MJP)
DWT 18947422v1 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700