1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10  TRAVIS MICKELSON and DANIELLE
     H. MICKELSON,

CASE NO. C11-1445MJP

11

                              Plaintiffs,

ORDER GRANTING MOTION TO
DISMISS

12

13          v.

14  CHASE HOME FINANCE LLC, et al.,

15                              Defendants.

16

17          This matter comes before the Court on a motion to dismiss Defendants Chase Home

Finance LLC, Mortgage Electronic Recording Systems, Inc., JPMorgan Chase Bank, N.A., and

18

the Federal Home Loan Mortgage Corporation filed, in which the remaining defendants have

19

joined.  (Dkt. Nos. 43, 45, 47, 49.)  Having reviewed the motion, the response (Dkt. No. 55), the

20

reply (Dkt. No. 56), the supplemental authority (Dkt. No. 57), and all related papers, the Court

21

GRANTS the motion to dismiss.  The Court finds this matter suitable for decision without oral

22

argument.

23

\\

24

ORDER GRANTING MOTION TO DISMISS- 1

**Background**

1

2        Plaintiffs Travis and Danielle Mickelson filed suit against several defendants alleging

3  various improper and illegal acts related to the foreclosure and trustee's sale of their home in

4  Island County.  The named Defendants are: (1) JPMorgan Chase Bank N.A. ("JPMorgan"); (2)

5  Chase Home Finance LLC ("Chase") (which has allegedly merged into JPMorgan); (3) Federal

6  Home Loan Mortgage Corporation ("Freddie Mac"); (4) Mortgage Electronic Recording

7  Systems, Inc. ("MERS"); (5) Routh Crabtree Olsen, P.S.; (6) Chicago Title Insurance Company

8  ("Chicago"); (7) Northwest Trustee Services ("NTS"); and (8) six individuals.  The Court

9  reviews the allegations regarding the loan and the foreclosure which are relevant to the motion to

10  dismiss.

11        Plaintiffs obtained a loan from MHL Funding Corp on November 22, 2005, to purchase a

12  home in Island County.  (Amended Complaint ("AC") ¶ 3.3.)  Plaintiffs signed a promissory

13  note and a deed of trust that secured the loan.  The deed of trust named MERS as the nominee

14  and beneficiary and Chicago as the trustee.  (Dkt. No. 29-1 at 7.)  At an unspecified time, Chase

15  purported to become the holder of the promissory note, which was endorsed in blank.  Roughly

16  three years later on September 19, 2008, Chase recorded an assignment of the deed of trust from

17  MERS to Chase. (Dkt. No. 29-1 at 27.)  The same day, NTS recorded an appointment of

18  successor trustee on behalf of Chase, which appointed NTS the successor trustee to Chicago.

19  (Dkt. No. 29-1 at 29.)

20        Starting in August of 2008, Plaintiffs fell behind on their mortgage payments and were

21  threatened with foreclosure by Chase and NTS.  (AC ¶ 3.23.)  Plaintiffs tried to enter into a loan

22  modification program beginning in late 2008.  (AC ¶¶ 3.25-3.28.)  Plaintiffs refer in their

23  complaint to a letter from Chase dated February 9, 2009, indicating to Plaintiffs that they could

24

1    qualify for a loan modification.  (AC ¶¶ 3.32.13.)  Chase has provided a copy of this letter in its

2    pleadings, which is properly considered on the motion to dismiss as it was referenced in the

3    complaint.  (Dkt. No. 43-4 at 13.)  This letter is an offer to Plaintiffs to enter into a loan

4    modification subject to several clearly disclosed requirements.  The letter states in bold and

5    underline: "Failure to return this Loan Modification Agreement and the money by the stipulated

6    date will cause the modification agreement to be cancelled and the collections and/or foreclosure

7    process to continue immediately."  (Id. (emphasis removed).)  The letter also stated Plaintiffs had

8    to return the signed agreement and their first payment within 72 hours.  (Id.)  There is no

9    allegation that Plaintiffs complied with the terms of the letter, though they do allege they did not

10   receive the letter until February 13, 2009.  (AC ¶ 3.32.13.)

11          A letter dated February 20, 2009, from Chase (also referenced in Plaintiffs' complaint)

12   states that Plaintiffs failed to return the modification agreement or any payment, and the deadline

13   was extended to February 26, 2009.  (Dkt. No. 43-4 at 21; AC ¶ 3.32.16 (referencing the letter).)

