THE HON. MARSHA J. PECHMAN

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

TRAVIS MICKELSON, DANIELLE H.
MICKELSON, et. ux.

                       Plaintiffs,

vs.

CHASE HOME FINANCE LLC, et. al.

                       Defendants.

NO.  2:11-cv-01445

MOTION FOR
RECONSIDERATION

Note for Consideration
April 23, 2012

    Pursuant to Local Rule 7(h), Plaintiffs Travis and Danielle Mickelson (Mickelson) respectfully request this Court reconsider its April 16, 2012 Order Granting Motion to Dismiss ("Order"), on the grounds that it was manifest error for this court to dismiss quiet title relief against Federal Home Loan Mortgage Corporation (Freddie Mac) for specific procedural violations not waived under Plein (149 Wash. 2d 214) and to which RCW 61.24.127(2) limitations do not apply.

STAFNE LAW FIRM

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /STAFNELAWFIRM@AOL.COM

## I.   MEMORANDUM IN SUPPORT OF REQUEST

Notice of Trustee's Sale and Chase Home Finance, LLC (Chase) states that Chase is the beneficiary. See e.g., dkt. 29 at ¶ 2.5.5. Federal Home Loan Mortgage Corporation ("Freddie Mac") was the bidder at the auction: "the accepted bid amount at the trustee's sale **by Federal Home Loan Mortgage Corporation** was $325,297.00. As to subpart (d) **the bid tendered by Federal Home Loan Mortgage Corporation was the only bid**." Decl. of Krawczyk at Ex. A (Interrogatory No. 7)(emphasis supplied). But, a credit bid (not cash, check, etc…) was submitted at the auction. Decl. of Krawczyk at Ex. B ("TRUSTEE'S SALE" obtained in March 14, 2012 from NTS).[1] The Trustee's Deed was delivered to Freddie Mac, not Chase. See e.g., Dkt. 41 at *4.

Furthermore, a recent legislative change altered the process of Deed Delivery. Passed March 6, 2012, section 14 of Engrossed Substitute House Bill 2614 (Effective June 7, 2012), amends RCW 61.24.050 from "[w]hen delivered to the purchaser [***]" to "[u]pon physical delivery of the trustee's deed to the purchaser, **or a different grantee as designated by the purchaser following the trustee's sale** [***]." Compare, 1998 Wa. ALS 295; 1998 Wa. Ch. 295; 1997 Wa. SB 6191 with, 2012 Wa. ALS 185; 2012 Wa. Ch. 185; 2011 Wa. HB 2614; see also, Udall v. T.D. Escrow Servs., Inc., 159 Wash. 2d 903, 154 P.3d 882 (2007) (RCW 61.24.050 **mandates** that a trustee deliver a deed of trust to a purchaser following a nonjudicial foreclosure sale absent a procedural irregularity that voids the sale).

---

[1] Therein describes:
> The successful bidder must immediately pay the final bid amount in cash or certified funds. [***] If the trustee discovers that the foreclosure sale may be void or voidable or otherwise unlawful or invalid, the submitted bid may be forthwith returned without interest and the bidder will have no right to purchase the property. [***] The beneficiary has submitted a written bid in the amount of $*325,297.00*. This is the minimum bid. We have been authorized by the beneficiary to enter a final bid in the amount of $ *0*. [***] "If there are no third party bids, announce, 'sold to the beneficiary for $*325,297.00*' [***] Sold to *The Beneficiary* for $*325,297.00* [***] Dated March 25, 2011 at *10:24* O'clock *A*.M. *Daphne Church* Agent for Northwest Trustee Services, Inc. Trustee

Dec. of Krawczyk at Ex. B at *2-3 (pages 3 and 4)(emphasis to denote handwritten).

STAFNE LAW FIRM

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 / STAFNELAWFIRM@AOL.COM

A.  Nature of the Error

At Order at p. 5:18-19 this court stated "By failing to challenge the foreclosure and trustee's sale, the Plaintiffs waived any claims of: (1) quiet title [four other claims***]." Further on page 6, "Plaintiffs have therefore waived these five claims by failing to bring them before the foreclosure sale" Order at 6:5-6 (subsequently dismissing quiet title with prejudice).[2] The Court's order fails to account for plaintiffs' credit bid claim which voids the sale and is not waived under the rule set forth in Plien. See Plein v. Lackey, 149 Wash. 2d 214, 227 (2003).

1.  Claim for Quiet Title Relief from Credit Bid Procedural Defect

Mickelsons alleged NTS accepted a credit bid from Freddie Mac, but identified only Chase as the beneficiary in its notices of default and notice of trustee sale. Dkt. 29 at ¶¶ 6.55 – 7.3; RCW 61.24.070(2) ("The trustee shall, at the request of the beneficiary, credit toward the beneficiary's bid all or any part of the monetary obligations secured by the deed of trust"). Under RCW 61.24.070(2), the trustee may only accept a credit bid from the beneficiary; and, "[***] [i]f the purchaser is not the beneficiary, the entire bid shall be paid to the trustee in the form of cash, certified check, cashier's check, money order, or funds received by verified electronic transfer, or any combination thereof." RCW 61.24.070(2). A common law cause of action presently exists to void the sale for procedural defects in sale. See, Cox v. Helenius, 103 Wash. 2d 383, 387, 693 P.2d 683 (1985); see also, Decl. of Krawczyk at Ex. B ("If the trustee discovers that the foreclosure sale may be void or voidable or otherwise unlawful or invalid, the submitted bid may be forthwith returned").

