EXHIBIT A

DECL. ANDREW KRAWCZYK



**ROUTH CRABTREE OLSEN, P.S.**

13555 SE 36th St., Ste. 300
Bellevue, WA 98006

phone - 425.458.2121
fax - 425.458.2131
www.rcolegal.com

Heidi E. Buck
Attorney

phone - 425.213.5534
fax - 425.283.5968
hbuck@rcolegal.com

March 14, 2012

Scott E. Stafne
Stafne Law Firm
239 N. Olympic Ave.
Arlington, WA 98223

    Re: *Mickelson v. Mortgage Electronic Registration Systems, Inc., et al.*
       RCO File No.: 7604.53376

Dear Mr. Stafne,

  In response to the purported deficiencies you identified during our telephone conversation on March 5, 2011 in Defendants Northwest Trustee Services, Inc. (NWTS) and Routh Crabtree Olsen, P.S.'s (RCO) responses to Plaintiff's First Set of Interrogatories and Requests for Production, please see the following responses intended to supplement and amend Defendants' previous responses.

  Additionally, as previously discussed, please see the attached case, *Paananen v. Cellco Partnership*.

**Supplements and Amendments to NWTS' Responses to Plaintiff's Interrogatories & Requests for Production:**

  Interrogatory No. 1. NWTS supplements its previous answer as follows: All communications, including emails, memorandum, letters as well as documents produced or exchanged from the time of the filing of Plaintiff's Complaint to present as between counsel for NWTS and those individuals originally identified in NWTS' answer to interrogatory No. 1 are protected by attorney-client privilege. *See* FRCP 26(b)(5)(A)(ii).

  Interrogatory No. 2. NWTS supplements its previous answer as follows: All communications, including emails, memorandum, letters as well as documents produced or exchanged from the time of the filing of Plaintiff's Complaint to present as between counsel for NWTS and those individuals originally identified in NWTS' answer to interrogatory No. 1 are protected by attorney-client privilege. *See* FRCP 26(b)(5)(A)(ii).

Interrogatory No. 3. NWTS maintains the objections and answer stated in its original response. *See* FRCP (b)(2)(C).

Interrogatory No. 4. NWTS maintains its objection on the basis that the information sought seeks a purely legal conclusion. *Jewish Hosp. Ass'n of Louisville, Ky. v. Struck Const. Co., Inc.*, 77 F.R.D. 59, 60, 1978-1 Trade Cases P 61817 (W.D. Ky. 1978). NWTS amends and supplements its answer to state the following: The contention in the Notice of Sale that the Deed of Trust is to secure an obligation in favor of MERS, as Beneficiary is based upon the fact that the Deed of Trust states as such.

Interrogatory No. 5. NWTS maintains the objections and answer stated in its original response. *See* FRCP (b)(2)(C). NWTS amends and supplements its answer to state the following: Pursuant to the promissory note, referral, and beneficiary declaration received from Chase Home Finance LLC as well as the publicly recorded Deed of Trust, Travis and Danielle Mickelson are the borrowers under a promissory note in the amount of $403,500.00 dated November 22, 2005, made payable to MHL Funding Corp. The promissory note is secured by a Deed of Trust recorded under Island County Auditor's File No. 4155570. Chase Home Finance LLC is the holder of the note.

Interrogatory No. 6. NWTS maintains its objection on the basis that the information sought seeks a purely legal conclusion. *Jewish Hosp. Ass'n of Louisville, Ky. v. Struck Const. Co., Inc.*, 77 F.R.D. 59, 60, 1978-1 Trade Cases P 61817 (W.D. Ky. 1978). NWTS amends and supplements its answer to state the following: NWTS contends that Chase Home Finance LLC was the beneficiary at the times of the trustee's sale by virtue of its status as note holder by Federal Home Loan Mortgage Corporation.

Interrogatory No. 7. NWTS maintains the objections and answer stated in its original response. *See* FRCP (b)(2)(C). NWTS amends and supplements its answer to state the following: NWTS objects to subpart (a) on the basis that it is vague and ambiguous and NWTS cannot ascertain what Plaintiff is requesting. As to subpart (b) and (c), the accepted bid amount at the trustee's sale by Federal Home Loan Mortgage Corporation was $325,297.00. As to subpart (d), the bid tendered by Federal Home Loan Mortgage Corporation was the only bid.

