THE HON. MARSHA J. PECHMAN

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| TRAVIS MICKELSON, DANIELLE H. MICKELSON, et. ux. | NO.  2:11-cv-01445 |
| Plaintiffs, | ORDER GRANTING PLAINTIFFS' MOTION FOR RECONSIDERATION |
| vs. | [PROPOSED] |
| CHASE HOME FINANCE LLC, et. al. | |
| Defendants. | |

THIS MATTER came before the Court upon the Motion for Reconsideration pursuant to LCR

7.   This Court has reviewed the Motion and attachments thereto, filed in this matter

and:_____

_____

_____

ORDERS:

    1.  The Motion is GRANTED

ORDER GRANTING PLAINTIFFS' MOTION FOR
RECONSIDERATION - 1

**STAFNE LAW FIRM**
239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /STAFNELAWFIRM@AOL.COM

2.  The Order Granting Motion to Dismiss (April 16, 2012) (dkt. # 58) is amended and superseded by this Order.

3.  This Order incorporates by reference dkt. #58, pp. 1:1 to 5:17 herein.

4.  By failing to challenge the foreclosure and trustee's sale, the Plaintiffs waived any claims of (1) injunctive relief; (2) breach of contract; (3) unenforceability of the deed of trust based on unconscionability; and (4) criminal profiteering. Except with respect to procedural failures at the auction, all three elements required by Plein for waiver to apply are alleged in the complaint. Plaintiffs received notice of the foreclosure sale, had knowledge of it, and failed to enjoin the sale. Plein, 149 Wn.2d at 227. As the Court understands and construes the four claims noted above, each attacks the validity of the foreclosure and trustee's sale and thus cannot be brought when waived. Moreover, the exceptions to Plein the Deed of Trust Act carves out do not permit Plaintiffs to pursue any of these four claims. Allowing any of these claims to move forward would run contrary to the DTA's intent to limit post-sale remedies and to promote the stability of land titles. See Plein, 149 Wn.2d at 228. Plaintiffs have therefore waived these four claims by failing to bring them before the foreclosure sale. The Court finds that these must be DISMISSED as to all Defendants, including as to the Defendants who merely joined in the motion to dismiss. The claims are dismissed with prejudice.

However, a common law cause of action exists to void the sale where there were procedural defects in sale which cannot be known or waived. See, Cox v. Helenius, 103 Wash. 2d 383, 387, 693 P.2d 683 (1985); Plein, 149 Wash. 2d at 228. Plaintiffs premise an improper acceptance of a bid in their claims listed under AC ¶¶

ORDER GRANTING PLAINTIFFS' MOTION FOR
RECONSIDERATION - 2

STAFNE LAW FIRM

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /STAFNELAWFIRM@AOL.COM

6.55 – 7.3, as a basis for invalidating the sale and quieting title. The Court finds that Defendants' motion to dismiss be DENIED with respect to this claim.

Furthermore, the Deed of Trust Act permits two claims to go forward: (1) the CPA claims; and (2) the claims brought under the Deed of Trust Act. However, the Deed of Trust Act specifies that these post-sale statutory claims premised on violations of the Act may only be brought against the trustee. Except for Chicago and NTS, none of the other Defendants are alleged to be a trustee. As such, the claims premised on DTA violations are DISMISSED as to all defendants except Chicago and NTS. Although both Chicago and NTS joined in the motion to dismiss, they have not provided any argument specific to claims against them sufficient for the Court to rule on whether any claims premised on compliance with the Deed of Trust Act can move forward.

5. This Order incorporates by reference dkt. #58, pp. 6:17 to 11:17 herein.

6. The majority of Plaintiffs' complaint fails to present any tenable claims. The Court finds the claims for: (1) injunctive relief; breach of contract, (3) unenforceability of the deed of trust based on unconscionability; and (4) criminal profiteering are all waived. The Court DISMISSES all of the waived claims with prejudice as to all Defendant. Defendants' motion is DENIED for Claims for Quiet Title and invalid sale under AC ¶¶ 6.55 – 7.3. All other DTA claims, AC ¶¶ 6.1 – 6.54 against all defendants except Chicago and NTS are DISMISSED with prejudice. The Court also DISMISSES the CPA claims against MERS, Chase, JPMorgan, and Freddie Mac without prejudice. The Court does not rule on whether the CPA claims against the other defendants who joined in the motion are adequately pleaded.

STAFNE LAW FIRM

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /STAFNELAWFIRM@AOL.COM

7. _____

_____

_____

_____

The clerk is ordered to provide copies of this order to all counsel.

Dated this _____ day of _____ 20___

_____

Marsha J. Pechman
United States District Judge

Prepared and presented by:

STAFNE LAW FIRM

/s/ Andrew J. Krawczyk
Scott E. Stafne, WSBA 6964
Andrew J. Krawczyk, WSBA 42982
Stafne Law Firm
239 N. Olympic Avenue
Arlington, WA 98223
(360) 403-8700
scott.stafne@stafnelawfirm.com
Attorneys for Plaintiffs

ORDER GRANTING PLAINTIFFS' MOTION FOR
RECONSIDERATION - 4

STAFNE LAW FIRM
239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /STAFNELAWFIRM@AOL.COM