The Honorable Marsha J. Pechman

1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| TRAVIS MICKELSON, DANIELLE H. MICKELSON, and the marital community thereof, | No. 11-CV-01445 MJP |
| Plaintiffs, | DEFENDANTS' JOINT RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION |
| v. | |
| CHASE HOME FINANCE LLC, et al., | |
| Defendants. | |

JOINT RESPONSE TO MOTION FOR RECONSDIERATION
(11-CV-01445 MJP)
DWT 19420048v2 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

# TABLE OF CONTENTS

I.    INTRODUCTION AND SUMMARY OF ARGUMENT ..................................................... 1

II.   RESTATEMENT OF FACTS ........................................................................................... 2

III.  STANDARD OF REVIEW .............................................................................................. 3

IV.   ARGUMENT .................................................................................................................... 4

   A.   There Was No Manifest Error Because Chase Credit Bid at the Sale. ............................... 4

   B.   Even if Freddie Mac Had Credit Bid at the Sale, Plaintiffs' Inability to Show Prejudice
        Defeats Any Attempt to Void the Sale. ........................................................................... 4

   C.   The 2012 Amendments to the Deed of Trust Act Are Irrelevant. ..................................... 5

   D.   Plaintiffs' Quiet Title Claim Fails in Any Event Because Plaintiffs Do Not Allege They
        Paid Off Their Loan. ........................................................................................................ 6

V.    CONCLUSION ................................................................................................................. 6

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

## TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Chan v. Chase Home Loans*,
2012 WL 1252649 (W.D. Wash. 2012)................................................................2, 6

*Corales v. Flagstar Bank, FSB*,
822 F. Supp. 2d 1102, 2011 WL 4899957 (W.D. Wash. 2011) ...................................2

*Dickinson v. Zurko*,
527 U.S. 150, 119 S.Ct. 1816, 144 L.Ed.2d 143 (1999)...........................................3

*Edwards v. JPMorgan Chase Bank, N.A.*,
2011 WL 3516155 (W.D. Wash. 2011)...................................................................6

*Evans v. BAC Home Loans Serv. LP*,
2010 WL 5138394 (W.D. Wash. 2010)...................................................................6

*Keams v. Tempe Tech. Inst.*,
110 F.3d 44 (9th Cir. 1996) ................................................................................3

*Marlyn Nutraceuticals, Inc. v. Mucos Pharma*,
571 F.3d 873 (9th Cir.2009) ...............................................................................3

*Moseley v. CitiMortgage Inc.*,
2011 WL 5175598 (W.D. Wash. 2011)...................................................................6

*N. Star Int'l v. Ariz. Corp. Comm'n*,
720 F.2d 578 (9th Cir. 1983) ..............................................................................3

*In re Reinke*,
2011 WL 5079561 (Bankr. W.D. Wash. 2011) ........................................................4

*SMS Servs. LLC v. Hub Int'l Nw., LLC*,
2012 WL 1252642 (W.D. Wash. 2012) (Pechman, J.)..............................................3

*Steckman v. Hart Brewing, Inc.*,
143 F.3d 1293 (9th Cir. 1998) ............................................................................4

*Thein v. Recontrust Co., N.A.*,
2012 WL 527530 (W.D. Wash. 2012).....................................................................6

*Treece v. Fieldston Mortg. Co.*,
2012 WL 123042 (W.D. Wash. 2012).....................................................................6

JOINT RESPONSE TO MOTION FOR RECONSIDERATION- ii
(11-CV-01445 MJP)
DWT 19420048v2 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

*Vawter v. Quality Loan Serv. Corp. of Wash.*,
    707 F. Supp. 2d 1115 (2010) .......................................................................4

*In re Veal*,
    450 B.R. 897 (9th Cir. BAP 2011)...............................................................2

STATE CASES

*Amresco Independence Funding, Inc. v. SPS Props., LLC*,
    129 Wn. App. 532 (2005) ...........................................................................4

*Atwood v. McGrath*,
    137 Wash. 400 (1926) .................................................................................6

*Freepon v. Elliott*,
    190 Wash. 348 (1937) .................................................................................6

*Koegel v. Prudential Mut. Sav. Bank*,
    51 Wn. App. 108 (1988) ..........................................................................4, 5

*Singly v. Warren*,
    18 Wash. 434 (1887) ...................................................................................6

