THE HON. MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVIS MICKELSON, et. ux.<br><br>　　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>CHASE HOME FINANCE LLC, et. al.<br><br>　　　　　　　　　　Defendants. | NO. 2:11-cv-01445<br><br>OBJECTION TO CONSIDERATION OF NEW EVIDENCE IN RESPONSE TO MOTION FOR RECONSIDERATION FOR MOTION TO DISMISS AS OPPOSED TO SUMMARY JUDGMENT |

As the Ninth Circuit stated in Balderas:

> "[S]o long as the plaintiff alleges facts to support a theory that is not facially implausible, the court's skepticism is best reserved for later stages of the proceedings when the plaintiff case can be rejected on evidentiary grounds." A complaint containing allegations that, if proven, present a winning case is not subject to dismissal under 12(b)(6), no matter how unlikely such winning outcome may appear to the district court.

Balderas v. Countrywide Bank, N.A., No. 10-55064, 2011 U.S. App. LEXIS 25957 (9th Cir., Dec. 29, 2011), at *11-12 (internal citations omitted).  To the extent plaintiffs have pled evidence, even doubtful evidence not likely to be believed at trial, our system generally contemplates a trial or motion pursuant to CR 56 will be necessary to finally resolve disputes;

OBJECTION TO CONSIDERATION OF NEW EVIDENCE IN RESPONSE TO MOTION FOR RECONSIDERATION FOR MOTION TO DISMISS AS OPPOSED TO SUMMARY JUDGMENT- 1

STAFNE LAW FIRM
239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /STAFNELAWFIRM@AOL.COM

not motions to dismiss based on the pleadings or their reconsideration thereof. In holding that an exhibit attached to a pleading was not adequate to prove an absence of fact, where it could be rebutted at trial, the Ninth Circuit ruled:

> But Exhibit 14 only proved that the Balderases signed the document in Countrywide's possession. The acknowledgment created a rebuttable presumption that the required disclosures were delivered to the borrowers. ... This presumption will no doubt be very valuable to Countrywide when the trier of fact is called on to decide whether the Balderases did or did not get proper TILA notice. But evidentiary presumptions "are inappropriate for evaluation at the pleadings stage." 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 (Supp. 2011). The Balderases allege in their complaint that they did not, in fact, get a properly prepared notice. If they testify to that effect at trial, the trier of fact could believe them, despite their signed statement to the contrary.

Balderas, at *6-7; see also, Meilleur v. AT&T Corp., 2012 U.S. District LEXIS 13283, *2-3 (W.D. Wash. Feb. 3 2012).

### Defendants claim through introduction of alleged evidentiary filings by NWTS that Chase was the Credit Bidder for Freddie Mac

The Mickelsons did not plead implausible facts or legal theories; including the one being challenged pursuant to this motion to reconsider. From the beginning, the Mickelsons alleged Freddie Mac did not have authority under Washington's Deed of Trust Act (DTA) to make a credit bid. In their response to this motion, Defendants argue that they complied with the law, but did so through asserted facts suggesting it had legal authority to do so. The trouble is the defendant's theory is based on new allegations placed into evidence in an inadmissible way.

Indeed, NWTS alternating declarations about who made the credit bid and how this bidding process occurred raise credibility issues a jury should resolve about the different

OBJECTION TO CONSIDERATION OF NEW EVIDENCE IN RESPONSE TO MOTION FOR RECONSIDERATION FOR MOTION TO DISMISS AS OPPOSED TO SUMMARY JUDGMENT- 2

STAFNE LAW FIRM

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /STAFNELAWFIRM@AOL.COM

versions of facts. Balderas v. Countrywide Bank, N.A., supra. Further, defendants present no evidence to support their later theory.

The Court and the Mickelsons should be allowed to see this evidence before their complaint is dismissed out of hand in light of this Court's previous observations of the likely robo-signing which has already gone on in this case; this Court's acknowledgement of the ongoing MERS litigation; and the strong policy of our Courts to resolve cases on the merits, *i.e.* through trial or motions pursuant to F.R.C.P. 56

DATED this 3rd day of May, 2012 at Arlington, WA.

Respectfully Submitted,

_____
Scott E. Stafne, WSBA #6964
Stafne Law Firm
239 North Olympic Avenue
Arlington, WA 98223
Phone: (360) 403-8700
Fax: (360) 386-4005

OBJECTION TO CONSIDERATION OF NEW EVIDENCE IN RESPONSE TO MOTION FOR RECONSIDERATION FOR MOTION TO DISMISS AS OPPOSED TO SUMMARY JUDGMENT- 3

STAFNE LAW FIRM

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /STAFNELAWFIRM@AOL.COM

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on May 3, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Fred B. Burnside:  fredburnside@dwt.com
Rebecca J. Francis:  RebeccaFrancis@dwt.com
Heidi E. Buck:  hbuck@rcolegal.com
Andrew Gordon Yates:  yatesa@lanepowell.com
John S. Devlin, III:  devlinj@lanepowell.com
Erin McDougal Stines:  erin.stines@fnf.com

DATED this 3rd day of May, 2012 at Arlington, WA.

/s/ *Chessa R. Tachiki*
Chessa Tachiki, Paralegal
Stafne Law Firm

OBJECTION TO CONSIDERATION OF NEW EVIDENCE IN RESPONSE TO MOTION FOR RECONSIDERATION FOR MOTION TO DISMISS AS OPPOSED TO SUMMARY JUDGMENT- 4

STAFNE LAW FIRM

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /STAFNELAWFIRM@AOL.COM