THE HONORABLE MARSHA J. PECHMAN

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVIS MICKELSON, DANIELLE H. MICKELSON, and the marital community thereof,<br><br>               Plaintiffs,<br><br>   v.<br><br>CHASE HOME FINANCE LLC, an unknown entity, et al.,<br><br>               Defendants. | No. 2:11-cv-01445-9<br><br>DEFENDANT CHICAGO TITLE INSURANCE COMPANY'S MOTION FOR CLARIFICATION<br><br>NOTE ON CALENDAR:<br>MAY 4, 2012 |

## I. RELIEF REQUESTED

On April 16, 2012, the Court filed an Order Granting Motion to Dismiss. (Dkt. No. 58.) Plaintiffs moved for reconsideration of the Order on April 23, 2012. (Dkt. No. 59.) By Minute Order (Dkt. No. 60) filed April 25, 2012, the Court invited Defendants to file a single responsive brief by no later than Monday, April 30, 2012. Chicago took no position regarding Plaintiffs' request for reconsideration of the decision to dismiss quiet title relief against

MOTION FOR CLARIFICATION – 1
NO. 2:11-CV-01445

FIDELITY NATIONAL LAW GROUP
The Law Division of Fidelity National
Title Group, Inc.
1200 – 6TH AVENUE, SUITE 620
SEATTLE, WA  98101
(206) 223-4525

Defendant Federal Home Loan Mortgage Corporation. Chicago, however, seeks clarification of the Court's Order (Dkt. 58) and submits this motion for that limited purpose.

## II. MOTION FOR CLARIFICATION

The Court's Order (Dkt. No. 58) maintains claims against Chicago "premised on compliance with the Deed of Trust Act." (Dkt. No. 58 at p. 6, lines 15-16.) Plaintiffs' only claim against Chicago premised on the Deed of Trust Act is a claim for violation of a duty of good faith. Plaintiffs specifically allege under Section B "DEED OF TRUST ACT (Ch. 61.24 RCW)" as follows:

> **iii.   Trustees violated duty of good faith**
>
> The trustee or successor trustee has a duty of good faith to the borrower, beneficiary, and grantor.

(Dkt. 1 at p. 18, lines 8-13.)

Chicago seeks clarification of its ruling as the Court previously held in its Order Granting Defendant Chicago Title Insurance Company's Motion to Dismiss Plaintiffs' Claim for Breach of Good Faith dated November 14, 2011, that Chicago <u>did not breach its duty of good faith to Plaintiffs</u>. The Court ruled as follows:

> Plaintiffs present an untenable claim that Chicago breached its duty of good faith. The court dismisses the claim.

(Dkt. No. 35 at p. 4, lines 20-21.)

Plaintiffs' allegation that Chicago had not been relieved of its duties as trustee at the time the trustee's sales was initiated was pled as a factual allegation in support of their claim for "Trustees violation of duty of good faith" and not as a separate claim. (Dkt. No. 1 at p. 18,

MOTION FOR CLARIFICATION – 2
NO. 2:11-CV-01445

**FIDELITY NATIONAL LAW GROUP**
The Law Division of Fidelity National
Title Group, Inc.
1200 – 6TH AVENUE, SUITE 620
SEATTLE, WA 98101
(206) 223-4525

lines 8-13.) A separate claim for "breach of duties owed by defendant trustees" appears in Plaintiffs' Complaint under Section E "DAMAGES" as follows:

> **iv.  Negligence**
>
> Based on information and belief Defendant Old Trustee and New Trustee violated their duty of good faith to plaintiffs by participating with Defendant Servicer….

(Dkt. 1 at p. 28, lines 1-10.)

This claim under the damages section appears likewise to have been dismissed by the Court's Order November 14, 2011, as the Court affirmatively held that Plaintiffs' breach of good faith claim is untenable. (Dkt. No. 35 at p. 4, lines 20-21.)

Accordingly, as the Court already decided Chicago did not violate a duty of good faith and there appears to be no other claim against Chicago premised on the Deed of Trust Act. Chicago respectfully requests the Court clarify its April 16, 2012, to address this point.

