UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVIS MICKELSON and DANIELLE H. MICKELSON,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>CHASE HOME FINANCE LLC, et al.,<br><br>　　　　　　　Defendants. | CASE NO. C11-1445 MJP<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

　　　　This matter comes before the Court on Plaintiffs' motion for reconsideration of the Court's order granting Defendants' motion to dismiss, docket number 58. (Dkt. No. 59.) Having reviewed the motion, response (Dkt. No. 61), and all related papers, the Court DENIES the motion. The Court has also reviewed the unauthorized reply (Dkt. No. 62), the surreply (Dkt. No. 63), and the declaration of Chess Tachiki (Dkt. No. 63). The Court STRIKES the unauthorized reply.

　　　　Motions for reconsideration are disfavored in this District. Local Rule CR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior

ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Id.  Plaintiffs argue the Court committed manifest error by dismissing their "credit bid claim" linked to their quiet title claim asserted against Freddie Mac. (Dkt. No. 59 at 3.)

The Court does not find any manifest error in its decision as to Plaintiffs' quiet title claim premised on the credit bid claim.  Plaintiffs contend Freddie Mac and the trustee on their deed of trust violated the Deed of Trust Act by permitting Freddie Mac to make a credit bid at the nonjudicial foreclosure of Plaintiffs' home.  They assert that only Chase was allowed to make a credit bid because it was the statutory beneficiary and that Freddie Mac was not.  Plaintiffs are correct the Deed of Trust Act permits only the beneficiary to make a credit bid.  RCW 61.24.070(2).  However, in order to state a claim of quiet title to void the sale of their home, Plaintiffs must show not only that there was not strict compliance with the Deed of Trust Act, but that they suffered prejudice.  Amresco Independence Funding, Inc. v. SPS Props., LLC, 129 Wn. App. 532, 537 (2005).  Here, even if Freddie Mac was improperly allowed to purchase Plaintiffs' home via credit bid at the trustee's sale (a point Defendants contest), Plaintiffs have not alleged any prejudice arising out of this arrangement.  Plaintiffs have not shown any facts warranting reconsideration and their invocation of future changes in Washington law is irrelevant.

The Court DENIES the motion for reconsideration, which contains no showing of manifest error or any other basis for reconsideration.

The Court also STRIKES the unauthorized reply brief Plaintiffs submitted.  As Defendants properly point out, the Local Rules give the Court discretion to permit a reply on a motion for reconsideration, and the Court expressly barred Plaintiffs from filing a reply unless by further Court order.  Local Rule CR 7(h)(3); (Dkt. No. 60).  Plaintiffs violated that order by

ORDER DENYING MOTION FOR
RECONSIDERATION- 2

1  filing a reply. Regardless of what Plaintiffs labeled their brief, it was indeed a reply, barred by
2  the Court's order. Further, it is also not the province of the Court's case administrator to
3  authorize the filing of a reply brief. Case administrators may answer technical questions about
4  how to label filings, but they do not direct parties to file any particular documents or provide
5  authorization to do so. The technical advice as to how to file a CM/ECF document does not
6  substitute for a lawyer's reading of the rules to determine whether a response, however labeled,
7  is called for. The Court finds the reply unauthorized and in violation of the Court's previous
8  order. The Court STRIKES the reply (Dkt. No. 62) and does not consider it in reaching its
9  decision.

10  The clerk is ordered to provide copies of this order to all counsel.

11  Dated this 7th day of May, 2012.

_____
Marsha J. Pechman
United States District Judge