1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TRAVIS MICKELSON, DANIELLE H.
MICKELSON, and the marital community
thereof,

                              Plaintiffs,

        v.

CHASE HOME FINANCE LLC, an unknown
entity, JPMORGAN CHASE BANK, N.A., a
foreign corporation; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC., a foreign corporation; NORTHWEST
TRUSTEE SERVICES, INC., a domestic
corporation; CHICAGO TITLE, an unknown
corporation; ROUTH CRABTREE OLSEN,
P.S., a domestic personal services corporation;
FEDERAL HOME LOAN MORTGAGE
CORPORATION, a corporation; JEFF
STENMAN and JANE DOE STENMAN,
individually, and the marital community
comprised thereof; VONNIE MCELLIGOTT,
and JOHN DOE MCELLIGOTT, individually,
and the marital community comprised thereof;
RHEA S. PRE and JOHN DOE PRE,
individually, and the marital community
comprised thereof; and ROBOSIGNERS DOE
1-10,

                              Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. C11-01445

DEFENDANTS CHASE HOME
FINANCE, JPMORGAN CHASE
BANK, MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC., AND FEDERAL
HOME LOAN MORTGAGE
CORPORATION'S ANSWER
AND AFFIRMATIVE DEFENSES
TO AMENDED COMPLAINT

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

Defendants JPMorgan Chase Bank, N.A. (answering for itself and as successor by merger to Chase Home Finance, LLC); Mortgage Electronic Registration Systems, Inc. ("MERS"); and Federal Home Loan Mortgage Corporation ("Freddie Mac") (collectively "Defendants") answer Plaintiffs' Amended Complaint as follows:

## I.   ANSWER

1.1.    Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 1.1, and on that basis deny them.

1.2.    Defendants deny the allegations in paragraph 1.2.

1.3.    Defendants deny the allegations of paragraph 1.3.

1.4.    The Court dismissed the claims asserted in paragraph 1.4 as against Defendants, rendering those allegations moot.  To the extent an answer is required, Defendants deny the allegations in paragraph 1.4.

1.5.    Defendants incorporate their answer to paragraph 1.4 as if fully stated here.

1.6.    Defendants deny the allegations in paragraph 1.6 and deny the allegations in the footnote in paragraph 1.6.

2.1.    Defendants lack sufficient information to admit or deny the truth of the allegations contained in paragraph 2.1 and on that basis deny them.

2.2.    Defendants lack sufficient information to admit or deny the truth of the allegations contained in paragraph 2.2 that Plaintiffs "reside in the property which is the subject of their complaint," and on that basis deny that allegation.  Defendants otherwise admit the allegations in paragraph 2.2.

2.3.    Defendants admit the allegations in paragraph 2.3.

2.4.    Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first sentence of paragraph 2.4, and on that basis deny those allegations. Defendants admit the remaining allegations in paragraph 2.4.

DEFS. CHASE HOME FINANCE, JPMORGAN
CHASE BANK, MERS, AND FREDDIE MAC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
AMENDED COMPLAINT (C11-01445) — 2
DWT 19369462v5 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

2.4.1.   To the extent the allegations in paragraph 2.4.1 purport to summarize a document, the document speaks for itself.  Defendants deny the allegations in paragraph 2.4.1 to the extent they do not fairly and accurately reflect the contents of that document.

2.5.   Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first sentence of paragraph 2.5 and on that basis, deny those allegations.  Defendants admit the allegations in the second sentence of paragraph 2.5.  Defendants admit the documents listed in paragraph 2.5 were recorded in the office of the Auditor of Island County, Washington.

2.5.1.   The allegations in paragraph 2.5.1 serve to identify an exhibit to the Amended Complaint, so no answer is required.  To the extent an answer is required, Defendants respond that the document speaks for itself.

2.5.2.   Defendants incorporate their response to paragraph 2.5.1 as if fully stated here.

2.5.3.   Defendants incorporate their response to paragraph 2.5.1 as if fully stated here.

2.5.4.   Defendants incorporate their response to paragraph 2.5.1 as if fully stated here.

2.5.5.   Defendants incorporate their response to paragraph 2.5.1 as if fully stated here.

2.6.   Defendants admit that the property located at 426 Ezduzit Lane, Camano Island, WA 98282 ("the Property") was sold at a nonjudicial foreclosure sale on March 25, 2011.  Defendants further admit that Freddie Mac bought the property at that sale. Defendants deny any remaining factual allegations in paragraph 2.6.

2.7.   Defendants admit that JPMorgan Chase Bank, N.A., holds the Note evidencing Plaintiffs' debt.  Defendants further respond that on May 1, 2011, Chase Home Finance, LLC, merged into JPMorgan Chase Bank, N.A., and no longer exists as a separate entity.  *See* Dkt. 22 (Corporate Disclosure Statement).  Defendants therefore refer to JPMorgan Chase Bank and Chase Home Finance collectively as "Chase."  Defendants deny that Chase does business in the State of Washington because RCW 23B.15.010(2)(g), (h), (k), excludes Chase's actions as alleged from the definition of conducting business.  Defendants admit the allegations in the last

DEFS. CHASE HOME FINANCE, JPMORGAN
CHASE BANK, MERS, AND FREDDIE MAC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
AMENDED COMPLAINT (C11-01445) — 3
DWT 19369642v5 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seatle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

sentence of paragraph 2.7.  Except as so admitted, Defendants deny the allegations in paragraph 2.7.

2.8.      Defendants admit that Chase is a national banking association and a wholly owned subsidiary of JPMorgan Chase & Co., but deny that Chase is conducting business in Island County, Washington through the conduct alleged, because RCW 23B.15.010(2)(g), (h), (k), excludes Chase's actions from the definition of conducting business.  Defendants admit that Chase holds the Note evidencing Plaintiffs' debt and serviced Plaintiffs' loan.  Defendants admit the allegations in the last sentence of paragraph 2.8.

2.9.      Defendants admit the allegations in the first sentence of paragraph 2.9, but deny the allegations in the footnote following the first sentence of paragraph 2.9.  Defendants deny the allegations in the second sentence of paragraph 2.9.  Responding to the allegations in the third sentence of paragraph 2.9, Defendants answer that in its Order Granting Defendants' Motion to Dismiss, the Court found that MERS is a valid "nominee" and "beneficiary" under Plaintiffs' Deed of Trust.  *See* Dkt. 58.  Defendants admit the allegations in the last sentence of paragraph 2.9.

2.9.1.   The Court's Order Granting Defendants Motion to Dismiss moots Plaintiffs allegations in paragraph 2.9.1, *see* Dkt. 58, so no response is required.

2.9.2.   Defendants incorporate their answer to paragraph 2.9.1 as if fully stated here. Defendants further respond that the allegations in paragraph 2.9.2 purport to reach a legal conclusion, to which no response is required.  To the extent an answer is required, Defendants deny the allegations in paragraph 2.9.2.

2.9.3.   Defendants incorporate their answer to paragraph 2.9.1 as if fully stated here. Defendants further respond that MERS's method of compensation has no bearing on the remaining claims in this case.  To the extent a response is required, Defendants admit the allegations in paragraph 2.9.3.

