The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TRAVIS MICKELSON, DANIELLE H.
MICKELSON, and the marital community
thereof,

                 Plaintiffs,

    v.

CHASE HOME FINANCE LLC, et al.,

                 Defendants.

No. C11-01445 MJP

MOTION FOR CERTIFICATION
PURSUANT TO FRCP 54 (B)

NOTED FOR CONSIDERATION:
FRIDAY, JUNE, 15, 2012

***Relief Requested:*** Plaintiffs Travis Mickelson and Danielle H. Mickelson (Mickelsons)

respectfully move this Court certify its Order Denying Mickelsons' Motion for Reconsideration

so as to allow a permissive interlocutory appeal.

***Issue:*** Should this Court certify its order granting the denial of Mickelsons' Motion for

Reconsideration pursuant to Fed. R. Civ. Pro. 54(b)[1] so as to make the order appealable

pursuant to 12 U.S.C. 1292 (3)(b)[2] and FRAP 4(a)(3)[3]?

---

[1] Fed. R.Civ. Pro. 54(b) states:

    JUDGMENT ON MULTIPLE CLAIMS OR INVOLVING MULTIPLE PARTIES. When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

MOTION FOR CERTIFICATION PURSUANT TO FRCP 54(B)-1

STAFNE LAW FIRM
239 NORTH OLYMPIA AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700

FACTS:  This Court granted defendants' motion to dismiss.  A copy of that Order is attached hereto as Appendix I.  The Mickelson's moved this Court reconsider its Order.  The Court ordered a response to the Micklesons' motion to reconsider.  A copy of this Order is attached as Appendix II.  Thereafter, this Court denied the Mickelsons' motion for reconsideration.  A copy of that Order is attached hereto as Appendix III.

At page 2 of Appendix III this Court states:

> The Court does not find any manifest error in its decision as to Plaintiffs' quiet title claim premised on the credit bid claim.  Plaintiffs contend Freddy Mac and the trustee on their deed of trust violated the Deed of Trust Act by permitting Freddie Mac to make a credit bid at the nonjudicial foreclosure of Plainitffs' home.  They assert that only Chase was allowed to make a credit bid because it was the statutory beneficiary and that Freddie Mac was not.  Plaintiffs are correct the Deed of Trust permits only the beneficiary to make a credit bid.  RCW 61.24.070(2).  However, in order to state a claim of quiet title to void the sale of their home, Plaintiffs must show not only that there was not strict compliance with the Deed of Trust Act, but that they suffered prejudice.  Amersco v. Independence Funding, Inc. v SPS Props., LLC, 129 Wash. App. 532, 537 (2005).  Here, even if Freddie Mac was allowed to purchase Plaintiffs home via credit bid at the trustee's sale (a point Defendants contest), Plaintiffs have not alleged any prejudice arising out of this arrangement.

---

Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

[2]  12 USC 1292(3)(b) states:

(b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.  The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

[3]  FRAP 4 (a) PETITION FOR PERMISSION TO APPEAL.

(3) If a party cannot petition for appeal unless the district court first enters an order granting permission to do so or stating that the necessary conditions are met, the district court may amend its order, either on its own or in response to a party's motion, to include the required permission or statement. In that event, the time to petition runs from entry of the amended order.

**STAFNE LAW FIRM**
239 NORTH OLYMPIA AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700

Plaintiffs have not shown any facts warranting reconsideration and their invocation of future changes in Washington law is irrelevant.

**Argument:**   This Court has discretion to certify its order denying the Mickelsons' motion for reconsideration if it certifies that its order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." Fed. R. Civ. Pro. 54(b).  FRAP 4(a)(3) indicates the Mickelsons can move this Court to add the appropriate certification to this order to bring a permissive appeal.

This Court concedes in its Order denying Reconsideration that the defendants purposely violated the Deed of Trust Act by allowing someone other than the Beneficiary to offer a credit bid.  Although the Court notes this fact is "disputed" among the parties, supra, this observation proves Plaintiffs' point that it was error to dismiss Mickelson's complaint pursuant to a motion to dismiss.  This is especially so where the Mickelsons had pled facts from which inferences can be gleaned that defendants intended from the very outset to not follow the Deed of Trust Act.[4]  Dkt. # 29, passim.

Amersco Independence Funding, Inc. v. SPS Props., LLC, 129 Wash. App. 532, 537 (2005) is not on point.  There, the Court following similar precedent held that where the policies of the Deed of Trust Act were fulfilled as a part of a sale and a technical error occurred, there must be a showing of prejudice to void the sale.  Here, the Mickelsons' complaint alleges that they were never allowed to deal with the correct beneficiary during the sale process.  Dkt. # 29, ¶¶ 4.1 – 5.8.  Moreover, that they were "dual tracked" as a part of a criminal conspiracy

---

[4] The Mickelsons' assertions in their complaint that these defendants purposefully acted together so as to violate Washington's Deed of Trust Act, must be accepted as true. A disputed purposeful violation of the Deed of Trust Act is the grist for juries; not this Court. Under these circumstances, this Court errs by deciding factual matters that our system reserves for juries.  Balderas v. Countrywide, 664 F.3d 787, 90-1 (9th Cir. 2012).

MOTION FOR CERTIFICATION PURSUANT TO FRCP 54(B)-3

**STAFNE LAW FIRM**
239 NORTH OLYMPIA AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700

designed to violate the Deed of Trust Act and allow defendants to take their home. Id., ¶¶ 6.1 –
6.64.

The whole scheme was a scam prejudicing Michelson's to the point of having their house
sold in a foreclosure sale while denying them "an adequate opportunity [] to prevent wrongful
foreclosure" in that they were unable to communicate with the actual beneficiary prior to the
home's sale. Amersco, at 887 (legislative objectives of nonjudicial foreclosure process:
efficiency and economy; opportunity to prevent wrongful foreclosure; and promotion of
stability of land titles). The Mickelson's did not know and could not have waived the illegal
creditor bid process 5 days prior to when it occurred. Moreover, this illegal act was part of
defendants overall scheme to not comply with the Deed of Trust Act. Amersco, the cases it
cites, and Plein v. Lackey, 149 Wash.2d 214, 67 P.3d 1061, 1067 (2003) all hold that waiver
must include actual knowledge or constructive knowledge of the defense to the foreclosure
prior to the sale occurring. Here, defendants created a specific scheme that effectively
precludes waiver under the Washington law this Court's order cites.

Existing Washington law limits the doctrine of waiver to technical violations of the Deed
of Trust Act occurring after a sale in which the purposes of the Deed of Trust Act have been
met. Further, waiver applies only where plaintiffs have actual or constructive knowledge of the
violation. This Court's Order fails to discuss any of these differences and thereby ignores the
ratio decedendi of the case it cites. Whether there must be prejudice under these factually pled
circumstances "involves a controlling question of law as to which there is substantial ground
for difference of opinion and … an immediate appeal from the order may materially advance
the ultimate termination of the litigation."

MOTION FOR CERTIFICATION PURSUANT TO FRCP 54(B)-4

1

CONCLUSION

2      This Court should certify its Order denying Mickealsons' motion to reconsider, pursuant

3  to Fed. R. Civ. Pro. 54 (b) and FRAP 4, so that Michelson's can seek an interlocutory appeal

4  before the Ninth Circuit.

5      DATED this 18th day of May, 2012 at Arlington, Washington.

6                                                              Respectfully Submitted,

7                                                              STAFNE LAW FIRM
8                                                              Attorneys for Plaintiffs

9

10                                                         /s/ Scott E. Stafne
                                                    Scott E. Stafne, WSBA #6964
11                                             Andrew J. Krawczyk, WSBA #42982
                                                           Stafne Law Firm
12                                                        239 N. Olympic Ave.
                                                         Arlington, WA 98223
13                                                       Tel: (360) 403-8700
                                                         Fax: (360) 386-4005
14

15

16

17

18

19

20

21

22

23

24

25

26

27

STAFNE LAW FIRM

MOTION FOR CERTIFICATION PURSUANT TO FRCP 54(B)-5          239 NORTH OLYMPIA AVENUE
                                                                ARLINGTON, WA 98223
                                                                TEL. 360.403.8700

CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on May 18, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Fred B. Burnside:  fredburnside@dwt.com
Rebecca J. Francis:  RebeccaFrancis@dwt.com
Heidi E. Buck: hbuck@rcolegal.com
Andrew Gordon Yates:  yatesa@lanepowell.com
John S. Devlin, III:  devlinj@lanepowell.com
Erin McDougal Stines:  erin.stines@fnf.com

DATED this 18th day of May, 2012 at Arlington, Washington.

/s/ Chessa R. Tachiki
Chessa Tachiki, Paralegal
Stafne Law Firm

MOTION FOR CERTIFICATION PURSUANT TO FRCP 54(B)-6

APPENDIX I



1

2

3

4

5

6

7

8                                   UNITED STATES DISTRICT COURT
                                    WESTERN DISTRICT OF WASHINGTON
9                                              AT SEATTLE

10      TRAVIS MICKELSON and DANIELLE              CASE NO. C11-1445MJP
        H. MICKELSON,
11                                                 ORDER GRANTING MOTION TO
                           Plaintiffs,             DISMISS
12
                  v.
13
        CHASE HOME FINANCE LLC, et al.,
14
                           Defendants.
15

16
               This matter comes before the Court on a motion to dismiss Defendants Chase Home

17
        Finance LLC, Mortgage Electronic Recording Systems, Inc., JPMorgan Chase Bank, N.A., and

18
        the Federal Home Loan Mortgage Corporation filed, in which the remaining defendants have

19
        joined.  (Dkt. Nos. 43, 45, 47, 49.)  Having reviewed the motion, the response (Dkt. No. 55), the

20
        reply (Dkt. No. 56), the supplemental authority (Dkt. No. 57), and all related papers, the Court

21
        GRANTS the motion to dismiss.  The Court finds this matter suitable for decision without oral

22
        argument.

23
        \\

24

ORDER GRANTING MOTION TO DISMISS- 1

1

**Background**

2       Plaintiffs Travis and Danielle Mickelson filed suit against several defendants alleging

3  various improper and illegal acts related to the foreclosure and trustee's sale of their home in

4  Island County.  The named Defendants are: (1) JPMorgan Chase Bank N.A. ("JPMorgan"); (2)

5  Chase Home Finance LLC ("Chase") (which has allegedly merged into JPMorgan); (3) Federal

6  Home Loan Mortgage Corporation ("Freddie Mac"); (4) Mortgage Electronic Recording

7  Systems, Inc. ("MERS"); (5) Routh Crabtree Olsen, P.S.; (6) Chicago Title Insurance Company

8  ("Chicago"); (7) Northwest Trustee Services ("NTS"); and (8) six individuals.  The Court

9  reviews the allegations regarding the loan and the foreclosure which are relevant to the motion to

10  dismiss.

11       Plaintiffs obtained a loan from MHL Funding Corp on November 22, 2005, to purchase a

12  home in Island County.  (Amended Complaint ("AC") ¶ 3.3.)  Plaintiffs signed a promissory

13  note and a deed of trust that secured the loan.  The deed of trust named MERS as the nominee

14  and beneficiary and Chicago as the trustee.  (Dkt. No. 29-1 at 7.)  At an unspecified time, Chase

15  purported to become the holder of the promissory note, which was endorsed in blank.  Roughly

16  three years later on September 19, 2008, Chase recorded an assignment of the deed of trust from

17  MERS to Chase. (Dkt. No. 29-1 at 27.)  The same day, NTS recorded an appointment of

18  successor trustee on behalf of Chase, which appointed NTS the successor trustee to Chicago.

19  (Dkt. No. 29-1 at 29.)

20       Starting in August of 2008, Plaintiffs fell behind on their mortgage payments and were

21  threatened with foreclosure by Chase and NTS.  (AC ¶ 3.23.)  Plaintiffs tried to enter into a loan

22  modification program beginning in late 2008.  (AC ¶¶ 3.25-3.28.)  Plaintiffs refer in their

23  complaint to a letter from Chase dated February 9, 2009, indicating to Plaintiffs that they could

24

1  qualify for a loan modification.  (AC ¶¶ 3.32.13.)  Chase has provided a copy of this letter in its

2  pleadings, which is properly considered on the motion to dismiss as it was referenced in the

3  complaint.  (Dkt. No. 43-4 at 13.)  This letter is an offer to Plaintiffs to enter into a loan

4  modification subject to several clearly disclosed requirements.  The letter states in bold and

5  underline: "Failure to return this Loan Modification Agreement and the money by the stipulated

6  date will cause the modification agreement to be cancelled and the collections and/or foreclosure

7  process to continue immediately." (Id. (emphasis removed).)  The letter also stated Plaintiffs had

8  to return the signed agreement and their first payment within 72 hours.  (Id.)  There is no

9  allegation that Plaintiffs complied with the terms of the letter, though they do allege they did not

10  receive the letter until February 13, 2009.  (AC ¶ 3.32.13.)

11      A letter dated February 20, 2009, from Chase (also referenced in Plaintiffs' complaint)

12  states that Plaintiffs failed to return the modification agreement or any payment, and the deadline

13  was extended to February 26, 2009.  (Dkt. No. 43-4 at 21; AC ¶ 3.32.16 (referencing the letter).)

14  Plaintiffs do not allege they made the payments required of the first letter in the time allotted.  A

15  letter dated July 20, 2010, informed Plaintiffs that they had failed to qualify for the modification

16  program because they had failed to make the required payments within the designated time.

17  (Dkt. No. 43-4 at 33.)  After NTS provided notices of the default and the foreclosure sale to

18  Plaintiffs, it oversaw the sale of Plaintiffs' home at a non-judicial foreclosure on March 25, 2011.

19  (AC ¶ 3.28.)  Plaintiffs allege on information and belief that Freddie Mac was the purchaser, but

20  they disclaim any actual knowledge.  (AC ¶ 3.29.)

21      In their sprawling amended complaint, Plaintiffs allege the appointment of MERS as the

22  beneficiary to the first deed of trust was impermissible because MERS is not legally capable of

23  being the beneficiary.  (AC ¶¶ 6.4-6.21.)  Plaintiffs claim the assignment of the deed of trust to

24

ORDER GRANTING MOTION TO DISMISS- 3

1   Chase was invalid because MERS was not a proper beneficiary. (AC ¶ 6.22.) They also allege

2   Chase did not hold a "wet ink" signature version of the promissory note, but admit that Chase

3   held at least a "copy" of the note. (AC ¶ 5.5.) They also allege that assignment executed by

4   MERS to Chase of the deed of trust was invalid because the signer is a "robo signer" who

5   "lacked authority, knowledge or training to perform the transaction" on behalf of MERS. (AC ¶

6   6.23.) As to Freddie Mac, Plaintiffs claimed it was not a "bona fide" purchaser.

7           In their hard-to-follow complaint Plaintiffs appear to pursue the following claims or

8   causes of action against Chase, JPMorgan, MERS, and Freddie Mac: (1) quiet title; (2) injunctive

9   relief related to the ownership of the home; (3) breach of contract; (4) unenforceability of the

10  deed of trust based on a theory of unconscionability; (5) criminal profiteering in violation of

11  RCW 9A.82 et seq.; (6) violations of the Deed of Trust Act; and (7) violations of the Consumer

12  Protection Act ("CPA"). Defendants move for dismissal of all of these claims, while leaving

13  untouched the claims Plaintiffs pursue under the Fair Debt Collection Practices Act. The

14  remaining Defendants join in the motion, but provide no substantive briefing as issues distinct to

15  them.

16                                    **Analysis**

17  A.    <u>Standard</u>

18          On a motion to dismiss, the Court must accept the material allegations in the complaint as

19  true and construe them in the light most favorable to Plaintiff. <u>NL Indus., Inc. v. Kaplan</u>, 792

20  F.2d 896, 898 (9th Cir. 1986). A motion to dismiss filed pursuant to Rule 12(b)(6) tests the

21  sufficiency of the complaint. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). "To survive a

22  motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

23  claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009)

24

1   (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 554, 570 (2007)).  The plaintiff must provide

2   "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

3   will not do." Twombly, 550 U.S. at 555.

4   B.      Waiver

5        Because Plaintiffs failed to challenge the non-judicial foreclosure, most of their claims

6   are forever waived.

7        A borrower waives any claims challenging the validity of a non-judicial foreclosure if:

8   the "party (1) received notice of the right to enjoin the sale, (2) had actual or constructive

9   knowledge of a defense to foreclosure prior to the sale, and (3) failed to bring an action to obtain

10  a court order enjoining the sale." Plein v. Lackey, 149 Wn.2d 214, 227 (2003).  Amendments to

11  the Deed of Trust Act ("DTA") made after Plein have attempted to carve out certain post-sale

12  claims that would otherwise by waived under Plein's rule.  Relevant to this case, the DTA

13  preserves claims of violations of RCW Title 19 and claims the trustee failed to materially comply

14  with the DTA.  RCW 61.24.127(1).  These non-waived claims do not allow the Plaintiff to "seek

15  any remedy at law or in equity other than monetary damages" or "affect in any way the validity

16  or finality of the foreclosure sale or a subsequent transfer of the property."  RCW

17  61.24.127(2)(b), 61.24.127(2)(c).

18       By failing to challenge the foreclosure and trustee's sale, the Plaintiffs waived any claims

19  of: (1) quiet title; (2) injunctive relief; (3) breach of contract; (4) unenforceability of the deed of

20  trust based on unconscionability; and (5) criminal profiteering.  All three elements required by

21  Plein for waiver to apply are alleged in the complaint.  Plaintiffs received notice of the

22  foreclosure sale, had knowledge of it, and failed to enjoin the sale.  Plein, 149 Wn.2d at 227.  As

23  the Court understands and construes the five claims noted above, each attacks the validity of the

24

1   foreclosure and trustee's sale and thus cannot be brought.  Moreover, the exceptions to <u>Plein</u> the

2   Deed of Trust Act carves out do not permit Plaintiffs to pursue any of the five claims.  Nowhere

3   in the DTA are these claims expressly permitted.  Allowing any of these claims to move forward

4   would run contrary to the DTA's intent to limit post-sale remedies and to promote the stability of

5   land titles. <u>See</u> <u>Plein</u>, 149 Wn.2d at 228.  Plaintiffs have therefore waived these five claims by

6   failing to bring them before the foreclosure sale.  The Court finds that these must be

7   DISMISSED as to all Defendants, including as to the Defendants who merely joined in the

8   motion to dismiss.  The claims are dismissed with prejudice.

9          The Deed of Trust Act permits only two claims to potentially go forward: (1) the CPA

10   claims; and (2) the claims brought under the Deed of Trust Act.  However, the Deed of Trust Act

11   specifies that any post-sale claims premised on violations of the Act may only be brought against

12   the trustee.  Except for Chicago and NTS, none of the other Defendants is alleged to be a trustee.

13   As such, the claims premised on DTA violations are DISMISSED as to all defendants except

14   Chicago and NTS.  Although both Chicago and NTS joined in the motion to dismiss, they have

15   not provided any argument specific to claims against them sufficient for the Court to rule on

16   whether any claims premised on compliance with the Deed of Trust Act can move forward.

17   B.    <u>CPA Claims</u>

18          Plaintiffs' CPA claims against MERS, Chase, JPMorgan, and Freddie Mac fail because

19   they do not include sufficient allegations of unfair or deceptive acts.

20          1.    <u>Standard</u>

21          To prevail on their CPA claim, Plaintiffs must establish five distinct elements: "(1) unfair

22   or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4)

23   injury to plaintiff in his or her business or property; [and] (5) causation." <u>Hangman Ridge</u>

24

1   Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 780 (1986).  Whether a practice is

2   unfair or deceptive is a question of law for the court to decide if the parties do not dispute what

3   the parties did.  Indoor Billboard/Washington, Inc. v. Integra Telecom of Wash., Inc., 162 Wn.2d

4   59, 74 (2007).  To satisfy the first element, Plaintiffs must show that the act or practice either has

5   a capacity to deceive a substantial portion of the public or that it constitutes an unfair trade or

6   practice.  Plaintiffs have failed to provide sufficient allegations as required by Iqbal and Rule 8

7   to show an unfair or deceptive act or practice.

8         2.   CPA Claims Against Chase, MERS, JPMorgan, and Freddie Mac

9         Plaintiffs alleged Chase, JPMorgan, MERS, and Freddie Mac engaged in four similar

10   unfair or deceptive acts: (1) failing to comply with the Deed of Trust Act; (2) using an

11   unconscionable agreement to facilitate non-judicial foreclosures; (3) preventing borrowers from

12   knowing who the true beneficiaries of the deed of trust was; and (4) engaging in robo-signing.

13   (AC ¶ 13.2).  These allegations are not sufficient to state a claim.

14         Plaintiffs' first claim is misguided as to MERS.  Plaintiffs seem to contend that MERS

15   cannot be a beneficiary to the deed of trust because it cannot be the nominee and beneficiary.

16   This argument is flawed.  There is no legal reason why MERS cannot be the beneficiary, as that

17   term is defined in the DTA.  The beneficiary is the holder of the promissory note, and there is no

18   legal reason why MERS cannot be the note holder.  RCW 64.21.005(2).  Even if MERS was not

19   properly appointed as nominee and beneficiary, Plaintiffs have not identified any harm that arose

20   from MERS's role or from the purported deception.  The deed of trust discloses MERS as the

21   nominee and beneficiary and Plaintiffs have not identified any provision of DTA that would

22   preclude MERS from being both nominee and beneficiary.  Although certain issues related to

23   MERS's role remain pending before the Washington Supreme Court, the Ninth Circuit has

24

1   rejected the argument that MERS cannot serve as a nominee on a deed of trust where the lender

2   still holds the note.   Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1041-42 (9th

3   Cir. 2011) (applying Arizona law).   Plaintiffs have failed to identify any violation of the Deed of

4   Trust Act related to MERS and they have not alleged any cognizable deceptive or unfair trade or

5   practice arising out of MERS's role.   They have also failed to identify any damages arising out of

6   this specific alleged DTA violation.   The CPA claim related to MERS cannot proceed.

7           Plaintiffs have also failed to identify any specific conduct Chase, JPMorgan, or Freddie

8   Mac engaged in that violated the DTA that might constitute a CPA claim.   Freddie Mac is only

9   alleged to have purchased the home at the trustee's sale, and Plaintiffs have not provided

10  sufficient factual detail to understand how this violated the Deed of Trust Act or might in any

11  way constitute an unfair or deceptive act.   The Court similarly cannot find sufficient factual

12  details showing any violation of the DTA Chase or JPMorgan perpetrated.   Chase has explained

13  that it was permitted to initiate foreclosure on the property by virtue of holding the note that was

14  indorsed in blank.   See RCW 61.24.005(2); RCW 62A.3-205, -3-301.   Plaintiffs have not

15  provided any valid argument or allegation as to why Chase was not a proper beneficiary with

16  authority to foreclose.   As such, the Court finds no properly alleged violation of the DTA.   The

17  Court is similarly at a loss to find any allegations to sustain a claim against JPMorgan having

18  violated the DTA.   These claims are DISMISSED.

19          Plaintiffs' second claim, that the deed of trust was unconscionable, is not adequately

20  pleaded.   The Court cannot accept Plaintiffs' argument the deed of trust violated the CPA

21  because it contained boilerplate.   First, the deed of trust disclosed MERS's role and did so in a

22  clear manner.   Second, the mere presence of boilerplate language is not sufficient to state a claim

23  under the CPA.   Only "[g]rossly unfair or unconscionable contracts" where the material terms

24

1   were "hidden in a maze of fine print" are properly found to be unfair or deceptive. See State v.

2   Kaiser, 161 Wn. App. 705, 722 (2011). Here, there is no allegation or evidence that the deed of

3   trust hid any terms or was a grossly unfair contract. Moreover, the case Plaintiffs rely on,

4   Kaiser, turned on the fact the defendant had "purposefully withheld material information." Id.

5   There is no similar allegation here. The Court finds no basis on which to permit a CPA claim to

6   move forward on the theory the deed of trust was unconscionable.

7         The third and fourth allegations supporting the CPA claims are nothing more than legal

8   conclusions unsupported by factual allegations. These theories fail to demonstrate how Plaintiffs

9   suffered damages from this conduct, and the Court is unable to comprehend the nature of the

10   claims.

11         The Court DISMISSES these four CPA claims against MERS, JPMorgan, Chase, and

12   Freddie Mac. Although Defendants assert the claims are barred by the statute of limitations, the

13   Court does not reach the issue. The Court is not in a proper position to determine the issue of

14   timeliness given the lack of factual detail on the CPA claims.

15         3.    CPA Claims Against MERS

16         As to MERS alone, Plaintiffs contend that it violated the CPA by "misrepresenting to

17   investors the characteristics and therefore the riskiness of the mortgages managed by their

18   secondary marker." (AC ¶ 13.2(A).) This allegation is difficult to understand. From what the

19   Court is able to glean, the allegation references conduct unrelated to Plaintiffs. There is no

20   allegation showing that this conduct, even if deceptive, caused Plaintiffs to suffer any damages.

21   As such, the Court finds the claim fails to satisfy the elements of the CPA and is inadequately

22   pleaded to meet Iqbal. The Court also dismisses this claim to the extent Plaintiffs argue the

23   securitization of their loan was an unfair or deceptive act. They have yet to identify anything

24

1    deceptive about any securitization, particularly where the deed of trust they signed disclosed the

2    possibility of sales of interests in the mortgage.  The securitization does not change the

3    relationship of the parties or create any obvious unfair or deceptive act.  See Lamb v. Mortg.

4    Elec. Registration Sys., Inc. No. C10-5856RJB, 2011 WL 5827813, at *6 (W.D. Wash. Nov. 18,

5    2011).  The foreclosure of their home was not made invalid merely because of securitization.

6    The Court is unable to find any intelligible CPA violation in this theory.  The Court DISMISSES

7    this claim.

8         4.    CPA Claims Against Chase and JPMorgan

9         Plaintiffs' CPA claims against Chase premised on deceptive conduct related to loan

10   modifications are flawed.  Plaintiffs allege a theory of "dual tracking" whereby they were

11   unfairly deceived into believing they had obtained a loan modification while Chase was actually

12   still foreclosing on the home.

13        Plaintiffs misguidedly base their claim on the notion that Chase and JPMorgan deceived

14   them into thinking that a loan modification would halt the foreclosure.  The documents Plaintiffs

15   rely on actually show that Chase clearly disclosed the fact that until Plaintiffs made payments

16   towards modification and submitted the loan modification agreement in a timely manner Chase

17   would not halt any foreclosure process.  (Dkt. No. 43-4 at 13 (language put in bold and

18   underline).)  Similarly, any claim that Plaintiffs were falsely promised a loan modification is

19   betrayed by the letters Chase actually sent that showed the offer was conditional.  (Id.)  The

20   Court is at a loss to find any adequate factual allegations showing unfair or deceptive conduct

21   with regards to Plaintiffs' dual tracking claim.  The Court DISMISSES this claim.

22        The Court also finds no CPA violation can lie in Plaintiffs' allegation that JPMorgan

23   injured Plaintiffs by "buying structured mortgage loans that relied on deceptive terms and

24

1   underwriting to artificially lower borrowers' [soc] initial loan payments." As best the Court can

2   understand, this allegation implies that JPMorgan acquired mortgages based on inadequate

3   information about the true nature of the loans. This would seem to suggest that JPMorgan was

4   deceived, not Plaintiffs. Such an unintelligible allegation cannot survive dismissal.

5        5.   <u>CPA Claims Against Freddie Mac</u>

6        The one CPA claims against Freddie Mac that Court has yet to address is simply a legal

7   conclusion unsupported by any facts. Plaintiffs allege Freddie Mac used unconscionable

8   agreements to allow for foreclosure. (AC ¶ 13.9(B).) Yet there are no allegations about any

9   contracts between Plaintiffs and Freddie Mac that could be unconscionable. (AC ¶ 13.9(B).)

10  This errant statement is not sufficient to state a claim under the CPA.

11       6.   <u>CPA Claims as to the Defendants Joining in the Motion</u>

12       The Court is unable to determine whether the CPA claims made against the joining

13  defendants can proceed. None of the joining defendants presented substantive argument. In the

14  absence of such briefing, the Court will not pass judgment on the CPA claims against these

15  defendants. Should Plaintiffs chose to replead their CPA claims, they must a substantial effort to

16  explain with greater precision the factual allegations that support the claimed CPA violations.

17  Shotgun-style pleadings are not a means of meeting Rule 8 and <u>Iqbal</u>.

18                        **Conclusion**

19       The majority of **Plaintiffs' complaint** fails to present any tenable claims. The Court finds

20  the claims for: (1) quiet title; (2) injunctive relief; (3) breach of contract; (4) unenforceability of

21  the deed of trust based on unconscionability; and (5) criminal profiteering are all waived. The

22  Court DISMISSES all of the waived claims with prejudice as to all Defendants. The DTA

23  claims against all defendants except Chicago and NTS are also DISMISSED with prejudice. The

24

ORDER GRANTING MOTION TO DISMISS- 11

1    Court also DISMISSES the CPA claims against MERS, Chase, JPMorgan, and Freddie Mac

2    without prejudice.  The Court does not rule on whether the CPA claims against the other

3    defendants who joined in the motion are adequately pleaded.

4        The clerk is ordered to provide copies of this order to all counsel.

5        Dated this 16th day of April, 2012.

6

7

8                                    Marsha J. Pechman

9                                    United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

APPENDIX II

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TRAVIS MICKELSON and DANIELLE
H. MICKELSON,

                    Plaintiffs,

      v.

CHASE HOME FINANCE LLC, et al.,

                Defendants.

CASE NO. C11-1445 MJP

MINUTE ORDER

     The following Minute Order is made by direction of the Court, the Honorable Marsha J.

Pechman, United States District Judge:

     The Court has reviewed Plaintiffs' motion for reconsideration. (Dkt. No. 59.) The Court

invites Defendants to file a single responsive brief of no more than 6 pages by no later than

Monday, April 30, 2012. No reply brief will be permitted unless by further order of the Court.

\\

\\

\\

MINUTE ORDER- 1

1     The clerk is ordered to provide copies of this order to all counsel.

2     Filed this 25th day of April, 2012.

3

4                             William M. McCool
                                 Clerk of Court

5

6                             s/Mary Duett
                                 Deputy Clerk

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

APPENDIX III

1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10   TRAVIS MICKELSON and DANIELLE          CASE NO. C11-1445 MJP
     H. MICKELSON,

11                                          ORDER DENYING MOTION FOR
                  Plaintiffs,               RECONSIDERATION

12
            v.

13
     CHASE HOME FINANCE LLC, et al.,

14
                  Defendants.

15

16

17           This matter comes before the Court on Plaintiffs' motion for reconsideration of the

     Court's order granting Defendants' motion to dismiss, docket number 58.  (Dkt. No. 59.)  Having

18
     reviewed the motion, response (Dkt. No. 61), and all related papers, the Court DENIES the

19
     motion.  The Court has also reviewed the unauthorized reply (Dkt. No. 62), the surreply (Dkt.

20
     No. 63), and the declaration of Chess Tachiki (Dkt. No. 63).  The Court STRIKES the

21
     unauthorized reply.

22
             Motions for reconsideration are disfavored in this District.  Local Rule CR 7(h)(1).  "The

23
     court will ordinarily deny such motions in the absence of a showing of manifest error in the prior

24

ORDER DENYING MOTION FOR
RECONSIDERATION- 1

1   ruling or a showing of new facts or legal authority which could not have been brought to its

2   attention earlier with reasonable diligence." Id.   Plaintiffs argue the Court committed manifest

3   error by dismissing their "credit bid claim" linked to their quiet title claim asserted against

4   Freddie Mac. (Dkt. No. 59 at 3.)

5          The Court does not find any manifest error in its decision as to Plaintiffs' quiet title claim

6   premised on the credit bid claim.  Plaintiffs contend Freddie Mac and the trustee on their deed of

7   trust violated the Deed of Trust Act by permitting Freddie Mac to make a credit bid at the

8   nonjudicial foreclosure of Plaintiffs' home.  They assert that only Chase was allowed to make a

9   credit bid because it was the statutory beneficiary and that Freddie Mac was not.  Plaintiffs are

10  correct the Deed of Trust Act permits only the beneficiary to make a credit bid.  RCW

11  61.24.070(2).  However, in order to state a claim of quiet title to void the sale of their home,

12  Plaintiffs must show not only that there was not strict compliance with the Deed of Trust Act, but

13  that they suffered prejudice.  Amresco Independence Funding, Inc. v. SPS Props., LLC, 129 Wn.

14  App. 532, 537 (2005).  Here, even if Freddie Mac was improperly allowed to purchase Plaintiffs'

15  home via credit bid at the trustee's sale (a point Defendants contest), Plaintiffs have not alleged

16  any prejudice arising out of this arrangement.  Plaintiffs have not shown any facts warranting

17  reconsideration and their invocation of future changes in Washington law is irrelevant.

18         The Court DENIES the motion for reconsideration, which contains no showing of

19  manifest error or any other basis for reconsideration.

20         The Court also STRIKES the unauthorized reply brief Plaintiffs submitted.  As

21  Defendants properly point out, the Local Rules give the Court discretion to permit a reply on a

22  motion for reconsideration, and the Court expressly barred Plaintiffs from filing a reply unless by

23  further Court order.  Local Rule CR 7(h)(3); (Dkt. No. 60).  Plaintiffs violated that order by

24

ORDER DENYING MOTION FOR
RECONSIDERATION- 2

1   filing a reply.  Regardless of what Plaintiffs labeled their brief, it was indeed a reply, barred by

2   the Court's order.  Further, it is also not the province of the Court's case administrator to

3   authorize the filing of a reply brief.  Case administrators may answer technical questions about

4   how to label filings, but they do not direct parties to file any particular documents or provide

5   authorization to do so.  The technical advice as to how to file a CM/ECF document does not

6   substitute for a lawyer's reading of the rules to determine whether a response, however labeled,

7   is called for.  The Court finds the reply unauthorized and in violation of the Court's previous

8   order.  The Court STRIKES the reply (Dkt. No. 62) and does not consider it in reaching its

9   decision.

10          The clerk is ordered to provide copies of this order to all counsel.

11          Dated this 7th day of May, 2012.

12

13

14                                          Marsha J. Pechman

15                                          United States District Judge

16

17

18

19

20

21

22

23

24