1                                                       The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVIS MICKELSON, DANIELLE H. MICKELSON, and the marital community, <br><br> Plaintiffs, <br><br> v. <br><br> CHASE HOME FINANCE, LLC, et al., <br><br> Defendants. | No. C11-01445 MJP <br><br> JPMORGAN CHASE BANK, CHASE HOME FINANCE, AND MERS'S MOTION FOR SUMMARY JUDGMENT ON REMAINING CLAIM <br><br> **Noted for Consideration:** <br> **June 22, 2012** |

CHASE AND MERS'S MOT. FOR SUMM. J.
ON REMAINING CLAIM (C11-01445 MJP)
DWT 19645323v2 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

# TABLE OF CONTENTS

I. INTRODUCTION AND SUMMARY OF ARGUMENT ................................................. 1

II. STATEMENT OF RELEVANT FACTS ........................................................................ 2

    A. Plaintiffs' Note and Deed of Trust. ....................................................................... 2

    B. Chase's Interest in the Note, Plaintiffs' Default, and Foreclosure. ........................ 2

    C. Procedural History. ................................................................................................ 3

    D. Plaintiffs' FDCPA Allegations. .............................................................................. 3

III. ARGUMENT .................................................................................................................... 4

    A. Standard of Review. ............................................................................................... 4

    B. Plaintiffs' FDCPA Claim Fails as a Matter of Law. .............................................. 4

        1. MERS Did Not Attempt to Collect a Debt or Foreclose. ............................... 5

        2. Chase Is Not Debt a Collector Under the FDCPA. ........................................ 6

        3. Defendants Did Not Engage in Abusive or Unfair Methods. ......................... 9

IV. CONCLUSION ............................................................................................................... 11

CHASE AND MERS'S MOT. FOR SUMM. J.
ON REMAINING CLAIM (C11-01445 MJP) — i
DWT 19645323v2 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Allen v. United Fin. Mortg. Corp.*,
 2010 WL 1135787 (N.D. Cal. 2010) ................................................................................... 7

*Amador v. Cent. Mortg. Co.*,
 2012 WL 405175 (W.D. Wash. 2012) ...................................................................... 1, 9, 10

*Angulo v. Countrywide Home Loans*,
 2009 WL 3427179 (E.D. Cal. 20009) ................................................................................. 8

*Armacost v. HSBC Bank USA*,
 2011 WL 825151 (D. Idaho 2011) ................................................................................ 9, 10

*Bailey v. Security Nat'l Serv. Corp.*,
 154 F.3d 384 (7th Cir. 1988) .............................................................................................. 7

*In re Brazier Forest Prod. Inc.*,
 921 F.2d 221 (9th Cir. 1990) .............................................................................................. 4

*Brooks v. Citibank NA*,
 345 Fed. Appx. 260 (9th Cir. 2009) ................................................................................... 8

*Celotex Corp. v. Catrett*,
 477 U.S. 317 (1986) ........................................................................................................... 4

*Cervantes v. Countrywide Home Loans, Inc.*,
 656 F.3d 1034 (9th Cir. 2011) ............................................................................................ 5

*Corales v. Flagstar Bank, FSB*,
 822 F. Supp. 2d 1102 (W.D. Wash. 2011) ......................................................................... 7

*De Dios v. Int'l Realty & Invs.*,
 641 F.3d 1071 (9th Cir. 2011) .................................................................................... 1, 6, 7

*Fong v. Prof'l Foreclosure Corp.*,
 2005 WL 3134059 (W.D. Wash. 2005) ............................................................................. 8

*Franceschi v. Mautner-Glick Corp.*,
 22 F. Supp. 2d 250 (S.D.N.Y. 1998) .................................................................................. 7

*Gentsch v. Ownit Mortg. Solutions*,
 2009 WL 1390843 (E.D. Cal. 2009) .................................................................................. 8

*In re Hale*,
 359 B.R. 310 (Bankr. E.D. Wash. 2007) ............................................................................ 8

CHASE AND MERS'S MOT. FOR SUMM. J.
ON REMAINING CLAIM (C11-01445 MJP) — ii
DWT 19645323v2 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

*Hulse v. Ocwen Fed. Bank, FSB*,
    195 F. Supp. 2d 1188 (D. Or. 2002) ..................................................................................8

*Jara v. Aurora Loan Servs., LLC*,
    2011 WL 6217308 (N.D. Cal. 2011) ............................................................................9, 10

*Kaiser Cement Corp. v. Fischbach & Moore, Inc.*,
    793 F.2d 1100 (9th Cir. 1986) ..........................................................................................4

*Lal v. Am. Home Serv.*,
    680 F. Supp. 2d 1218 (E.D. Cal. 2010) ............................................................................8

*Lamb v. Mortg. Elec. Registration Sys., Inc.*,
    2011 WL 5827813 (W.D. Wash. 2011) ...........................................................................8

*Lujan v. Nat'l Wildlife Fed'n*,
    497 U.S. 871 (1990) .........................................................................................................4

*Magnum v. Action Collection Serv., Inc.*,
    575 F.3d 935 (9th Cir. 2009) ............................................................................................6

*Miller v. Nw. Tr. Servs., Inc.*,
    2005 WL 1711131 (E.D. Wash. 2005) .............................................................................8

*Nera v. Am. Home Mortg. Serv.*,
    2009 WL 2423109 (N.D. Cal. 2009) ................................................................................8

*Perry v. Stewart Title Co.*,
    756 F.2d 1197 (5th Cir. 1985), *mod. on other grounds*, 761 F.2d 237 (5th Cir. 1985) ............8

*Pineda v. Saxon Mortg. Servs.*,
    2008 WL 5187813 (C.D. Cal. 2008) ................................................................................8

*T.W. Elect. Serv. v. Pac. Elec. Contractors Assoc.*,
    809 F.2d 626 (9th Cir. 1987) ............................................................................................4

*Valle v. JPMorgan Chase Bank, N.A.*,
    2012 WL 1205635 (S.D. Cal. 2012) .................................................................................8

**OTHER CASES**

*Fluke Cap. & Mgmt. Servs. v. Richmond*,
    106 Wn.2d 614 (1986) ......................................................................................................9

**FEDERAL STATUTES**

15 U.S.C. § 1692 *et seq.* ...........................................................................................................1

15 U.S.C. § 1692a(6)(F)(iii) ...........................................................................................6, 7, 9

CHASE AND MERS'S MOT. FOR SUMM. J.
ON REMAINING CLAIM (C11-01445 MJP) — iii
DWT 19645323v2 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

15 U.S.C. § 1692d ....................................................................................................... 1, 9, 10

15 U.S.C. § 1692d ........................................................................................................... 1, 10

15 U.S.C. § 1692e ........................................................................................................... 1, 10

15 U.S.C. § 1692f .............................................................................................. 1, 4, 5, 6, 9, 10

15 U.S.C. § 1692f(6) ............................................................................................................. 9

15 U.S.C. § 1692f(6)(A) ....................................................................................................... 9

**STATE STATUTE**

RCW 61.24.100(1) ................................................................................................................ 8

**RULES**

Rule 56(c) ......................................................................................................................... 4, 11

CHASE AND MERS'S MOT. FOR SUMM. J.
ON REMAINING CLAIM (C11-01445 MJP) — iv
DWT 19645323v2 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

### I.   INTRODUCTION AND SUMMARY OF ARGUMENT

The Court dismissed all claims Plaintiffs asserted against defendants JPMorgan Chase Bank, N.A., Chase Home Finance, LLC, Federal Home Loan Mortgage Corporation, and MERS (collectively, "Defendants"), except Plaintiffs' Fair Debt Collection Practices Act ("FDCPA") claim, which Defendants did not include in their motion to dismiss.  Order Granting Mot. to Dismiss [Dkt. 58]; Order Denying Mot. for Reconsideration [Dkt. 66].[1]  Chase and MERS now seek summary judgment on Plaintiffs' FDCPA claim, 15 U.S.C. § 1692 *et seq.*  (Plaintiffs do not allege FDCPA claims against Federal Home Loan Mortgage Corporation.) Plaintiffs premise this claim on two primary theories:  (1) although Plaintiffs admit they owed a debt under their Adjustable Rate Note, they claim Chase acted abusively, unfairly, or deceptively by nonjudicially foreclosing because they dispute that Chase held their Note (and thus had authority to foreclose), Amend. Compl. ¶¶ 12.2, 12.4, 12.6-12.10 [Dkt. 29]; and (2) Plaintiffs allege that Chase acted abusively, unfairly, or deceptively by not stopping nonjudicial foreclosure proceedings when Plaintiffs applied for but did not timely consummate a loan modification, *id.* ¶ 12.4-12.5, 12.6, 12.8.  The Court should grant Defendants' motion for at least four reasons:

*First*, Plaintiffs cannot assert an FDCPA claim against MERS because MERS did not seek to collect any debt or to foreclose on Plaintiffs' Deed of Trust.

*Second*, Chase does not constitute a "debt collector" under the FDCPA because it indisputably has held Plaintiffs' original Note (endorsed in blank) since 2006, two years before Plaintiffs admit they defaulted.  *De Dios v. Int'l Realty & Invs.*, 641 F.3d 1071, 1074-75 (9th Cir. 2011).  This, alone, requires granting summary judgment for Chase.

*Third*, this Court has held a plaintiff may only assert an FDCPA claim against mortgage servicers under 15 U.S.C. § 1692f, requiring dismissal of Plaintiffs' claims under §§ 1692d and 1692e.  *Amador v. Cent. Mortg. Co.*, 2012 WL 405175, *3 (W.D. Wash. 2012).  In any event, the Court rejected Plaintiffs' premises for their FDCPA claims, so Plaintiffs cannot establish that Defendants acted abusively, unfairly or deceptively.  *See* 15 U.S.C. §§ 1692d-1692f.

---

[1] Because Chase Home Finance, LLC, merged into JPMorgan Chase Bank effective May 2011, Defendants use "Chase" to refer to both JPMorgan Chase Bank and Chase Home Finance.

CHASE AND MERS'S MOT. FOR SUMM. J.
ON REMAINING CLAIM (C11-01445 MJP) — 1
DWT 19645323v2 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

## II.     STATEMENT OF RELEVANT FACTS

The Court is familiar with the facts of this case.  Defendants therefore briefly address only those facts relevant to Plaintiffs' FDCPA claim.

### A.     Plaintiffs' Note and Deed of Trust.

On November 22, 2005, Plaintiffs obtained a loan from MHL Funding Corporation to refinance their home on Camano Island.  Amend. Compl. ¶¶ 3.3, 3.2.58; Order Granting Mot. to Dismiss, at 2.  Plaintiffs admit they signed an Adjustable Rate Note evidencing their debt, and a Deed of Trust, securing the Note.  Amend. Compl. ¶¶ 3.3, 3.6 & Exs. A-B [Dkt. 29-1].

Under their Note, Plaintiffs promised to "pay principal and interest by making a payment every month," and to do so until [they had] paid all of the principal and interest and any other charges … that [they] may owe[d] under this Note."  Amend. Compl., Ex. A; Partial Mot. to Dismiss, Ex. A [Dkts. 43-1 to 43-3].  Plaintiffs also agreed that "[i]f [they did] not pay the full amount of each monthly payment on the date it [was] due, [they would] be in default."  Amend. Compl., Ex. A, at 3; Partial Mot. to Dismiss, Ex. A, at 3.  MHL Funding endorsed the Note in blank, making it payable to bearer.  *See* Amend. Compl. ¶ 2.11; Partial Mot. to Dismiss, Ex. A, at 4; Order Granting Mot. to Dismiss, at 8.

Similar to the agreements Plaintiffs made under their Note, they also agreed under their Deed of Trust that they had "promised to pay [the] debt" evidenced in the Note, and that "[i]f [they] [did] not pay the full amount of each monthly payment on the date it [was] due, [they would] be in default."  Amend. Compl., Ex. B, at 3.

### B.     Chase's Interest in the Note, Plaintiffs' Default, and Foreclosure.

Chase's business records reflect that Chase Home Finance received the original Adjustable Rate Note that Plaintiffs executed and that MHL Funding endorsed in blank on June 26, 2006.  Reardon Decl. ¶ 2.  Chase has held the Note continuously from that date until October 2011, when it delivered the Note to Davis Wright Tremaine LLP, in connection with Plaintiffs' lawsuit.  *Id.*

Plaintiffs admit that by August 2008, they had defaulted under their Note and Deed of Trust.  Amend. Compl. ¶ 3.23 & Ex. F (Notice of Foreclosure, Notice of Default, and Notice of Trustee's Sale) [Dkt. 29-1]; Order Granting Mot. to Dismiss, at 2; *see also* Reardon Decl. ¶ 3.

CHASE AND MERS'S MOT. FOR SUMM. J.
ON REMAINING CLAIM (C11-01445 MJP) — 2
DWT 19645323v2 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

Because Plaintiffs defaulted and failed to cure their default, Chase initiated nonjudicial foreclosure proceedings. *See* Partial Mot. to Dismiss, at 4-6. As the Deed of Trust beneficiary, Chase (not MERS) engaged Northwest Trustee Services ("NWT") to act as Chase's "agent" and to deliver a Notice of Default to Plaintiffs. *Id.* at 4. And as Deed of Trust beneficiary, Chase (not MERS) appointed NWT as the successor trustee. *Id.* Endeavoring to help Plaintiffs, Chase postponed the nonjudicial foreclosure sale for two years before NWT finally sold Plaintiffs' property on March 25, 2011. *Id.* at 5-6. In the meantime, Plaintiffs applied for loan modification and Chase offered one, but Plaintiffs did not timely complete the loan modification paperwork. *Id.* at 6-7. Plaintiffs failed to timely complete these requirements even though Chase informed them that failure to do so would result in Chase canceling modification and resuming foreclosure efforts. Order Granting Mot. to Dismiss at 2-3; Partial Mot. to Dismiss, Exs. E-H [Dkt. 43-4].

### C. Procedural History.

Defendants Chase, MERS, and Freddie Mac filed a partial motion to dismiss, asking the Court to dismiss Plaintiffs' quiet title, injunctive and declaratory relief, Criminal Profiteering Act, unconscionability, breach of contract, Deed of Trust Act, and Consumer Protection Act claims. [Dkt. 43]. The Court granted Defendants' motion in full. Order Granting Mot. to Dismiss [Dkt. 58]. Among other things, the Court found Chase and MERS did not act unfairly or deceptively when Chase initiated nonjudicial foreclosure because Chase showed it had authority to foreclose "by virtue of holding the note that was indorsed in blank." *Id.* at 8. The Court also concluded that Chase did not act unfairly or deceptively when it foreclosed because although Plaintiffs had applied for loan modification, Chase (1) disclosed it would not stop foreclosure proceedings "until Plaintiffs made payments towards modification and submitted the loan modification agreement in a timely manner," and (2) informed Plaintiffs its loan modification offer "was conditional" on Plaintiffs fulfilling their obligations under the loan modification paperwork. *Id.* at 10.

### D. Plaintiffs' FDCPA Allegations.

Plaintiffs admit "they owe a debt" to the owner of the Note, but dispute that Defendants hold the original Note. Amend. Compl. ¶¶ 12.2, 12.7-12.10. Thus, Plaintiffs claim Chase

CHASE AND MERS'S MOT. FOR SUMM. J.
ON REMAINING CLAIM (C11-01445 MJP) — 3
DWT 19645323v2 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1  (through NWT) foreclosed on Plaintiffs' property "based solely on the ownership of just the Deed
2  of Trust," not the Note.  *Id.* ¶ 12.10.  Plaintiffs also claim Chase wrongfully pursued nonjudicial
3  foreclosure "while at the same time offering to modify the deed of trust."  *Id.* ¶ 12.5.  Based on
4  these allegations, Plaintiffs contend Chase and MERS acted abusively, unfairly, and deceptively
5  in collecting a debt, thereby violating the FDCPA.  *Id.*¶¶ 12.1-12.11 (citing 15 U.S.C. § 1692d-f).

### III.   ARGUMENT

#### A.   Standard of Review.

"Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Once the moving party has shown the absence of a disputed issue of fact, the court must grant it summary judgment if the non-moving party fails to present by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing" a genuine issue of fact exists.  *Id*. at 324.  Indeed, "the moving party may simply point to the absence of evidence to support the nonmoving party's case."  *In re Brazier Forest Prod. Inc.*, 921 F.2d 221, 223 (9th Cir. 1990).  The non-movant may not rest on the allegations of the pleadings, but ***must produce specific facts showing a genuine issue***.  *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103-04 (9th Cir. 1986).  Nor can the non-movant merely state that he will discredit his opponent's evidence at trial.  *T.W. Elect. Serv. v. Pac. Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).  Conclusory statements, speculation, personal beliefs, and unsupported assertions cannot withstand a summary judgment motion, and the court will not "presume[]" "missing facts."  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

#### B.   Plaintiffs' FDCPA Claim Fails as a Matter of Law.

The FDCPA bars "debt collector[s]" from (1) engaging in conduct "the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt"; (2) "us[ing] any false, deceptive, or misleading representation or means in connection

CHASE AND MERS'S MOT. FOR SUMM. J.
ON REMAINING CLAIM (C11-01445 MJP) — 4
DWT 19645323v2 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

with the collection of any debt"; or (3) "us[ing] unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692d-f. The Act defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Id.* § 1692a(6).

### 1.     MERS Did Not Attempt to Collect a Debt or Foreclose.

As a threshold matter, the Court should grant summary judgment on Plaintiffs' FDCPA claim against MERS because Plaintiffs do not and cannot allege that MERS attempted to collect a debt or to foreclose. Plaintiffs admit Chase appointed NWT as successor trustee to begin foreclosure proceedings. Amend. Compl. ¶ 3.17 & Ex. E [Dkt. 29-1]. Plaintiffs allege other defendants, but not MERS, sent Plaintiffs foreclosure letters and notices of default, foreclosure, and of trustee's sale. *See, e.g.*, Amend. Compl. ¶ 3.23 (alleging Routh Crabtree sent Plaintiffs a foreclosure letter and NWT sent Plaintiffs the notices) & Ex. F (notices sent by NWT); *see also id.* ¶¶ 3.26 & Ex. G (notices sent by NWT renewing nonjudicial foreclosure after postponement). And Plaintiffs allege NWT "conducted the trustee's sale." *Id.* ¶ 3.28; *see also* Amend. Compl., Ex. T (Trustee's Deed). In pleading their FDCPA claim, Plaintiffs do not allege MERS sought to collect a debt or to foreclose. *See id.* ¶¶ 12.1-12.11.

Nor could they. As Plaintiffs admit, MERS took one action—it executed an Assignment of Deed of Trust assigning any remaining beneficial interest it had under the Deed of Trust to Chase. Amend. Compl. ¶ 3.18 & Ex. D [Dkt. 29-1]. But the Court has already held that MERS's act of assigning any remaining interest it had under the Deed of Trust to Chase did not constitute an unfair or deceptive act. Order Granting Mot. to Dismiss, at 7-8 (citing *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041-42 (9th Cir. 2011)). In so holding, the Court correctly reasoned that the Deed of Trust disclosed MERS's status as the beneficiary, and Plaintiffs failed to identify any provision of the Deed of Trust Act precluding MERS from serving as both nominee and beneficiary. *Id.* at 7.

CHASE AND MERS'S MOT. FOR SUMM. J.
ON REMAINING CLAIM (C11-01445 MJP) — 5
DWT 19645323v2 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

Because Plaintiffs do not and cannot allege MERS attempted to collect a debt or to foreclose (let alone present evidence establishing an issue of fact), and because the FDCPA only applies to conduct in connection with collecting a debt or in attempting to collect a debt, Plaintiffs cannot pursue an FDCPA claim against MERS. *See, e.g.*, *Magnum v. Action Collection Serv., Inc.*, 575 F.3d 935, 942 (9th Cir. 2009) (holding "no statutory basis upon which to found a claim against [a defendant]" under the FDCPA existed where that defendant "was not even attempting to collect a debt"; affirming summary judgment on FDCPA to that defendant); *see also* 15 U.S.C. § 1692d-f (prohibiting conduct only "in connection with the collection of any debt" or collecting or attempting to collect a debt).

### 2. Chase Is Not Debt a Collector Under the FDCPA.

The FDCPA excludes from its definition of a "debt collector" "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity … (iii) concerns a debt which was ***not in default at the time it was obtained*** by such person." 15 U.S.C. § 1692a(6)(F)(iii) (emphasis added). As a result, the Ninth Circuit recently held that a defendant who acquired the debt ***before*** it went into default cannot constitute a "debt collector" under the FDCPA. *De Dios*, 641 F.3d at 1074-75.

In *De Dios v. International Realty Investments*, plaintiff, a tenant, stopped making his rent payments when the landlord increased the rent. 641 F.3d at 1073. Subsequently, in February 2006, the property went into receivership and defendant became a court-appointed receiver, tasked with managing the property. *Id.* at 1073-74. In June 2006, defendant and the property owner agreed defendant would continue to manage the property. *Id.* at 1073. Meanwhile, in 2006 plaintiff and other tenants that had sued the property owner over the rent disputes entered a stipulated forbearance, under which plaintiff did not have to pay the increased rent pending resolution of the claims. *Id.* On July 1, 2007, the court struck plaintiff's rent claims and the parties negotiated a rent increase. *Id.* at 1073-74. Following those events, defendant sent plaintiff a letter seeking the accrued rent during the forbearance period. Plaintiff sued for FDCPA violations. On appeal, the Ninth Circuit affirmed the district court's grant of summary judgment

CHASE AND MERS'S MOT. FOR SUMM. J.
ON REMAINING CLAIM (C11-01445 MJP) — 6
DWT 19645323v2 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

for defendant because plaintiff's debt was not in "default" when defendant acquired it. *Id.* at 1074-75. The Court so concluded because defendant acquired the debt in February 2006, when it became the receiver, but plaintiff's debt did not go into "default" until the court struck her rent claims in July 2007. *Id.* at 1074-75. Thus, the Court found defendant "exempt from the definition of a 'debt collector' under § 1692a(6)(F)(iii)." *Id.* at 1075.[2]

Like the defendant in *De Dios*, no issue of fact exists that Chase acquired Plaintiffs' debt before Plaintiffs defaulted on their obligation; thus, the FDCPA exempts Chase from its definition of a debt collector. Plaintiffs obtained their loan from MHL Funding Corporation in 2005. Amend. Compl. ¶¶ 3.3, 3.2.58; Order Granting Mot. to Dismiss, at 2. Chase acquired the original Note evidencing Plaintiffs' loan on June 26, 2006. Reardon Decl. ¶ 2. Chase held the original Note continuously until October 2011, when (after the nonjudicial foreclosure had occurred) it sent the Note to Davis Wright Tremaine LLP in connection with Plaintiffs' lawsuit. *Id.* Plaintiffs admit and Chase's business records show that Plaintiffs stopped making their loan payments in 2008. *Id.* ¶ 3; Amend. Compl. ¶ 3.23 & Ex. F (Notice of Foreclosure, Notice of Default, and Notice of Trustee's Sale) [Dkt. 29-1]; Order Granting Mot. to Dismiss, at 2. Under Plaintiffs' Note and Deed of Trust, Plaintiffs' failure to make their loan payments when due constituted default. *See* Amend. Compl., Exs. A-B; Partial Mot. to Dismiss, Ex. A. Therefore, Chase acquired Plaintiffs' debt some two years ***before*** Plaintiffs defaulted on that debt. As a result, the FDCPA expressly excludes Chase from its definition of a "debt collector," and the Court should grant Chase's motion for summary judgment, dismissing this claim. 15 U.S.C. § 1692a(6)(F)(iii); *De Dios*, 641 F.3d at 1074-75; *see also Corales v. Flagstar Bank, FSB*, 822 F. Supp. 2d 1102, 1112 (W.D. Wash. 2011) ("Plaintiffs cannot state a plausible claim under the FDCPA because the FDCPA does not apply to lenders acquiring debt before default.") (citing *De Dios*, 641 F.3d at 1074); *Allen v. United Fin. Mortg. Corp.*, 2010 WL 1135787, *6 n.7 (N.D. Cal. 2010) (mortgage servicer assigned debt before it went into default not a debt collector under the FDCPA).

---

[2] Courts from other jurisdictions have held likewise. *See, e.g.*, *Bailey v. Security Nat'l Serv. Corp.*, 154 F.3d 384, 387-88 (7th Cir. 1988); *Franceschi v. Mautner-Glick Corp.*, 22 F. Supp. 2d 250, 253 (S.D.N.Y. 1998).

CHASE AND MERS'S MOT. FOR SUMM. J.
ON REMAINING CLAIM (C11-01445 MJP) — 7
DWT 19645323v2 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

Chase also does not meet the FDCPA's definition of "debt collector" for two additional reasons. First, courts have recognized that "[t]he legislative history of [the FDCPA] indicates conclusively that a debt collector does ***not include*** the consumer's creditors." *Gentsch v. Ownit Mortg. Solutions*, 2009 WL 1390843, *7 (E.D. Cal. 2009) (citing *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985), *mod. on other grounds*, 761 F.2d 237 (5th Cir. 1985)) (emphasis added); *see also Brooks v. Citibank NA*, 345 Fed. Appx. 260, 262 (9th Cir. 2009) (same). Indeed, many courts have held the "law is well settled" that the FDCPA's definition of debt collector "does not include the consumer's creditors, a mortgage ***servicing*** company, or any assignee of the debt." *Lal v. Am. Home Serv.*, 680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010) (emphasis added) (citing *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir.1985) (citing S. Rep. No. 95-382, 95th Cong., 1st Sess. 3 U.S. Code Cong. & Admin. News 1977, p. 1695)); *see also Lamb v. Mortg. Elec. Registration Sys., Inc.*, 2011 WL 5827813, *5 (W.D. Wash. 2011) (same; granting motion to dismiss FDCPA claim); *Valle v. JPMorgan Chase Bank, N.A.*, 2012 WL 1205635, *8 (S.D. Cal. 2012) ("Chase is not a 'debt collector' under the meaning of the [FDCPA], because Chase is a loan servicer."; granting motion to dismiss complaint).[3]

Second, although the Ninth Circuit has not ruled on whether the FDCPA encompasses nonjudicial foreclosures, several district courts in the Ninth Circuit have concluded that lenders engaging in foreclosure are not "debt collectors" because they do not seek to collect money; instead, they seek to enforce a secured interest (the Deed of Trust) to gain property. *See, e.g.*, *Miller v. Nw. Tr. Servs., Inc.*, 2005 WL 1711131, *3 (E.D. Wash. 2005) (citing *Hulse v. Ocwen Fed. Bank, FSB,* 195 F. Supp. 2d 1188, 1204 (D. Or. 2002)); *Fong v. Prof'l Foreclosure Corp.*, 2005 WL 3134059, *2 (W.D. Wash. 2005). Indeed, Washington law bars deficiency judgments against borrowers after nonjudicial foreclosure. *See* RCW 61.24.100(1); *In re Hale*, 359 B.R. 310, 319 (Bankr. E.D. Wash. 2007) ("When [the creditor] elected to foreclose non-judicially, it also elected to waive any right to collect a deficiency from the debtors should the value of the

---

[3] *See Angulo v. Countrywide Home Loans*, 2009 WL 3427179, *5 (E.D. Cal. 20009); *Nera v. Am. Home Mortg. Serv.*, 2009 WL 2423109, *4 (N.D. Cal. 2009); *Pineda v. Saxon Mortg. Servs.*, 2008 WL 5187813, *3 (C.D. Cal. 2008).

CHASE AND MERS'S MOT. FOR SUMM. J.
ON REMAINING CLAIM (C11-01445 MJP) — 8
DWT 19645323v2 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1  property be less than the obligation."); *Fluke Cap. & Mgmt. Servs. v. Richmond*, 106 Wn.2d 614,
2  624 (1986) (the "remedies of a creditor who chooses nonjudicial procedures are limited to
3  foreclosure alone").  By forgoing any attempt to collect the in personam right (money) and
4  electing to proceed solely on the in rem right (the property) with no ability to recover any shortfall
5  from the sale, Chase eschewed debt collection altogether.

6  Because Chase was Plaintiffs' mortgage servicer and it nonjudicially foreclosed, it does
7  not constitute a "debt collector" under these additional authorities.  But because 15 U.S.C.
8  § 1692a(6)(F)(iii) disposes of Plaintiffs' FDCPA claim against Chase, the Court need not reach
9  these additional grounds.

### 3.  Defendants Did Not Engage in Abusive or Unfair Methods.

11  Plaintiffs purport to assert an FDCPA claim against Defendants under 15 U.S.C. §§ 1692d
12  (conduct that harasses or abuses any person "in connection with the collection of a debt"), 1692e
13  (using false, deceptive, or misleading representation or means "in connection with the collection
14  of any debt"), and 1962f (using "unfair or unconscionable means to collect or attempt to collect
15  any debt").  Amend. Compl. ¶¶ 12.4, 12.6, 12.8.

16  This Court, however, has concluded that to the extent a plaintiff may assert an FDCPA
17  claim against a mortgage servicer, like Chase, plaintiff can only do so under 15 U.S.C. § 1692f.
18  *See Amador*, 2012 WL 405175, *2 (citing *Jara v. Aurora Loan Servs., LLC*, 2011 WL 6217308,
19  *5 (N.D. Cal. 2011) (plaintiff may only assert FDCPA claim against mortgage servicer under §
20  1692f(6); plaintiff's FDCPA claim against mortgage servicer under § 1692g therefore dismissed
21  with prejudice); *Armacost v. HSBC Bank USA*, 2011 WL 825151, *6 (D. Idaho 2011) (same;
22  granting motion to dismiss all FDCPA claims asserted under any provision other than § 1692f(6)).
23  Courts have reached this conclusion because while a nonjudicial foreclosure does not involve an
24  attempt to seek repayment of a debt, 15 U.S.C. § 1692f(6) prohibits, among other things, "taking
25  or threatening to take any nonjudicial action to effect dispossession or disablement of property if
26  (A) there is no present right to possession of the property claimed as collateral through an
27  enforceable security interest."  15 U.S.C. § 1692f(6)(A); *see Jara*, 2011 WL 6217308, *5;

CHASE AND MERS'S MOT. FOR SUMM. J.
ON REMAINING CLAIM (C11-01445 MJP) — 9
DWT 19645323v2 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

*Armacost*, 2011 WL 825151, *6. Although Defendants respectfully believe the FDCPA does not reach lenders engaged in nonjudicial foreclosure activity, at a minimum the Court should dismiss Plaintiffs' FDCPA claims under 15 U.S.C. §§ 1692d and 1692e as unviable. *See Amador*, 2012 WL 405175, *2; *Jara*, 2011 WL 6217308, *5; *Armacost*, 2011 WL 825151, *6.

In any event, Plaintiffs' FDCPA claims fail because Plaintiffs admit they defaulted under the terms of their loan, and Chase has conclusively established that it held the Note, endorsed in blank, authorizing it to initiate foreclosure. *See* Amend. Compl. ¶¶ 3.22-3.23, 12.2; Order Granting Mot. to Dismiss, at 2:20-21, 8:12-18 (citing RCW 61.24.005(2) (note holder is beneficiary with right the right to initiate foreclosure); RCW 62A.3-205 (note holder includes any party who possesses note endorsed in blank); RCW 62A.3-301 ("[p]erson entitled to enforce" note includes note holder)); Partial Mot. to Dismiss, Ex. A. This means Plaintiffs cannot show Chase deceptively represented a right to foreclose, or took or threatened to take any nonjudicial action without a present right to possession through an enforceable security interest. 15 U.S.C. §§ 1692e-f. And Plaintiffs do not, because they cannot, allege any facts supporting their assertion that Chase or MERS "use[d] or threat[ened] use of violence or other criminal means to harm" them. Amend. Compl. ¶ 12.4 (quoting 15 U.S.C. § 1692d). Because Plaintiffs premise their FDCPA arguments on their theory that Chase did not possess the original Note, and because Chase has established it did possess the Note, Plaintiffs' FDCPA claims against Defendants fail. *See* Amend. Compl. ¶¶ 12.2, 12.5, 12.7, 12.10. That Chase indisputably held the original Note, endorsed in blank, authorizing it to enforce the Deed of Trust also disposes of Plaintiffs' vague assertion that "Defendants violated [the FDCPA] by imposing fees authorized by the Deed of Trust, when the Deed of Trust agreement was unenforceable because of the absence of the negotiable instrument which it was originally intended to secure." *Id.* ¶ 12.9.

To the extent Plaintiffs base their apparent FDCPA claim against MERS on their theory that MERS cannot serve as both beneficiary and nominee under the Deed of Trust, that theory also fails to establish abusive, deceptive, or unfair conduct. The Court has already rejected these theories, as a matter of law. *See* Order Granting Mot. to Dismiss at 7-8.
CHASE AND MERS'S MOT. FOR SUMM. J.
ON REMAINING CLAIM (C11-01445 MJP) — 10
DWT 19645323v2 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

Nor does Plaintiffs' assertion that Chase violated the FDCPA by initiating foreclosure—despite the fact Plaintiffs had applied for (but did not timely consummate) loan modification—save Plaintiffs' FDCPA claim.  *See* Amend. Compl. ¶ 12.5.  The Court concluded that Chase did not engage in deceptive or unfair conduct when it initiated foreclosure after Plaintiffs applied for a loan modification because it informed Plaintiffs it would not halt foreclosure "until Plaintiffs made payments towards modification and submitted the loan modification agreement in a timely manner."  Order Granting Mot. to Dismiss, at 8-10.  And the Court found Chase did not deceptively or unfairly promise a loan modification because "the letters Chase actually sent showed that the offer was conditional."  *Id.* at 10.  Because the Court has already found Chase did not act unfairly or deceptively in initiating foreclosure even though Plaintiffs had applied for a loan modification, Plaintiffs cannot establish abusive, deceptive, or unfair conduct on Chase's part under the FDCPA, and the Court should enter summary judgment in favor of Chase on this claim.

## IV.   CONCLUSION

For the foregoing reasons, Defendants Chase and MERS respectfully request that the Court grant their motion for summary judgment dismissing the FDCPA claim under Fed. R. Civ. P. 56(c).  Because entry of summary judgment on the FDCPA claim will resolve all remaining claims against Chase, MERS, and Federal Home Loan Mortgage Corporation, Defendants respectfully request that the Court enter final judgment in Defendants' favor.

DATED this 31st day of May, 2012.

> Davis Wright Tremaine LLP
> Attorneys for JPMorgan Chase Bank, N.A., MERS, and Federal Home Loan Mortgage Corporation
>
> By */s/ Fred B. Burnside*
>     Fred B. Burnside, WSBA #32491
>     Rebecca Francis, WSBA #41196
>     1201 Third Avenue, Suite 2200
>     Seattle, WA  98101-3045
>     Tel.: 206-757-8016; Fax: 206-757-7700
>     E-mail: fredburnside@dwt.com
>     E-mail: rebeccafrancis@dwt.com

CHASE AND MERS'S MOT. FOR SUMM. J.
ON REMAINING CLAIM (C11-01445 MJP) — 11
DWT 19645323v2 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on May 31, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- **Heidi E. Buck**
  hbuck@rcolegal.com,tkwong@rcolegal.com,buck4343@gmail.com
- **John S Devlin , III**
  devlinj@lanepowell.com,Docketing-SEA@LanePowell.com,burrusl@lanepowell.com
- **Scott E Stafne**
  stafnelawfirm@aol.com,wwactfilings@aol.com
- **Erin McDougal Stines**
  erin.stines@fnf.com,nancy.hunt@fnf.com,cindy.rochelle@fnf.com
- **Andrew Gordon Yates**
  yatesa@lanepowell.com,docketing-sea@lanepowell.com,strayerd@lanepowell.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:  N/A

DATED this 31st day of May, 2012.

> Davis Wright Tremaine LLP
> Attorneys for JPMorgan Chase Bank, N.A., MERS, and Federal Home Loan Mortgage Corporation
>
> By */s/ Fred B. Burnside*
>     Fred B. Burnside, WSBA #32491
>     1201 Third Avenue, Suite 2200
>     Seattle, WA 98101-3045
>     Tel.: 206-757-8016; Fax: 206-757-7700
>     E-mail: fredburnside@dwt.com

CHASE AND MERS'S MOT. FOR SUMM. J.
ON REMAINING CLAIM (C11-01445 MJP) — 12
DWT 19645323v2 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax