UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVIS MICKELSON, and DANIELLE H. MICKELSON,<br><br>Plaintiffs,<br><br>v.<br><br>CHASE HOME FINANCE LLC, et al.,<br><br>Defendants. | CASE NO. C11-1445MJP<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR CLARIFICATION |

This matter comes before the Court on Defendant Chicago Title Insurance's motion for clarification. (Dkt. No. 65.) Having reviewed the motion and all related papers, the Court GRANTS in part and DENIES in part the motion.

**Background**

In an early motion to dismiss, Chicago Title Insurance ("Chicago") sought dismissal of the breach of good faith and fair dealing claim asserted against it. (Dkt. No. 18 at 3.) It did not seek dismissal of the Consumer Protection Act ("CPA") and criminal profiteering claims asserted against it. (Id.) The Court granted the motion to dismiss as to the breach of good faith

and fair dealing claim, but did not excuse Chicago entirely from the case because it had not moved for dismissal of the CPA or criminal profiteering claims asserted against it. (Dkt. No. 35 at 4-7.)

In ruling on a second motion to dismiss filed by different defendants, the Court briefly addressed both the breach of good faith and fair dealing and CPA claims asserted against Chicago. (Dkt. No. 58.) The Court stated that because Chicago did not file anything more than a joinder, it was not possible to determine whether any claims premised on its failure to abide by the Deed of Trust Act could be dismissed. (Dkt. No. 58 at 6.) The Court also stated that it could not determine whether the CPA claims asserted against Chicago could proceed, as there were no specific arguments on this issue. (Id. at 11.) The Court lastly decided that none of the criminal profiteering act claims could proceed, as Plaintiffs waived those claims. (Id. at 5-6.)

Chicago now asks the Court to clarify its recent order to reflect that no claims remain pending against Chicago. Chicago asks the Court to find that no Deed of Trust Act claims remain and that the CPA claims cannot proceed.

**Analysis**

Chicago is only partially correct in its view of its status in this case. While the Deed of Trust Act and criminal profiteering claims against it are dismissed, the CPA claim remains pending against it.

The Court's initial order granting Chicago's motion to dismiss sufficiently dismisses the Deed of Trust Act claims against Chicago. Chicago is correct that the claims asserted against it couched as Deed of Trust Act claims are premised on a theory that it violated the duty of good faith and fair dealing. Thus, the Court's first order dismissing the breach of good faith and fair dealing claims sufficiently disposed of any Deed of Trust Ace claims asserted against Chicago.

1  The second order does not alter that outcome. The Court CLARIFIES that all Deed of Trust Act

2  claims are dismissed against Chicago. On this issue the Court GRANTS the present motion.

3       The most recent order dismissing the criminal profiteering act claims applies equally to

4  Chicago. In the Court's recent order on the latest motion to dismiss, the Court held that the

5  criminal profiteering act claims were forever waived. (Dkt. No. 58 at 5-6.) That ruling is

6  applicable to Chicago as well as all other defendants. The Court makes this clarification and

7  GRANTS the motion on this issue.

8       Chicago reaches too far in asking for dismissal of the CPA claim against it. It has not

9  formally moved for dismissal of that claim and Plaintiffs have not had an opportunity to respond

10 to a challenge to the CPA claim. Chicago's joinder in the recent motion to dismiss was not an

11 adequate basis on which the Court could analyze the CPA claim against Chicago. The Court

12 finds it improper to dismiss the CPA claim on the basis of a "motion for clarification" to which

13 Plaintiffs have not had an opportunity to respond. On this issue the Court DENIES the motion

14 for clarification.

**Conclusion**

16      The Court GRANTS in part and DENIES in part the motion. The most recent order on

17 Defendants' motion to dismiss is clarified to explain that the Deed of Trust Act and criminal

18 profiteering act claims against Chicago are dismissed. However, the CPA claim asserted against

19 Chicago remains pending and is not dismissed.

20      The clerk is ordered to provide copies of this order to all counsel.

21      Dated this 6th day of June, 2012.

                                              Marsha J. Pechman
                                              United States District Judge