The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVIS MICKELSON, DANIELLE H. MICKELSON, and the marital community thereof,<br><br>Plaintiffs,<br><br>v.<br><br>CHASE HOME FINANCE LLC, et al.,<br><br>Defendants. | No. C11-01445 MJP<br><br>DEFENDANTS JPMORGAN CHASE BANK, N.A., CHASE HOME FINANCE, LLC, MERS, AND FEDERAL HOME LOAN MORTGAGE CORPORATION'S OPPOSITION TO MOTION TO CERTIFY<br><br>***Noted for Consideration*:**<br>**Friday, June 15, 2012** |

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

**TABLE OF CONTENTS**

I. INTRODUCTION AND SUMMARY OF REBUTTAL....................1

II. ARGUMENT....................2

A. Plaintiffs Do Not Identify a Controlling Question of Law Whose Resolution Would Materially Affect the Outcome of the Litigation....................3

B. Plaintiffs Have Not Shown a Controlling Question of Law as to Which a Substantial Ground for Difference of Opinion Exists....................4

III. CONCLUSION....................10

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Brizzee v. Fred Meyer Stores, Inc.*,
2008 WL 426510 (D. Or. 2008) .......... 2

*Coopers & Lybrand v. Livesay*,
437 U.S. 463 (1978) .......... 2

*Couch v. Telescope Inc.*,
611 F.3d 629 (9th Cir. 2010) .......... *passim*

*First Am. Corp. v. Al-Nahyan*,
948 F. Supp. 1107 (D. D.C. 1996) .......... 1, 7, 10

*In re Bell*,
386 B.R. 282 (W.D. Wash. 2008) .......... 7

*In re Cement Antitrust Litig.*,
673 F.2d .......... 2, 3, 4

*In re Cement Antitrust Litig.*,
673 F.3d 1020 (9th Cir. 1982) .......... 1

*In re Flor*,
79 F.3d 281 (2d Cir. 1996) .......... 5

*Klinghoffer v. S.N.C. Achille Lauro*,
921 F.2d 21 (1990) .......... 3

*Kreek v. Wells Fargo & Co.*,
2011 WL 996780 (N.D. Cal. 2011) .......... 3, 4

*Oracle USA, Inc. v. SAP AG*,
2012 WL 29095 (N.D. Cal. 2012) .......... 4

*Romoland Sch. Dist. v. Inland Empire Energy Ctr.*,
548 F.3d 738 (9th Cir. 2008) .......... 2

*Ryan, Beck & Co. v. Fakih*,
275 F. Supp. 2d 393 (E.D. N.Y. 2003) .......... 2

*Shurance v. Planning Control Int'l, Inc.*,
839 F.2d 1347 (9th Cir. 1988) .......... 4

*U.S. Rubber Co. v. Wright*,
359 F.2d 784 (9th Cir. 1966) .......... 2

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

**STATE CASES**

*Albice v. Premier Mortg. Serv. Corp. of Wash.*, Case No. 07-2-00172-1 (Mason Cnty. Sup. Ct. Mar. 9, 2007), Docket, *available at* http://dw.courts.wa.gov/index.cfm?fa=home.casesummary&crt_itl_nu=S23&casenumber=07-2-00172-1&searchtype=sName&token=0C1F0D38AC56CE100FB76897EDEEFBFB&dt=2646C9A2FD8ACAAC6BFAE0A7C30FC0DE&courtClassCode=S&casekey=21691277&courtname=MASON CO SUPERIOR CT ........ 6

*Albice v. Premier Mortg. Serv. Of Wash.*, 157 Wn. App. 912 (2010), *aff'd* 2012 WL 1881022 (Wash. 2012) ........ 8

*Albice v. Premier Mortg. Serv. of Wash., Inc.*, --- P.3d ---, 2012 WL 1881022 (Wash. 2012) ........ *passim*

*Amersco Ind. Funding, Inc. v. SPS Props., LLC*, 129 Wn. App. 532 (2005) ........ 5

*Atwood v. McGrath*, 137 Wash. 400 (1926) ........ 9

*Cox v. Helenius*, 103 Wn.2d 383 (1985) ........ 7

*Freepon v. Elliott*, 190 Wash. 348 (1937) ........ 9

*Hardcastle v. Greenwood S&L Ass'n*, 9 Wn. App. 884 (1973) ........ 7

*Singly v. Warren*, 18 Wash. 434 (1887) ........ 9

*Udall v. TD Escrow Serv., Inc.*, 159 Wn.2d 903 (2007) ........ 7

**FEDERAL STATUTES**

28 U.S.C. § 1292(b) ........ 1, 2, 4, 10

**STATE STATUTES**

RCW 61.24.020 ........ 6

RCW 61.24.030(4) ........ 7

RCW 61.24.040(6) ........ 6

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

RCW 61.24.090(1) .......... 6

RCW 61.24.130(2) .......... 6, 9

**RULES**

Wash. R. Civ. P. 6(a) .......... 6, 9

**REGULATIONS**

WAC 458-61A-208(5) .......... 9

**OTHER AUTHORITIES**

Island County Assessor and Treasurer, Property Search, Property ID No. 92465 (2010-2012), available at http://assessor.islandcounty.net/propertyaccess/Property.aspx?cid=0&year=2010&prop_id=92465 .......... 8

DEFS.' OPP. TO MOT. TO CERTIFY (C11-01445 MJP) — iv
DWT 19688729v3 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

## I. INTRODUCTION AND SUMMARY OF REBUTTAL

Seeking a third bite at the apple, Plaintiffs ask this Court to certify its Order Denying their Motion for Reconsideration for interlocutory appeal under 28 U.S.C. § 1292(b) because they argue the Court misapplied the law to the facts. *See* Mot. at 3-4 [Dkt. 69]. In particular, Plaintiffs allege defendant Freddie Mac improperly credit bid at the foreclosure sale, and that this justifies setting aside the sale. *Id.* at 3. Plaintiffs complain that this Court improperly required them to show prejudice from any conduct by Freddie Mac—the Court did not find such conduct and Defendants dispute the allegation based on the very documents Plaintiff cite—to set aside the foreclosure sale. *See id.* at 3-4.[1] But "[a] party's strong disagreement with the Court's ruling is not sufficient for there to be a 'substantial ground for difference'" of opinion under 28 U.S.C. § 1292(b). *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). The Court should deny Plaintiffs' Motion for two independently sufficient reasons:

***First***, Plaintiffs did not identify a "controlling question" of law whose resolution on appeal would "materially affect the outcome of litigation in the district court," requiring denial of the Motion. *See In re Cement Antitrust Litig.*, 673 F.3d 1020, 1026 (9th Cir. 1982) 28 U.S.C. § 1292(b). Indeed, even if the Ninth Circuit reversed the Order Denying the Motion for Reconsideration and remanded, Defendants have shown that Plaintiffs still could not state a claim for relief based on their credit-bid theory because (1) ***Chase***, not Freddie Mac, credit bid at the sale, and (2) in any event, Plaintiffs cannot obtain the quiet title relief they seek. *See* Opp. to Mot. for Recons. at 4, 6 [Dkt. 61].

***Second***, Plaintiffs did not show the Order Denying the Motion for Reconsideration "involves a controlling question of law as to which there is a substantial ground for difference of opinion," requiring denial of Plaintiffs' Motion. *See Couch*, 611 F.3d at 633-34; 28 U.S.C. § 1292(b).

---

[1] Plaintiffs contend "[t]his Court concedes in its Order denying Reconsideration that the defendants purposely violated the Deed of Trust Act by allowing someone other than the Beneficiary to offer a credit bid." Mot. at 3. The Court did no such thing. In its Order, the Court stated Plaintiffs correctly interpreted the Act as permitting only the beneficiary to make a credit bid, but acknowledged that Defendants contest the allegation that Freddie Mac improperly purchased the property using a credit bid. Order at 2 [Dkt. 66].

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

## II. ARGUMENT

Generally, "parties may appeal only from orders which 'end[] the litigation on the merits and leave[] nothing for the court to do but execute the judgment.'" *Couch*, 611 F.3d at 632 (quoting *Romoland Sch. Dist. v. Inland Empire Energy Ctr.*, 548 F.3d 738, 747 (9th Cir. 2008)).[2] 28 U.S.C. § 1292(b) provides a "narrow exception to the final judgment rule." *Id.* at 633. Courts reserve certification under 28 U.S.C. § 1292(b) for "extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation," as in "antitrust and similar protracted cases." *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966). *See also In re Cement Antitrust Litig.*, 673 F.2d at 1026 (party seeking interlocutory appeal "has the burden of persuading the court of appeals that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after entry of a final judgment") (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)). Section 1292(b) "was not intended merely to provide review of difficult rulings in hard cases." *U.S. Rubber*, 359 F.2d at 7845.

As Plaintiffs acknowledge, to invoke the narrow exception in 28 U.S.C. § 1292(b), they must show the Court's Order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an appeal from the order may materially advance the ultimate termination of the litigation." Mot. at 3 (quoting 28 U.S.C. § 1292(b)). *See also Couch*, 611 F.3d at 633 (party seeking interlocutory appeal bears burden of demonstrating statutory requirements met). Even if the Court finds these statutory requirements met, the Court still has "unfettered discretion" to deny certification. *See Brizzee v. Fred Meyer Stores, Inc.*, 2008 WL 426510, at *3 (D. Or. 2008) (quoting *Ryan, Beck & Co. v. Fakih*, 275 F. Supp. 2d 393, 396 (E.D. N.Y. 2003)).

Plaintiffs do not satisfy the standard for interlocutory appeal under 28 U.S.C. § 1292(b), and the Court should deny their Motion to Certify.

[2] The Court is familiar with the facts of this case, so Defendants will not repeat them here.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

### A. Plaintiffs Do Not Identify a Controlling Question of Law Whose Resolution Would Materially Affect the Outcome of the Litigation.

The Ninth Circuit has held that a "controlling" question of law exists if resolving the question on appeal "could materially affect the outcome of the litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d at 1026. "Although resolution of the issue need not necessarily terminate an action in order to be 'controlling,' … it is clear that a question of law is 'controlling' if reversal of the district court's order would terminate the action." *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (1990). In this way, the first and third prongs of the interlocutory appeal test "overlap" to some degree. *Kreek v. Wells Fargo & Co.*, 2011 WL 996780, *2 n.1 (N.D. Cal. 2011).

Here, Plaintiffs contend the Court should certify its Order Denying Plaintiffs' Motion for Reconsideration because, according to them, the Order involves a controlling question of law as to which substantial ground for difference of opinion exists—whether these Plaintiffs must show prejudice to set aside the sale. Mot. at 1-4. But in so doing, Plaintiffs "conflate the actual issue that would be presented on appeal (whether denial of reconsideration was an abuse of discretion) with the underlying question of [sic] whether the … order [granting Defendants' Partial Motion to Dismiss] was correctly decided." *Kreek*, 2011 WL 996780, at *2. *See also* Mot. at 3 (stating "this observation proves Plaintiffs' point that it was error to dismiss Mickelson's complaint pursuant to a motion to dismiss," conflating the Order Denying the Motion for Reconsideration with the Order Granting Defendants' Partial Motion to Dismiss). Even if reversing some or all of the Court's Order Granting Defendants' Partial Motion to Dismiss could materially affect the outcome of the litigation, "it is far less clear that an appeal of the order denying reconsideration would ultimately have a material effect." *Kreek*, 2011 WL 996780, at *2.

The Ninth Circuit reviews such an order for abuse of discretion. Plaintiffs contend the Court should not have denied their Motion for Reconsideration because, in their view, the principle that a plaintiff must show prejudice to set aside a foreclosure sale does not apply to the facts of their case. *See* Mot. at 3-4. If Plaintiffs somehow succeeded in convincing the Ninth Circuit that the Court abused its discretion in denying Plaintiffs' Motion for Reconsideration, "the

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

most likely result would be a remand to this Court" for additional review of the prejudice requirement in Plaintiffs' case. *See Kreek*, 2011 WL 996780, at *2. Thus, not only would certification not materially advance the termination of this litigation—triggering instead additional rounds of briefing and litigation on remand—but also it would not necessarily result in a different outcome. *See id.* (denying motion to certify).

Indeed, Defendants have already shown that Plaintiffs' underlying theories fail for two independent reasons. First, although Plaintiffs premise their request for certification on their allegation that Freddie Mac credit bid at the foreclosure sale, documents attached to Plaintiffs' Amended Complaint confirm that ***Chase***, not Freddie Mac, credit bid at the sale. *See* Opp. to Mot. for Recons. at 4 [Dkt. 61] (citing Amend. Compl., Ex. T, at 1-2 & ¶¶ 5, 10). Second, Plaintiffs could not revive their quiet title claim on the basis Freddie Mac improperly credit bid at the sale because Plaintiffs admit they have not satisfied their obligations under the Deed of Trust. *See id.* at 6 & n.3 (citing cases holding quiet title requires plaintiff to "first pay the outstanding debt"). Thus, a Ninth Circuit order reversing this Court's Order Denying Plaintiffs' Motion for Reconsideration would lead to the same result—Plaintiffs cannot state a claim for quiet title or otherwise against Defendants based on the theory that Freddie Mac improperly credit bid at the foreclosure sale. This means Plaintiffs have not identified the requisite "controlling" question of law, and the Court should deny their Motion to Certify. *In re Cement Antitrust Litig.*, 673 F.2d at 1026. Moreover, where, as here, certification "would delay resolution of the litigation," the Court "should not" certify the Order Denying Plaintiffs' Motion for Reconsideration for interlocutory appeal. *Oracle USA, Inc. v. SAP AG*, 2012 WL 29095, at *1 (N.D. Cal. 2012) (citing *Shurance v. Planning Control Int'l, Inc.*, 839 F.2d 1347, 1348 (9th Cir. 1988)).

**B. Plaintiffs Have Not Shown a Controlling Question of Law as to Which a Substantial Ground for Difference of Opinion Exists.**

"To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Couch*, 611 F.3d at 633. In so doing, "[c]ourts traditionally will find that a substantial ground for difference of opinion exists where 'the circuits are in dispute on the question and the court of appeals of the circuit has not

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'" *Id.* (quoting 3 Fed. Proc., Lawyers Ed. § 3:212 (2010)). Plaintiffs identify the controlling question as to which substantial ground for difference of opinion exists as whether they must show prejudice in their case to set aside the trustee's sale. *Id.* at 4. Plaintiffs argue that Freddie Mac improperly credit bid at the foreclosure sale, and that the Court erred in concluding that if so, Plaintiffs had to show this arrangement caused them prejudice—a showing Plaintiffs effectively concede they cannot make. Mot. at 2-4.

But Plaintiffs ***do not dispute*** that a plaintiff generally must show prejudice to set aside a trustee's sale; instead, they argue that the legal principle does not apply in ***their*** case. *See id.* at 3 (arguing *Amersco Ind. Funding, Inc. v. SPS Props., LLC*, 129 Wn. App. 532, 537 (2005), which the Court cited in the Order Denying Plaintiffs' Motion for Reconsideration, "is not on point"). Plaintiffs identify no case law reaching an opposite conclusion from this Court or the court in *Amersco*. Moreover, Defendants' citation to myriad cases addressing the need to show prejudice to set aside a foreclosure sale confirms this issue does not present a novel or difficult question of first impression. *See* Opp. to Mot. for Recons. at 4 & n.2 [Dkt. 61] (citing cases).

Nor can Plaintiffs contend that reasonable judges might differ on this point—Plaintiffs do not dispute the legal principle but rather, its application to their facts. *See* Mot. at 3-4. But the Ninth Circuit has made clear that the fact "[t]hat settled law might be applied differently does not establish a substantial ground for difference of opinion." *Couch*, 611 F.3d at 633 (collecting cases). And even if Plaintiffs had claimed the question whether they have to show prejudice in their case presents an issue of first impression—which they did not—that argument still would not suffice. "It is well settled that 'the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." *Id.* at 634 (quoting *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996)).

Plaintiffs' belated reliance on *Albice v. Premier Mortgage Services of Washington, Inc.*, --- P.3d ---, 2012 WL 1881022 (Wash. May 24, 2012), does not compel a contrary conclusion (and in fact supports Defendants' argument as to the need to show prejudice). *See* Notice of

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

Supp. Authority [Dkt. 76]. Plaintiffs claim this case stands for the proposition that any failure to comply with statutory requirements justifies setting aside a foreclosure sale. *Id.* It does not. In *Albice*, the Court held the borrower could set aside the foreclosure sale because: (1) the sale occurred although the borrower was ***not then in default***, in violation of the Deed of Trust Act, which mandates discontinuing a sale under those circumstances, *see* RCW 61.24.090(1); (2) the sale occurred more than 120 days after the initial sale date, without a new Notice of Trustee's Sale, in violation of the Deed of Trust Act's timing requirements, *see* RCW 61.24.040(6); and (3) the trustee directly and indirectly barred the borrower from restraining the sale by accepting late forbearance payments for several months, creating the expectation that the final (albeit late) forbearance payment cured the default, and by rejecting the borrower's final cure payment just days before the sale date, precluding the borrower from being able to give the required five days' notice of a motion to challenge the sale, *see* RCW 61.24.130(2); CR 6(a). *See* 2012 WL 1881022, at **1, 3, 5 & n.8.

Moreover, *Albice* involved a "grossly inadequate purchase price" and other indicia of inequitable conduct. For instance, the Trustee and beneficiary were the same entity (violating RCW 61.24.020), the Trustee's repeated oral (rather than publicly recorded) continuances chilled the bidding, the borrower's initial default was only $5,127 on property valued at $950,000, and the borrower was ***not*** in default at the time the property sold for $130,000. *See* 2012 WL 1881022, at **1, 3, 6. The Court emphasized that it limited its ruling in *Albice* to the narrow, egregious facts presented. *Id.* at *2 (limiting analysis to "the circumstances of this case"), *4 (rejecting waiver only "[u]nder the facts of this case," and "[u]nder the facts here"), *6 (rejecting waiver "given these [multiple] procedural defects" and the purchaser's status as a "sophisticated real estate investor"). And the borrower in *Albice* filed suit three weeks later to unwind the sale, "showing no intention of 'sleeping on' [her] rights." *Id.* at *5; *see also id.* at *4 ("once a property is sold, the Act favors purchasers over property owners").[3]

[3] The docket for the trial court proceedings, showing a filing date of March 9, 2007, is available here: http://dw.courts.wa.gov/index.cfm?fa=home.casesummary&crt_itl_nu=S23&casenumber=07-2-00172-1&searchtype=sName&token=2BC5C8FA7FB60A1CDDA3EFAAE9FCC1EC&dt=12AECEA2FDDECE78D588DBDDACCBD8FE&courtClassCode=S&casekey=21691277&courtname=MASON CO SUPERIOR CT.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

In other words, *Albice* simply confirms what has always been the law in Washington—that a foreclosure sale is void if the Trustee or Beneficiary (as appropriate):

- Violated a statutory ban on conducting the sale (a violation that divests the trustee's authority to conduct the sale), *see Udall v. TD Escrow Serv., Inc.*, 159 Wn.2d 903, 911 (2007) ("violations of the Bankruptcy Code's automatic stay provision are void"); RCW 61.24.030(4) (no sale may occur if beneficiary has pending action on the debt secured by the deed);
- Directly or indirectly prevented the borrower from restraining the sale, *see In re Bell*, 386 B.R. 282, 289 (W.D. Wash. 2008) (trustee cannot foreclose where it "undertakes a course of conduct reasonably calculated to instill a sense of reliance thereon by the grantor" to not foreclose) (citing *Cox v. Helenius*, 103 Wn.2d 383 (1985)); *cf. Hardcastle v. Greenwood S&L Ass'n*, 9 Wn. App. 884, 889 (1973) (lender may not take action stopping borrower from curing default); or
- Sold the property for a grossly inadequate price ***and*** some other procedural defect occurred that prejudiced the borrower, *see Udall*, 159 Wn.2d at 914 ("Grossly inadequate purchase price ***together*** with circumstances indicating some additional unfairness may provide sufficient equitable grounds to set aside a nonjudicial foreclosure sale") (emphasis added) (citing cases upholding challenges to sales at 8%, and rejecting challenges to sales below).

The facts in *Albice* implicated all three of these categories, and that case stands for the unremarkable proposition that a Trustee may not foreclose on a borrower that is not in default.

Here, by contrast, Plaintiffs do not and cannot plead facts plausibly showing any of these circumstances exist for at least five reasons.

***First***, unlike the borrowers in *Albice*, Plaintiffs admit they were in default when the foreclosure sale occurred. *See* Am. Compl. ¶ 3.23. In addition, the "documents Plaintiffs rely on actually show that Chase clearly disclosed the fact that until Plaintiffs made payments towards modification and submitted the loan modification agreement in a timely manner Chase would not

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

halt any foreclosure process," and those same document show that "the offer was conditional." Order Granting Mot. to Dismiss at 10 [Dkt. 58]; Partial Mot. to Dismiss, Exs. E & G [Dkt. 43-4]. Plaintiffs do not dispute that they failed to timely complete a loan modification agreement. *See* Partial Mot. to Dismiss at 6-7 [Dkt. 43]; Reply in Supp. of Partial Mot. to Dismiss at 11 [Dkt. 56].

***Second***, Northwest Trustee Services properly reset the foreclosure sale and gave Plaintiffs ample notice of the new sale date. *See* Partial Mot. to Dismiss at 5. And importantly, Defendants have shown that no procedural error occurred in this case. *See* Opp. to Mot. for Reconsid. at 4 (Trustee's Deed Plaintiffs attach to their Amended Complaint confirms that Chase credit bid at the sale, not Freddie Mac).

***Third***, Plaintiffs plead no facts showing Defendants directly or indirectly barred Plaintiffs from restraining the sale. To the contrary, Chase repeatedly warned Plaintiffs that the foreclosure sale would continue if Plaintiffs did not timely consummate a loan modification agreement. *See* Order Granting Mot. to Dismiss at 10 [Dkt. 58]; Partial Mot. to Dismiss, Exs. E & G [Dkt. 43-4]. And unlike the borrowers in *Albice*, Plaintiffs slept on their rights, waiting nearly five months to initiate this lawsuit and seek to set aside the foreclosure sale. *See* Dkt. 1.

***Fourth***, Plaintiffs do not and cannot allege that the property was sold for a "grossly inadequate price" combined with "other unfair procedures," or that for any alleged technical violations (and Defendants have shown none occurred), those violations prejudiced Plaintiffs.[4] In *Albice*, the Supreme Court left intact the Court of Appeals's holding that although "a grossly inadequate price together with circumstances of other unfair procedures may provide equitable grounds to set aside a sale," for "technical" violations, the "borrower ***must*** show that the circumstances surrounding the sale unfairly harmed or ***prejudiced the borrower***." *Albice v. Premier Mortg. Serv. Of Wash.*, 157 Wn. App. 912, 933 (2010) (citation omitted) (emphasis added). *See also Albice*, 2012 WL 1881022, at *9 n.4 ("While strict compliance is ideal" the "challenger would still need to show prejudice" to set aside the sale) (Stephens, J., concurring).

---

[4] The Trustee's Deed shows the property was sold for 72% of the 2011 market value, as shown by Island County tax records. *Compare* Am. Compl. Ex T, ¶ 10 (sale price of $325,297), with Island County Assessor and Treasurer, Property ID No. 92465, listing 2011 Roll Market value of $453,209, available at , http://assessor.islandcounty.net/propertyaccess/Property.aspx?cid=0&year=2010&prop_id=92465.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

Here, Plaintiffs allege one (inaccurate) technical error—Freddie Mac credit bid at the sale. But Defendants have shown that documents Plaintiffs attached to their Amended Complaint confirm that Chase, not Freddie Mac, credit bid at the sale, in compliance with the Deed of Trust Act. Opp. to Mot. for Reconsid. at 4.[5] And even for that alleged error, and as this Court has already found, Plaintiffs allege ***no*** facts plausibly showing this purported defect caused them prejudice. Order Denying Mot. for Reconsid. at 2 [Dkt. 66].

***Finally***, the Court in *Albice* reasoned the borrower there could not have known its defense to the foreclosure sale (lack of default) before the sale occurred because until just days before the sale, when the borrower's final cure payment was rejected, the borrower believed it had cured its default. 2012 WL 1881022, at *5. Because the borrower in *Albice* first learned on February 10, 2007 (a Saturday), that her final forbearance payment was rejected, the Trustee's late notice directly barred the borrower's ability to give five days' notice of a motion, as required under the DTA, to restrain the sale set for February 16, 2007 (Friday). *See id.* at *1, *3; RCW 61.24.130(2); CR 6(a) (statutory time period of fewer than 7 days excludes weekends). Here, Plaintiffs had notice of defenses to the foreclosure sale before the sale occurred—Plaintiffs disputed MERS could serve as nominee and beneficiary under the Deed of Trust, that Chase held their Note and could foreclose, and that Chase could pursue foreclosure even though Plaintiffs had applied for but not timely completed a modification agreement. *See* Am. Compl. ¶¶ 3.27, 5.5, 6.4-6.21, 10.2-10.12. This case fits comfortably within the parameters the *Albice* court held warrant rejection of post-sale claims: Plaintiffs "had adequate opportunity to utilize his presale remedies to prevent [any] wrongful foreclosure," and thus "waiver" of post-sale claims "further[s] the goals of the [Deed of Trust Act]." 2012 WL 1881022, at *4 (citation omitted).

---

[5] Defendants have also shown that Washington law has always allowed the winning bidder to direct that title issue in the name of a third party, without the need for an intermediate additional deed. *See Freepon v. Elliott*, 190 Wash. 348, 352, 355 (1937) (citing *Atwood v. McGrath*, 137 Wash. 400, 408 (1926) (sale at foreclosure "does not vest title, being at most but evidence of an inchoate estate that may or may not ripen into an absolute title" upon issuance of a Deed)); *see also Singly v. Warren*, 18 Wash. 434, 445 (1887); *cf.* WAC 458-61A-208(5). Thus, that the Trustee's Deed shows Chase was the winning bidder but the Deed being issued to Freddie Mac does not change the fact that Chase was the winning bidder (and does not prejudice Plaintiffs in any event). Am. Compl. Ex. T ¶¶ 5, 10.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

In the end, Plaintiffs merely disagree with the Court's prior orders. *See, e.g.*, Mot. at 3-4 (rearguing Plaintiffs' "dual tracking" and criminal conspiracy theories). But disagreement does not form the "substantial ground for difference of opinion" that 28 U.S.C. § 1292(b) requires to certify questions for interlocutory appeal. *See Couch*, 611 F.3d at 633. *See also First Am. Corp. v. Al-Nahyan*, 948 F. Supp. 1107, 1116 (D. D.C. 1996) ("Mere disagreement, even if vehement, with a court's ruling on a motion to dismiss does not establish a 'substantial ground for difference of opinion' sufficient to satisfy the statutory requirements for an interlocutory appeal.'"). Because Plaintiffs have not shown a controlling question of law as to which a substantial ground for difference of opinion exists, the Court should deny Plaintiffs' Motion to Certify.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion to Certify.

DATED this 11th day of June, 2012.

Davis Wright Tremaine LLP
Attorneys for JPMorgan Chase Bank, N.A., MERS, and Federal Home Loan Mortgage Corporation

By /s/ Fred B. Burnside
Fred B. Burnside, WSBA #32491
Rebecca Francis, WSBA # 41196
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Tel. (206) 757-8016; Fax: (206) 757-7016
E-mail: fredburnside@dwt.com
E-mail: rebeccafrancis@dwt.com

DEFS.' OPP. TO MOT. TO CERTIFY (C11-01445 MJP) — 10
DWT 19688729v3 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on June 11, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- **Heidi E. Buck**
  hbuck@rcolegal.com,tkwong@rcolegal.com,buck4343@gmail.com
- **John S Devlin , III**
  devlinj@lanepowell.com,Docketing-SEA@LanePowell.com,burrusl@lanepowell.com
- **Scott E Stafne**
  stafnelawfirm@aol.com,wwactfilings@aol.com
- **Erin McDougal Stines**
  erin.stines@fnf.com,nancy.hunt@fnf.com,cindy.rochelle@fnf.com
- **Andrew Gordon Yates**
  yatesa@lanepowell.com,docketing-sea@lanepowell.com,strayerd@lanepowell.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: N/A

DATED this 11th day of June, 2012.

Davis Wright Tremaine LLP
Attorneys for JPMorgan Chase Bank, N.A., MERS, and Federal Home Loan Mortgage Corporation

By */s/ Fred B. Burnside*

Fred B. Burnside, WSBA #32491
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Tel.: 206-757-8016; Fax: 206-757-7700
E-mail: fredburnside@dwt.com

CERTIFICATE OF SERVICE (C11-01445 MJP)
DWT 19688729v3 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax