1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

The Honorable Judge Marsha Pechman

**UNITED STATE DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

TRAVIS MICKELSON, DANIELLE H. MICKELSON, and the marital community thereof,

Plaintiffs,

v.

CHASE HOME FINANCE, LLC, an unknown entity; JPMORGAN CHASE BANK, N.A., a foreign corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a foreign corporation; NORTHWEST TRUSTEE SERVICES, INC., a domestic corporation; JOHN DOES, unknown entities; MORTGAGEIT, INC., a foreign corporation; GMAC MORTGAGE CORPORATION, a foreign corporation; CHICAGO TITLE, an unknown corporation; ROUTH CRABTREE OLSEN, P.S., a domestic Personal Services Corporation; and FEDERAL HOME LOAN MORTGAGE CORPORATION, a corporation,

Defendants.

No.  C11-01445 MJP

**REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS NORTHWEST TRUSTEE SERVICES, INC.'S, JEFF STENMAN, VONNIE MCELLIGOTT, RHEA PRE, AND ROUTH CRABTREE OLSEN, P.S.'S MOTION FOR JUDGMENT ON THE PLEADINGS**

**NOTED ON MOTION CALENDAR:**
**June 15, 2012**

COME NOW, Defendants Northwest Trustee Services, Jeff Stenman, Vonnie McElligott, and Rhea Pre (collectively, the "NWTS Defendants") and Routh Crabtree Olsen, P.S. ("RCO") (collectively, "Defendants") and submit the following in reply to Plaintiffs' Response to Defendants' Motion for Judgment on the Pleadings ("Defendants' Motion").

//

///

REPLY TO DEFENDANTS NWTS,
STENMAN, MCELLIGOTT, PRE, AND
RCO'S MOTION FOR JUDGMENT ON THE
PLEADINGS 1 OF 9 - CASE C11-01445 MJP

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1

## I.     REPLY ARGUMENT

2    **A.  Plaintiffs still fail to state a plausible claim in support of their claim under the Deed of**

3         **Trust Act as to Defendants.**

4         **1.   _Albice_ is inapplicable to the present case.**

5         Plaintiffs' responsive briefing ("Plaintiffs' Response", Dkt. 78) relies heavily on the

6    recent _Albice_ opinion in support of their alleged claims for violations under the Deed of Trust

7    Act ("DTA"). _See Albice v. Premier Mortgage Srvs. Of Wash., Inc._, --- Wn.2d ---, --- P.3d ---,

8    2012 WL 1881022 (May 24, 2012) ("_Albice_"). However, neither the underlying facts of the

9    _Albice_ case nor the court's analysis support Plaintiffs' alleged DTA claims against Defendants in

10   this case.

11        First, the operating version of the DTA in _Albice_ was a version prior to the version in

12   effect at the time of the subject foreclosure. The trustee's sale in _Albice_ occurred more than two

13   years prior to the enactment of RCW 61.24.127[1], which specifically limited the ability of

14   borrowers who fail to exercise their presale remedies. While RCW 61.24.127 allows for a claim

15   based on a trustee's failure to materially comply with the DTA, it precludes a post sale challenge

16   from affecting the finality or validity of the trustee's sale. Here, because the trustee's sale

17   occurred after the effective date of RCW 61.24.127,[2] Section 127, not _Albice_, applies.

18   Accordingly, Plaintiffs are prevented from invalidating the trustee's sale in this case

19   notwithstanding _Albice_.

20        **2.   Even if applicable, _Albice_ is factually distinguishable.**

21        While Plaintiffs would like _Albice_ to stand for the proposition that any failure to comply

22   with statutory requirements justifies setting aside a foreclosure sale, it simply does not. Rather,

23   the holding in _Albice_ is much narrower and is premised on the unique set of facts of the _Albice_

24   case. The court held the borrower could set aside the trustee's sale when (1) the borrower was

25

26   _____

[1] The trustee's sale in _Albice_ took place on or about February 16, 2007, more than two years prior to the legislature's enactment of RCW 61.24.127.  2012 WL 1881022 at *1; RCW 61.24.127 (effective July 29, 2009).
[2] RCW 61.24.127 took effect on July 29, 2009.

REPLY TO DEFENDANTS NWTS,
STENMAN, MCELLIGOTT, PRE, AND
RCO'S MOTION FOR JUDGMENT ON THE
PLEADINGS 2 OF 9 - CASE C11-01445 MJP

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1   not actually in default at the time of the trustee's sale in violation of RCW 61.24.090(1), (2) the

2   sale occurred more than 120 days after the initial sale date in violation of RCW 61.24.040(6),

3   and (3) the trustee's acceptance of late forbearance payments created an expectation that a late

4   forbearance payment would cure the default such that the borrower was unable to comply with

5   the notice requirements under RCW 61.24.130(2) to restrain the sale. *See Albice,* 2012 WL

6   1881022, at **1, 3, 5 & n.8.  The *Albice* Court expressly declined to address any other arguments

7   regarding procedural irregularities. 2012 WL 1881022 at *3 ("We need not address or resolve

8   any further issues regarding other procedural irregularities.")

9        Here, Plaintiffs (1) admit they defaulted on the loan (FAC, ¶ 3.23; Plaintiffs' Response,

10  Sec. IV(B)(1)), (2) have not alleged the sale was held outside of the 120 days as authorized under

11  RCW 61.24.040(6), and (3) do not make allegations relating to acceptance of payments after the

12  default (by NWTS or any other defendant). *See* FAC. As discussed in Defendants' Motion, the

13  allegations against NWTS fail to state any plausible claim as they either fail as a matter of law or

14  are refuted by Plaintiffs' own exhibits to the FAC. *See* Defendants' Motion (Dkt.70) at Sec.

15  (IV)(B)(1)(a)-(c). As such, Plaintiffs have not (and cannot) allege a "material failure" to comply

16  with RCW 61.24 by NWTS nor can they allege any damages suffered as a result of NWTS'

17  conduct when the damage they suffered (the loss of their home) was directly caused by their own

18  default.

19  **3.   In any event, Plaintiffs have not alleged facts sufficient to state a claim for material**

20  **noncompliance with the DTA as to NWTS.[3]**

21       As discussed at length in Defendants' Motion, Plaintiffs' allegations in support of the

22  DTA claim as to NWTS and RCO either fail as a matter of law to state a claim or fail to allege

23  sufficient facts to state a claim.

24

25

26  [3] To the extent Plaintiffs attempt to assert a claim under the DTA as to RCO, that claim is waived as to RCO as no post sale damages claim under the DTA is available against any party other than the trustee. *See* RCW 61.24.127. Plaintiffs do not allege RCO was the foreclosure trustee. *See* FAC.

REPLY TO DEFENDANTS NWTS,
STENMAN, MCELLIGOTT, PRE, AND
RCO'S MOTION FOR JUDGMENT ON THE
PLEADINGS 3 OF 9 - CASE C11-01445 MJP

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1    Now, in Plaintiffs' response, rather than responding to the arguments made in

2    Defendants' motion or fleshing out the allegations as to NWTS and RCO, Plaintiffs simply

3    restate their allegations against Defendant Chase relating to the promissory note, unsuccessfully

4    attempt to suggest those allegations are applicable to NWTS and RCO[4], and attempt to re-argue

5    their case for DTA violations against Defendant Chase. *See* Plaintiffs' Response at Pg. 9, Lines

6    4-7 ("Consequently, even if Chase is the true owner of the Note, it has no right to enforce it

7    without proving **both possession** and the **enforcement rights received from its transferor.**")

8    This Court has already dismissed Plaintiffs' claim under the DTA as to Defendant Chase, with

9    prejudice. *See* Dkt. 58. And, there is no requirement under the DTA that the foreclosure trustee

10   prove the beneficiary's possession or enforcement rights of the promissory note by

11   demonstrating a "chain of title" or "validity of an assignment" as a precondition to foreclosure.[5]

12   *See* RCW 61.24 *et seq*. Finally, notwithstanding that the Plaintiffs' claim under the DTA has

13   been dismissed as to Defendant Chase, the allegations amount to nothing more than a strain of

14   the "show me the note" argument, which has been rejected by every Washington court that has

15   considered it. *See Wallis v. Indymac Fed. Bank*, __ F.Supp.2d__, 2010 WL 2342530

16   (W.D.Wash.) and *Freeston v. Bishop, White & Marshall, P.S.*, 2010 WL 1186276 (W.D.Wash.,

17   2010) (quoting Diessner v. Mortgage Electronic Registration Systems, 618 F.Supp.2d 1184,

18   1187 (D.Ariz.2009) (collecting cases) ("In her complaint, [the plaintiff] contends that the

19   Uniform Commercial Code (UCC) §3-309 was violated because it was not proven that the

20   foreclosure trustee possessed the original note and deed of trust. … However, as this Court has

21   concluded before, courts have "routinely held that [the plaintiff's] so called 'show me the note'

22   argument lacks merit.").[6]

23

24   [4] Even assuming the allegations apply to NWTS and RCO, such allegations are undermined by both the public record and the documents attached to Plaintiffs' FAC and incorporated by reference thereto. *See* FAC, Exs. A (Note), B (Deed of Trust),  E (Appointment). C (Power of Attorney) and Defendants Motion, Ex. A (Beneficiary Declaration).

25

26   [5] Plaintiffs fail to cite any authority for such a proposition. *See* Plaintiffs' Response.
[6] No Washington authority requires that a lender or servicer produce the original note to a borrower for inspection at any time or in order to foreclose the mortgaged property. Additionally, courts in other nonjudicial foreclosure

REPLY TO DEFENDANTS NWTS,
STENMAN, MCELLIGOTT, PRE, AND
RCO'S MOTION FOR JUDGMENT ON THE
PLEADINGS 4 OF 9 - CASE C11-01445 MJP

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

**B.  Plaintiffs still fail to state a plausible claim for violation of the FDCPA.**

    **1.  <u>Plaintiffs still have not alleged facts to support a claim under the FDCPA as to Defendants.</u>**

Defendants incorporate herein their position as stated in their original Motion. First, neither NWTS nor RCO are debt collectors under 15 U.S.C. § 1692a(6)'s general definition of "debt collector." *See* Defendants' Motion, Sec. V(2)(b)(i). Second, even if NWTS and RCO are classified as debt collectors under § 1692a(6), Plaintiffs have not alleged any conduct that constitutes "debt collection" by NWTS or RCO. *Id.* And, third, for purposes of 15 U.S.C. § 1692f(6), neither NWTS nor RCO's conduct fall within that section because enforcement of a security interest in a nonjudicial foreclosure is not an action to effect dispossession.

Additionally, even if Section 1692f(6) was applicable, NWTS did not seek to dispossess Plaintiffs of their property in acting as foreclosure trustee and Freddie Mac had the present right to possession by virtue of the Trustee's Deed when RCO undertook to represent them in an unlawful detainer action.

In responding to Defendants' Motion, Plaintiffs fail to address the fact that (1) neither NWTS nor RCO "collect payments on either the note or deed of trust" or (2) that enforcement of a security interest is not an action to effect dispossession of the property.[7]  Rather,  Plaintiffs appear to rely on the allegations as to other Defendants in support of finding liability against

---

jurisdictions have held the same. See, e.g., Chilton v. Fannie Mae, 2009 U.S. Dist. LEXIS 129577 (E.D. Cal. Dec. 22, 2009); McGinnis v. GMAC Mortg. Corp., 2010 U.S. Dist. LEXIS 90286 (D. Utah Aug. 27, 2010); Mansour v. Cal-Western Reconveyance Corp., 618 F. Supp. 2d 1178, 1181 (D. Ariz. 2009); Diessner v. Mortgage Electronic Reg. Syst., 618 F. Supp. 2d 1184, 1187-88 (D. Ariz. 2009) (aff'd 2010 WL 2464899) (9th Cir. 2010); Levine v. Downey Sav. And Loan, F.A.., 2009 WL 4282471, *3 (D. Ariz. 2009); Sundell-Bahard v. Tiffany & Bosco, P.A.., 2010 WL 2595083, *2 (D. Ariz. 2010).

[7] Plaintiffs incorrectly claim this Court has already found "the trustee allowed someone other than the beneficiary to bid on the property in violation of the DTA." Plaintiffs' Response at Pg. 20, Lines 11-13. However, as this Court is aware, in denying Plaintiffs' motion for reconsideration, this Court noted, without making any conclusion, that "even if Freddie Mac was improperly allowed to purchase Plaintiffs' home via credit bid at the trustee's sale (a point Defendants contest), Plaintiffs have not alleged any prejudice arising out of this arrangement." Dkt. 66, Pg. 2. Moreover, the exhibits attached to Plaintiffs' FAC refute the allegation that Chase, not Freddie Mac, was the bidder at trustee's sale. FAC, Ex. T. Plaintiffs must show that there was not strict compliance with the Deed of Trust Act and that they suffered prejudice. *Amresco Independence Funding, Inc. v. SPS Props., LLC*, 129 Wn. App. 532, 537 (2005). Such baseless allegations do not support a claim.

REPLY TO DEFENDANTS NWTS,
STENMAN, MCELLIGOTT, PRE, AND
RCO'S MOTION FOR JUDGMENT ON THE
PLEADINGS 5 OF 9 - CASE C11-01445 MJP

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1  NWTS and RCO. Plaintiffs' response states, "the Mickelsons allege they actively pursuing a

2  loan modification, and indeed had been lead (sic) to believe they had been granted the

3  modification, and that the foreclosure sale would not occur, while at the same time their home

4  was in fact being sold at the trustee's foreclosure sale." Plaintiffs' Response at Pg. 18, Lines 12-

5  17. However, Plaintiffs have not alleged they were pursuing a loan modification with NWTS or

6  RCO or that either NWTS or RCO led them to believe they would be given a modification or

7  that the foreclosure would not occur. Accordingly, these allegations which are waged against

8  other defendants do not state a claim under the FDCPA as to NWTS or RCO. In other words,

9  Plaintiffs have not alleged any false, deceptive, or misleading representations made by NWTS or

10  RCO.

11  **2.  Use of the FDCPA "Debt Collector" disclaimer is not conclusive to a determination**

12  **that an entity is a debt collector.**

13  Plaintiffs also determine NWTS and RCO must be debt collectors because notices

14  received by NWTS and RCO included the FDCPA disclaimer. Plaintiffs' Response, Pgs. 16-17.

15  Courts have held that where a foreclosing party, as a cautionary device, includes the

16  FDCPA disclaimers in their foreclosure communications, the use of the disclaimer does not

17  make them a debt collector if they would otherwise not fall within the purview of the statute.

18  *Chomilo v. Shapiro, Nordmeyer & Zielke, LLP*, 2007 WL 2695795 (D. Minn. 2007); *see also*

19  *Obi v. Chase Home Fin., LLC*, 10 C 5747, 2011 WL 529481 (N.D. Ill. Feb. 8, 2011) *(citing*

20  *Gburek v. Litton Loan Serv. LP*, 614 F.3d 380, 386 at n. 3 (7th Cir.2010) (a letter bearing a

21  disclaimer identifying it as an attempt to collect a debt "does not automatically trigger the

22  protections of the FDCPA")); *see also Siwulec v. Chase Home Fin., LLC*, CIV.A. 10-1875, 2010

23  WL 5071353 (D.N.J. Dec. 7, 2010) ("debt collector" and "FDCPA" language used in the written

24  notice is not dispositive of Chase's status as a debt collector for Plaintiff's loan. The mere use of

25  "debt collection" language does not make a party a proper defendant under the FDCPA since the

26  Act specifically defines "debt collector" to include persons or entities whose "principal purpose"

REPLY TO DEFENDANTS NWTS,
STENMAN, MCELLIGOTT, PRE, AND
RCO'S MOTION FOR JUDGMENT ON THE
PLEADINGS 6 OF 9 - CASE C11-01445 MJP

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1  is the collection of debts or who regularly collects debts due or owed another); *see Nwoke v.*

2  *Countrywide Home Loans, Inc.,* 251 Fed.Appx. 363, 365 (7th Cir. 2007) (Countrywide's

3  statement that it was a debt collector "has nothing to do with whether Countrywide is a 'debt

4  collector' for purposes of the FDCPA."); *and see Pulawa v. Fed. Recovery Serv.*, 2006 WL

5  1153745, *8-*9 (D. Hawaii 2006).

6       In *Chomilo*, after discussing the foreclosing party's dilemma of either including the

7  disclaimer as a cautionary measure or leaving it out thereby risking potential liability, the court

8  noted that they would not penalize the foreclosing party for having to make a Hobson's choice in

9  this unsettled area of law. Furthermore, the court stated that it was reasonable for the foreclosing

10  party to err on the side of caution by including the disclaimer in their communications. *Id.*

11       In this case, and as it does in all notices sent in conjunction with nonjudicial foreclosure

12  proceedings, NWTS and RCO included the disclaimer as a cautionary measure. The inclusion,

13  however, of the disclaimer does not convert NWTS or RCO into debt collectors when they

14  otherwise would not be such.  Moreover, where a defendant is not penalized under the FDCPA

15  for including the disclaimer out of an abundance of caution, it would not logically follow that

16  inclusion of such disclaimer supports a CPA violation.

17  **C.  Plaintiffs still fail to state a plausible claim under the CPA.**

18      **1.  <u>Plaintiffs still fail to allege an unfair or deceptive act or practice by NWTS or RCO</u>**

19         **<u>to support a CPA claim</u>.**

20       As Plaintiffs state, they base their CPA claim against NWTS on unfounded allegations

21  that (1) NWTS engaged in robo-signing, (2) NWTS initiated two foreclosures without proof as to

22  who the beneficiary was, (3) violations of the WDTA, and (4) dual tracking.[8] Plaintiffs'

23  Response, Pg. 18, Lines 24-26.

24       Defendants rely on their original briefing in response to the first, second, and third basis

25  for Plaintiffs' CPA claim. *See* Defendants' Motion.

26

---

[8] Plaintiffs also now allege RCO engaged in dual tracking.

REPLY TO DEFENDANTS NWTS,
STENMAN, MCELLIGOTT, PRE, AND
RCO'S MOTION FOR JUDGMENT ON THE
PLEADINGS 7 OF 9 - CASE C11-01445 MJP

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1   In regard to allegations of dual tracking, however, an examination of the allegations in

2   the FAC demonstrate that Plaintiffs have failed to allege any facts to show either NWTS or RCO

3   engaged in "dual tracking." Moreover, given that this Court has already dismissed the CPA claim

4   as to other defendants under the same theory and allegations, the claim should also be dismissed

5   as to NWTS and RCO.[9] *See* Dkt. 58.

6   As foreclosure trustee, NWTS had absolutely no involvement in Plaintiffs' pursuit of a

7   loan modification, and Plaintiffs have not alleged to the contrary. RCO's involvement in

8   Plaintiffs' loan modification pursuit began and ended with the August 2008 letter RCO sent to

9   Plaintiffs on behalf of Chase advising of potential workout options. FAC at ¶¶ 3.23 and Ex. A.

10  The letter, however, provides no evidence of "dual tracking." The letter made no promise of a

11  loan modification and made no representation that the foreclosure would be stalled even in the

12  event Plaintiffs sought a modification. In fact, the letter warned that "the foreclosure action will

13  continue whether or not the form is completed and returned" and "the foreclosure action will

14  continue unless your lender determines that you are eligible for one of these alternatives and an

15  agreement is signed." *Id.* Here, Plaintiffs allege no facts that RCO promised them a loan

16  modification or made any representation that the foreclosure sale would not go forward.

17  This Court has already held that the exact same allegations were insufficient to state a

18  claim under the CPA as to Defendant Chase. Dkt. 58. Plaintiffs provide no authority for the

19  notion that allegations not sufficient to state a claim as to Chase are sufficient to state a claim as

20  to Chase's legal counsel or the foreclosure trustee who had no involvement in the loan

21  modification process.

22  Finally, Plaintiffs, for the first time, allege "it is unfair and deceptive to claim to the

23  public in your trade and business that you are one thing and then to declare to the court in a

24  motion to dismiss that you are something wholly different." Plaintiffs' Response, Sec.

25  ────────────

[9] This matter is distinguishable from *Yongbae* in that it appears the Yongbaes did, in fact, allege they had been
26  promised a loan modification by the defendant(s) moving for dismissal. *Yongbae Kim v. Bank of Am., N.A.*, C11-296
MJP, 2011 WL 3563325 (W.D. Wash. Aug. 11, 2011). Here, that is not the case.

REPLY TO DEFENDANTS NWTS,
STENMAN, MCELLIGOTT, PRE, AND
RCO'S MOTION FOR JUDGMENT ON THE
PLEADINGS 8 OF 9 - CASE C11-01445 MJP

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1  IV(B)(2)(c). First, it impermissible to state a new claim in response to a motion to dismiss,

2  *Schneider v. Cal. Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). Second, to the

3  extent Plaintiffs assert a claim under the CPA based on representations made to this Court in

4  conjunction with the present litigation, such an allegation cannot support a claim under the CPA.

5  Representations made to the Court in the course of litigation are not made in trade or commerce,

6  have no public interest impact, and cannot be linked to an injury suffered by Plaintiffs. *See*

7  *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 719 P.2d 531

8  (1986).

## II.    CONCLUSION

In view of the foregoing, Defendants respectfully request the Court consider this reply in further support of their Motion for Judgment on the Pleadings and dismiss the causes of action against the NWTS Defendants and RCO.

DATED this 15th day of June, 2012.

**ROUTH CRABTREE OLSEN, P.S.**

_____/s/ Heidi Buck_____
Heidi E. Buck, WSBA No. 41769
Of Attorneys for Defendants Northwest
Trustee Services, Inc., Jeff Stenman, Vonnie
McElligott, Rhea Pre, and Routh Crabtree
Olsen, P.S.

REPLY TO DEFENDANTS NWTS,
STENMAN, MCELLIGOTT, PRE, AND
RCO'S MOTION FOR JUDGMENT ON THE
PLEADINGS 9 OF 9 - CASE C11-01445 MJP

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131