The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TRAVIS MICKELSON, DANIELLE H. MICKELSON, and the marital community thereof,

Plaintiffs,

v.

CHASE HOME FINANCE LLC, et al.,

Defendants.

No. C11-01445 MJP

REPLY TO RESPONSE TO MOTION FOR CERTIFICATION PURSUANT TO FRCP 54 (B)

NOTED FOR CONSIDERATION: FRIDAY, JUNE 15, 2012

This Court stated in its order denying Mickelsons' motion for summary judgment:

The Court does not find any manifest error in its decision as to Plaintiffs' quiet title claim premised on the credit bid claim. Plaintiffs contend Freddy Mac and the trustee on their deed of trust violated the Deed of Trust Act by permitting Freddie Mac to make a credit bid at the nonjudicial foreclosure of Plainitffs' home. They assert that only Chase was allowed to make a credit bid because it was the statutory beneficiary and that Freddie Mac was not. Plaintiffs are correct the Deed of Trust permits only the beneficiary to make a credit bid. RCW 61.24.070(2). However, in order to state a claim of quiet title to void the sale of their home, Plaintiffs must show not only that there was not strict compliance with the Deed of Trust Act, but that they suffered prejudice. Amersco v. Independence Funding, Inc. v. SPS Props., LLC, 129 Wash. App. 532, 537 (2005). Here, even if Freddie Mac was allowed to purchase Plaintiffs home via credit bid at the trustee's sale (a point Defendants contest), Plaintiffs have not alleged any prejudice arising out of this arrangement. ***Plaintiffs have not shown any facts warranting reconsideration and their invocation of future changes in Washington law is irrelevant.*** [Emphasis Supplied]

REPLY TO RESPONSE TO MOTION FOR CERTIFICATION PURSUANT TO FRCP 54(B)-1

STAFNE LAW FIRM
239 NORTH OLYMPIA AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700

Appendix III to opening motion.

In their motion to certify the Mickelsons argue that there was a substantial question of controlling law as to whether the waiver doctrine applied to violations of the Deed of Trust Act (DTA) which occurred at the end of the foreclosure process; during the credit bid. Mickelsons' motion to certify (Motion), pp. 2-4. This Court recognized that there was a disputed factual issue with regard to whether defendants violated the credit bid provision of the DTA, but held that even if defendants did violate the law this did not matter as plaintiffs made no showing of prejudice. See portion of order set forth above.

After the motion was filed and prior to the time defendants filed their response the Washington Supreme Court decided Albice v. Premier Mortg. Servs. of Wash., Inc., 2012 Wash. LEXIS 378 (2012) (A copy of that decision was provided to this Court as supplemental authority by movants after the motion was filed). This Court has a duty to consider Albice in ruling on the Mickelsons' Motion for Reconsideration and defendants' previous Motion to Dismiss. See e.g. Richardson v. United States, 841 F.2d 993 (1984) ("In a case governed by state law, a federal court is not free to disregard an intervening decision of a state appellate court, even if it requires a reexamination of the law of the case. ....")

Although defendants want to argue all aspects of Albice to this Court only "issue 2" is applicable to the issue of waiver of Mickelsons' statutory remedies under RCW 61.24.127, the Supreme Court defined "issue 2" as: "Whether, under the circumstances of this case, a borrower waives the right to bring a postsale challenge for failing to utilize the presale remedies under RCW 61.24.130?"

With regard to *waiver* Justice Charles Johnson opined for the 7 – 2 majority:

> ... *Waiver is an equitable principle that can apply to defeat someone's legal rights where the facts support an argument that the party relinquished their rights by delaying in asserting or failing to assert an otherwise available*

REPLY TO RESPONSE TO MOTION FOR CERTIFICATION PURSUANT TO FRCP 54(B)-2

STAFNE LAW FIRM
239 NORTH OLYMPIA AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700

*adequate remedy.* Dickinson urges us to find waiver, contending that at any time after Tecca received notice of their presale rights and before the actual sale, they could have restrained the sale and litigated the issue of the alleged breach of the Forbearance Agreement and underlying debt. He argues that because Tecca failed to use their presale remedies, their postsale challenge is barred. We disagree.

*We have found waiver in a foreclosure setting where the facts support its application. ... Given that the borrower had adequate opportunity to utilize his presale remedies to prevent wrongful foreclosure, we explained that finding waiver under those circumstances furthered the goals of the act.* Plein, 149 Wn.2d at 228.

*Waiver, however, cannot apply to all circumstances or types of postsale challenges.* RCW 61.24.040(1)(f)(IX) provides that "[f]ailure to bring ... a lawsuit *may* result in waiver of any proper grounds for invalidating the Trustee's sale" (emphasis added). The word "may" indicates the legislature neither requires nor intends for courts to strictly apply waiver. Under the statute, we apply waiver only where it is equitable under the circumstances and where it serves the goals of the act. Unlike judicial foreclosures, trustee foreclosure sales are conducted with little to no oversight. Still, once a property is sold, the act favors purchasers over property owners and other borrowers by giving preference to the third goal— stability of land titles. It does so by creating, at minimum, a rebuttable presumption that the sale was conducted in compliance with the procedural requirements of the act. *Thus, in determining whether waiver applies, the second goal—that the nonjudicial foreclosure process should result in is interested parties having an adequate opportunity to prevent wrongful foreclosure— becomes particularly important.*

*Under the facts of this case, we conclude waiver cannot be equitably established. ... And after learning their property had been sold, Tecca promptly brought their countersuit, showing no intention of "sleeping on" their rights.*

Additionally, and equally important, to ensure trustees strictly comply with the requirements of the act, *courts must be able to review postsale challenges where, like here, the claims are promptly asserted.* ... Enforcing statutory compliance encourages trustees to conduct procedurally sound sales. *When trustees strictly comply with their legal obligations under the act, interested parties will have no claim for postsale relief, thereby promoting stable land titles overall. Under the facts here, we hold that Tecca did not waive their rights.*

The Supreme Court's rulings set forth above should be treated as controlling with regard to this Court's interpretation of the term "waiver" as it is used in RCW 64.21.127. The Mickelsons alleged defendants "dual tracked" the entire modification/foreclosure process in violation of the DTA and its purposes. Defendants' process culminated in the final bogus credit bid by Freddie Mac and the trustee's issuance of a trustee's deed to Freddie Mac. The

Mickelsons could not have challenged (and therefore could not have waived) their right to challenge this process until after it played out its course via the trustee accepting Freddie Mac's credit bid and conveying to Freddie Mac a foreclosure deed in violation of the law. As Albice points out "waiver" under the DTA is an equitable remedy that turns on facts.

If Albice does not resolve the substantial question of law relating to this Court's waiver determination of virtually all of Mickelsons' claims in Mickelsons' favor, then Albice sets forth the substantial issue of controlling law that is before this Court; namely, whether plaintiffs must show prejudice in order to bring state and federal causes of action for violations of the DTA which were concealed from them by defendants during a foreclosure/modification process.

Similarly, while Albice is not as clear about whether there must be prejudice to void the foreclosure sale, the facts here are close to those in Albice. The Mickelsons were "dual tracked," and had no opportunity to object to the defendants' abuse of the DTA which occurred after their right to seek an injunction had expired. Further, the complaint stated certain conspiratorial allegations whereby the defendants were advantaged by selling the Mickelsons' home at a bogus foreclosure which did not comply with the strict terms of the Deed of Trust Act.

Certification of the waiver issue to the Ninth Circuit or the Washington Supreme Court is appropriate under 28 U.S.C. 1292 (b) in light of the change in the law represented by Albice's definition of waiver; which this Court cannot ignore under the principles of federalism which control this case involving this Court's application of State law. See Richardson v. United States, supra.

A controlling question can be one that substantially affects a large number of cases. See e.g. Department of Economic Development v. Arthur Andersen & Co., 683 F. Supp. 1463,

REPLY TO RESPONSE TO MOTION FOR CERTIFICATION PURSUANT TO FRCP 54(B)-4

STAFNE LAW FIRM
239 NORTH OLYMPIA AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700

1486-87 (S.D.N.Y. 1988); Herold v. Brawn, 671 F. Supp. 936, 938 (E.D.N.Y. 1987); Abortion Rights Mobilization, Inc. v. Regan, 552 F. Supp. 364, 366 (S.D.N.Y. 1982). Determination of whether a waiver can be imposed on persons who are unaware of DTA violations is an issue that affects a large number of cases.

The second prong of the § 1292(b) test requires that there be a substantial ground for difference of opinion regarding the law. "The legislative history indicates that to satisfy this prerequisite there must be 'substantial doubt' that the district court's order was correct." Moll v. US Life Title Insurance Company of New York, No. 85 Civ. 6866, 1987 U.S. Dist. LEXIS 3122 (S.D.N.Y.1987). Albice, as an intervening precedent, is relevant to this case as an intervening precedent which it must interpret pursuant to the existing motion before the Court. It casts doubt on whether there was a waiver of any cause of action arising after the foreclosure during the credit bid process because this event occurred well after the time the Mickelsons could have sought an injunction. In considering defendants arguments relating to why Mickelson does not apply, this Court should be careful to distinguish between plaintiffs' arguments that there could be no waiver of plaintiffs' causes of action and defendants' attempts to concentrate on the other issues considered in Albice.

The third prong of the test which requires a showing that certification will materially advance the ultimate termination of the litigation. An immediate appeal of an interlocutory order materially advances the ultimate termination of the litigation if it "promises to advance the time . . . or to shorten the time required for [litigation]," In re Oxford Health Plans, Inc. 182 F.R.D at 53, or has "the potential for substantial acceleration of the disposition of the litigation," In re Duplan Corp., 591 F.2d 139, 148 n.11 (2d Cir. 1978). Resolution of the whether the fact based equitable issue of waiver can be used to swallow whole most of the Mickelsons' claims has the potential for substantial acceleration of this litigation.

REPLY TO RESPONSE TO MOTION FOR CERTIFICATION PURSUANT
TO FRCP 54(B)-5

STAFNE LAW FIRM
239 NORTH OLYMPIA AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700

Case 2:11-cv-01445-MJP   Document 80   Filed 06/15/12   Page 6 of 7

CONCLUSION

For the foregoing reasons, this Court should 1.) consider the impact that Albice has, if any, on this Court's previous decisions, and if it determines Albice conflicts with any of its previous decisions, change those decisions so that they are consistent with Washington State Supreme Court precedent and/or 2.) certify the waiver issues identified by the parties to the Ninth Circuit Court of Appeals for interlocutory review.

DATED this 15th day of June, 2012 at Arlington, Washington.

Respectfully Submitted,

STAFNE LAW FIRM
Attorneys for Plaintiffs

/s/ Scott E. Stafne
Scott E. Stafne, WSBA #6964
Andrew J. Krawczyk, WSBA #42982
Stafne Law Firm
239 N. Olympic Ave.
Arlington, WA 98223
Tel: (360) 403-8700
Fax: (360) 386-4005

REPLY TO RESPONSE TO MOTION FOR CERTIFICATION PURSUANT TO FRCP 54(B)-6

STAFNE LAW FIRM
239 NORTH OLYMPIA AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700

CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on June 15th, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Fred B. Burnside:  fredburnside@dwt.com
Rebecca J. Francis:  RebeccaFrancis@dwt.com
Heidi E. Buck:  hbuck@rcolegal.com
Andrew Gordon Yates:  yatesa@lanepowell.com
John S. Devlin, III:  devlinj@lanepowell.com
Erin McDougal Stines:  erin.stines@fnf.com

DATED this 15th day of June, 2012 at Arlington, Washington.

/s/ *Chessa R. Tachiki*
Chessa Tachiki, Paralegal
Stafne Law Firm