THE HON. MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVIS MICKELSON, DANIELLE H. MICKELSON, and the marital community thereof<br><br>Plaintiffs,<br><br>v.<br><br>CHASE HOME FINANCE LLC, an unknown entity; et. al.<br><br>Defendants. | NO. 2:11-cv-01445<br><br>RESPONSE TO DEFENDANTS JPMORGAN CHASE BANK, CHASE HOME FINANCE, AND MERS' MOTION FOR SUMMARY JUDGMENT ON REMAINING CLAIM<br><br>**Noted on Motion Calendar:**<br>**JUNE 22, 2012** |

### I.   INTRODUCTION AND RELIEF REQUESTED

Chase defendants seek dismissal of the Mickelsons' claims under the Fair Debt Collection Practices Act ("FDCPA") against MERS and Chase because (1) "MERS did not seek to collect any debt or to foreclose on Plaintiffs' Deed of Trust; (2) Chases should not constitute a "debt collector" because it allegedly held the Mickelsons' "original Note (endorsed in blank)" prior to the Mickelsons' default; and (3) under this Court's prior rulings, a) FDCPA claims are permitted against mortgage servicers only pursuant to 15 U.S.C. §

RESPONSE TO DEFENDANTS JPMORGAN CHASE BANK, CHASE HOME FINANCE, AND MERS' MOTION FOR SUMMARY JUDGMENT ON REMAINING CLAIM- 1

**STAFNE LAW FIRM**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA98223
TEL. 360.403.8700/STAFNELAWFIRM@AOL.COM

No. 2:11-CV-01445

1692f, and b) the Mickelsons "cannot establish that Defendants acted abusively, unfairly or deceptively." ("Motion,"), Dkt. 73, p. 1:16-25.

Because genuine issues of material fact exist concerning: Defendants' status as "debt collectors" under the FDCPA; the authenticity and legal effect of the documents; and the abusiveness, fairness and deceptiveness of the Defendants actions concerning the collection of the Mickelsons' debt and process of foreclosing their home, Defendants' Motion should be denied.

## II. COUNTER STATEMENT OF FACTS

Plaintiffs' briefly address those facts in dispute and necessary to respond to Defendants Motion on the Fair Debt Collection Practices Act (FDCPA).

First, in response to Defendants' assertion that MHL Funding endorsed the note in blank, making it payable to bearer, Chase Home Finance received the original Note in blank, and held it continuously from June 26, 2006 until October 2011, (see Motion for S.J. (Dkt. 73) at 2, 3, 4). Defendants rely on a copy of the note attached to their motion to dismiss. Id. Herein, Plaintiffs contested and continue to contest the authenticity of the note (*see e.g.*, Response to Motion to Dismiss (Dkt. 55)) and relevant dates of possession and endorsement (Defendant offers no facts as to the chain of title prior to June 26, 2006). Further, herein Defendants admit Chase only "holds" the note and that Freddie Mac purchased and owned the loan at issue. Answer (Dkt. 67) at *3-5 (¶¶ 2.7, 2.8, 2.10, 2.11); see also, Motion for S.J. (Dkt. 73) at 3 ("Plaintiffs admit 'they owe a debt' to the owner of the Note, but dispute that Defendants hold the original Note"). Additionally, Trustee's notices (who Chase claims acts as agents) discuss it "is a consequence of default(s) in the obligation to the Beneficiary of your Deed of Trust." Amend. Compl., Ex. F at 1; Ex. G at 5. Plaintiffs further assert

RESPONSE TO DEFENDANTS JPMORGAN CHASE BANK,
CHASE HOME FINANCE, AND MERS' MOTION FOR
SUMMARY JUDGMENT ON REMAINING CLAIM- 2

No. 2:11-CV-01445

**STAFNE LAW FIRM**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA98223
TEL. 360.403.8700/STAFNELAWFIRM@AOL.COM

securitization, whereby the ownership of the loan was bought and sold several times and interest divided amongst investors in a Mortgage Backed Securities Trust or similar purpose issuing vehicle. See e.g., Amended Compl., ¶¶ 3.8, 3.8.1., 3.8.2., 3.8.3, 3.8.4, 3.8.5, 3.8.6. The variety of written and oral debt collection related correspondence received by the Mickelsons during the negotiation of loan modification and proceedings to foreclose on the premises, obfuscate whom, if anyone, had the rights, privileges, and powers related to offering modifications, settling debt, or terminating foreclosure.

In response to Defendants' assertion that Chase (not MERS) engaged Northwest Trustee Services to act as agent. See Motion for S.J. (Dkt. 73) at 3. Defendants admit Chase employed Northwest Trustee Services as "agents" but, offers no evidence to that effect (relying on unsupported claims in Motion to Dismiss). Further, defendants ignore Vonnie McElligott's signing as Vice President of MERS, when in fact she was an employee of Northwest Trustee Services.

Dual tracking, by plaintiffs' definition, means on one hand purporting to provide a mechanism for stopping the foreclosure while on the other hand proceeding to conduct the foreclosure anyway. See Amend. Compl. at ¶¶ 3.31-3.39, 10.1-10.12.

In response to defendants' assertions of fact regarding loan modification offers (see Motion for S.J. (Dkt. 73) at 3) Plaintiffs experienced a history of dual tracked events. See Amend. Compl. at ¶¶ 3.32.1 to 3.32.64. Most pertinent was the impression that their home was not to be sold while they discussed modification, (based, in part, on prior experience with preceding foreclosure), efforts to obtain additional information on the terms of the modification, and tardiness in receiving documents including deceptive dating of documents' offers and duration of the modification, obstruction in efforts to contact individuals at Chase

RESPONSE TO DEFENDANTS JPMORGAN CHASE BANK,
CHASE HOME FINANCE, AND MERS' MOTION FOR
SUMMARY JUDGMENT ON REMAINING CLAIM- 3

No. 2:11-CV-01445

**STAFNE LAW FIRM**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700/STAFNELAWFIRM@AOL.COM

with information regarding their loan, modification and processes; and overwhelming confusion and painstaking efforts undertaken to seek out the program requirements, documents for submittal and whom was actually negotiating and approving their modification or forbearance; which were insufficiently communicated, misrepresented and obfuscating all of the true parties in interest in the Mickelson's obligation. Id.

### III. AURGUMENT AND AUTHORITY

#### A. STANDARD OF REVIEW UNDER FRCP 56(c)

As a matter of law, summary judgment, pursuant to FRCP 56(c), requires "that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242; 106 S. Ct. 2505, 91 L.Ed. 2d 202 (1985) (Emphasis in original). Materiality is governed by "the substantive law's identification of which facts are critical and which facts are irrelevant." Id. Citation omitted.

Surviving a Rule 56(c) motion for summary judgment, does not place the burden on the nonmoving party to "conclusively" resolve the issue of material fact in its favor, but only that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elect. Serv. v. Pac. Elec. Contractors Assoc., 809 F.2d 626, 630-31 (9th Cir. 1987) (citing First Nat. Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 288-89, 88 S.Ct. 1575, 1592 (1968)). The burden remains on the moving party "to show initially the absence of a genuine issue concerning any material fact." Adickes v. SH Kress & Co., 398 U.S. 144, 159-60, 90 S.Ct. 1598 (1970) ("both the commentary on and background of the 1963 amendment conclusively show that it was not intended to modify the burden of the moving party under Rule 56 (c)).

RESPONSE TO DEFENDANTS JPMORGAN CHASE BANK, CHASE HOME FINANCE, AND MERS' MOTION FOR SUMMARY JUDGMENT ON REMAINING CLAIM- 4

No. 2:11-CV-01445

**STAFNE LAW FIRM**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA98223
TEL. 360.403.8700/STAFNELAWFIRM@AOL.COM

Under this standard, "the judge does not weigh conflicting evidence with respect to a disputed material fact. Nor does the judge make credibility determinations with respect to statements made in affidavits, answers to interrogatories, admissions, or depositions" because such are "determinations are within the province of the factfinder at trial." T.W. Elect. Serv. v. Pac. Elec. Contractors Assoc., 809 F.2d 626, 630-31 (9th Cir. 1987). Citations omitted.

> Therefore, at summary judgment, the judge must view the evidence in the light most favorable to the nonmoving party: *if direct evidence produced by the moving party conflicts with direct evidence produced by the nonmoving party, the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact.* Put another way, if a rational trier of fact might resolve the issue in favor of the nonmoving party, summary judgment must be denied.
>
> Inferences must also be drawn in the light most favorable to the nonmoving party. Inferences may be drawn from underlying facts that are not in dispute, such as background or contextual facts, and from underlying facts on which there is conflicting direct evidence but which the judge must assume may be resolved at trial in favor of the nonmoving party.

T.W. Elect. Serv. v. Pac. Elec. Contractors Assoc., 809 F.2d 626, 630-31 (9th Cir. 1987) (internal citations omitted)(emphasis supplied).

The substantive law at issue here, is the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* Summary Judgment in favor of Defendants Chase and MERS is not appropriate because Chase constitutes a Debt Collector under the FDCPA; MERS acted in connection with Chase's and other defendants' debt collection activities; and such activities utilized abusive or unfair methods.

## B. CHASE IS NOT A CREDITOR EXEMPT FROM DEBT COLLECTOR STATUS

The FDCPA generally prohibits, "in connection with the collection of a debt," the use of: "any conduct the natural consequence of which is to harass, oppress, or abuse," (15 U.S.C. § 1692d); "any false, deceptive, or misleading representation or means in connection with the

RESPONSE TO DEFENDANTS JPMORGAN CHASE BANK, CHASE HOME FINANCE, AND MERS' MOTION FOR SUMMARY JUDGMENT ON REMAINING CLAIM- 5

No. 2:11-CV-01445

**STAFNE LAW FIRM**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA98223
TEL. 360.403.8700/STAFNELAWFIRM@AOL.COM

collection of any debt," (15 U.S.C. § 1692e); or "unfair or unconscionable means to collect or attempt to collect any debt" (15 U.S.C. § 1692f). The conduct proscribed by these provisions is not limited to non-exhaustive lists of conduct banned by the Act.

The Ninth Circuit recognizes an FDCPA claim in a home foreclosure case "only to the extent it is brought under 15 U.S.C. § 1692f." Amador v. Central Mortgage Company, 2012 U.S. Dist. Lexis 15833 at *6 (W.D. Wash. Feb. 8, 2012) (J. Pechman); see also, Kazen v. Premier Mortg. Servs. Of Wash., Inc., 78 Fed. Appx. 586, 587 (9th Cir. 2003); Barbanti v. Quality Loan Serv. Corp., 2006 U.S. Dist. LEXIS 89782 (E.D. Wash. Dec. 11, 2006). Here Chase is not a creditor, but is a debt collector; and engaged in debt collection activities, which were patently unfair, abusive and deceptive. Id.

### 1. Chase is not a Creditor

Defendants indisputably admit Plaintiffs obtained their loan from **MHL Funding Corporation** ("MHL"), not Chase. Dkt. 73, p. 7:4-7. A copy of this note (referred to as the "Note") was attached to Plaintiffs' Amended Complaint ("Complaint") as Exhibit A. While Defendants claim Chase has been in possession of the "endorsed in blank" note since 2006 (Motion, at 7:21-24), implicit in Defendants' claim is that the Court improperly infer as a factual matter, the Note was properly and timely endorsed. Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888-89 (1990) (Court will not presume missing facts). Given plaintiffs allegations and the well known prevalence of robo-signing by Chase and other lenders involved in securitization these are not issues to be resolved solely by crediting the Chase defendants' veracity. See, e.g., Compl. ¶ 3.15. In fact, no endorsement appears on the copy of the Note attached to the complaint, which was the copy supplied to plaintiffs by Northwest Trustee

RESPONSE TO DEFENDANTS JPMORGAN CHASE BANK,
CHASE HOME FINANCE, AND MERS' MOTION FOR
SUMMARY JUDGMENT ON REMAINING CLAIM- 6

No. 2:11-CV-01445

**STAFNE LAW FIRM**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700/STAFNELAWFIRM@AOL.COM

Service (NTS) as part of the trustee's notice of default and trustee sale. *Compare*, Compl. Ex. A (copy supplied by NTS to Plaintiffs at non-judicial foreclosure) *with* Defendants' Partial Motion to Dismiss at 2 (excerpt with assurances from counsel it can bring note to oral argument); id. at Ex. A (p. 4). Chase has not produced a documented history to support its claims.

Additionally, to meet the exception pursuant to 15 U.S.C. § 1692a(6)(F)(iii), Chase must demonstrate it obtained the note prior to the Mickelsons' default. This necessarily relies on the authenticity of the "endorsed in blank" note, which cannot be determined until the trier of fact examines the conflicting evidence and determines the issue as a matter of fact.

Because the authenticity of Chase's copy of the note offered during the course of litigation, rather than during the nonjudicial foreclosure proceedings is unquestionably an issue of material fact, to be determined by the trier of fact, and not an issue of law to be determined by the judge, summary judgment is inappropriate and Defendants' Motion should be denied.

Notwithstanding the Courts prior acceptance of Chase's claim, Plaintiffs dispute the authenticity of the note proffered by Chases as "endorsed in blank" as it is indisputably a different copy than that sent to Mickelsons in the notice of default/foreclosure. On a motion for summary judgment, the veracity of the Note attached to the Complaint must be assumed.[1] See, supra, T.W. Elect. Serv., 809 F.2d 626, 630-31 ("judge does not weigh conflicting evidence [or] make credibility determinations respect to a disputed material fact," but "must assume the truth of the evidence set forth by the nonmoving party.").

---

[1] This version of the Note, relied upon in the foreclosure proceedings against the Mickelsons, is stamped several times "I hereby certify this to be a true & correct copy of the original By [indecipherable signature]".

RESPONSE TO DEFENDANTS JPMORGAN CHASE BANK,
CHASE HOME FINANCE, AND MERS' MOTION FOR
SUMMARY JUDGMENT ON REMAINING CLAIM- 7

No. 2:11-CV-01445

**STAFNE LAW FIRM**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700/STAFNELAWFIRM@AOL.COM

Under Washington's Uniform Commercial Code ("WUCC"), MHL Funding was the only entity that could have enforced the unendorsed promissory note (that is, the Note used in foreclosing on the Mickelsons). The WUCC permits enforcement of a note only by a party who: (1) is in possession of the instrument payable to that party (see, RCW 62A.1-201(20)); (2) previously had the ability to enforce the note, but it was lost, destroyed, or stolen (see, RCW 62A.3-309)); (3) has possession of an endorsed-in-blank instrument (see, RCW 62A.1-201(5),(20)); or (4) can prove both possession and the enforcement rights received from its transferor. See, RCW 62A.3-203, .3-301; see also, In re McMullen Oil Co., 251 B.R. 558, 568 (Bankr. C.D. Cal. 2000); In re Carlyle, 242 B.R. 881, 887 (Bankr. E.D. Va. 1999).

These requirements apply to every link in the chain of transfer of the note. In Re Doble, 2011 Bank. LEXIS 1449 (S.D. Cal. April 14, 2011).  When a note has been assigned several times, each assignment in the chain must be valid or the party claiming the note cannot enforce it.  RCW 62A.1-201(20); In re Gavin, 319 B.R. 27, 32 (B.A.P. 1st Cir. 2004; In re Wells, 407 B.R. 873 (Bankr. N.D. Ohio 2009).  Even a party owning a promissory note is not entitled to enforce the note unless it meets the statutory criteria for enforcement. RCW 62A.3.203 cmt.1.2.

Because the Note the Mickelsons received on or about September 9, 2010 (Complaint Ex. A) is signed by the Mickelsons' as borrowers, identified MHL Funding Corp. as the Lenders, but was not endorsed by the Lender it failed to be bearer paper, transferring ownership rights to Chase by possession pursuant to RCW 62A.1-201(5), (20).  Nor did this naked document, evidencing a contract between the Mickelsons and MHL Funding Corp., satisfy the criteria that its possessor (Chase) is the payable party pursuant to RCW 62A.1-201(20); or that it was previously enforceable by Chase, but it was lost, destroyed, or stolen

RESPONSE TO DEFENDANTS JPMORGAN CHASE BANK,
CHASE HOME FINANCE, AND MERS' MOTION FOR
SUMMARY JUDGMENT ON REMAINING CLAIM- 8

No. 2:11-CV-01445

**STAFNE LAW FIRM**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700/STAFNELAWFIRM@AOL.COM

pursuant to RCW 62A.3-309, permitting enforcement by Chase under WUCC.

Further as to the distinction between holder and owner, no case has construed the exclusion to Washington's statutory definition of "beneficiary". RCW 61.24.050 states: " (2) 'Beneficiary' means the holder of the instrument or document evidencing the obligations secured by the deed of trust, **excluding persons holding the same as security for a different obligation.**" RCW 61.24.050 (emphasis supplied). In construing this exclusion, this Court should "give effect to every word, clause and sentence of ... [the] statute. No part of a statute should be deemed inoperative or superfluous unless the result of obvious mistake…" Cox v. Helenius, 103 Wn.2d 383, 387-8, 693 P.2d 683 (1985). This Court should also construe the exclusion in light of the DTA's statutory purposes as set forth above.

Plaintiffs have alleged that by securitizing Mickelson's DOT defendants have brought themselves within the statute's exclusion and have lost the right to utilize Chapter 61.24 RCW to obtain a non-judicial foreclosure. RCW 61.24.005 ("[***] persons holding the same [Mickelsons' note] as security for a different obligation"). Of course, there are different types of mortgage backed securities; some of which are specifically designed to preclude any communications between the beneficial note holders (investors) and borrowers. Defendants have not offered any facts with respect to whether the Mickelson loan was securitized.

Because power-of-sale foreclosures are undertaken without judicial scrutiny, both deed of trust statutes and deeds of trust should be construed in favor of borrowers. See e.g., Koegel v. Prudential Mut. Sav. Bank, 51 Wn. App. 108, 111, 752 P.2d 385 (1988). Because MHL, not Chase is the party "who offer[ed] or extend[ed] credit creating a debt" and because Chases had no right to enforce the Note without proving **both possession** and the **enforcement rights received from its transferor** (see, supra, RCW 62A.3-203, .3-301),

RESPONSE TO DEFENDANTS JPMORGAN CHASE BANK, CHASE HOME FINANCE, AND MERS' MOTION FOR SUMMARY JUDGMENT ON REMAINING CLAIM- 9

No. 2:11-CV-01445

STAFNE LAW FIRM

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA98223
TEL. 360.403.8700/STAFNELAWFIRM@AOL.COM

Chases cannot qualify as merely a "creditor" under the FDCPA, rather than as a debt collector. 15 U.S.C. § 1692a(4).

Further, the DOT instrument signed by the Mickelsons was devised to facilitate the creation and sale of mortgage backed securities; rather than to comply with Washington's Deed of Trust Act. The Culhane Court opines: "[w]here a mortgage loan has been pooled with others in a trust that then issues mortgage-backed securities to investors, the holder of the note is the trustee on behalf of the investors, who are the real beneficial owners." Culhane v. Aurora Loan Services of Nebraska, Civil Action 11-11098-WGY (MADC)(Internal Citations omitted).

> Slicing and dicing a home mortgage transaction as was done here profoundly alters the economic incentives of the banking industry in the home mortgage market. Banks necessarily focus on the immediate cash return from securitizing their home mortgage loans, rather than relying upon them as long term investments. Their agents, the loan servicers, have little, if any, incentive to "work out" a troubled home mortgage loan and every incentive to realize an immediate return from foreclosure sales. Moreover, one who holds bare legal title, without more, has no incentive whatever to maintain the home it owns.

Id.

**2. Defendants attempted to collect on the debt, and in so doing used patently abusive, deceptive and unfair conduct.**

Chase's erroneously relies on the argument that in the absence of the Ninth Circuit ruling that the FDCPA encompasses nonjudicial foreclosures, "lenders engaging in foreclosure are not "debt collectors" because they do not seek to collect money; instead, they seek to enforce a secured interest (the Deed of Trust) to gain property. Motion 8:16-19. The case law is not as well settled as Defendants would like the Court to believe. In finding judicial foreclosure is a debt collection activity, in McDaniel v. South & Associates, the court found the defendant's actions inexcusable, because the court did not believe "the broad

RESPONSE TO DEFENDANTS JPMORGAN CHASE BANK, CHASE HOME FINANCE, AND MERS' MOTION FOR SUMMARY JUDGMENT ON REMAINING CLAIM- 10

No. 2:11-CV-01445

STAFNE LAW FIRM

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA98223
TEL. 360.403.8700/STAFNELAWFIRM@AOL.COM

purpose of the FDCPA would be served if debt collectors could avoid liability based on the character of their debt collection activities." McDaniel v. South & Associates, PC, 325 F. Supp. 2d 1210, 1217-18 (Dist. Court, D. Kansas 2004)("fact that judicial foreclosure may be the exclusive method of foreclosure in Kansas does not excuse Defendant's conduct). The court cited Peeples v. Blatt, No. 00 C 7028, 2001 WL 921731, at *3 (N.D. Ill. Aug.15, 2001), which similarly rejected the notion enforcement of a security interest is exempt under FDCPA because its purpose is not to obtain money.

The major logical flaw in Defendants' argument is that it relies on the incorrect premise that if Defendants engaged in activities not defined as "debt collecting," namely foreclosure on the home, it necessarily precludes Defendants from engaging in any act that does constitute debt collection. Their reliance on Washington's prohibition against deficiency judgments *after* nonjudicial foreclosure, and related case law, exposes the unsoundness of this proposition. At issue is not Defendants' conduct following the trustee's sale, but its conduct prior, when Defendants "dual tracked" the Mickelsons loan. Amend. Compl. at ¶¶ 3.31-39. The facts indisputably demonstrate that at the same time Defendants were foreclosing on the Mickelsons' home, Defendants were attempting to collect on the debt by engaging in loan forbearance and/or modification(s), and did indeed did collect money from the Mickelsons.

Under Defendants' line of reasoning, any action it takes is per se not unfair, abusive and deceptive because it is simply immune from the requirements of the FDCPA, as long as it is in the process foreclosing on the property. However, the facts demonstrate otherwise; Defendants' communications with, and behavior toward, the Mickelsons with respect to assurances their home would not be sold, the terms and requirements of the loan's modification and/or forebearannces, the Mickelsons' repeated attempts to contact individuals

RESPONSE TO DEFENDANTS JPMORGAN CHASE BANK, CHASE HOME FINANCE, AND MERS' MOTION FOR SUMMARY JUDGMENT ON REMAINING CLAIM- 11

No. 2:11-CV-01445

STAFNE LAW FIRM
239 NORTH OLYMPIC AVENUE
ARLINGTON, WA98223
TEL. 360.403.8700/STAFNELAWFIRM@AOL.COM

at Chase, or even to identify the appropriate individual to contact, etc., reflect Chase's disregard for dealing fairly and honestly with the Mickelsons.

**C. MERS**

"Assignment of Deed of Trust" recorded on Sept. 19, 2008, purportedly assigns all MERS beneficial interest in Deed of Trust to Chase. Dkt. #29, para 3.18. Either MERS or Northwest Trustee Services, Inc. ("NWT") is responsible for this document being signed by Vonnie McElligott. Id. Plaintiffs have alleged that such assignment was improper either because McElligott lacked authority; or MERS lacked such authority[2]; or both. The databases involved in both MERS system transactions and County Auditor recordings are online and utilize conduits of interstate commerce to record and display transactions. Such representations are used, collectively, as a means to collect debts from homeowners like the Mickelsons. As between these parties, neither has provided the court with sufficient factual showing as to whether McElligott was properly (or improperly) acting as Vice President for MERS; or MERS was acting properly or improperly as either nominee or beneficiary of the Deed of Trust.

Because the disputed facts could establish MERS committed unlawful debt collection activities under under the FDCPA, MERS' motion for summary judgment should be denied. Cf. Amador v. Central Mortgage Company, 2012 U.S. Dist. Lexis 15833 (W.D. Wash. Feb. 8, 2012) (J. Pechman)

**CONCLUSION**

---

[2] Such questions involve matters being considered in the Bain and Selkowitz cases before the Washington Supreme Court.

RESPONSE TO DEFENDANTS JPMORGAN CHASE BANK, CHASE HOME FINANCE, AND MERS' MOTION FOR SUMMARY JUDGMENT ON REMAINING CLAIM- 12

No. 2:11-CV-01445

STAFNE LAW FIRM
239 NORTH OLYMPIC AVENUE
ARLINGTON, WA98223
TEL. 360.403.8700/STAFNELAWFIRM@AOL.COM

For the reasons stated above, summary judgment is inappropriate until these issues are presented to the finder of fact and this Court should deny Defendants' motion for summary judgement.

DATED this 18th day of June, 2012, in Arlington, Washington.

/s/ Jocelynne R. Fallgatter
Scott E. Stafne, WSBA 6964
Jocelynne R. Fallgatter, WSBA 44587
Stafne Law Firm
239 N. Olympic Avenue
Arlington, WA 98223
(360)403-8700
scott.stafne@stafnelawfirm.com
Attorney for Plaintiffs

RESPONSE TO DEFENDANTS JPMORGAN CHASE BANK, CHASE HOME FINANCE, AND MERS' MOTION FOR SUMMARY JUDGMENT ON REMAINING CLAIM- 13

No. 2:11-CV-01445

STAFNE LAW FIRM

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA98223
TEL. 360.403.8700/STAFNELAWFIRM@AOL.COM

## CERTIFICATE OF SERVICE

I certify that on the date given below I electronically filed this document entitled RESPONSE TO DEFENDANTS JPMORGAN CHASE BANK, CHASE HOME FINANCE, AND MERS' MOTION FOR SUMMARY JUDGMENT ON REMAINING CLAIM with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following persons:

Erin McDougal Stines: erin.stines@fnf.com

Fred Burnside: fredburnside@dwt.com

Rebecca Francis: RebeccaFrancis@dwt.com

Heidi Buck: hbuck@rcolegal.com

John S. Devlin III: devlinj@lanepowell.com

Erin McDougal Stines: erin.stines@fnf.com

SIGNED this 18th day of June, 2012.

/s/ Jocelynne R. Fallgatter
Scott E. Stafne, WSBA 6964
Jocelynne R. Fallgatter, WSBA 44587
Stafne Law Firm
239 N. Olympic Avenue
Arlington, WA 98223
(360) 403-8700
scott.stafne@stafnelawfirm.com
Attorneys for Plaintiffs

RESPONSE TO DEFENDANTS JPMORGAN CHASE BANK, CHASE HOME FINANCE, AND MERS' MOTION FOR SUMMARY JUDGMENT ON REMAINING CLAIM- 14

No. 2:11-CV-01445

**STAFNE LAW FIRM**
239 NORTH OLYMPIC AVENUE
ARLINGTON, WA98223
TEL. 360.403.8700/STAFNELAWFIRM@AOL.COM