The Honorable Marsha J. Pechman

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

| TRAVIS MICKELSON, DANIELLE H. MICKELSON, and the marital community, | ) ) ) | No. C11-01445 MJP |
|---|---|---|
| Plaintiffs, | ) ) ) | JPMORGAN CHASE BANK, CHASE HOME FINANCE, AND MERS'S REPLY IN SUPPORT OF |
| v. | ) ) | MOTION FOR SUMMARY JUDGMENT ON REMAINING |
| CHASE HOME FINANCE, LLC, et al., | ) ) | CLAIM |
| Defendants. | ) ) | **Noted for Consideration:** |
| | ) ) ) | **June 22, 2012** |

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

CHASE AND MERS'S REPLY IN SUPPORT OF MOT.
FOR SUMM. J. (C11-01445 MJP)
DWT 19821837v3 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1

**TABLE OF CONTENTS**

I.    SUMMARY OF REBUTTAL ...........................................................................................1

II.   BRIEF RESPONSE TO COUNTER STATEMENT OF FACTS ...........................................1

III.  ARGUMENT .............................................................................................................2

    A.   Plaintiffs Do Not Raise a Genuine Issue of Material Fact as to Whether Chase and
        MERS Are Debt Collectors under the FDCPA. ....................................................2

        1.   No Genuine Issue of Material Fact Exists That Chase Is Not a Debt Collector
             Under the FDCPA. ....................................................................................3

        2.   No Genuine Issue of Material Fact Exists That MERS Did Not Attempt to Collect a
             Debt or Foreclose. ...................................................................................8

    B.   No Genuine Issue of Material Fact Exists That Chase and MERS Did Not Engage in
        Abusive or Unfair Methods. ...................................................................................9

IV.  CONCLUSION .........................................................................................................10

CHASE AND MERS'S REPLY IN SUPPORT OF MOT.
FOR SUMM. J. (C11-01445 MJP) — i
DWT 19821837v3 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

## TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Allen v. United Fin. Mortg. Corp.*,
    2010 WL 1135787 (N.D. Cal. 2010)..................................................................................3, 4

*In re Brazier Forest Prod. Inc.*,
    921 F.2d 221 (9th Cir. 1990)...................................................................................................3

*Corales v. Flagstar Bank, FSB*,
    822 F. Supp. 2d 1102 (W.D. Wash. 2011) ..........................................................................3, 4

*De Dios v. Int'l Realty & Invs.*,
    641 F.3d 1071 (9th Cir. 2011)...........................................................................................1, 3, 4

*In re Filtercorp, Inc.*,
    163F.3d 570 (9th Cir. 1998)....................................................................................................4

*In re Hale*,
    359 B.R. 310 (Bankr. E.D. Wash. 2007)...............................................................................7

*Kaiser Cement Corp. v. Fischbach & Moore, Inc.*,
    793 F.2d 1100 (9th Cir. 1986).........................................................................................1, 10

*Lal v. Am. Home Serv.*,
    680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010) ......................................................................8

*Lamb v. MERS, Inc.*, *Nw. Adm'rs*,
    2011 WL 5827813 (W.D. Wash. 2011) ...........................................................................7, 8

*Nw. Adm'rs, Inc. v. Ace Paving Co.*,
    2011 WL 1154515 (W.D. Wash. 2011) ...........................................................................1, 10

*O.S.C. Corp. v. Apple Computer, Inc.*,
    792 F.2d 1464 (9th Cir. 1986)...............................................................................................5

*Perry v. Stewart Title Co.*,
    756 F.2d 1197 (5th Cir.1985)................................................................................................8

*St. John v. Nw. Tr. Servs., Inc.*,
    2011 WL 4543658 (W.D. Wash. 2011) ...............................................................................6

*T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*,
    809 F.2d 626 (9th Cir. 1987)...............................................................................................1

*Valle v. JPMorgan Chase Bank, N.A.*,
    2012 WL 1205635 (S.D. Cal. 2012) ....................................................................................8

CHASE AND MERS'S REPLY IN SUPPORT OF MOT.
FOR SUMM. J. (C11-01445 MJP) — ii
DWT 19821837v3 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

*In re Veal*,
450 B.R. 897 (BAP 9th Cir. 2011) ................................................................................................8

**STATE CASES**

*Citizens' Nat'l Bank of Tacoma v. Wintler*,
14 Wash. 558 (1896) .....................................................................................................................5

*Fed. Fin. Co. v. Gerard*,
90 Wn. App. 169 (1998)................................................................................................................4

*Fluke Cap. & Mgmt. Servs. v. Richmond*,
106 Wn.2d 614 (1986)...................................................................................................................7

*Lewis River Golf, Inc. v. O.M. Scott & Sons*,
120 Wn.2d 712 (1993)...................................................................................................................4

*In re Marriage of Bobbitt*,
135 Wn. App. 8 (2006)..................................................................................................................7

*Miller v. Williamson*,
128 Wash. 124 (1924) ...................................................................................................................5

**FEDERAL STATUTES**

15 U.S.C. § 1692a(6)..........................................................................................................................2

15 U.S.C. § 1692a(6)(D) ....................................................................................................................2

15 U.S.C. § 1692a(6)(E) .....................................................................................................................2

15 U.S.C. § 1692a(6)(F) .....................................................................................................................2

15 U.S.C. § 1692a(6)(F)(iii) .......................................................................................................1, 3, 4

15 U.S.C. § 1692d ..............................................................................................................................9

15 U.S.C. § 1692e ...............................................................................................................................9

15 U.S.C. § 1692f................................................................................................................................9

**LEGISLATIVE HISTORY**

Fair Debt Collection Practices Act, S. Rep. No. 95-382, 95th Cong., 1st Sess. 3 U.S. Code
Cong. & Admin. News 1977 (1977) ............................................................................................8

**STATE STATUTES**

RCW 61.24.005(2) ..............................................................................................................................6

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

RCW 62A.1-206........................................................................................................................5

RCW 62A.3-205(b) .................................................................................................................6

RCW 62A.3-301 ......................................................................................................................6

RCW 62A.3-308(a) .................................................................................................................4

**RULES**

Fed. R. Civ. P. 56(c) ............................................................................................................. 10

Fed. R. Evid. 902(9) ...............................................................................................................4

CHASE AND MERS'S REPLY IN SUPPORT OF MOT.
FOR SUMM. J. (C11-01445 MJP) — iv
DWT 19821837v3 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

## I.   SUMMARY OF REBUTTAL

JPMorgan Chase Bank, N.A., Chase Home Finance LLC (collectively "Chase") and MERS's Summary Judgment Motion presents one dispositive issue on Plaintiffs' remaining claim:  Did Chase hold Plaintiffs' Note before Plaintiffs defaulted?  The undisputed answer to that question is yes.  Chase offered evidence showing it held the Note endorsed in blank since June 26, 2006.  Reardon Decl. ¶ 2 [Dkt. 74].  Plaintiffs *do not present evidence* (admissible or otherwise) refuting this fact, and they admit defaulting in August 2008.  Order Granting Mot. to Dismiss, at 2:20-21 (citing Am. Compl. ¶ 3.23); Am. Compl. ¶ 12.2.  These undisputed facts confirm that Chase is not a "debt collector" under the FDCPA, requiring dismissal of Plaintiffs' claim.  *De Dios v. Int'l Realty & Invs.*, 641 F.3d 1071, 1074-75 (9th Cir. 2011); 15 U.S.C. § 1692a(6)(F)(iii).

Rather than address *De Dios* or present evidence rebutting these outcome-determinative facts, Plaintiffs rely on speculation and conclusory allegations in their Amended Complaint to purportedly dispute the "authenticity" of the endorsed Note, and to resurrect claims against Chase and MERS that this Court has already dismissed.  But "[t]o defeat a motion for summary judgment, the non-moving party must make more than conclusory allegations, speculations, or argumentative assertions that material facts are in dispute."  *Nw. Adm'rs, Inc. v. Ace Paving Co.*, 2011 WL 1154515, *2 (W.D. Wash. 2011) (citing *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-32 (9th Cir. 1987)); *see also Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1104 & n.12 (9th Cir. 1986) (substantially same).  Because Plaintiffs fail to meet their burden on summary judgment, the Court should grant Chase and MERS's Motion for Summary Judgment and should dismiss Plaintiffs' FDCPA claim.

## II.   BRIEF RESPONSE TO COUNTER STATEMENT OF FACTS

Plaintiffs' confusing "Counter Statement of Facts" largely seeks to reargue claims this Court has already considered and rejected.  For instance, Plaintiffs again dispute that the Note endorsed in blank gave Chase authority to foreclose.  *See* Opp. at 2.  But in its Order Granting Defendants' Partial Motion to Dismiss, this Court held Chase had "explained that it was permitted to initiate foreclosure on the property by virtue of holding the note that was indorsed in blank," and that "Plaintiffs have not provided any valid argument or allegation" otherwise.  Order at 8

CHASE AND MERS'S REPLY IN SUPPORT OF MOT.
FOR SUMM. J. (C11-01445 MJP) — 1
DWT 19821837v3 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1    [Dkt. 58].  Plaintiffs provide nothing more than recycled allegations and conclusions in their

2    "Counter Statement of Facts."  Opp. at 2.

3         Similarly, Plaintiffs regurgitate their allegations that Chase "obfuscate[d]" who had

4    authority to modify their loan or initiate foreclosure, and that a Northwest Trustee Services

5    employee engaged in robo-signing.  *See id.* at 3:3-14.  Again, the Court rejected these allegations

6    as "nothing more than legal conclusions unsupported by factual allegations."  Order at 9.  Indeed,

7    as Chase has already pointed out, documents Plaintiffs attached to their Amended Complaint

8    confirm they knew that Chase had authority to modify their loan.  *See* Reply in Supp. of Partial

9    Mot. to Dismiss at 5 [Dkt. 56] (citing Am. Compl., Ex. S [Dkt. 29-11] (loan modification offer

10   untimely signed and notarized by Plaintiffs, defining Chase as "Lender"); Am. Compl., Ex. T

11   (¶ 5) ("Chase Home Finance LLC, being then the holder of the indebtedness secured by the Deed

12   of Trust, delivered to said Grantor [Northwest Trustee Services] a written request directing

13   Grantor to sell the Property in accordance with law and the terms of the Deed of Trust.").  In

14   Opposition to this Motion, Plaintiffs continue to provide nothing more than legal conclusions

15   unsupported by factual allegations or evidence.  Plaintiffs also try to resurrect the "dual tracking"

16   theory the Court dismissed (based on documents Plaintiffs relied on in the Amended Complaint).

17   *See* Opp. at 3-4; Order at 10 (citing Partial Mot. to Dismiss, Ex. E [Dkt. 43-4]).

18        Despite Plaintiffs' efforts to resurrect their dismissed claims, they ***present no evidence***—

19   admissible or otherwise—refuting the only material facts:  (1) Plaintiffs obtained a loan from

20   MHL Funding Corp.; (2) Plaintiffs signed an Adjustable Rate Note evidencing their debt; (3)

21   Chase obtained the Note, endorsed in blank, on June 26, 2006, *see* Reardon Decl. ¶ 2; (4) Chase

22   has held the Note, endorsed in blank, continuously since June 26, 2006, *id.*; and (5) Plaintiffs

23   defaulted on their Note in August 2008 and failed to cure their default.  *See* Mot. at 1-2 [Dkt. 73].

### III.    ARGUMENT

**A.    Plaintiffs Do Not Raise a Genuine Issue of Material Fact as to Whether Chase and MERS Are Debt Collectors under the FDCPA.**

26        To proceed with their FDCPA claim, Plaintiffs must establish that Chase and MERS are

27   "debt collectors."  15 U.S.C. §§ 1692a(6), D-F.  Because Chase presented unrefuted evidence

CHASE AND MERS'S REPLY IN SUPPORT OF MOT.
FOR SUMM. J. (C11-01445 MJP) — 2
DWT 19821837v3 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1    showing that under Ninth Circuit law, it does not meet the FDCPA's definition of a "debt

2    collector," the Court should grant Chase summary judgment.  *See* Reardon Decl. ¶ 2; *De Dios*,

3    641 F.3d at 1074-75.  And because Plaintiffs present no evidence supporting their conclusory

4    allegation that "MERS acted in connection with Chase's and other defendants' debt collection

5    activities," the Court should grant summary judgment for MERS.  *See* Opp. at 5; *In re Brazier*

6    *Forest Prod. Inc.*, 921 F.2d 221, 223 (9th Cir. 1990) (on summary judgment, "the moving party

7    may simply point to the absence of evidence to support the nonmoving party's case").

8    **1.      No Genuine Issue of Material Fact Exists That Chase Is Not a Debt Collector Under the FDCPA.**

9         In the Motion, Chase showed that it does not constitute a "debt collector" under the

10   FDCPA because: (1) it held the Note, endorsed in blank, before Plaintiffs defaulted, Mot. at 6-8

11   (discussing *De Dios*, 641 F.3d at 1074-75; citing 15 U.S.C. § 1692a(6)(F)(iii)); Reardon Decl. ¶ 2;

12   and (2) it did not seek to collect money but rather, to enforce a security interest, *id.* at 8-9 (citing

13   cases).  Plaintiffs fail to meet their summary judgment burden in response to Chase's arguments.

14   **a.      Chase Indisputably Held the Note Before Plaintiffs Defaulted, Removing Chase from the Definition of "Debt Collector."**

15        Plaintiffs *ignore De Dios*, its progeny, and 15 U.S.C. § 1692a(6)(F)(iii).  These authorities

16   show that a "debt collector" does not include "any person collecting or attempting to collect any

17   debt owed or due or asserted to be owed or due another to the extent such activity … concerns a

18   debt which was ***not in default at the time it was obtained*** by such person."  15 U.S.C.

19   § 1692a(6)(F)(iii); *De Dios*, 641 F.3d 1074-75 (defendant that acquired debt before default not a

20   debt collector under FDCPA); *Corales v. Flagstar Bank, FSB*, 822 F. Supp. 2d 1102, 1112 (W.D.

21   Wash. 2011) ("Plaintiffs cannot state a plausible claim under the FDCPA because the FDCPA

22   does not apply to lenders acquiring debt before default.") (citing *De Dios*, 641 F.3d at 1074);

23   *Allen v. United Fin. Mortg. Corp.*, 2010 WL 1135787, *6 n.7 (N.D. Cal. 2010) (mortgage servicer

24   assigned debt before it went into default not a debt collector under the FDCPA).

25        Here, Chase presented evidence that it has held the Note, endorsed in blank, since June 26,

26   2006.  Reardon Decl. ¶ 2.  Plaintiffs ***present no evidence*** refuting this fact, and admit defaulting in

27   2008.  *See* Opp. at 6-10; Mot. at 6-7.  In other words, Plaintiffs neither contest nor offer evidence

CHASE AND MERS'S REPLY IN SUPPORT OF MOT.
FOR SUMM. J. (C11-01445 MJP) — 3
DWT 19821837v3 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1   refuting the undisputed fact that Chase held the Note before Plaintiffs' default, removing Chase

2   from the definition of a "debt collector" under the FDCPA.  *See* 15 U.S.C. § 1692a(6)(F)(iii); *De*

3   *Dios*, 641 F.3d at 1074-75; *Corales*, 822 F. Supp. 2d at 1112; *Allen*, 2010 WL 1135787, \*6 n.7.

4   As a result, the Court should grant Chase summary judgment.

5          Instead of presenting evidence refuting the only material facts, Plaintiffs purport to dispute

6   the "authenticity" of the endorsed Note and complain that Chase has not established chain of title

7   conferring authority on Chase to enforce the Note.  *See* Opp. at 6-10.  On the authenticity issue,

8   Plaintiffs speculate whether the Note "was properly and timely endorsed" or involved "robo-

9   signing," and complain that the photocopy of the Note attached to their Amended Complaint does

10  not contain the blank endorsement.  *Id.* at 6-7; Am. Compl., Ex. A [Dkt. 29-1].  But this Court has

11  already found, over the same arguments, that the Note endorsed in blank permitted Chase to

12  initiate foreclosure, and that Plaintiffs' unsupported robo-signing allegations do not state a claim

13  even under the more lenient Rule 12(b)(6) standard.  *See* Order at 8:12-16, 9:7-8.

14         And as Chase showed in the Reply in Support of Defendants' Partial Motion to Dismiss,

15  "[p]romissory notes are self-authenticating under Federal Rule of Evidence 902(9)."  Reply at 5

16  (quoting *Theros v. First Am. Title Ins. Co.*, 2011 WL 462564, \*2 (W.D. Wash. 2011)) (citations

17  omitted).  Indeed, the purpose of endorsed instruments is to avoid attacks on transfers so as "to

18  promote a free market for instruments."  *Fed. Fin. Co. v. Gerard*, 90 Wn. App. 169, 177 (1998).

19  Endorsements are "presumed to be authentic," and "until some evidence is introduced which

20  would support a finding that the signature is forged or unauthorized, the [Note holder] is not

21  required to prove that it is valid" to enforce the Note.   RCW 62A.3-308(a) & Official Cmt. 1.[1]

22         And in any event, a reasonable fact finder could draw only one rational inference from the

23  fact the photocopy of the Note attached to Plaintiffs' Amended Complaint does not contain the

24  blank endorsement while the color copy of the original does:  MHL Funding Corporation

25  subsequently endorsed the original Note in blank.  *See* Reardon Decl. ¶ 2 [Dkt. 74] (original Note

26  was endorsed when Chase received it on June 26, 2006, and delivered to undersigned counsel in

27  ───────────────
[1] Courts interpreting Washington law recognize the usefulness of the UCC's Official Comments.  *In re Filtercorp, Inc.*,163 F.3d 570, 580 (9th Cir. 1998); *Lewis River Golf, Inc. v. O.M. Scott & Sons*, 120 Wn.2d 712, 717-18 (1993).

CHASE AND MERS'S REPLY IN SUPPORT OF MOT.
FOR SUMM. J. (C11-01445 MJP) — 4
DWT 19821837v3 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1   October 2011); Partial Mot. Dismiss Ex. A [Dkt. 43-1 to 43-3] (color copy of original Note,

2   endorsed in blank, attached by undersigned counsel); *see also* Reardon Decl. ¶ 2 [Dkt. 38]

3   (authenticating identical, color copy original Note, endorsed in blank); *O.S.C. Corp. v. Apple*

4   *Computer, Inc.*, 792 F.2d 1464, 1466-67 (9th Cir. 1986) (to survive summary judgment there must

5   be "more than mere speculation, conjecture, or fantasy'").  Indeed, because Washington's UCC

6   creates a presumption of authenticity, "the trier of fact ***must*** find the existence of the fact

7   [presumed] unless and until evidence is introduced that supports a finding of its nonexistence."

8   RCW 62A.1-206.[2] (emphasis added). Here, Plaintiff offers no evidence to refute the validity of

9   the Note.  Because no disputed issues of fact exist, the Court should grant summary judgment.

10          Plaintiffs' conclusory and convoluted argument that Chase is not "merely a 'creditor'

11   under the FDCPA, rather than … a debt collector" likewise gets Plaintiffs nowhere.  *See* Opp. at

12   8-10.  In making this argument, Plaintiffs quote nearly verbatim from their Opposition to

13   Defendants' Partial Motion to Dismiss, making precisely the same argument here as it did there:

14   Chase lacks authority to enforce the Note because the copy of the Note attached to the Amended

15   Complaint does not contain the blank endorsement and because Chase must show chain of title to

16   enforce the Note.  *Compare* Opp. at 8, *with* Opp. to Partial Mot. to Dismiss at 3-4, 7 [Dkt. 55].

17   But again, this Court considered and rejected those arguments, finding that "Chase has explained

18   that it was permitted to initiate foreclosure on the property by virtue of holding the note that was

19   indorsed in blank," and that Plaintiffs failed to identify "any valid argument or allegation" to the

20   contrary.  Order at 8 (citing RCW 61.24.005(2) (beneficiary "means the holder of the instrument

21   or document evidencing the obligations secured by the deed of trust"); RCW 62A.3-205(b)

22   (instrument endorsed in blank transferable by possession alone); RCW 62A.3-301 ("Person

23   entitled to enforce" instrument "means (i) the holder of the instrument")).

24

25   [2] This comports with long-standing Washington common law. *Citizens' Nat'l Bank of Tacoma v. Wintler*, 14 Wash. 558, 559 (1896) (endorsement presumptively valid).  Similarly, Plaintiffs' newfound concern for MHL Funding

26   Corporation's rights (i.e., whether the Note was fraudulently endorsed) ring hollow.  Plaintiffs do not allege MHL Funding Corporation claims Note ownership or that it has denied endorsement and sale to Chase; thus, to the extent Plaintiffs seek to defend MHL Funding Corporation's rights to the Note, their concern is misplaced, as they lack

27   authority to argue for MHL Funding Corporation's rights. *Cf. Miller v. Williamson*, 128 Wash. 124, 127 (1924) ("the rule seems to be that the makers of the notes cannot take advantage of any such want of authority" to endorse a Note).

CHASE AND MERS'S REPLY IN SUPPORT OF MOT.
FOR SUMM. J. (C11-01445 MJP) — 5
DWT 19821837v3 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1    In nevertheless resurrecting these arguments again, Plaintiffs essentially complain MHL

2  Funding Corporation could not transfer the Note by blank endorsement without first providing

3  Plaintiffs notice of the endorsement and transfer. *See* Opp. at 8.  But under both the Note and

4  Deed of Trust, MHL Funding Corporation had no such obligation. *See* Reply at 5 (quoting Partial

5  Mot. to Dismiss, Ex. A at 1 ¶ 1 [Dkt. 43-1]); Am. Compl., Ex. A at 1 ¶ 1, Ex. B, at 12 ¶ 20 (Deed

6  of Trust); RCW 62A.3-205(b)); *see also* RCW 61.24.005(2); RCW 62A.3-301.  Indeed, courts in

7  this district have rejected Plaintiffs' chain-of-title arguments as just another version of the fatally

8  flawed "show me the note" argument. *See, e.g.*, *St. John v. Nw. Tr. Servs., Inc.*, 2011 WL

9  4543658, *4 (W.D. Wash. 2011) (rejecting argument for requirement for Note's chain-of-title)

10  (citations omitted).  This Court should likewise refuse to credit Plaintiffs' baseless theory.

11    Seeking to avoid this result, Plaintiffs again resort to the exclusionary clause in the

12  definition of "Beneficiary" found at RCW 61.24.005(2).  *Compare* Opp. at 9, *with* Opp. to Partial

13  Mot. to Dismiss at 12-13.  As Chase already explained, however, Plaintiffs misunderstand that

14  clause. *See* Reply at n.5.  In its Reply in Support of Defendants' Partial Motion to Dismiss, Chase

15  explained the exclusionary clause addresses UCC Article 9 and applies if, for example, the Note

16  holder pledges a borrower's Note as collateral (i.e., "security") to get a different loan from a new

17  lender. *Id.*  Under the exclusionary clause in RCW 61.24.005(2), the new lender does not become

18  the beneficiary of the Deed of Trust simply because it possesses the Note as security for an

19  unrelated loan. *Id.* (citing *In re Veal*, 450 B.R. 897, 912-13 (BAP 9th Cir. 2011) ("Initially, a note

20  is owned by the payee to whom it was issued. If that payee seeks … to use the note as collateral

21  … Article 9 of the UCC governs that …loan transaction")).  Plaintiffs present ***no evidence*** of such

22  circumstances here, instead falling back on their irrelevant allegation that Defendants securitized

23  their loan. *See* Opp. at 9-10.  But as this Court held, "securitization does not change the

24  relationship of the parties or create any obvious unfair or deceptive act."  Order at 10 (citing *Lamb*

25  *v. MERS, Inc.*, 2011 WL 5827813, *6 (W.D. Wash. 2011)).

26

27

CHASE AND MERS'S REPLY IN SUPPORT OF MOT.
FOR SUMM. J. (C11-01445 MJP) — 6
DWT 19821837v3 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1

### b.   Chase Sought to Enforce a Security Interest and Engaged in Mortgage Servicing Activity, Removing It from the Definition of "Debt Collector."

2

3   Chase explained in its Motion that although the Ninth Circuit has not ruled on the issue,

4   several district courts in the Ninth Circuit have concluded that lenders engaging in foreclosure are

5   not "debt collectors" under the FDCPA because they do not seek to collect money; instead, they

6   seek to enforce a secured interest (the Deed of Trust) to gain property. *See* Mot. at 8-9 (collecting

7   cases). Chase further explained that Washington law ensures a lender cannot collect on the debt

8   after nonjudicial foreclosure by barring deficiency judgments. *See id.* (citing RCW 61.24.100(1);

9   *In re Hale*, 359 B.R. 310, 319 (Bankr. E.D. Wash. 2007); *Fluke Cap. & Mgmt. Servs. v.*

10   *Richmond*, 106 Wn.2d 614, 624 (1986)). Thus, Chase showed that because it engaged in

11   nonjudicial foreclosure, it did not seek to collect a debt for purposes of the FDCPA. *See id.*

12   Plaintiffs respond by citing a judicial foreclosure case from another jurisdiction. *See* Opp.

13   at 10-11 (citation omitted). But unlike lenders who engage in nonjudicial foreclosures, lenders

14   who choose judicial foreclosures can obtain a deficiency judgment and thus, can collect on the

15   debt. *See In re Marriage of Bobbitt*, 135 Wn. App. 8, 18 n.2 (2006) ("A judicial foreclosure

16   under chapter 61.12 RCW could have resulted in a deficiency judgment whereas a non-judicial

17   foreclosure under chapter 61.24 RCW, under most circumstances, would not."); *see also Fluke*

18   *Capital & Mgmt. Servs. Co. v. Richmond*, 106 Wn.2d 614, 624 (1986) ("remedies of a creditor

19   who chooses nonjudicial procedures are limited to foreclosure alone"). Because Chase

20   nonjudicially foreclosed on Plaintiffs' Deed of Trust, Plaintiffs' case has no application here.

21   Plaintiffs' resort to their baseless "dual tracking" theory also does not save their FDCPA

22   claim. *See* Opp. at 11. Plaintiffs claim "[t]he facts indisputably demonstrate that at the same time

23   Defendants were foreclosing on the Mickelsons' home, Defendants were attempting to collect on

24   the debt by engaging in loan forbearance and/or modification(s), and did indeed collect money

25   from the Mickelsons." *Id.* But Plaintiffs identify no facts, let alone evidence, to support these

26   conclusory allegations. *See id.* And indeed, the Court recognized that documents Plaintiffs

27   attached to and relied on in their Amended Complaint reveal that Chase disclosed it would not

halt the foreclosure process unless and until Plaintiffs timely completed a loan modification

CHASE AND MERS'S REPLY IN SUPPORT OF MOT.
FOR SUMM. J. (C11-01445 MJP) — 7
DWT 19821837v3 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1   application (something Plaintiffs' allegations show they did not do).  Order at 10.  And Plaintiffs'

2   argument misses the point.  To the extent Plaintiffs base their debt collector theory on Chase's

3   conduct as Plaintiffs' mortgage servicer, that theory fails because the "law is well settled" that the

4   FDCPA's definition of debt collector "does not include the consumer's creditors, a mortgage

5   *servicing* company, or any assignee of the debt," where the servicing began before default.  *See*

6   Mot. at 8 (quoting *Lal v. Am. Home Serv.*, 680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010) (emphasis

7   added) (citing *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir.1985) (citing S. Rep. No.

8   95-382, 95th Cong., 1st Sess. 3 U.S. Code Cong. & Admin. News 1977, p. 1695)); *see also Lamb*,

9   2011 WL 5827813, *5 (same; granting motion to dismiss FDCPA claim); *Valle v. JPMorgan*

10  *Chase Bank, N.A.*, 2012 WL 1205635, *8 (S.D. Cal. 2012) ("Chase is not a 'debt collector' …

11  because Chase is a loan servicer."; granting motion to dismiss complaint)); *see also id.* at 8 n.1

12  (citing additional cases).  Plaintiffs *do not respond* to these cases.

**2.      No Genuine Issue of Material Fact Exists That MERS Did Not Attempt
            to Collect a Debt or Foreclose.**

13

14         In their Motion, Chase and MERS showed that Plaintiffs do not and cannot allege facts—

15  let alone present admissible evidence—establishing that MERS attempted to collect a debt or to

16  foreclose.  *See* Mot. at 5-6.  In response, Plaintiffs' recycle their conclusory allegation that Vonnie

17  McElligott lacked authority to sign the Assignment of Deed of Trust, speculating that "[e]ither

18  MERS or Northwest Trustee Services … is responsible" for Ms. McElligott signing that

19  document, and resurrect their position that MERS could not serve as the nominee and beneficiary

20  under the Deed of Trust.  Opp. at 12.  Plaintiffs appear to reason that because a deed of trust

21  secures a debt, and because MERS had some role under the Deed of Trust (either by allowing Ms.

22  McElligott to sign the Assignment of Deed of Trust or by serving as the nominee and beneficiary

23  under it), MERS therefore "committed unlawful debt collection" under the FDCPA.  *Id.*  Even if

24  Plaintiffs' theory made any sense, which it does not, the Court has already concluded "[t]here is

25  no legal reason why MERS cannot be the beneficiary, as that term is defined under the [DTA],"

26  and "Plaintiffs have not identified any harm that arose from MERS's role" as nominee and

27  beneficiary.  Order at 7-8.  And the Court found Plaintiffs failed to present anything other than

CHASE AND MERS'S REPLY IN SUPPORT OF MOT.
FOR SUMM. J. (C11-01445 MJP) — 8
DWT 19821837v3 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1   conclusory allegations supporting their theory that Ms. McElligott robo-signed the Assignment of

2   Deed of Trust. *Id.* at 9:7-8.  Plaintiffs' Opposition neither cures these defects nor presents

3   evidence showing that MERS attempted to collect a debt or foreclose. *See* Opp. at 12.  The Court

4   should therefore grant summary judgment on Plaintiffs' FDCPA claim in favor of MERS.

5           **B.**        **No Genuine Issue of Material Fact Exists That Chase and MERS Did Not Engage in Abusive or Unfair Methods.**

6          Chase and MERS explained in their Motion that Plaintiffs cannot show that Chase or

7   MERS engaged in abusive or unfair methods under 15 U.S.C. §§ 1692d (abuse), 1692e

8   (deception), or 1692f (unfairness).  Mot. at 9-10.  As Chase and MERS explained, even if these

9   sections apply to them—which Chase and MERS do not concede—Plaintiffs admit they defaulted

10  under the terms of their loan and present ***no evidence*** refuting the evidence showing that Chase

11  has held the Note, endorsed in blank, since June 26, 2006. *See id.* at 10 (citing Am. Compl. ¶¶

12  3.22-3.23, 12.2; Order at 2:20-21, 8:12-18).  As the Court held, Chase therefore had authority to

13  enforce the Note. *See* Order at 8:12-18 (citing RCW 61.24.005(2); RCW 62A.3-205; RCW

14  62A.3-301).  Thus, Plaintiffs cannot show that Chase misrepresented its right to foreclose, or took

15  or threatened any nonjudicial action without a present right to enforce the security instrument.

16  Mot. at 10 (citing 15 U.S.C. §§ 1692e-f).  Chase and MERS also showed that because the Court

17  rejected Plaintiffs' argument that MERS cannot serve as both the nomine and beneficiary, and has

18  dismissed Plaintiffs' robo-signing allegations as unsupported conclusory allegations, Plaintiffs

19  cannot establish MERS acted abusively, deceptively, or unfairly in these respects. *Id.* (citing

20  Order at 7-8); Order at 9:7-8.  Plaintiffs ***provide no response***, and present ***no evidence*** of abusive,

21  deceptive, or unfair conduct by Chase or MERS. *See* Opp. at 11-12.

22        At most, Plaintiffs contend that Chase's "communications with, and behavior toward, the

23  Mickelsons with respect to assurances their home would not be sold, the terms and requirements

24  of the loan's modification and/or forbearannces [sic], the Mickelsons' repeated attempts to contact

25  individuals at Chase, or event to identify the appropriate individual to contact, etc., reflect Chase's

26  disregard for dealing fairly and honestly with the Mickelsons."  Opp. at 11-12.  But this Court has

27  already disposed of these allegations, finding Chase repeatedly disclosed that it would not halt

CHASE AND MERS'S REPLY IN SUPPORT OF MOT.
FOR SUMM. J. (C11-01445 MJP) — 9
DWT 19821837v3 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1   foreclosure while Plaintiffs applied for a loan modification.  Mot. at 11 (citing Order at 8-10).

2   And in any event, these allegations amount to nothing more than conclusory, argumentative

3   allegations that cannot satisfy Plaintiffs' burden on summary judgment.  *See Kaiser Cement*, 793

4   F.2d at 1104 & n.12 (party resisting summary judgment "must respond with more than mere

5   hearsay and legal conclusions," and may not defeat summary judgment "in the absence of any

6   significant probative evidence tending to support the complaint"); *Nw. Adm'rs*, 2011 WL

7   1154515, *2 (nonmoving party cannot defeat summary judgment by relying on speculation and

8   conclusory or argumentative assertions).

9                                    **IV.    CONCLUSION**

10          Defendants Chase and MERS respectfully request that the Court grant their motion for

11  summary judgment dismissing the FDCPA claim under Fed. R. Civ. P. 56(c).  Because entry of

12  summary judgment on the FDCPA claim will resolve all remaining claims against Chase, MERS,

13  and Federal Home Loan Mortgage Corporation, Defendants respectfully request that the Court

14  also enter final judgment in Defendants' favor.

15          DATED this 22nd day of June, 2012.

16                                              Davis Wright Tremaine LLP
                                                Attorneys for JPMorgan Chase Bank, N.A.,
17                                              MERS, and Federal Home Loan Mortgage Corp.

18                                              By *s/ Rebecca Francis*
                                                    Fred B. Burnside, WSBA #32491
19                                                  Rebecca Francis, WSBA #41196
                                                    1201 Third Avenue, Suite 2200
20                                                  Seattle, WA  98101-3045
                                                    Tel.: 206-757-8016; Fax: 206-757-7700
21                                                  E-mail: fredburnside@dwt.com
                                                    E-mail: rebeccafrancis@dwt.com

22

23

24

25

26

27

CHASE AND MERS'S REPLY IN SUPPORT OF MOT.
FOR SUMM. J. (C11-01445 MJP) — 10
DWT 19821837v3 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1

CERTIFICATE OF SERVICE

2

I hereby certify that on June 22, 2012, I electronically filed the foregoing with the Clerk of

3

the Court using the CM/ECF system, which will send notification of such filing to those attorneys

4

of record registered on the CM/ECF system.  All other parties (if any) shall be served in

5

accordance with the Federal Rules of Civil Procedure.

6

DATED this 22nd day of June, 2012.

7

8

Davis Wright Tremaine LLP
Attorneys for JPMorgan Chase Bank, N.A.,
MERS, and Federal Home Loan Mortgage
Corporation

9

By *s/ Rebecca Francis*
         Rebecca Francis, WSBA #41196

10

1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045

11

Tel.: 206-757-8016; Fax: 206-757-7700
E-mail: rebeccafrancis@dwt.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

CERTIFICATE OF SERVICE  (C11-01445 MJP)
DWT 19821837v3 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax