THE HONORABLE MARSHA J. PECHMAN
**Noted on Motion Calendar**
**August 10, 2012**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TRAVIS MICKELSON, DANIELLE H. MICKELSON, and the marital community thereof,

Plaintiffs,

v.

CHASE HOME FINANCE LLC, an unknown entity, et al.,

Defendants.

No. 2:11-cv-01445 MJP

CHICAGO TITLE INSURANCE COMPANY'S MOTION TO DISMISS CPA CLAIM

**NOTE ON MOTION CALENDAR: Friday, August 10, 2012**

## I. RELIEF REQUESTED

Pursuant to Federal Rule of Civil Procedure 12(b)(6) and the Court's Order Granting in Part and Denying in Part for Clarification (Dkt. No. 75), Defendant Chicago Title Insurance Company ("Chicago") moves for an order dismissing Plaintiffs' Consumer Protection Act ("CPA") claim asserted against it.



FIDELITY NATIONAL LAW GROUP
The Law Division of Fidelity National Title Group, Inc.
1200 – 6TH AVENUE, SUITE 620
SEATTLE, WA 98101
(206) 223-4525

## II. FACTS

The facts of this case are familiar to this Court. In summary, Plaintiffs allege they lost their family home to a nonjudicial foreclosure "perpetrated by the defendants Chase Home Finance, LLC, NorthwestTrustee Services and Federal Home Loan Mortgage Corporation." Complaint at p. 2, lines 1-5. Chicago is not among those identified as a party to the foreclosure. Rather, Chicago was named as a defendant because "it is the Trustee identified in the original deed of trust." Complaint at p. 5, lines 1-5; see also Complaint at p. 18.

Chicago was originally appointed as trustee under a deed of trust signed by Plaintiffs on November 22, 2005, and recorded on November 28, 2006, under Island County Auditor's File No. 4155570. Complaint, Exhibit C ("Deed of Trust"). On September 19, 2008, an Appointment of Successor Trustee was recorded under Island County Auditor's File No. 4236911.[1] Defendant Northwest Trustee Services, Inc. was appointed as successor trustee.

Plaintiffs do not allege that Chicago, as original trustee, took any affirmative action to conduct the subject sale. Plaintiffs do allege that at the time of the sale Chicago "had not been relieved from its duty as trustee". Complaint at p. 18, lines 12-14.

All other claims against Chicago have been dismissed by prior Orders of this Court. The only remaining claim against Chicago is a single CPA claim. The Court already dismissed Plaintiffs' CPA claims against Defendants MERS, Chase JPMorgan and Freddie Mac. (Dkt. No. 58) reasoning that Plaintiffs did not include sufficient allegations of unfair or deceptive acts to maintain that claim against them. Applying the same reasoning, Plaintiffs' CPA claim against Chicago should be dismissed.

---

[1] Plaintiffs do not attach the Appointment of Successor Trustee to their Complaint but it was attached to Chicago's original Motion to Dismiss (Dkt. No. 18-1). The court may consider evidence on which a complaint necessarily relies if the complaint refers to the document, the document is central to Plaintiffs' claims, and no party questions its authenticity. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (exhibits to a motion to dismiss were considered by the court without converting it to a motion for summary judgment).



**FIDELITY NATIONAL LAW GROUP**
**The Law Division of Fidelity National Title Group, Inc.**
**1200 – 6TH AVENUE, SUITE 620**
**SEATTLE, WA 98101**
**(206) 223-4525**

## III. ISSUE STATEMENT

1. Does Plaintiffs' claim for violation of Washington's Consumer Protection Act fail as a matter of law?

## IV. LEGAL STANDARD AND ARGUMENT

In order to survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief above the speculative level." *Id.* at 555. In other words, a plaintiff must set forth a plausible claim for relief, not simply a possible claim for relief. *See Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009).

Under *Iqbal*, ""[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Plausibility requires more than "a sheer possibility that a defendant has acted unlawfully." *Id.* "When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.*

To prevail on a CPA claim, Plaintiffs must establish five elements: "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; [and] (5) causation." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780 (1986). Whether a practice is unfair or deceptive is a question of law. *Indoor Billboard/Washington, Inc. v. Integra Telecom of Wash., Inc.*, 162 Wn.2d 59, 74 (2007). Plaintiffs cannot establish even the first element of a CPA claim.



**FIDELITY NATIONAL LAW GROUP**
**The Law Division of Fidelity National Title Group, Inc.**
**1200 – 6TH AVENUE, SUITE 620**
**SEATTLE, WA 98101**
**(206) 223-4525**

To satisfy the first element, Plaintiffs must show that the act or practice either has a capacity to deceive a substantial portion of the public or that it constitutes an unfair trade or practice. *Hangman*, 105 Wn.2d at 780. Plaintiffs have failed to provide sufficient allegations as to show an unfair or deceptive act or practice.

Chicago's only connection to the subject foreclosure relates to its appointment as original trustee. The Appointment of Successor Trustee relieved Chicago as trustee. There was nothing deceptive or unfair about Chicago's role as original trustee and no facts to support a claim that Chicago acted unfairly or deceptively when the Appointment of Successor Trustee was executed and recorded. Having failed to establish even the first element of a CPA claim Plaintiffs' CPA claim against Chicago fails in its entirety.

## V. CONCLUSION

For these reasons, Chicago respectfully requests that its motion be granted and Chicago be dismissed from this lawsuit.

DATED this 6th day of July, 2012.

FIDELITY NATIONAL LAW GROUP

/s/ Erin M. Stines
Erin M. Stines, WSBA #31501
Fidelity National Law Group
The Law Division of Fidelity National
Title Group, Inc.
1200 – 6th Avenue, Suite 620
Seattle, WA 98101
(206) 223-4525
erin.stines@fnf.com

*Attorney for Chicago Title Insurance Company*

## CERTIFICATE OF SERVICE

I certify that on the date given below, I electronically filed this document entitled **CHIGAGO TITLE INSURANCE COMPANY'S MOTION TO DISMISS CPA CLAIM** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following persons:

Scott E. Stafne , WSBA #6964
STAFNE LAW FIRM
239 North Olympia Avenue
Arlington, WA 98223
360-403-8700 / 360- 386-4005 - FAX
scott.stafne@stafnelawfirm.com
*Attorney for Plaintiffs*

Fred B Burnside, WSBA #32491
Rebecca J. Francis. WSBA #41196
DAVIS WRIGHT TREMAINE (SEA)
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206-622-3150 / 206-757-7700 – FAX
fredburnside@dwt.com
rebeccafrancis@dwt.com
*Attorneys for Defendants*
*Chase Home Finance LLC,*
*JPMorgan Chase Bank, N.A.,*
*Mortgage Electronic Registration Systems Inc.*
*and Federal Home Loan Mortgage Corporation*

Heidi E. Buck**,** WSBA #41769
ROUTH CRABTREE OLSEN
13555 SE 36TH STREET, STE 300
BELLEVUE, WA 98006
425-213-5534 / 425-283-5968 - FAX
hbuck@rcolegal.com
*Attorneys for Defendants*
*Northwest Trustee Services, Inc.,*
*Jeff Stenman, Vonnie McElligott,*
*Rhea Pre and Routh Crabtree Olsen, P.S.*



**FIDELITY NATIONAL LAW GROUP**
**The Law Division of Fidelity National Title Group, Inc.**
**1200 – 6TH AVENUE, SUITE 620**
**SEATTLE, WA 98101**
**(206) 223-4525**

**SIGNED** this 6th day of July, 2012 at Seattle, Washington.

*/s/ Erin M. Stines*
Erin M. Stines



**FIDELITY NATIONAL LAW GROUP**
**The Law Division of Fidelity National Title Group, Inc.**
**1200 – 6TH AVENUE, SUITE 620**
**SEATTLE, WA 98101**
**(206) 223-4525**