14   Plaintiffs do not allege they made the payments required of the first letter in the time allotted.  A

15   letter dated July 20, 2010, informed Plaintiffs that they had failed to qualify for the modification

16   program because they had failed to make the required payments within the designated time.

17   (Dkt. No. 43-4 at 33.)  After NTS provided notices of the default and the foreclosure sale to

18   Plaintiffs, it oversaw the sale of Plaintiffs' home at a non-judicial foreclosure on March 25, 2011.

19   (AC ¶ 3.28.)  Plaintiffs allege on information and belief that Freddie Mac was the purchaser, but

20   they disclaim any actual knowledge.  (AC ¶ 3.29.)

21          In their sprawling amended complaint, Plaintiffs allege the appointment of MERS as the

22   beneficiary to the first deed of trust was impermissible because MERS is not legally capable of

23   being the beneficiary. (AC ¶¶ 6.4-6.21.) Plaintiffs claim the assignment of the deed of trust to

24

1   Chase was invalid because MERS was not a proper beneficiary.  (AC ¶ 6.22.)  They also allege

2   Chase did not hold a "wet ink" signature version of the promissory note, but admit that Chase

3   held at least a "copy" of the note.  (AC ¶ 5.5.)  They also allege that assignment executed by

4   MERS to Chase of the deed of trust was invalid because the signer is a "robo signer" who

5   "lacked authority, knowledge or training to perform the transaction" on behalf of MERS. (AC ¶

6   6.23.)  As to Freddie Mac, Plaintiffs claimed it was not a "bona fide" purchaser.

7          In their hard-to-follow complaint Plaintiffs appear to pursue the following claims or

8   causes of action against Chase, JPMorgan, MERS, and Freddie Mac: (1) quiet title; (2) injunctive

9   relief related to the ownership of the home; (3) breach of contract; (4) unenforceability of the

10  deed of trust based on a theory of unconscionability; (5) criminal profiteering in violation of

11  RCW 9A.82 et seq.; (6) violations of the Deed of Trust Act; and (7) violations of the Consumer

12  Protection Act ("CPA").  Defendants move for dismissal of all of these claims, while leaving

13  untouched the claims Plaintiffs pursue under the Fair Debt Collection Practices Act.  The

14  remaining Defendants join in the motion, but provide no substantive briefing as issues distinct to

15  them.

16                                              **Analysis**

17  A.     Standard

18         On a motion to dismiss, the Court must accept the material allegations in the complaint as

19  true and construe them in the light most favorable to Plaintiff.  NL Indus., Inc. v. Kaplan, 792

20  F.2d 896, 898 (9th Cir. 1986).  A motion to dismiss filed pursuant to Rule 12(b)(6) tests the

21  sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  "To survive a

22  motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

23  claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)

24

ORDER GRANTING MOTION TO DISMISS- 4

1  (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 554, 570 (2007)).  The plaintiff must provide

2  "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

3  will not do."  Twombly, 550 U.S. at 555.

4  B.      Waiver

5         Because Plaintiffs failed to challenge the non-judicial foreclosure, most of their claims

6  are forever waived.

7         A borrower waives any claims challenging the validity of a non-judicial foreclosure if:

8  the "party (1) received notice of the right to enjoin the sale, (2) had actual or constructive

9  knowledge of a defense to foreclosure prior to the sale, and (3) failed to bring an action to obtain

10  a court order enjoining the sale."  Plein v. Lackey, 149 Wn.2d 214, 227 (2003).  Amendments to

11  the Deed of Trust Act ("DTA") made after Plein have attempted to carve out certain post-sale

12  claims that would otherwise by waived under Plein's rule.  Relevant to this case, the DTA

13  preserves claims of violations of RCW Title 19 and claims the trustee failed to materially comply

14  with the DTA.  RCW 61.24.127(1).  These non-waived claims do not allow the Plaintiff to "seek

15  any remedy at law or in equity other than monetary damages" or "affect in any way the validity

16  or finality of the foreclosure sale or a subsequent transfer of the property."  RCW

17  61.24.127(2)(b), 61.24.127(2)(c).

18         By failing to challenge the foreclosure and trustee's sale, the Plaintiffs waived any claims

19  of: (1) quiet title; (2) injunctive relief; (3) breach of contract; (4) unenforceability of the deed of

20  trust based on unconscionability; and (5) criminal profiteering.  All three elements required by

21  Plein for waiver to apply are alleged in the complaint.  Plaintiffs received notice of the

22  foreclosure sale, had knowledge of it, and failed to enjoin the sale.  Plein, 149 Wn.2d at 227.  As

23  the Court understands and construes the five claims noted above, each attacks the validity of the

24

1  foreclosure and trustee's sale and thus cannot be brought.  Moreover, the exceptions to <u>Plein</u> the

2  Deed of Trust Act carves out do not permit Plaintiffs to pursue any of the five claims.  Nowhere

3  in the DTA are these claims expressly permitted.  Allowing any of these claims to move forward

4  would run contrary to the DTA's intent to limit post-sale remedies and to promote the stability of

5  land titles. <u>See</u> <u>Plein</u>, 149 Wn.2d at 228.  Plaintiffs have therefore waived these five claims by

6  failing to bring them before the foreclosure sale.  The Court finds that these must be

7  DISMISSED as to all Defendants, including as to the Defendants who merely joined in the

8  motion to dismiss.  The claims are dismissed with prejudice.

9       The Deed of Trust Act permits only two claims to potentially go forward: (1) the CPA

10  claims; and (2) the claims brought under the Deed of Trust Act.  However, the Deed of Trust Act

11  specifies that any post-sale claims premised on violations of the Act may only be brought against

12  the trustee.  Except for Chicago and NTS, none of the other Defendants is alleged to be a trustee.

13  As such, the claims premised on DTA violations are DISMISSED as to all defendants except

14  Chicago and NTS.  Although both Chicago and NTS joined in the motion to dismiss, they have

15  not provided any argument specific to claims against them sufficient for the Court to rule on

16  whether any claims premised on compliance with the Deed of Trust Act can move forward.

17  B.    <u>CPA Claims</u>

18       Plaintiffs' CPA claims against MERS, Chase, JPMorgan, and Freddie Mac fail because

19  they do not include sufficient allegations of unfair or deceptive acts.

20       1.    <u>Standard</u>

21       To prevail on their CPA claim, Plaintiffs must establish five distinct elements: "(1) unfair

22  or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4)

23  injury to plaintiff in his or her business or property; [and] (5) causation." <u>Hangman Ridge</u>

24

1  Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 780 (1986).  Whether a practice is

2  unfair or deceptive is a question of law for the court to decide if the parties do not dispute what

3  the parties did.  Indoor Billboard/Washington, Inc. v. Integra Telecom of Wash., Inc., 162 Wn.2d

4  59, 74 (2007).  To satisfy the first element, Plaintiffs must show that the act or practice either has

5  a capacity to deceive a substantial portion of the public or that it constitutes an unfair trade or

6  practice.  Plaintiffs have failed to provide sufficient allegations as required by Iqbal and Rule 8

7  to show an unfair or deceptive act or practice.

8         2.    CPA Claims Against Chase, MERS, JPMorgan, and Freddie Mac

9        Plaintiffs alleged Chase, JPMorgan, MERS, and Freddie Mac engaged in four similar

10  unfair or deceptive acts: (1) failing to comply with the Deed of Trust Act; (2) using an

11  unconscionable agreement to facilitate non-judicial foreclosures; (3) preventing borrowers from

12  knowing who the true beneficiaries of the deed of trust was; and (4) engaging in robo-signing.

13  (AC ¶ 13.2).  These allegations are not sufficient to state a claim.

14        Plaintiffs' first claim is misguided as to MERS.  Plaintiffs seem to contend that MERS

15  cannot be a beneficiary to the deed of trust because it cannot be the nominee and beneficiary.

16  This argument is flawed.  There is no legal reason why MERS cannot be the beneficiary, as that

17  term is defined in the DTA.  The beneficiary is the holder of the promissory note, and there is no

18  legal reason why MERS cannot be the note holder.  RCW 64.21.005(2).  Even if MERS was not

19  properly appointed as nominee and beneficiary, Plaintiffs have not identified any harm that arose

20  from MERS's role or from the purported deception.  The deed of trust discloses MERS as the

21  nominee and beneficiary and Plaintiffs have not identified any provision of DTA that would

22  preclude MERS from being both nominee and beneficiary.  Although certain issues related to

23  MERS's role remain pending before the Washington Supreme Court, the Ninth Circuit has

24

ORDER GRANTING MOTION TO DISMISS- 7

1 rejected the argument that MERS cannot serve as a nominee on a deed of trust where the lender

2 still holds the note.  Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1041-42 (9th

3 Cir. 2011) (applying Arizona law).  Plaintiffs have failed to identify any violation of the Deed of

4 Trust Act related to MERS and they have not alleged any cognizable deceptive or unfair trade or

5 practice arising out of MERS's role.  They have also failed to identify any damages arising out of

6 this specific alleged DTA violation.  The CPA claim related to MERS cannot proceed.

7        Plaintiffs have also failed to identify any specific conduct Chase, JPMorgan, or Freddie

8 Mac engaged in that violated the DTA that might constitute a CPA claim.  Freddie Mac is only

9 alleged to have purchased the home at the trustee's sale, and Plaintiffs have not provided

10 sufficient factual detail to understand how this violated the Deed of Trust Act or might in any

11 way constitute an unfair or deceptive act.  The Court similarly cannot find sufficient factual

12 details showing any violation of the DTA Chase or JPMorgan perpetrated.  Chase has explained

13 that it was permitted to initiate foreclosure on the property by virtue of holding the note that was

14 indorsed in blank.  See RCW 61.24.005(2); RCW 62A.3-205, -3-301.  Plaintiffs have not

15 provided any valid argument or allegation as to why Chase was not a proper beneficiary with

16 authority to foreclose.  As such, the Court finds no properly alleged violation of the DTA.  The

17 Court is similarly at a loss to find any allegations to sustain a claim against JPMorgan having

18 violated the DTA.  These claims are DISMISSED.

19        Plaintiffs' second claim, that the deed of trust was unconscionable, is not adequately

20 pleaded.  The Court cannot accept Plaintiffs' argument the deed of trust violated the CPA

21 because it contained boilerplate.  First, the deed of trust disclosed MERS's role and did so in a

22 clear manner.  Second, the mere presence of boilerplate language is not sufficient to state a claim

23 under the CPA.  Only "[g]rossly unfair or unconscionable contracts" where the material terms

24

1   were "hidden in a maze of fine print" are properly found to be unfair or deceptive.  See State v.

2   Kaiser, 161 Wn. App. 705, 722 (2011).  Here, there is no allegation or evidence that the deed of

3   trust hid any terms or was a grossly unfair contract.  Moreover, the case Plaintiffs rely on,

4   Kaiser, turned on the fact the defendant had "purposefully withheld material information."  Id.

5   There is no similar allegation here.  The Court finds no basis on which to permit a CPA claim to

6   move forward on the theory the deed of trust was unconscionable.

7        The third and fourth allegations supporting the CPA claims are nothing more than legal

8   conclusions unsupported by factual allegations.  These theories fail to demonstrate how Plaintiffs

9   suffered damages from this conduct, and the Court is unable to comprehend the nature of the

10  claims.

11       The Court DISMISSES these four CPA claims against MERS, JPMorgan, Chase, and

12  Freddie Mac.  Although Defendants assert the claims are barred by the statute of limitations, the

13  Court does not reach the issue.  The Court is not in a proper position to determine the issue of

14  timeliness given the lack of factual detail on the CPA claims.

15       3.   CPA Claims Against MERS

16       As to MERS alone, Plaintiffs contend that it violated the CPA by "misrepresenting to

17  investors the characteristics and therefore the riskiness of the mortgages managed by their

18  secondary marker."  (AC ¶ 13.2(A).)  This allegation is difficult to understand.  From what the

19  Court is able to glean, the allegation references conduct unrelated to Plaintiffs.  There is no

20  allegation showing that this conduct, even if deceptive, caused Plaintiffs to suffer any damages.

21  As such, the Court finds the claim fails to satisfy the elements of the CPA and is inadequately

22  pleaded to meet Iqbal.  The Court also dismisses this claim to the extent Plaintiffs argue the

23  securitization of their loan was an unfair or deceptive act.  They have yet to identify anything

24

ORDER GRANTING MOTION TO DISMISS- 9

1  deceptive about any securitization, particularly where the deed of trust they signed disclosed the

2  possibility of sales of interests in the mortgage.  The securitization does not change the

3  relationship of the parties or create any obvious unfair or deceptive act.  See Lamb v. Mortg.

4  Elec. Registration Sys., Inc. No. C10-5856RJB, 2011 WL 5827813, at *6 (W.D. Wash. Nov. 18,

5  2011).  The foreclosure of their home was not made invalid merely because of securitization.

6  The Court is unable to find any intelligible CPA violation in this theory.  The Court DISMISSES

7  this claim.

8          4.      CPA Claims Against Chase and JPMorgan

9          Plaintiffs' CPA claims against Chase premised on deceptive conduct related to loan

10  modifications are flawed.  Plaintiffs allege a theory of "dual tracking" whereby they were

11  unfairly deceived into believing they had obtained a loan modification while Chase was actually

12  still foreclosing on the home.

13          Plaintiffs misguidedly base their claim on the notion that Chase and JPMorgan deceived

14  them into thinking that a loan modification would halt the foreclosure.  The documents Plaintiffs

15  rely on actually show that Chase clearly disclosed the fact that until Plaintiffs made payments

16  towards modification and submitted the loan modification agreement in a timely manner Chase

17  would not halt any foreclosure process.  (Dkt. No. 43-4 at 13 (language put in bold and

18  underline).)  Similarly, any claim that Plaintiffs were falsely promised a loan modification is

19  betrayed by the letters Chase actually sent that showed the offer was conditional.  (Id.)  The

20  Court is at a loss to find any adequate factual allegations showing unfair or deceptive conduct

21  with regards to Plaintiffs' dual tracking claim.  The Court DISMISSES this claim.

22          The Court also finds no CPA violation can lie in Plaintiffs' allegation that JPMorgan

23  injured Plaintiffs by "buying structured mortgage loans that relied on deceptive terms and

24

1  underwriting to artificially lower borrowers' [soc] initial loan payments." As best the Court can

2  understand, this allegation implies that JPMorgan acquired mortgages based on inadequate

3  information about the true nature of the loans. This would seem to suggest that JPMorgan was

4  deceived, not Plaintiffs. Such an unintelligible allegation cannot survive dismissal.

5       5.    <u>CPA Claims Against Freddie Mac</u>

6       The one CPA claims against Freddie Mac that Court has yet to address is simply a legal

7  conclusion unsupported by any facts. Plaintiffs allege Freddie Mac used unconscionable

8  agreements to allow for foreclosure. (AC ¶ 13.9(B).) Yet there are no allegations about any

9  contracts between Plaintiffs and Freddie Mac that could be unconscionable. (AC ¶ 13.9(B).)

10  This errant statement is not sufficient to state a claim under the CPA.

11       6.    <u>CPA Claims as to the Defendants Joining in the Motion</u>

12       The Court is unable to determine whether the CPA claims made against the joining

13  defendants can proceed. None of the joining defendants presented substantive argument. In the

14  absence of such briefing, the Court will not pass judgment on the CPA claims against these

15  defendants. Should Plaintiffs chose to replead their CPA claims, they must a substantial effort to

16  explain with greater precision the factual allegations that support the claimed CPA violations.

17  Shotgun-style pleadings are not a means of meeting Rule 8 and <u>Iqbal</u>.

18       **Conclusion**

19       The majority of Plaintiffs' complaint fails to present any tenable claims. The Court finds

20  the claims for: (1) quiet title; (2) injunctive relief; (3) breach of contract; (4) unenforceability of

21  the deed of trust based on unconscionability; and (5) criminal profiteering are all waived. The

22  Court DISMISSES all of the waived claims with prejudice as to all Defendants. The DTA

23  claims against all defendants except Chicago and NTS are also DISMISSED with prejudice. The

24

ORDER GRANTING MOTION TO DISMISS- 11

1   Court also DISMISSES the CPA claims against MERS, Chase, JPMorgan, and Freddie Mac

2   without prejudice.  The Court does not rule on whether the CPA claims against the other

3   defendants who joined in the motion are adequately pleaded.

4          The clerk is ordered to provide copies of this order to all counsel.

5          Dated this 16th day of April, 2012.

6

7

8

9                                              Marsha J. Pechman
                                               United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24