---

[2] Order further states:
> The Deed of Trust Act [RCW 61.24.127] permits only two claims to potentially go forward (1) the CPA claims; and (2) the claims brought under the Deed of Trust Act. However, the Deed of Trust Act specifies that any post-sale claims premised on violations of the Act may only be brought against the trustee.

Order at 6:9-12.

MOTION FOR RECONSIDERATION - 3

NTS admits Freddie Mac was the bidder and that this bid was a credit bid by a party other than the beneficiary. Decl. of Krawczyk at Ex. A. Thus, if a trustee accepts an invalid bid, a procedural defect in the sale, than the Mickelson's may challenge the invalid proceedings, the conveyance created, and be entitled to quiet the inferior title.

2. <u>A Bid Defect Is Not Known Before Sale or Waived Under Plein</u>

Under the rule stated in <u>Plein</u>, post-sale relief (e.g., quiet title) is not waived if the party did not have "actual or constructive knowledge of a defense ***prior to the sale***." <u>See</u> <u>Plein</u>, 149 Wash. 2d at 227. RCW 61.24.127 provides some of the limited exceptions to waiver. RCW 61.24.127 (The failure of the borrower or grantor to bring a civil action to enjoin a foreclosure sale under this chapter ***may not be deemed a waiver of a claim*** for damages asserting)(emphasis supplied). The language resurrects certain waived claims not apply to limit all unwaived post sale claims. <u>See</u> <u>id</u>.

Here Mickelsons' credit bid allegation still navigates the straits of Messina, without crashing into the cliffs of Scylla (waiver) or being sucked into the depths of Charybdis (RCW 61.24.127 limitations to damages). <u>See</u> Complaint (Dkt. 29) at ¶¶ 6.55 – 7.3 (credit bid claims and quiet title); <u>see also</u>, dkt. 55 (plaintiffs' response to motion to dismiss) at pp. 21:22-26, 25:12-16. It is impossible for the Mickelsons to know "prior to the sale" about the nature of the bid (was it credit bid or cash) or the bidder (beneficiary or other purchaser) because such facts do not come into existence until the bid is made (i.e., at the sale). <u>See</u> <u>Plein</u>, 149 Wash. 2d at 227. Since there is no possible knowledge (actual or constructive) of sale defects waiver does not apply; nor does this court need to turn to RCW 61.24.127 to find one of the limited exceptions to waiver, again because waiver does not apply.

3.    <u>Engrossed Substitute House Bill 2614</u>

The trustee's compliance is ministerial. <u>Udall</u>, 159 Wash. 2d 903. Every conveyance of real estate, or any interest therein, and every contract creating or evidencing any encumbrance upon real estate, shall be by deed. RCW 64.04.010.  The right of the purchaser to designate

1  another party as grantee was not in effect in March of 2011. See 2012 Wa. ALS 185; 2012

2  Wa. Ch. 185; 2011 Wa. HB 2614. Prior to the passage of new legislation, the plain meaning

3  and its interpretation under Udall prevail. Id., 159 Wash. 2d 903; see also, Cox, 103 Wash. 2d

4  at 387 (procedural irregularity voids trustee sale). So even if defendants now assert Chase was

5  the bidder, then under the law in effect at the time of the sale, Chase must be the grantee on

6  the Trustee's Deed, and subsequently conveyed its interests to Freddie Mac, for Freddie Mac

7  to now assert an interest in the real property at issue.

8                                    **II.      CONCLUSION**

9       WHEREFORE, the petitioner respectfully requests that this Court reconsider the April

10  16, 2012, Order Granting Motion to Dismiss relating to Plaintiffs' Credit Bid Claims.

11  DATED and SUBMITTED this 23rd day of April, 2012 at Arlington, Washington.

13                                    STAFNE LAW FIRM

15                                    By /s/ Andrew J. Krawczyk_____
                                      Scott E. Stafne, WSBA # 6964
16                                    Andrew J. Krawczyk, WSBA # 42982
                                      Attorneys for Plaintiffs
17                                    239 North Olympic Drive
                                      Arlington, WA 98223
18                                    andrew@stafnelawfirm.com
                                      (360) 403-8700 x 207

MOTION FOR RECONSIDERATION - 5

CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

1. Erin McDougal Stines at erin.stines@fnf.com
2. Fred B. Burnside at fredburnside@dwt.com
3. Rebecca J. Francis at RebeccaFrancis@dwt.com
4. Heidi E. Buck at hbuck@rcolegal.com
5. Andrew Gordon Yates at yatesa@lanepowell.com
6. John S. Devlin III at devlinj@lanepowell.com

And I hereby certify that I have mailed by U.S. Postal service the document to the following non- CMF/ECF participants: N/A.

/s/ Chessa R. Tachiki
Chessa Tachiki, Paralegal
Stafne Law Firm
239 N. Olympic Ave.
Arlington, WA 98223
Phone: 360-403-8700
Fax: 360-386-4005