Interrogatory No. 8. NWTS maintains the objections and answer stated in its original response. *See* FRCP (b)(2)(C). NWTS amends and supplements its answer to state the following: NWTS executed a Trustee's Deed to Federal Home Loan Mortgage Corporation. The Trustee's Deed was executed on or about March 30, 2011, signed by Heather Westfall, Assistant Vice President of NWTS, and recorded on April 4, 2011. On March 30, 2011, NWTS forwarded to First American Title Insurance Company, a cover letter requesting recordation of the Trustee's Deed and Excise Tax Affidavit.

Interrogatory No. 9. NWTS amends and supplements its answer to state the following: The services performed by NWTS and the fees and costs associated with those services relating to the underlying foreclosure are outlined in the final invoice, which is attached in response to NWTS' amended response to Request for Production 4.

Letter to Scott Stafne
Page 3 of 4
March 14, 2012

Request for Production No. 4. NWTS provides the final invoice as referenced in NWTS' amended answer to Interrogatory No. 9.

Interrogatory No. 10. NWTS amends and supplements its answer to state the following: The services performed by NWTS and the fees and costs associated with those services relating to the underlying foreclosure are outlined in the final invoice, which is attached in response to NWTS' amended response to Request for Production 4.

Request for Production No. 5. Please see the document produced in response to RFP No. 4.

Interrogatory No. 11. NWTS supplements its answer as follows: NWTS provides the attached copy of the nonjudicial foreclosure referral received by NWTS from Chase Home Finance, LLC in connection with the foreclosure on the subject property.

Interrogatory No. 12. NWTS maintains the objections and answer stated in its original response. *See* FRCP (b)(2)(C); *see also* FRCP 26(b)(1). NWTS maintains its answer that it has no direct or indirect employment, financial, or managerial relationship with Routh Crabtree Olsen, P.S. NWTS amends and supplements its answer to state the following: Stephen Routh is an owner of Northwest Trustee Services, Inc. Stephen Routh is a shareholder in Routh Crabtree Olsen, P.S.

Interrogatory No. 13. NWTS maintains the objections stated in its original answer. *See* FRCP (b)(2)(C); *see also* FRCP 26(b)(1).

Interrogatory No. 14. NWTS maintains the objection that, as stated, this request is not reasonably calculated to lead to the discovery of admissible evidence. *See* FRCP 26(b)(1). NWTS supplements its answer as follows: Jeff Stenman, Vonnie McElligott, and Rhea Pre can be reached through counsel at 425-458-2121.

Interrogatory No. 16. NWTS maintains the objections stated in its original answer. *See* FRCP (b)(2)(C); *see also* FRCP 26(b)(1). NWTS withdraws its objection on the basis of attorney-client privilege and work product doctrine.

**Supplements and Amendments to RCO's Responses to Plaintiff's Interrogatories & Requests for Production:**

Request for Production No. 1. RCO amends and supplements its answer to state the following: No documents were identified in Defendant RCO's response to Interrogatory No. 3, and therefore no documents are produced in response to RFP No. 1.

Interrogatory No. 4. RCO strikes the objection originally stated in its answer to Interrogatory No. 4. RCO maintains its previous answer that Defendant RCO had no role in the transfer, sale, pledge or gift of Plaintiffs' Note.

**Possible dates for depositions:**

In light of the pending Motion to Dismiss filed by Defendant Chase and Defendants' NWTS and RCO joinder thereto, I respectfully request that Plaintiff agree to postpone scheduling the depositions discussed during our March 5, 2011 conference. Considering that likelihood that the claims and issues will be narrowed as a result of the court's forthcoming ruling, scheduling and conducting depositions prior to that time would appear to result in unnecessary expense and time. *McElmurray v. Consol. Government of Augusta–Richmond County*, 501 F.3d 1244 (11th Cir. 2007). U.S. v. County of Nassau, 188 F.R.D. 187 (E.D. N.Y. 1999). *In re First Constitution Shareholders Litigation*, 145 F.R.D. 291 (D. Conn. 1991). *In re Merck & Co., Inc. Secs., Derivative & ERISA Litigation*, 493 F.3d 393 (3d Cir. 2007). *In re First Bancorp Derivative Litigation*, 407 F. Supp. 2d 585 (S.D. N.Y. 2006). *Chesney v. Valley Stream Union Free School Dist. No. 24*, 236 F.R.D. 113 (E.D. N.Y. 2006).

In the event the foregoing does not satisfy the purported deficiencies we discussed during our March 5, 2011 telephone call, please contact me and we can set up another discovery conference.

Sincerely,

ROUTH CRABTREE OLSEN, P.S.

Heidi E. Buck, Attorney