*Steward v. Good*,
    51 Wn. App. 509 (1988) ..............................................................................4

FEDERAL RULES

Fed. R. Civ. P. 12 ...............................................................................................3

Local Rules W.D. Wash. 7(h) .............................................................................3

WASHINGTON STATUTES

RCW 61.24 ..........................................................................................................5

RCW 61.24.070(2) ..............................................................................................4

SB 6515.................................................................................................................5

STATE REGULATIONS

WAC 458-61A-208(5) ......................................................................................2, 6

LEGISLATIVE HISTORY

Washington State Senate Bill 6515 (2012), available at:
    http://apps.leg.wa.gov/documents/billdocs/2011-
    12/Pdf/Bills/Senate%20Bills/6515.pdf ......................................................5

JOINT RESPONSE TO MOTION FOR RECONSIDERATION- iii
(11-CV-01445 MJP)
DWT 19420048v2 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Washington State Senate Bill Report, Senate Bill 6515 (2012), available at:
    http://apps.leg.wa.gov/documents/billdocs/2011-
    12/Pdf/Bill%20Reports/Senate/6515%20SBA%20FIHI%2012.pdf ........................................5

Washington State Senate Bill Digest, Senate Bill 6515 (2012), available at:
    http://apps.leg.wa.gov/documents/billdocs/2011-12/Pdf/Digests/Senate/6515.DIG.pdf ..........5

Washington State Legislature, Public Hearing, Senate Bill 6515, Senate Financial
    Institutions, Housing & Insurance Cmte. (Feb. 1, 2012), available at,
    http://www.tvw.org/index.php?option=com_tvwplayer&eventID=2012020045 ......................5

JOINT RESPONSE TO MOTION FOR RECONSIDERATION- iv
(11-CV-01445 MJP)
DWT 19420048v2 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

## I.     INTRODUCTION AND SUMMARY OF ARGUMENT

The Court granted Defendants' partial Motion to Dismiss on April 16, 2012, dismissing with prejudice Plaintiffs' claims for (1) quiet title; (2) injunctive relief; (3) breach of contract; (4) unconscionability; and (5) criminal profiteering.  *See* Dkt. 58, at 11 (the "Order"). The Court likewise dismissed with prejudice Deed of Trust Act ("DTA") claims against all defendants but for Chicago Title ("Chicago") and Northwest Trustee Services, Inc. ("Northwest Trustee").  *Id.* The Court dismissed *without* prejudice the Consumer Protection Act ("CPA") claims against Defendants Chase Home Finance LLC and JPMorgan Chase Bank, NA (collectively, "Chase"), Federal Home Loan Mortgage Corp. ("Freddie Mac"), and Mortgage Electronic Registration Systems, Inc. ("MERS").  *Id.* at 11-12.

In response to that Order, Plaintiffs seek reconsideration *solely* of their quiet title claim and *only* as to Freddie Mac, based on a perceived DTA violation tied to Chase's credit bid at the trustee's sale.  *See* Pl. Mot. Rescons. [Dkt. 59], at 1-2.  Plaintiffs argue that only the Deed of Trust beneficiary may credit bid at a foreclosure sale, that Freddie Mac was not Deed of Trust beneficiary, yet Freddie Mac was issued the Trustee's Deed, and thus the Trustee's sale is void. *Id.* at 3.  Plaintiffs believe that any perceived DTA violation—regardless of prejudice—voids the trustee's sale *and* any prior lien, giving them a free house. The Court invited a response from Defendants.  *See* Dkt.60.  The Court should deny Plaintiffs' motion for the following reasons:

*First*, the record shows that Chase (as beneficiary) made the credit bid, and thus the basis for Plaintiffs' purported DTA violation fails as a matter of law.

*Second*, even if there were a violation of the DTA's credit-bidding process, Plaintiffs fail to allege prejudice, and thus have no claim to quiet title or under the DTA.

*Third*, the 2012 DTA amendments—permitting the Trustee, beneficiary, or the beneficiary's designee—to unwind a foreclosure sale and rescind a Trustee's Deed under certain circumstances—do not support Plaintiffs' quiet-title claim.

*Fourth*, even if a quiet-title claim followed from a DTA violation (and it does not) Plaintiffs' claim fails because they do not allege that they satisfied their lien, and a quiet title Plaintiff must succeed on the strength of her own title, not the weakness of her adversary.

JOINT RESPONSE TO MOTION FOR RECONSIDERATION- 1
(11-CV-01445 MJP)
DWT 19420048v2 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

## II.    RESTATEMENT OF FACTS

The sole factual issue Plaintiffs raise in their reconsideration motion is whether Freddie Mac "credit bid" at the trustee's sale, despite the fact that Chase was Deed of Trust beneficiary.  But Plaintiffs' documents show the credit bid came ***not*** from Freddie Mac, but from Chase, which then directed the Trustee to issue the Trustee's Deed to Freddie Mac.  Plaintiffs concede Chase was Deed of Trust beneficiary, Pl. Mot. Recons., at 2:1-3, and the foreclosure sale affidavit Plaintiffs cite shows that Chase, ***as beneficiary***, made the only bid (a credit bid) for $325,927 on March 25, 2011 at 10:24 a.m.  *See* Krawczyk Decl. [Dkt. 59-1], Ex. B (sale affidavit, in reverse order); *see also* Order [Dkt. 58], at 8:12-16 (Chase was beneficiary).  The Trustee's Deed Plaintiffs attach to the Amended Complaint likewise shows that Chase—*not* Freddie Mac—credit bid in the amount of $325,927 and the property was sold to ***Chase*** as high bidder, before Chase "directed [Northwest Trustee] to issue the Trustee's Deed directly to [Freddie Mac]."  Am. Compl. Ex. T [Dkt. 29-11], ¶¶ 5, 10.  Thus, although Freddie Mac was ultimately issued the Trustee's Deed, Chase made the credit bid.  (Northwest Trustee later amended its Interrogatory No. 7 response to reflect this clarification.  *See* App. A, hereto.)

Plaintiffs acknowledge that Chase was acting as servicer for Freddie Mac, *see* Am. Compl. ¶ 2.11, and thus Freddie Mac was Note ***owner*** but Chase was Note ***holder*** with the right to foreclose.  *See, e.g., Corales v. Flagstar Bank, FSB*, 822 F. Supp. 2d 1102, 2011 WL 4899957, *4 (W.D. Wash. 2011) ("even if a lender sells a loan to Fannie Mae, the lender's possession of the Note endorsed in blank means that it may foreclose in its own name"); *In re Veal*, 450 B.R. 897, 912 (9th Cir. BAP 2011) ("one can be an owner of a note without being" a holder).  Thus, it is entirely expected that Chase (as Note holder) would credit bid in its own name, and then direct the Trustee to issue the Trustee's Deed directly to Freddie Mac.  Indeed, the Washington Administrative Code contemplates precisely this transaction in a nonjudicial foreclosure and provides that this transaction does not amount to a "sale" subject to excise tax requirements.  *See* WAC 458-61A-208(5) (addressing transfers via foreclosure; "A transfer from a servicing agent, who has acquired real property under this section, to the actual owner of the indebtedness that was foreclosed upon is not subject to real estate excise tax") (using Fannie Mae

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

as an example).  Although the Trustee's discovery responses—subsequently corrected—initially identified Freddie Mac as the entity purchasing the property at the sale (because it received the Trustee's Deed), the Trustee's Deed attached to the Complaint **shows** that Chase was the entity that bid at the sale. *Compare* Krawczyk Decl. Ex. A, at 2, Interrog. Answer No. 7, *with* Am. Compl. Ex. T, ¶¶ 5, 10; *see also* App. A hereto (corrected responses).[1]

### III.   STANDARD OF REVIEW

"Under Local Rule 7(h), '[m]otions for reconsideration are disfavored.'"  *SMS Servs. LLC v. Hub Int'l Nw., LLC*, 2012 WL 1252642, *1 (W.D. Wash. 2012) (Pechman, J.) (citation omitted).  "'The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.'"  *Id.* (citing *Marlyn Nutraceuticals, Inc. v. Mucos Pharma*, 571 F.3d 873, 880 (9th Cir.2009)).  Plaintiffs concede that they have no new facts or legal authority by noting that the Complaint and prior briefing address the credit bid and subsequent issuance of the Trustee's Deed to Freddie Mac.  *See* Mot. Recons., at 4:16-17; *see also* Am. Compl. [Dkt. 29], ¶ 3.29, ¶¶ 6.55-6.64; Defs.' Mot. Dismiss [Dkt. 43, at 11:3-26; Pl. Resp. Mot. Dismiss [Dkt. 55], at 19:1-4, 21:20-25, 24:7-10; Defs.' Reply in Supp. Mot. Dismiss [Dkt. 56], at 3:18-22, 10:20-11:8; Order on Mot. Dismiss [Dkt. 58], at 3:19-20, 4:6, 8:8-11.  Because "[a] motion for reconsideration should not be used to ask the court 'to rethink what the court ha[s] already thought through,'" the Court need not consider arguments re-hashed by Plaintiffs here.  *SMS Servs.*, 2012 WL 1252642, at *1 (citations omitted).  The sole basis Plaintiffs urge for reconsideration is "manifest error."  Mot. Recons., at 1:20-25.  Manifest error must show error that is apparent, clear, indisputable, obvious or plain.  *Dickinson v. Zurko*, 527 U.S. 150, 155, 119 S.Ct. 1816, 144 L.Ed.2d 143 (1999) (stating that "manifest error," "clear case of error" and "clearly wrong" are phrases that "might be thought to mean the same thing").

---

[1] Defendants respectfully request that the Court exercise its discretion and ignore these new materials, as well Appendix A hereto—offered only in response to Plaintiffs' materials—rather than convert this motion into one for summary judgment.  *Kearns v. Tempe Tech. Inst*., 110 F.3d 44, 46 (9th Cir. 1996); *see also N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983) (Plaintiff's reference to supplementary materials not relied on in dismissing pleading does not create issues of fact precluding dismissal of claim under Rule 12).

JOINT RESPONSE TO MOTION FOR RECONSIDERATION- 3
(11-CV-01445 MJP)

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

## IV.    ARGUMENT

### A.    There Was No Manifest Error Because Chase Credit Bid at the Sale.

Plaintiffs' re-hashed liability theory fails because the documents Plaintiffs rely on in the Amended Complaint refute the argument that Freddie Mac, rather than Chase, credit bid at the foreclosure sale.  The Trustee's Deed explains that Chase credit bid at the sale, that Chase was the highest bidder, and as a result, the property was "then and there sold … at public auction to said Beneficiary," but that Chase then "directed Grantor to issue this Trustee's Deed directly to Grantee" Freddie Mac.  Am. Compl. Ex. T, at p.1 & ¶¶ 5, 10.  Thus, the documents attached to the Amended Complaint refute Plaintiffs' allegation that Freddie Mac (rather than Chase) made the credit bid, thereby defeating Plaintiffs' argument.  *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998) (incorporated documents control over contrary allegations).

### B.    Even if Freddie Mac Had Credit Bid at the Sale, Plaintiffs' Inability to Show Prejudice Defeats Any Attempt to Void the Sale.

Even if Freddie Mac (rather than Chase) had credit bid at the sale, that fact would not save Plaintiff's quiet-title claim based on a perceived Deed of Trust Act violation.  Plaintiffs argue that any violation of the Deed of Trust Act "voids the sale," and that if Freddie Mac credit bid, that fact would violate RCW 61.24.070(2) because only the beneficiary may credit bid.  Pl. Mot. Recons. [Dkt. 59] at 3:6-19.  But even if there were a procedural defect—and there was not—Washington law requires a showing of ***prejudice*** to the borrower before voiding the sale. *See Amresco Independence Funding, Inc. v. SPS Props., LLC*, 129 Wn. App. 532, 537 (2005) ("Despite the strict compliance requirement, a plaintiff must show prejudice before a court will set aside a trustee sale."); *see also* Order [Dkt. 58], at 7:18-20 ("Even if MERS was not properly appointed as nominee and beneficiary, Plaintiffs have not identified any harm that arose").[2]

Here, Plaintiffs admit defaulting, do not allege any lack of notice of the foreclosure sale, do not allege they could have cured the default, and do not allege that the credit bid harmed them in any way.  Indeed, because of the DTA's anti-deficiency provision, the $325,297 credit bid and

---

[2] *Koegel v. Prudential Mut. Sav. Bank*, 51 Wn. App. 108, 112 (1988) (declining to set aside sale despite failure to comply with DTA's notice requirements because plaintiff did now show prejudice); *Steward v. Good*, 51 Wn. App. 509, 513 (1988) (must show prejudice from DTA violation to void sale); *Vawter v. Quality Loan Serv. Corp. of Wash.*, 707 F. Supp. 2d 1115, 1124 (2010) (no claim for DTA violation absent prejudice); *In re Reinke*, 2011 WL 5079561, *9 n.9 (Bankr. W.D. Wash. 2011) ("plaintiff must prove the [DTA] noncompliance was prejudicial").

JOINT RESPONSE TO MOTION FOR RECONSIDERATION- 4
(11-CV-01445 MJP)
DWT 19420048v2 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200  ·  1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150  ·  Fax: (206) 757-7700

1    subsequent sale eliminated their outstanding debt of $403,495.51 existing at that time.  *See* Am.

2    Compl. Ex. T, ¶ 10; Ex. G, § IV; RCW 61.24. 100(1).  Because Plaintiffs do not allege prejudice

3    from the credit bid, the Court should deny reconsideration.  *Koegel*, 51 Wn. App. at 112.

4         **C.    The 2012 Amendments to the Deed of Trust Act Are Irrelevant.**

5         Plaintiffs argue that the right of a purchaser at foreclosure to designate another party as

6    grantee was not in effect until 2012, such that Chase's direction that the Trustee's Deed issue to

7    Freddie Mac was impermissible.  *See* Pl. Mot. Recons., at 4:26-5:2.  But nothing in the statute

8    Plaintiffs cite supports this view, which is contrary to Washington law.  The amendments

9    Plaintiffs cite were added to ESHB 2614, but came from Senate Bill 6515.  *See*

10   http://apps.leg.wa.gov/documents/billdocs/2011-12/Pdf/Bills/Senate%20Bills/6515.pdf.  The

11   legislative history explains that the amendments were designed to allow rescission of a Trustee's

12   Deed under certain circumstances because previously there was "no right by statute or otherwise,

13   to redeem the property sold at the trustee's sale," even if there was a mistake.  *See* SB 6515 Bill

14   Report:  http://apps.leg.wa.gov/documents/billdocs/2011-

15   12/Pdf/Bill%20Reports/Senate/6515%20SBA%20FIHI%2012.pdf.  The amendment recognizes

16   that often the entity acquiring title at the sale will be the owner of the loan (rather than the holder

17   of the note), and simply confirmed that in those instances, "the trustee, beneficiary, or agent for

18   the beneficiary may declare the trustee's sale and trustee's deed void" under certain

19   circumstances.  *Id.*  The Senate Bill Digest confirms that goal was not creating a new contractual

20   right to designate a new grantor in the Trustee's Deed at the sale, but instead was designed to

21   authorize "a trustee, beneficiary, or agent for a beneficiary, until up to the eleventh day following

22   the trustee's foreclosure sale, to declare the trustee's sale and deed void for certain reasons."  *See*

23   http://apps.leg.wa.gov/documents/billdocs/2011-12/Pdf/Digests/Senate/6515.DIG.pdf; *see also*

24   http://www.tvw.org/index.php?option=com_tvwplayer&eventID=2012020045  at 7:55-8:08

25   (Senator Klein, Sponsor: bill is "simply to catch errors in a trustee's sale"); *id.* at 41:55-42:11.

26        Moreover, Plaintiffs' argument that every conveyance in land must be by deed—and that

27   there was no deed issued between Chase and Freddie Mac and no statutory amendment until

2012, *see* Pl. Mot. Recons. at 4:24-5:2—misses the mark, because the ***only*** conveyance of title ***was*** by deed (Trustee's Deed), and Washington law has long allowed purchasers at foreclosure to have the sale certificate issued to a separate entity without the need for an intermediate additional deed. *See Freepon v. Elliott*, 190 Wash. 348, 352, 355 (1937) (citing *Atwood v. McGrath*, 137 Wash. 400, 408 (1926) (sale at foreclosure "does not vest title, being at most but evidence of an inchoate estate that may or may not ripen into an absolute title" upon issuance of a Deed)); *see also Singly v. Warren*, 18 Wash. 434, 445 (1887); *cf.* WAC 458-61A-208(5).  Bidders at trustee's sales ***always*** had the right to name a different entity as grantee, and the 2012 amendments ensuring all grantees may rescind a sale (even if not a beneficiary) does not change that right.

### D.  Plaintiffs' Quiet Title Claim Fails in Any Event Because Plaintiffs Do Not Allege They Paid Off Their Loan.

Plaintiffs' motion wrongly assumes that a DTA violation voids any sale ***and*** quiets title to their property free and clear of any liens. Pl. Mot. Recons. [Dkt. 59], at 1.  Plaintiffs think a void sale gives them a free house.  Nothing supports this theory.  Plaintiffs in a quiet title action must "'succeed on the strength of his own title and not on the weakness of his adversary." *Evans v. BAC Home Loans Serv. LP*, 2010 WL 5138394, *4 (W.D. Wash. 2010)  (citation omitted).  As a result, to prevail where there is a property lien, Plaintiffs must allege they paid off the lien.  *Id.* at *3 (plaintiffs cannot bring quiet title claim against lender  without alleging "they have satisfied their obligations under the Deed of Trust.").[3]  Plaintiffs admit they did not pay off their existing debt and the Court should deny reconsideration of any quiet title claim on this basis alone.

### V.    CONCLUSION

Defendants respectfully request that the Court deny Plaintiffs' Reconsideration Motion.
DATED this 30th day of April, 2012.

**Davis Wright Tremaine LLP**
Attorneys for Defendants
JPMorgan Chase Bank, N.A., MERS, and
Federal Home Loan Mortgage Corporation
By    *s/ Fred B. Burnside*
Fred Burnside, WSBA #32491
Rebecca Francis, WSBA #41196

---

[3] *Chan v. Chase Home Loans*, 2012 WL 1252649, *9 (W.D. Wash. 2012) (to quiet title "plaintiff must first pay the outstanding debt") (citing *Thein v. Recontrust Co., N.A.*, 2012 WL 527530, *2 (W.D. Wash. 2012); *Treece v. Fieldston Mortg. Co.*, 2012 WL 123042, *6 (W.D. Wash. 2012) (quiet title claim requires "that the mortgagor has paid an outstanding debt secured by the mortgage.")); *Moseley v. CitiMortgage Inc.*, 2011 WL 5175598, *6 (W.D. Wash. 2011) ("A quiet title claim against a mortgagee requires that a mortgagor … has paid an outstanding debt secured by the mortgage"); *Edwards v. JPMorgan Chase Bank, N.A.*, 2011 WL 3516155, *3 (W.D. Wash. 2011).

1

2

**ROUTH CRABTREE OLSEN, P.S.**

3

/s/ Heidi E. Buck_____
Heidi E. Buck, WSBA No. 41769

4

Of Attorneys for Defendants Northwest
Trustee Services, Inc. and Routh Crabtree

5

Olsen, P.S.

6

**FIDELITY NATIONAL LAW GROUP**

7

/s/ Erin M. Stines_____

8

Erin M. Stines, WSBA #31501
Fidelity National Law Group

9

A Division of Fidelity National
Title Group, Inc.

10

Attorney for Chicago Title Insurance Co.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

JOINT RESPONSE TO MOTION FOR RECONSIDERATION- 7
(11-CV-01445 MJP)
DWT 19420048v2 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

# APPENDIX A

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

The Honorable Judge Marsha Pechman

RECEIVED

APR 3 0 2012

DAVIS WRIGHT TREMAINE

# UNITED STATE DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

TRAVIS MICKELSON, DANIELLE H. MICKELSON, and the marital community thereof,

                     Plaintiffs,

v.

CHASE HOME FINANCE, LLC, an unknown entity; JPMORGAN CHASE BANK, N.A., a foreign corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a foreign corporation; NORTHWEST TRUSTEE SERVICES, INC., a domestic corporation; JOHN DOES, unknown entities; MORTGAGEIT, INC., a foreign corporation; GMAC MORTGAGE CORPORATION, a foreign corporation; CHICAGO TITLE, an unknown corporation; ROUTH CRABTREE OLSEN, P.S., a domestic Personal Services Corporation; and FEDERAL HOME LOAN MORTGAGE CORPORATION, a corporation,

                     Defendants.

No. C11-01445 MJP

**DEFENDANT NWTS' SECOND AMENDED AND SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION**

COMES NOW, Defendant Northwest Trustee Services, Inc. ("NWTS") and amends and supplements its previous responses to Plaintiffs Travis and Danielle Mickelson's ("Plaintiffs") First Set of Interrogatories and Requests for Production on Defendant NWTS ("Requests") as set forth in (1) Defendant NWTS' Responses to Plaintiff's First Set of Interrogatories and Requests for Production ("First Responses") and (2) the letter dated March 14, 2012, which amended and supplemented NWTS' First Responses ("March 2012 Letter").

DEFENDANT NWTS' RESPONSES TO
PLAINTIFFS' INTERROGATORIES AND
RFPS.1 of 11 C11-01445 MJP

COPY

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

**INTERROGATORY NO. 6**: Identify the individual or entity you contend to be the Beneficiary at the time of the trustee's sale of Plaintiffs' home and state further how the Beneficiary acquired such status.

ANSWER: NWTS incorporates by reference and as if fully set forth herein the previous response to Interrogatory No. 6 as set forth in the First Responses and the March 2012 Letter.

**INTERROGATORY NO. 7**: Identify and describe the financial transaction that took place upon the trustee's sale in this matter, including:

a.      The identity of the person employee who approved the transaction.

b.      What funds flows among which entities and for what purpose.

c.      Breakdown of fees and costs paid by Freddie Mac.

d.      The total number of bids received and the basis for the acceptance of Freddie Mac's offer.

ANSWER:  NWTS incorporates by reference all previous objections to this Interrogatory. Without waiving any previous objection, Defendant NWTS amends its response to subparts (b),(c), and (d) set forth in the March 2012 Letter as follows:

As to subpart (b), NWTS objects to subpart (b) on the basis that it is vague, ambiguous, and NWTS is unable to ascertain what information is being requested.

As to subpart (c), Freddie Mac paid no fees or costs to NWTS.

As to subpart (d), NWTS received only 1 bid.  Chase Home Finance LLC submitted the high bid at sale.  By direction from Chase Home Finance LLC and course of dealing, NWTS is directed to and did issue the Trustee's Deed to the benefit of Federal Home Loan Mortgage Corporation.

DEFENDANT NWTS' RESPONSES TO
PLAINTIFFS' INTERROGATORIES AND
RFPS.4 of 11 C11-01445 MJP

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

**ATTORNEY CERTIFICATION**

The undersigned, as attorney for Defendant Northwest Trustee Services, Inc. certifies to the best of her knowledge, information and belief, formed after a reasonable inquiry that the responses and objections are: (1) consistent with the Civil Rules and warranted by existing law or a good faith argument for the extension, modification or reversal of existing law; (2) not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and (3) not unreasonable or unduly burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy and the importance of the issues at stake in the litigation.

DATED this 26th day of April, 2012.

ROUTH CRABTREE OLSEN, P.S.

Heidi E. Buck, WSBA No. 41769
Of Attorneys for Defendants Northwest
Trustee Services, Inc. and Routh Crabtree
Olsen, P.S.

DEFENDANT NWTS' RESPONSES TO
PLAINTIFFS' INTERROGATORIES AND
RFPS.10 of 11 C11-01445 MJP

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

## PARTY CERTIFICATION

The undersigned, under penalty of perjury of the laws of the State of Washington declares that I am authorized to sign on behalf of Defendant, that I have read the foregoing Requests, and swear that the Responses are true and complete to the best of my knowledge and belief.

DATED this 26th day of April, 2012.

NORTHWEST TRUSTEE SERVICES, INC.

By: _Vonnie McKnight_

DEFENDANT NWTS' RESPONSES TO
PLAINTIFFS' INTERROGATORIES AND
RFPS.11 of 11 C11-01445 MJP

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

The Honorable Marsha J. Pechman

RECEIVED

APR 30 2012

DAVIS WRIGHT TREMAINE

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

TRAVIS MICKELSON, DANIELLE H.
MICKELSON, and the marital community
thereof,

        Plaintiffs,

  v.

CHASE HOME FINANCE, LLC, an unknown
entity; JPMORGAN CHASE BANK, N.A., a
foreign corporation; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC., a foreign corporation; NORTHWEST
TRUSTEE SERVICES, INC., a domestic
corporation; CHICAGO TITLE, an unknown
corporation; ROUTH CRABTREE OLSEN,
P.S., a domestic Personal Services Corporation;
FEDERAL HOME LOAN MORTGAGE
CORPORATION, a corporation; JEFF
STENMAN, and JANE DOE STENMAN,
individually, and the marital community
comprised thereof; VONNIE MCELLIGOTT
and JOHN DOE MCELLIGOTT, individually,
and the marital community comprised thereof;
RHEA S. PRE and JOHN DOE PRE,
individually, and the marital community
comprised there; and ROBOSIGNERS DOE 1-
10;

        Defendants.

No. 11-01445-MJP

**DECLARATION OF SERVICE**

The undersigned makes the following declaration:

DECLARATION OF SERVICE –
PAGE 1 OF 3
2:11-cv-01445-MJP

COPY

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1.     I am now, and at all times herein mentioned was a resident of the State of Washington, over the age of eighteen years and not a party to this action, and I am competent to be a witness herein.

2.     That on April 26, 2012, I caused a copy of **Defendant NWTS' Second Amended and Supplemental Responses to Plaintiffs' First Set of Interrogatories and Requests for Production** to be served to the following in the manner noted below:

| | |
|---|---|
| Scott E. Stafne<br>Andrew Krawczyk<br>Stafne Law Firm<br>239 N. Olympic Ave.<br>Arlington, WA  98223<br><br>Attorneys for Plaintiffs | [X] US Mail, Postage Prepaid<br>[  ] Hand Delivery<br>[  ] Overnight Mail<br>[  ] Facsimile<br>[X] Email:<br>     scott.stafne@stafnelawfirm.com<br>     andrew@stafnelawfirm.com |
| Fred Burnside<br>Rebecca J. Francis<br>Davis Wright Tremaine, LLP<br>1201 Third Ave., Suite 2200<br>Seattle, WA  98101-3045<br><br>Attorneys for Defendants JPMorgan Chase<br>Bank, N.A.; Chase Home Finance, LLC;<br>Mortgage Electronic Registration Systems, Inc.;<br>and Federal Home Loan Mortgage Corporation | [X] US Mail, Postage Prepaid<br>[  ] Hand Delivery<br>[  ] Overnight Mail<br>[  ] Facsimile<br>[X] Email:<br>     fredburnside@dwt.com<br>     rebeccafrancis@dwt.com |
| Erin M. Stines<br>Fidelity National Law Group<br>1200 6th Ave., Suite 620<br>Seattle, WA  98101<br><br>Attorneys for Defendant Chicago Title | [X] US Mail, Postage Prepaid<br>[  ] Hand Delivery<br>[  ] Overnight Mail<br>[  ] Facsimile<br>[X] Email:<br>     erin.stines@fnf.com |

/ / /
/ / /
/ / /

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1  I declare under penalty of perjury under the laws of the state of Washington that the

2  foregoing is true and correct.

3  Signed this 26th day of April, 2012.

4

/s/ Kristine Stephan

5  Kristine Stephan, Paralegal

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DECLARATION OF SERVICE –
PAGE 3 OF 3
2:11-cv-01445-MJP



ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on April 30, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- **Heidi E. Buck**
  hbuck@rcolegal.com,tkwong@rcolegal.com,buck4343@gmail.com
- **John S Devlin , III**
  devlinj@lanepowell.com,Docketing-SEA@LanePowell.com,burrusl@lanepowell.com
- **Scott E Stafne**
  stafnelawfirm@aol.com,wwactfilings@aol.com
- **Erin McDougal Stines**
  erin.stines@fnf.com,nancy.hunt@fnf.com,cindy.rochelle@fnf.com
- **Andrew Gordon Yates**
  yatesa@lanepowell.com,docketing-sea@lanepowell.com,strayerd@lanepowell.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:  N/A

DATED this 30th day of April, 2012.

Davis Wright Tremaine LLP
Attorneys for Defendants JPMorgan Chase Bank, N.A.; Mortgage Electronic Registration Systems Inc.; and Federal Home Loan Corporation

By    *s/ Fred B. Burnside*
Fred B. Burnside, WSBA #32491
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Telephone:  206-622-3150
Facsimile:  206-757-7700
E-mail:  fredburnside@dwt.com

JOINT RESPONSE TO MOTION FOR RECONSIDERATION- 2
(11-CV-01445 MJP)
DWT 19420048v2 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700