To the extent that the court was unable to determine whether Plaintiffs' CPA claim against Chicago should proceed; Chicago seeks clarification on this point as well. Plaintiffs premise their CPA claim on unfair or deceptive practices related to Chicago's duty as original trustee. Chicago's practices were squarely addressed by the Court in its earlier Order Granting Defendant Chicago Title Insurance Company's Motion to Dismiss Plaintiffs' Claim for Breach of Good Faith dated November 14, 2011. (Dkt. No. 35). The Court found that Chicago's practices did not breach any duty of good faith, there was "no affirmative duty of investigation on Chicago," and the Court observed that Chicago was not even alleged to have engaged in or caused the foreclosure proceedings. (Dkt. No. 35 at p. 5, lines 19-23 and p. 6, lines 1-12.) In light of the Court's earlier ruling Chicago seeks clarification.

MOTION FOR CLARIFICATION – 3
NO. 2:11-CV-01445

**FIDELITY NATIONAL LAW GROUP**
The Law Division of Fidelity National Title Group, Inc.
1200 – 6TH AVENUE, SUITE 620
SEATTLE, WA  98101
(206) 223-4525

### III.  CONCLUSION

For the above reasons, Chicago seeks clarification of the Court's Order Granting Motion to Dismiss. (Dkt. No. 58).

DATED this 4th day of May, 2012.

FIDELITY NATIONAL LAW GROUP

/s/ Erin M. Stines
Erin M. Stines, WSBA #31501
Fidelity National Law Group
A Division of Fidelity National
   Title Group, Inc.
1200 – 6th Avenue, Suite 620
Seattle, WA  98101
(206) 223-4525
(206) 223-4527 – FAX
erin.stines@fnf.com

*Attorney for Defendant*
*Chicago Title Insurance Company*

MOTION FOR CLARIFICATION – 4
NO. 2:11-CV-01445

FIDELITY NATIONAL LAW GROUP
The Law Division of Fidelity National
Title Group, Inc.
1200 – 6TH AVENUE, SUITE 620
SEATTLE, WA  98101
(206) 223-4525

**CERTIFICATE OF SERVICE**

I certify that on the date given below I electronically filed this document entitled MOTION FOR CLARIFICATION with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following persons:

Scott E. Stafne , WSBA No. 6964
STAFNE LAW FIRM
239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
360-403-8700
360- 386-4005 - FAX
Email: scott.stafne@stafnelawfirm.com
*Attorneys for Plaintiffs*

Fred B Burnside, WSBA No. 32491
Email: fredburnside@dwt.com
Rebecca J. Francis. WSBA No. 41196
Email: RebeccaFrancis@dwt.com
DAVIS WRIGHT TREMAINE (SEA)
1201 THIRD AVENUE STE 2200
SEATTLE, WA 98101-3045
206-757-8016
206-757-7016 – FAX
*Attorneys for Defendants*
*Chase Home Finance LLC,*
*JPMorgan Chase Bank, N.A.,*
*Mortgage Electronic Registration Systems Inc.*
*and Federal Home Loan Mortgage Corporation*

Heidi E. Buck, WSBA No. 41769
ROUTH CRABTREE OLSEN
13555 SE 36TH STREET, STE 300
BELLEVUE, WA 98006
425-213-5534
425-283-5968 - FAX
Email: hbuck@rcolegal.com
*Attorneys for Defendants*
*Northwest Trustee Services Inc.*
*and Routh Crabtree Olsen PS*

MOTION FOR CLARIFICATION – 5
NO. 2:11-CV-01445

FIDELITY NATIONAL LAW GROUP
The Law Division of Fidelity National
Title Group, Inc.
1200 – 6TH AVENUE, SUITE 620
SEATTLE, WA 98101
(206) 223-4525

1  John S. Devlin, III, WSBA No. 23998
   Email:  devlinj@lanepowell.com
2  Andrew G. Yates, WSBA No. 34239
   yatesa@lanepowell.com
3  LANE POWELL PC
   1420 FIFTH AVE., SUITE 4100
4  SEATTLE, WA  98101
   206-223-7000
5  206-223-7010 –FAX
   *Attorneys for Defendant*
6  *Mortgageit, Inc*

7

8          **SIGNED** this 4th day of May, at Seattle, Washington.

9                                             */s/ Erin M. Stines*_____

10

11

12

13

14

15

16

17

18

19

20

21

22

23

MOTION FOR CLARIFICATION – 6

NO. 2:11-CV-01445

FIDELITY NATIONAL LAW GROUP
The Law Division of Fidelity National
Title Group, Inc.
1200 – 6TH AVENUE, SUITE 620
SEATTLE, WA  98101
(206) 223-4525