DEFS. CHASE HOME FINANCE, JPMORGAN
CHASE BANK, MERS, AND FREDDIE MAC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
AMENDED COMPLAINT (C11-01445) — 4
DWT 19369642v5 0036234-000100

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

2.10.    Defendants deny that, based on the conduct alleged, Freddie Mac is doing business in Island County, Washington, as RCW 23B.15.010(2)(g), (h), (k), excludes Freddie Mac's actions from the definition of conducting business.  Defendants otherwise admit the allegations in the first sentence of paragraph 2.10.   Defendants deny that, with respect to Plaintiffs' loan, that Freddie Mac held the Note, and affirmatively respond that it purchased and owned the loan at issue.  Defendants admit the last sentence of paragraph 2.10.  Defendants deny the remaining allegations of paragraph 2.10.

2.10.1. Defendants deny the allegations in paragraph 2.10.1.

2.10.2. Defendants deny the allegations in paragraph 2.10.2.

2.10.3. Defendants respond that the Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 2.10.3, which appear to relate to Freddie Mac's status as a bona fide purchaser, so no response is required.  To the extent a response is required, Defendants admit the allegations in paragraph 2.10.3.

2.11.    Defendants admit that in June 2006, Chase became the servicer for Plaintiffs' loan and holder of Plaintiffs' Note.  Defendants further admit that by June 2006, Freddie Mac had purchased and owned the loan, but did not hold the endorsed Note (Chase held the Note).  Except as so admitted, Defendants deny the allegations in paragraph 2.11.

2.12.    Defendants lack sufficient information to admit or deny the truth of the allegations in the first sentence of paragraph 2.12, and on that basis deny them.  Defendants admit that Routh Crabtree Olsen appeared through Heidi E. Buck a lawyer employed by Routh Crabtree Olsen.  The allegations in the third sentence of paragraph 2.12 are legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that inclusion of debt validation notice in correspondence is an admission that the conduct at issue is debt collection and thus denies allegations in the third sentence of paragraph 2.12.  Defendants lack sufficient information to admit or deny the truth of the allegations in the fourth sentence of paragraph 2.12, and on that basis deny them.  Defendants deny the allegations in the fifth

DEFS. CHASE HOME FINANCE, JPMORGAN
CHASE BANK, MERS, AND FREDDIE MAC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
AMENDED COMPLAINT (C11-01445) — 5
DWT 19369642v5 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

sentence of paragraph 2.12.  Except as so admitted, Defendants deny the remaining allegations in paragraph 2.12.

2.13.    Defendants lack sufficient information to admit or deny the truth of the allegations in the first sentence of paragraph 2.13, and on that basis deny them.  Defendants also deny that Jeff Stenman was a "substitution trustee robo signer."  Defendants admit that Jeff Stenman was an employee of Defendant Northwest Trustee Services.  Except as so admitted, Defendants deny the remaining allegations in paragraph 2.13.

2.14.    Defendants lack sufficient information to admit or deny the truth of the allegations in the first sentence of paragraph 2.14, and on that basis deny them.  Defendants also deny that Vonnie McElligott is a "robo signer."  Defendants admit that Vonnie McElligott was an employee of Defendant Northwest Trustee Services.  Except as so admitted, Defendants deny the remaining allegations in paragraph 2.14.

2.15.    Defendants lack sufficient information to admit or deny the truth of the allegations in paragraph 2.15, and on that basis deny them.

2.16.    Defendants deny the allegations in paragraph 2.16.

2.18.    The allegations in paragraph 2.18 are legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that this court has jurisdiction under 28 U.S.C. §§ 1331 and 1367. Defendants lack sufficient information to admit or deny the truth of the allegations in paragraph 2.18 as to Plaintiffs' residence, and on that basis deny them.  Defendants deny the remaining allegations in paragraph 2.18.

3.1.    Defendants incorporate their answers to all preceding paragraphs of Plaintiffs' Complaint as if set forth here.

3.2.    Defendants admit that Plaintiffs obtained a loan to purchase the Property on November 22, 2005, but lack sufficient information to admit or deny the truth of the remaining allegations in paragraph 3.2 and on that basis, deny them.

DEFS. CHASE HOME FINANCE, JPMORGAN
CHASE BANK, MERS, AND FREDDIE MAC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
AMENDED COMPLAINT (C11-01445) — 6
DWT 19369642v5 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

3.3.     Responding to the allegations in the first sentence of paragraph 3.3, Defendants answer that the Promissory Note Plaintiffs executed on November 22, 2005, speaks for itself.  If a response is required, Defendants deny the allegations in the first sentence of paragraph 3.3 to the extent they do not accurately reflect the contents of the document.  Defendants lack sufficient information to admit or deny the truth of the allegations in the second sentence of paragraph 3.3, and on that basis deny them.  Defendants deny the remaining allegations in paragraph 3.3.

3.4.     Defendants deny the allegations in paragraph 3.4.

3.5.     Defendants deny the allegations in paragraph 3.5.

3.6.     Defendants admit that Plaintiffs executed a Deed of Trust and further respond that the Deed of Trust speaks for itself.  If a response is required, Defendants deny the allegations in paragraph 3.6 to the extent they do not accurately reflect the contents of the document.

3.7.     The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 3.7, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants admit the allegations in paragraph 3.7.

3.8.     Defendants deny the allegations in paragraph 3.8.

    3.8.1.   Defendants deny the allegations in paragraph 3.8.1.

    3.8.2.   Defendants deny the allegations in paragraph 3.8.2.

    3.8.3.   Defendants deny the allegations in paragraph 3.8.3.

    3.8.3.   Defendants deny the allegations in the second paragraph numbered 3.8.3.

    3.8.4.   Defendants deny the allegations in paragraph 3.8.4.

    3.8.5.   Defendants deny the allegations in paragraph 3.8.5.

    3.8.6.   Defendants deny the allegations in paragraph 3.8.6.

3.9.     In its Order Granting Defendants' Motion to Dismiss, the Court found that MERS is a valid "nominee" and "beneficiary" under Plaintiffs' Deed of Trust, mooting the allegations in

DEFS. CHASE HOME FINANCE, JPMORGAN
CHASE BANK, MERS, AND FREDDIE MAC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
AMENDED COMPLAINT (C11-01445) — 7
DWT 19369642v5 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

paragraph 3.9.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 3.9.

      3.9.1.   Defendants deny the allegations in paragraph 3.9.1.

      3.9.2.   Defendants deny the allegations in paragraph 3.9.2.

      3.9.3.   Defendants deny the allegations in paragraph 3.9.3.

      3.9.4.   Defendants deny the allegations in paragraph 3.9.4.

3.10.   The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 3.10, so no response is required.  To the extent a response is required, Defendants admit that *Bain v. Metropolitan Mortgage Group Inc., et al.*, Wash. Supreme Court No. 86206-1 (June 24, 2011), and *Selkowitz v. Litton Loan Servicing, LP, et al.*, Wash. Supreme Court No. 86207-9 (July 27, 2010), are currently pending before the Washington Supreme Court. Defendants otherwise deny the allegations in paragraph 3.10.

3.11.   Defendants deny the allegations in paragraph 3.11.

3.12.   Defendants admit the allegations in paragraph 3.12.

3.13.   Defendants admit that between December 2005 and June 2006, MortgageIt, Inc., GMAC Mortgage, LLC, and Chase serviced Plaintiffs' loan.  Except as so admitted, Defendants deny the allegations in paragraph 3.13.

3.14.   Defendants deny the allegations in paragraph 3.14.

3.15.   Defendants deny the allegations in paragraph 3.15.

3.16.   Defendants respond that the Limited Power of Attorney speaks for itself.  *See* Compl., Ex. C [Dkt. 29-1].  To the extent a response is required, Defendants admit that in October 2005, Chase recorded a Limited Power of Attorney appointing Northwest Trustee Services employees Jeff Stenman and Vonnie McElligott, and Routh Crabtree employees Stephen D. Routh and Lance E. Olsen, among others, as attorneys-in-fact for purposes of default-servicing duties.  *Id.* Defendants further admit that the name Ryan L. Reitmajer, Sr., appears on the signature line, above the title assistant secretary.  Except as so admitted, Defendants deny the allegations in

DEFS. CHASE HOME FINANCE, JPMORGAN
CHASE BANK, MERS, AND FREDDIE MAC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
AMENDED COMPLAINT (C11-01445) — 8
DWT 19369642v5 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

paragraph 3.16.

3.17.    Defendants respond that the Appointment of Successor Trustee speaks for itself. Compl., Ex. E [Dkt. 29-1].  To the extent a response is required, Defendants admit the allegations in the first sentence of paragraph 3.17.  Defendants further admit that the document bears the date September 18, 2008.  Defendants admit that Jeff Stenman was an employee of Northwest Trustee Services.  Defendants lack sufficient information to form a belief as to the truth or falsity of the allegation regarding Rhea S. Prea and on that basis, deny the allegation. Except as so admitted, Defendants deny the allegations in paragraph 3.17.

3.18.    Defendants respond that the Assignment of Deed of Trust speaks for itself.  Compl., Ex. D [Dkt. 29-1].  To the extent a response is required, Defendants admit the allegations in the first and second sentences of paragraph 3.18.  Defendants admit that Vonnie McElligott was an employee of Northwest Trustee Services.  Defendants lack sufficient information to form a belief as to the truth or falsity of the allegation regarding Rhea S. Prea and on that basis, deny the allegation.  Except as so admitted, Defendants deny the allegations in paragraph 3.18.

3.19.    Defendants deny the allegations in paragraph 3.19.

3.20.    Defendants deny the allegations in paragraph 3.20.

3.21.    Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 3.21 and on that basis, deny them.

3.22.    Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 3.22 and on that basis, deny them.

3.23.    Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first four sentences and the sixth sentence of paragraph 3.23 and on that basis, deny those allegations.  Defendants admit that notice of default, notice of foreclosure, and notice of trustee's sale were issued by Defendant Northwest Trustee Service, as reflected in Exhibit F to the Complaint.  [Dkt. 29-1].  Defendants further respond that those documents speak for themselves.  Defendants deny the remaining allegations in paragraph 3.23.

DEFS. CHASE HOME FINANCE, JPMORGAN
CHASE BANK, MERS, AND FREDDIE MAC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
AMENDED COMPLAINT (C11-01445) — 9
DWT 19369642v5 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

3.24.    Defendants respond that the Assignment of Deed of Trust and the Appointment of Successor Trustee speak for themselves.  *See* Compl., Exs. D, E [Dkt. 29-1].  To the extent a response is required, Defendants deny the allegations in paragraph 3.24.

3.25.    The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 3.25, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in the first sentence of paragraph 3.25.  Defendants further respond that the untimely Loan Modification Agreement speaks for itself.

3.26.    Defendants admit that because Plaintiffs still had not cured their default, Northwest Trustee Services recorded a new Notice of Trustee's Sale in September 2010.  Except as so admitted, Defendants deny the allegations in paragraph 3.26.

3.27.    Defendants deny the allegations in paragraph 3.27.

3.28.    Defendants admit the allegations in the first sentence of paragraph 3.28.  The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in the second sentence of paragraph 3.28, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in the second sentence of paragraph 3.28.  Defendants also respond that the Trustee's Deed speaks for itself.  *See* Compl., Ex. T [Dkt. 29-11].  To the extent a response is required, Defendants admit the Trustee's Deed was dated March 30, 2011.  Except as so admitted, Defendants deny the allegations in paragraph 3.28.

3.29.    Defendants deny the allegations in paragraph 3.29.

3.30.    Defendants respond that the unlawful detainer action filings speak for themselves.  *See* Compl., Ex. U [Dkt. 29-11].  To the extent a response is required, Defendants admit that Freddie Mac filed an unlawful detainer action in July 2011.  Except as so admitted, Defendants deny the allegations in paragraph 3.30.

3.31.    The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 3.31, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants lack sufficient information to form a belief as to the truth or falsity of the

DEFS. CHASE HOME FINANCE, JPMORGAN
CHASE BANK, MERS, AND FREDDIE MAC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
AMENDED COMPLAINT (C11-01445) — 10
DWT 19369642v5 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

allegations in the first sentence of paragraph 3.31 and on that basis deny them.  Defendants deny the allegations in the second sentence of paragraph 3.31.

3.32.    Defendants admit that Plaintiffs sought loan modification, but otherwise deny the allegations in paragraph 3.32.

3.33.    Defendants respond that any letter purportedly written by Greg Gilday speaks for itself. To the extent a response is required, Defendants deny the allegations in paragraph 3.33.

3.34.    Defendants respond that Chase's letter dated April 20, 2011, speaks for itself.  To the extent a response is required, Defendants admit that Chase sent Plaintiffs a letter dated April 20, 2011, stating Chase had received an inquiry on March 29, 2011, and was researching the concern.  Except as so admitted, Defendants deny the allegations in paragraph 3.34.

3.35.    Defendants respond that Chase's letter dated April 29, 2011, speaks for itself.  To the extent a response is required, Defendants deny the allegations in paragraph 3.35.

3.36.    Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 3.36 and on that basis, deny them.

3.37.    Defendants respond that Chase's letter dated May 16, 2011, speaks for itself.  To the extent a response is required, Defendants deny the allegations in paragraph 3.37.

3.38.    Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 3.38 and on that basis, deny them.

3.39.    Defendants respond that Chase's letter dated May 25, 2011, speaks for itself.  To the extent a response is required, Defendants admit that Chase sent Gregory L. Gilday a letter dated May 25, 2011, stating a modification was not offered to Plaintiffs and the home was sold at a foreclosure sale on March 25, 2011.  Except as so admitted, Defendants deny the allegations in paragraph 3.39.

4.1.    Defendants incorporate their responses to paragraphs 1.1 through 3.39 as if fully stated here.

DEFS. CHASE HOME FINANCE, JPMORGAN
CHASE BANK, MERS, AND FREDDIE MAC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
AMENDED COMPLAINT (C11-01445) — 11
DWT 19369642v5 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

4.2.     The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 4.2, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 4.2.

5.1.     Defendants incorporate their responses to paragraphs 1.1 through 4.42 as if fully stated here.

5.2.     The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 5.2, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants admit that the copy of the Note attached to the Complaint does not bear its subsequent endorsement, but otherwise deny the allegations in paragraph 5.2.

5.3.     The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 5.3, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants respond that the allegations in paragraph 5.3 are legal conclusions to which no response is required.  Defendants further respond that RCW 62A.3-201 speaks for itself.

5.4.     The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 5.4, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 5.4.

5.5.     The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 5.5, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 5.5.

5.5.1.   The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 5.5.1, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 5.5.1.

5.5.2.   The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 5.5.1, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants admit Chase holds Plaintiffs' original Note.

DEFS. CHASE HOME FINANCE, JPMORGAN
CHASE BANK, MERS, AND FREDDIE MAC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
AMENDED COMPLAINT (C11-01445) — 12
DWT 19369402v5 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

5.6.     The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 5.6, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants respond that the allegations in paragraph 5.6 are legal conclusions to which no response is required.  To the extent a response is yet required, Defendants deny the allegations in paragraph 5.6.

5.7.     The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 5.7, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants admit that Chase holds Plaintiffs' Note.  Except as so admitted, Defendants deny the allegations in paragraph 5.7.

5.8.     The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 5.8, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 5.8.

6.1.     Defendants incorporate their responses to paragraphs 1.1 through 5.8 as if fully stated here.

6.2.     The allegations in paragraph 6.2 are legal conclusions to which no response is required. To the extent a response is required, Defendants respond that RCW 61.24.005 speaks for itself. Defendants further respond that the Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 6.2.

6.3.     The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 6.3, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 6.3.

6.4.     The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 6.4, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants respond that RCW 61.24.005(2) speaks for itself.

6.5.     In its Order Granting Defendants' Motion to Dismiss, the Court found that MERS is a valid beneficiary under Plaintiffs' Deed of Trust, mooting the allegations in paragraph 6.5.  *See*

DEFS. CHASE HOME FINANCE, JPMORGAN
CHASE BANK, MERS, AND FREDDIE MAC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
AMENDED COMPLAINT (C11-01445) — 13
DWT 19369462v5 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

Dkt. 58.  To the extent a response is required, Defendants respond that Plaintiffs' Deed of Trust speaks for itself and otherwise deny the allegations in paragraph 6.5.

6.6.     In its Order Granting Defendants' Motion to Dismiss, the Court found that MERS is a valid beneficiary under Plaintiffs' Deed of Trust, mooting the allegations in paragraph 6.6.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 6.6.

   6.6.1.   Defendants incorporate their response to paragraph 6.6 as if fully stated here. Defendants otherwise deny the allegations in paragraph 6.6.1.

   6.6.2.   Defendants deny the allegations in paragraph 6.6.2.

   6.6.3.   The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 6.6.3, so no response is required.  To the extent a response is required, Defendants admit the allegations in paragraph 6.6.3.

   6.6.4.   Defendants incorporate their response to paragraph 6.6 as if more fully stated here.  Defendants otherwise deny the allegations in paragraph 6.6.4.

6.7.     Defendants deny the allegations in paragraph 6.7.

6.8.     The Court found the Deed of Trust lawful, rendering the allegations in paragraph 6.8 moot.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 6.8.

6.9.     The Court found that MERS is a valid "nominee" and "beneficiary" under Plaintiffs' Deed of Trust, rendering the allegations in paragraph 6.9 moot.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 6.9.

6.10.    Defendants deny the allegations in paragraph 6.10.

6.11.    The Courts' Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 6.11.  The allegations in paragraph 6.11 are also legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 6.11.

DEFS. CHASE HOME FINANCE, JPMORGAN
CHASE BANK, MERS, AND FREDDIE MAC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
AMENDED COMPLAINT (C11-01445) — 14
DWT 19369642v5 0036234-000130

Davis Wright Tremaine LLP
Law Offices
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

6.12.   The Court found MERS a valid "beneficiary" under Plaintiffs' Deed of Trust, rendering the allegations in paragraph 6.12 moot.  *See* Dkt. 58.  To the extent a response is required, Defendants respond that Plaintiffs' Deed of Trust speaks for itself.  Defendants otherwise deny the allegations in paragraph 6.12.

6.13.   The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 6.13, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 6.13.

6.14.   The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 6.14, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 6.14.

6.15.   The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 6.15, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants respond that Plaintiffs' Deed of Trust speaks for itself.  Defendants otherwise deny the allegations in paragraph 6.15 to the extent they suggest emphasis or intent contrary to the plain language of the Deed of Trust.

6.16.   The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 6.16, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 6.16.

6.17.   The Court found MERS is a valid "nominee" and "beneficiary" under Plaintiffs' Deed of Trust, rendering the allegations in paragraph 6.17 moot.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 6.17.

6.18.   The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 6.18, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 6.18.

6.19.   The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 6.19, so no response is required.  *See* Dkt. 58.  To the extent a response is required,

DEFS. CHASE HOME FINANCE, JPMORGAN
CHASE BANK, MERS, AND FREDDIE MAC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
AMENDED COMPLAINT (C11-01445) — 15
DWT 19369642v5 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

Defendants deny the allegations in paragraph 6.19.

6.20.   The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 6.20, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 6.20.

6.21.   The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 6.21, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 6.21.

6.22.   The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 6.22, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 6.22.

6.23.   Defendants deny the allegations in paragraph 6.23.

6.24.   Defendants admit that Chase holds Plaintiffs' original Note.  Except as so admitted, Defendants deny the allegations in paragraph 6.24.

6.25.   Defendant responds that RCW 61.24.010 speaks for itself.  If a response is required, Defendants deny the allegations in paragraph 6.25 to the extent they do not accurately reflect the text of RCW 61.24.010.

6.26.   Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 6.26 and on that basis, deny them.

6.27.   Defendants admit that a Limited Power of Attorney was recorded on October 28, 2005, in the Island County Auditor's office under recording No. 4152512.  Except as so admitted, Defendants deny the allegations in paragraph 6.27.

6.28.   The allegations in paragraph 6.28 are legal conclusions to which no response is required.  Defendants further respond that the Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 6.28, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 6.28.

6.29.   The allegations in paragraph 6.29 are legal conclusions to which no response is

DEFS. CHASE HOME FINANCE, JPMORGAN
CHASE BANK, MERS, AND FREDDIE MAC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
AMENDED COMPLAINT (C11-01445) — 16
DWT 19369642v5 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

required.  To the extent a response is required, Defendants deny the allegations in paragraph 6.29.

6.30.    The allegations in paragraph 6.30 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 6.30.

6.31.    Defendants admit that an Appoint of Successor Trustee was recorded on September 19, 2008.  Defendants further respond that document speaks for itself.  Defendants further admit that the Limited Power of Attorney speaks for itself.  To the extent the allegations in paragraph 6.31 do not accurately reflect the contents of those documents, Defendants deny the allegations.  Except as so admitted, Defendants deny the allegations in paragraph 6.31.

6.32.    Defendants deny the allegations in paragraph 6.32.

6.33.    Defendants respond that Plaintiffs' Deed of Trust speaks for itself.  To the extent the allegations in paragraph 6.33 do not accurately reflect the contents of that document, Defendants deny the allegations.

6.34.    Defendants deny the allegations contained in paragraph 6.34.

6.35.    The allegations in paragraph 6.35 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 6.35.

6.36.    Defendants deny the allegations in paragraph 6.36.

6.37.    Defendants deny the allegations in paragraph 6.37.

6.38.    Defendants deny the allegations in paragraph 6.38.

6.39.    Defendants deny the allegations in paragraph 6.39.

6.40.    Defendants deny the allegations in paragraph 6.40.

6.41.    Defendants deny the allegations in paragraph 6.41.

6.42.    Defendants deny the allegations in paragraph 6.42.

     6.42.1. Defendants deny the allegations in paragraph 6.42.1.

DEFS. CHASE HOME FINANCE, JPMORGAN
CHASE BANK, MERS, AND FREDDIE MAC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
AMENDED COMPLAINT (C11-01445) — 17
DWT 19369642v5 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

6.42.2. The allegations in paragraph 6.42.2 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 6.42.2.

6.42.3. The allegations in paragraph 6.42.3 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 6.42.3.

6.42. The allegations in the second paragraph numbered 6.42 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 6.42.

6.43. Defendants deny the allegations in paragraph 6.43.

6.44. Defendants deny the allegations in paragraph 6.44.

6.45. Defendants deny the allegations in paragraph 6.45.

6.46. Defendants deny the allegations in paragraph 6.46.

6.47. Defendants deny the allegations in paragraph 6.47.

6.48. Defendants respond that RCW 61.24.030 speaks for itself. To the extent the allegations in paragraph 6.48 do not accurately reflect the language of RCW 61.24.030, Defendants deny the allegations.

6.49. Defendants respond that RCW 61.24.030(7)(a) speaks for itself. To the extent the allegations in paragraph 6.49 do not accurately reflect the language of RCW 61.24.030(7)(a), Defendants deny the allegations.

6.50. Defendants deny the allegations in paragraph 6.50.

6.51. Defendants deny the allegations in paragraph 6.51.

6.52. The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 6.52, so no response is required. *See* Dkt. 58. To the extent a response is required, Defendants deny the allegations in paragraph 6.52.

6.53. Defendants deny the allegations in paragraph 6.53.

DEFS. CHASE HOME FINANCE, JPMORGAN
CHASE BANK, MERS, AND FREDDIE MAC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
AMENDED COMPLAINT (C11-01445) — 18
DWT 19369642v5 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

6.54.    Defendants deny the allegations in paragraph 6.54.

6.55.    Defendants respond that RCW 61.24.070 speaks for itself.  To the extent the allegations in paragraph 6.55 do not accurately reflect the language of RCW 61.24.070, Defendants deny the allegations.

6.56.    The allegations in paragraph 6.56 are legal conclusions to which no response is required.  To the extent a response is required, Defendants admits the allegations in paragraph 6.56.

6.57.    Defendants deny the allegations in paragraph 6.57.

6.58.    The allegations in paragraph 6.58 are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 6.56.

6.59.     Defendants deny the allegations in paragraph 6.59.

6.60.    Defendants deny the allegations in paragraph 6.60.

6.61.    Defendants deny the allegations in paragraph 6.61.

6.62.    The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 6.62, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 6.62.

6.63.    The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 6.63, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 6.63.

6.64.    The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 6.64, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 6.64.

7.1.    Defendants incorporate their responses to paragraphs 1.1 through 6.64 as if fully stated here.

DEFS. CHASE HOME FINANCE, JPMORGAN
CHASE BANK, MERS, AND FREDDIE MAC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
AMENDED COMPLAINT (C11-01445) — 19
DWT 19369642v5 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

7.2.     The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 7.2, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 7.2.

7.3.     The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 7.3, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 7.3.

8.1.     Defendants incorporate their responses to paragraphs 1.1 through 7.3 above as if fully stated here.

8.2.     The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 8.2, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 8.2.

8.3.     The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 8.3, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 8.3.

8.4.     The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 8.4, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 8.4.

8.5.     The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 8.5, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 8.5.

9.1.     Defendants incorporate their responses to paragraphs 1.1 through 8.5 as if fully stated here.

9.2.     The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 9.2, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 9.2.

DEFS. CHASE HOME FINANCE, JPMORGAN CHASE BANK, MERS, AND FREDDIE MAC'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT (C11-01445) — 20
DWT 19369642v5 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

9.3.     The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 9.3, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 9.3.

9.4.     The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 9.4, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 9.4.

10.1.    Defendants incorporate their responses to paragraphs 1.1 through 9.4 as if fully stated here.

10.2.    The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 10.2, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 10.2.

10.3.    The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 10.3, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 10.3.

10.4.    The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 10.4, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 10.4.

10.5.    The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 10.5, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 10.5.

10.6.    The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 10.6, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 10.6.

10.7.    The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 10.7, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 10.7.

DEFS. CHASE HOME FINANCE, JPMORGAN
CHASE BANK, MERS, AND FREDDIE MAC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
AMENDED COMPLAINT (C11-01445) — 21
DWT 19369642v5 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

10.8.    The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 10.8, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 10.8.

10.9.    The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 10.9, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 10.9.

10.10.  The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 10.10, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 10.10.

10.11.  The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 10.11, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 10.11.

10.12.  The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 10.12, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 10.12.

11.1.    Defendants incorporate their responses to paragraphs 1.1 through 10.12 as if fully stated here.

11.2.    The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 11.2, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 11.2 to the extent they do not accurately reflect the language of RCW 9A.82.100(1)(a).

11.3.    The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 11.3, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 11.3 to the extent they do not accurately reflect the language of RCW 9A.82.010(4).

11.4.    The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in

DEFS. CHASE HOME FINANCE, JPMORGAN
CHASE BANK, MERS, AND FREDDIE MAC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
AMENDED COMPLAINT (C11-01445) — 22
DWT 19369642v5 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

paragraph 11.4, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 11.4 to the extent they do not accurately reflect the language of RCW 9A.82.010(12).

11.5.    The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 11.5, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 11.5 to the extent they do not accurately reflect the language of RCW 9A.82.060.

11.6.    The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 11.6, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 11.6.

11.7.    The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 11.7, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 11.7.

11.8.    The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 11.8, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 11.8.

11.9.    The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 11.9, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 11.9 to the extent they do not accurately reflect the language of RCW 9A.82.080.

11.10.  The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 11.10, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 11.10.

11.11.  The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 11.11, so no response is required.  *See* Dkt. 58.  Defendants further respond that the allegations in paragraph 11.11 are legal conclusions to which no response is required.  To the

DEFS. CHASE HOME FINANCE, JPMORGAN
CHASE BANK, MERS, AND FREDDIE MAC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
AMENDED COMPLAINT (C11-01445) — 23
DWT 19369642v5 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seatle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

extent a response is required, Defendants deny the allegations in paragraph 11.11.

11.12.  The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 11.12, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 11.12.

11.13.  The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 11.13, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 11.13.

11.14.  The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 11.14, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 11.14.

11.15.  The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 11.15, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 11.15.

11.16.  The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 11.16, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 11.16.

11.17.  The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 11.17, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 11.17.

11.18.  The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 11.18, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 11.18.

11.19.  The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 11.19, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 11.19.

11.20.  The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in

DEFS. CHASE HOME FINANCE, JPMORGAN
CHASE BANK, MERS, AND FREDDIE MAC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
AMENDED COMPLAINT (C11-01445) — 24
DWT 19369642v5 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seatle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

paragraph 11.20, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 11.20.

11.21   The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 11.21, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 11.21.

11.21.1.        The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 11.21.1, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 11.21.1.

11.21.2.        The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 11.21.2, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 11.21.2.

11.21.3.        The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 11.21.3, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 11.21.3.

11.22.  The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 11.22, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 11.22.

11.22.1.        The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 11.22.1, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 11.22.1.

11.22.2.        The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 11.22.2, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 11.22.2.

11.22.3.        The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 11.22.3, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 11.22.3.

DEFS. CHASE HOME FINANCE, JPMORGAN
CHASE BANK, MERS, AND FREDDIE MAC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
AMENDED COMPLAINT (C11-01445) — 25
DWT 19369642v5 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

11.23.  The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 11.23, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 11.23.

12.1.    Defendants incorporate their responses to paragraphs 1.1 through 11.23 as if fully stated here.

12.2.    Defendants admit the allegations in the first sentence of paragraph 12.2.  Defendants further admit that Chase holds Plaintiffs' original Note.  Except as so admitted, Defendants deny the allegations in paragraph 12.2.

12.3.    Defendants deny the allegations in paragraph 12.3.

12.4.    Defendants deny the allegations in paragraph 12.4.

12.5.    Defendants deny the allegations in paragraph 12.5.

12.6.    Defendants deny the allegations in paragraph 12.6.

12.7.    Defendants deny the allegations in paragraph 12.7.

12.8.    Defendants deny the allegations in paragraph 12.8.

12.9.    Defendants deny the allegations in paragraph 12.9.

12.10.  Defendants deny the allegations in paragraph 12.10.

12.11.  Defendants deny the allegations in paragraph 12.11.

13.1.    Defendants incorporate their responses to paragraphs 1.1 through 12.11 as if fully stated here.

13.2.    The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 13.2, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 13.2.

13.3.    Defendants deny the allegations in paragraph 13.3.

13.4.    The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 13.4, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 13.4 (including all subparts).

DEFS. CHASE HOME FINANCE, JPMORGAN
CHASE BANK, MERS, AND FREDDIE MAC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
AMENDED COMPLAINT (C11-01445) — 26
DWT 19369642v5 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

13.5.    The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 13.5, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 13.5 (including all subparts).

13.6.    Defendants deny the allegations in paragraph 13.6.

13.7.    The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 13.5 as to Freddie Mac, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 13.5.

13.8.    Defendants deny the allegations in paragraph 13.8 (including all subparts).

13.9.    The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 13.9, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 13.9 (including all subparts).

13.10.  Defendants deny the allegations in paragraph 13.10.

13.11.  The Court found MERS is a valid "beneficiary" under Plaintiffs' Deed of Trust, rendering the allegations in paragraph 13.11 moot.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 13.11.

13.12.  Defendants deny the allegations in paragraph 13.12.

14.1.    Defendants incorporate their responses to paragraphs 1.1 through 13.12 as if fully stated here.

14.2.    The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 14.2, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 14.2.

14.3.    The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 14.3, so no response is required.  *See* Dkt. 58.  To the extent a response is required, Defendants deny the allegations in paragraph 14.3.

14.4.    The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 14.4, so no response is required.  *See* Dkt. 58.  To the extent a response is required,

DEFS. CHASE HOME FINANCE, JPMORGAN
CHASE BANK, MERS, AND FREDDIE MAC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
AMENDED COMPLAINT (C11-01445) — 27
DWT 19369642v5 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

Defendants deny the allegations in paragraph 14.4.

14.5.   The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 14.5, so no response is required. *See* Dkt. 58. To the extent a response is required, Defendants deny the allegations in paragraph 14.5.

14.6.   The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 14.6, so no response is required. *See* Dkt. 58. To the extent a response is required, Defendants deny the allegations in paragraph 14.6.

14.7.   The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 14.7, so no response is required. *See* Dkt. 58. To the extent a response is required, Defendants deny the allegations in paragraph 14.7.

14.8.   The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 14.8, so no response is required. *See* Dkt. 58. To the extent a response is required, Defendants deny the allegations in paragraph 14.8.

15.1.   Defendants incorporate their responses to paragraphs 1.1 through 14.8 as if fully stated here.

15.2.   The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 15.2, so no response is required. *See* Dkt. 58. To the extent a response is required, Defendants deny the allegations in paragraph 15.2.

15.3.   The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in paragraph 15.3, so no response is required. *See* Dkt. 58. To the extent a response is required, Defendants deny the allegations in paragraph 15.3.

Responding to Plaintiffs' request for damages and equitable relief, Defendant responds that no relief is appropriate.

## APPENDIX I

The Court's Order Granting Defendants' Motion to Dismiss moots the allegations in Appendix I. To the extent a response is required, Defendants respond as follows:

DEFS. CHASE HOME FINANCE, JPMORGAN
CHASE BANK, MERS, AND FREDDIE MAC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
AMENDED COMPLAINT (C11-01445) — 28
DWT 19369642v5 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

3.32.1.          Defendants admit that on September 5, 2008, Plaintiffs faxed a hardship letter and medical and financial documents, including tax returns, to Chase.  Except as so admitted, Defendants deny the allegations in paragraph 3.32.1.

3.32.2.          Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 3.32.3 and on that basis, deny them.

3.32.3.          Defendants admit the allegations in paragraph 3.32.3.

3.32.4.          Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 3.32.4 and on that basis, deny them.

3.32.5.          Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 3.32.5 and on that basis, deny them.

3.32.6.          Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 3.32.6 and on that basis, deny them.

3.32.7.          Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 3.32.7 and on that basis, deny them.

3.32.8.          Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 3.32.8 and on that basis, deny them.

3.32.9.          Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 3.32.9 and on that basis, deny them.

3.32.10.          Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 3.32.10 and on that basis, deny them.

3.32.11.          Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 3.32.11 and on that basis, deny them.

3.32.12.          Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 3.32.12 and on that basis, deny them.

3.32.13.          Defendants admit that Chase sent Plaintiffs loan modification paperwork dated February 5, 2009.  Defendants further respond that the loan modification paperwork dated

DEFS. CHASE HOME FINANCE, JPMORGAN
CHASE BANK, MERS, AND FREDDIE MAC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
AMENDED COMPLAINT (C11-01445) — 29
DWT 19369642v5 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

February 5, 2009, speaks for itself.  Defendants deny the allegations in paragraph 3.32.13 to the extent they do not accurately reflect the entirety of the language in the loan modification paperwork, dated February 5, 2009.  Except as so admitted, Defendants deny the allegations in paragraph 3.32.13.

3.32.14.      Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 3.32.14 and on that basis, deny them.

3.32.15.      Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 3.32.15 and on that basis, deny them.

3.32.16.      Defendants admit that Chase sent Plaintiffs a letter dated February 20, 2011.  Defendants further respond that the letter speaks for itself.  Defendants deny the allegations in paragraph 3.32.16 to the extent they do not accurately reflect the entirety of the language in the letter dated February 20, 2011.  Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations in paragraph 3.32.16 and on that basis, deny them.

3.32.17.      Defendants admit that Plaintiffs returned some of the loan modification documents untimely.  Defendants further admit that Plaintiffs sent Chase a cashier's check for $3,400, and Defendants further respond that Chase declined the check. Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations in paragraph 3.32.17 and on that basis, deny them.

3.32.18.      Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 3.32.18 and on that basis, deny them.

3.32.19.      Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 3.32.19 and on that basis, deny them.

3.32.20.      Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 3.32.20 and on that basis, deny them.

3.32.21.      Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 3.32.21 and on that basis, deny them.

DEFS. CHASE HOME FINANCE, JPMORGAN CHASE BANK, MERS, AND FREDDIE MAC'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT (C11-01445) — 30
DWT 19369642v5 0036234-000100

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

3.32.22.       Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 3.32.22 and on that basis, deny them.

3.32.23.       Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 3.32.23 and on that basis, deny them.

3.32.24.       Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 3.32.24 and on that basis, deny them.

3.32.25.       Defendants admit that Plaintiffs untimely executed the loan modification paperwork dated February 5, 2009.  Defendants further admit that Chase declined the untimely cashier's check Plaintiffs sent for $3,400.  Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations in paragraph 3.32.25 and on that basis, deny them.  Except as so admitted, Defendants deny the allegations in paragraph 3.32.25.

3.32.26.       Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 3.32.26 and on that basis, deny them.

3.32.27.       Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 3.32.27 and on that basis, deny them.

3.32.28.       Defendants deny that Plaintiffs' Note was modified.  Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations in paragraph 3.32.28 and on that basis, deny them.

3.32.29.       Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 3.32.29 and on that basis, deny them.

3.32.30.       Defendants admit the allegations in the first sentence of paragraph 3.32.30. Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations in paragraph 3.32.30 and on that basis, deny them.

3.32.31.       Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 3.32.31 and on that basis, deny them.

DEFS. CHASE HOME FINANCE, JPMORGAN
CHASE BANK, MERS, AND FREDDIE MAC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
AMENDED COMPLAINT (C11-01445) — 31
DWT 19369642v5 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seatle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

3.32.32.      Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 3.32.32 and on that basis, deny them.

3.32.33.      Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 3.32.33 and on that basis, deny them.

3.32.34.      Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 3.32.34 and on that basis, deny them.

3.32.35.      Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 3.32.35 and on that basis, deny them.

3.32.36.      Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 3.32.36 and on that basis, deny them.

3.32.37.      Defendants admit they sent Plaintiffs Instructions for Forbearance Plan dated October 26, 2009.  Defendants further respond that document speaks for itself.  To the extent the allegations in paragraph 3.32.37 do not accurately reflect the contents of that document, Defendants deny the allegations.

3.32.38.      Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 3.32.38 and on that basis, deny them.

3.32.39.      Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 3.32.39 and on that basis, deny them.

3.32.40.      Defendants admit that Chase sent Plaintiffs a letter dated January 18, 2010.  Defendants further respond that the letter speaks for itself.  To the extent the allegations in paragraph 3.32.40 do not accurately reflect the entirety of the contents of that letter, Defendants deny the allegations.

3.32.41.      Defendants admit that Chase sent Plaintiffs an Acceleration Warning (Notice of Intent to Foreclose) dated January 29, 2010.  Defendants further respond that the letter speaks for itself.  To the extent the allegations in paragraph 3.32.41 do not accurately reflect the entirety of the contents of that letter, Defendants deny the allegations.

DEFS. CHASE HOME FINANCE, JPMORGAN CHASE BANK, MERS, AND FREDDIE MAC'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT (C11-01445) — 32
DWT 19369642v5 0036234-000100

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

3.32.42.      Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 3.32.42 and on that basis, deny them.

3.32.43.      Defendants admit that Routh Crabtree Olsen sent Plaintiffs a letter dated August 6, 2010.  Defendants further respond that the letter speaks for itself.  To the extent the allegations in paragraph 3.32.43 do not accurately reflect the entirety of the contents of the letter, Defendants deny the allegations.

3.32.44.      Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in 3.32.44 and on that basis, deny them.

3.32.45.      Defendants admit that Chase sent Plaintiffs a Rate Change Notice dated November 6, 2010, with an effective date of January 1, 2011.  Defendants further respond that the Notice speaks for itself.  To the extent the allegations in paragraph 3.32.45 do not accurately reflect the entirety of the contents of the Notice, Defendants deny the allegations. Defendants lack sufficient information to form a basis as to the truth or falsity of the remaining allegations in paragraph 3.32.45, and on that basis deny them.

3.32.46.      Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 3.32.46, and on that basis deny them.

3.32.47.      Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 3.32.47, and on that basis deny them.

3.32.48.      Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 3.32.48, and on that basis deny them.

3.32.49.      Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 3.32.49, and on that basis deny them.

3.32.50.      Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 3.32.50, and on that basis deny them.

3.32.51.      Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 3.32.51, and on that basis deny them.

DEFS. CHASE HOME FINANCE, JPMORGAN
CHASE BANK, MERS, AND FREDDIE MAC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
AMENDED COMPLAINT (C11-01445) — 33
DWT 19369642v5 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

3.32.52.      Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 3.32.52, and on that basis deny them.

3.32.53.      Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 3.32.53, and on that basis deny them.

3.32.54.      Defendants admit that Chase sent Plaintiffs a Rate Change Notice effective January 1, 2011, until the next adjustment date of June 1, 2011.  Except as so admitted, Defendants deny the allegations in paragraph 3.32.54.

3.32.55.      Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 3.32.55, and on that basis deny them.

3.32.56.      Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 3.32.56, and on that basis deny them.

3.32.57.      Defendants admit that Chase sent Plaintiffs a letter dated January 27, 2011, requesting additional documents for a loan modification application under the Making Home Affordable Loan Modification program.  Defendants lack sufficient information to form a belief as to the truth or falsity of the remaining allegations in paragraph 3.32.57, and on that basis deny them.

3.32.58.      Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 3.32.58, and on that basis deny them.

3.32.59.      Defendants admit that Northwest Trustee Services sent Plaintiffs a Notice of Postponement dated February 18, 2011.  Defendants further respond that the Notice of Postponement speaks for itself, and Defendants deny the allegations in paragraph 3.32.59 to the extent they do not accurately reflect the entirety of the contents of the Notice.  Except as so admitted, Defendants deny the allegations in paragraph 3.32.59.

3.32.60.      Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 3.32.60, and on that basis deny them.

DEFS. CHASE HOME FINANCE, JPMORGAN
CHASE BANK, MERS, AND FREDDIE MAC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
AMENDED COMPLAINT (C11-01445) — 34
DWT 19369642v5 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1   3.32.61.       Defendants lack sufficient information to form a belief as to the truth or falsity

2   of the allegations in paragraph 3.32.61, and on that basis deny them.

3   3.32.62.       Defendants lack sufficient information to form a belief as to the truth or falsity

4   of the allegations in paragraph 3.32.62, and on that basis deny them.

5   3.32.63.       Defendants admit the allegations in paragraph 3.32.63.

6   3.32.64.       Defendants deny the allegations in paragraph 3.32.64.

7

8   **Any allegation not otherwise responded to above is hereby denied.**

9   ## II.     AFFIRMATIVE DEFENSES

10      Defendants set forth below their affirmative defenses.  By setting forth these affirmative

11  defenses, Defendants do not assume any burden of proof as to any fact issue or other element of

12  any cause of action that properly belongs to Plaintiffs.  Defendants reserve the right to amend

13  or supplement their affirmative defenses.

14  ### First Affirmative Defense

15      Defendants rely on and reassert all defenses in any prior pleadings in this action,

16  including those asserted in Defendants' previously filed motion to dismiss.

17  ### Second Affirmative Defense

18      Plaintiffs fail to state a claim against Defendants upon which relief can be granted.

19  ### Third Affirmative Defense

20      Plaintiffs' damages, if any, resulted in whole or in part from the fault of others,

21  including Plaintiffs and non-parties.

22  ### Fourth Affirmative Defense

23      Plaintiffs' claims are barred in whole or in part because they assumed the risk they

24  would not be able to make their mortgage payments.

25  ### Fifth Affirmative Defense

26

27

DEFS. CHASE HOME FINANCE, JPMORGAN
CHASE BANK, MERS, AND FREDDIE MAC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
AMENDED COMPLAINT (C11-01445) — 35
DWT 19369642v5 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seatle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1       Plaintiffs' claims are barred in whole or in part by equitable principles, including but

2   not limited to the doctrine of unclean hands, laches, waiver, doctrine of avoidable

3   consequences, and/or estoppel.

4   **Sixth Affirmative Defense**

5       Plaintiffs' damages, if any, were proximately caused by their own negligence in

6   exercising reasonable care for their financial obligations.

7   **Seventh Affirmative Defense**

8       Plaintiffs' damages, if any, are a direct result of Plaintiffs' breach of contract.

9   **Eighth Affirmative Defense**

10      Defendants are not liable to Plaintiffs because Plaintiffs' alleged injury was not caused

11  by any reliance on Defendants' conduct or representations.

12  **Ninth Affirmative Defense**

13      Defendants' acts and practices are neither "unfair" nor "deceptive" under RCW 19.86 *et*

14  *seq.*

15  **Tenth Affirmative Defense**

16      Defendants are not liable to Plaintiffs because Defendants did not engage in unfair or

17  deceptive acts and practices under RCW 19.86 *et seq.* that proximately caused Plaintiffs'

18  alleged injury.

19  **Eleventh Affirmative Defense**

20      Plaintiffs' claims are barred or limited in whole or in part by Plaintiffs' binding,

21  voluntary agreement to the terms and conditions of the subject Deed of Trust.

22  **Twelfth Affirmative Defense**

23      Plaintiffs' claims are barred or limited in whole or in part because Defendants

24  committed no violation of law.

25  **Thirteenth Affirmative Defense**

26      Plaintiffs' claims are preempted by the National Bank Act

27  

DEFS. CHASE HOME FINANCE, JPMORGAN
CHASE BANK, MERS, AND FREDDIE MAC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
AMENDED COMPLAINT (C11-01445) — 36
DWT 19369642v5 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seatle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1

**Fourteenth Affirmative Defense**

2

Plaintiffs' CPA claims are barred under RCW 19.86.170

3

**Fifteenth Affirmative Defense**

4

Plaintiffs' CPA claim is because Defendants' actions were undertaken under a good-

5

faith belief in compliance with the law.

6

**Sixteenth Affirmative Defense**

7

Plaintiffs' CPA claims are barred because Defendants' actions were reasonable in

8

relation to the development and preservation of business, pursuant to RCW 19.86.920

9

Defendants reserve the right to amend their answer to state additional affirmative

10

defenses as may become known in discovery.

11

### III.    DEFENDANTS' REQUEST FOR RELIEF

12

1.    That Plaintiffs' claims against Defendants be dismissed with prejudice;

13

2.    That the Court award Defendants' costs and attorneys' fees;

14

3.    That the Court award such other relief as is just and proper under the

15

circumstances.

16

DATED this 7th day of May, 2012.

17

Davis Wright Tremaine LLP
*Attorneys for Defendants JPMorgan Chase Bank,*

18

*N.A.; Mortgage Electronic Registration Systems*
*Inc.; and Federal Home Loan Corporation*

19

By     *s/ Fred B. Burnside*
_____

20

Rebecca Francis, WSBA # 41196
Fred B. Burnside, WSBA #32491

21

1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045

22

Telephone:  206-622-3150
Facsimile:   206-757-7700

23

E-mail:  fredburnside@dwt.com
E-mail:  rebeccafrancis@dwt.com

24

25

26

27

DEFS. CHASE HOME FINANCE, JPMORGAN
CHASE BANK, MERS, AND FREDDIE MAC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
AMENDED COMPLAINT (C11-01445) — 37
DWT 19369642v5 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on May 7, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- **Heidi E. Buck**
  hbuck@rcolegal.com,tkwong@rcolegal.com,buck4343@gmail.com
- **John S Devlin , III**
  devlinj@lanepowell.com,Docketing-SEA@LanePowell.com,burrusl@lanepowell.com
- **Scott E Stafne**
  stafnelawfirm@aol.com,wwactfilings@aol.com
- **Erin McDougal Stines**
  erin.stines@fnf.com,nancy.hunt@fnf.com,cindy.rochelle@fnf.com
- **Andrew Gordon Yates**
  yatesa@lanepowell.com,docketing-sea@lanepowell.com,strayerd@lanepowell.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:  N/A

DATED this 7thth day of May, 2012.

Davis Wright Tremaine LLP
Attorneys for Defendants JPMorgan Chase Bank, N.A.; Mortgage Electronic Registration Systems Inc.; and Federal Home Loan Corporation

By    _s/ Fred B. Burnside_
     Fred B. Burnside, WSBA #32491
     1201 Third Avenue, Suite 2200
     Seattle, WA 98101-3045
     Telephone:  206-622-3150
     Facsimile:  206-757-7700
     E-mail:  fredburnside@dwt.com

DEFS. CHASE HOME FINANCE, JPMORGAN
CHASE BANK, MERS, AND FREDDIE MAC'S
ANSWER AND AFFIRMATIVE DEFENSES TO
AMENDED COMPLAINT (C11-01445) — 38
DWT 19369642v5 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax