UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVIS MICKELSON, and DANIELLE H. MICKELSON,<br><br>              Plaintiffs,<br><br>   v.<br><br>CHASE HOME FINANCE, LLC, et al.,<br><br>              Defendants. | CASE NO. C11-1445 MJP<br><br>ORDER GRANTING DEFENDANTS MERS', CHASE HOME FINANCE'S, AND JPMORGAN CHASE BANK, NA'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendants MERS, JPMorgan Chase Bank, N.A., and Chase Home Finance LLC's motion for summary judgment on the remaining claim against them. (Dkt. No. 73.) Having reviewed the motion, the opposition (Dkt. No. 81), the reply (Dkt. No. 82), and all related papers, the Court GRANTS the motion.

**Background**

In this foreclosure-related case Plaintiffs pursue one remaining claim against JPMorgan Chase Bank, N.A., Chase Home Finance LLC, and MERS for violations of the Fair Debt Collection Practices Act ("FDCPA"). Plaintiffs allege that JPMorgan Chase Bank, N.A. and

ORDER GRANTING DEFENDANTS MERS',
CHASE HOME FINANCE'S, AND JPMORGAN
CHASE BANK, NA'S MOTION FOR SUMMARY
JUDGMENT- 1

Chase Home Finance LLC (collectively "Chase") violated the Act by initiating foreclosure proceedings without holding a valid right to the debt Plaintiffs owed on their home in Island County. That is, they allege Chase did not hold the promissory note at the time the foreclosure process started, and thus was improperly collecting a debt. Chase has now presented a declaration from Thomas Reardon, a Vice President at JPMorgan Chase Bank, N.A., who swears under penalty of perjury that Chase has held the note, indorsed in blank, since June 26, 2006, until it gave it to Davis Wright Tremaine in October, 2011. (Dkt. No. 74.) In opposing summary judgment, Plaintiffs provide not a single declaration. Plaintiffs have also made no allegations that MERS attempted to collect a debt or foreclose on Plaintiffs' home.

**Analysis**

The FDCPA bars a "debt collector" from: (1) engaging in conduct "the nature consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt"; (2) "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt; or (3) us[ing] unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §§ 1692d-1692f. "The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). At a minimum, to sustain a claim under the FDCPA, Plaintiffs must establish that Chase and MERS were both "debt collectors." 15 U.S.C. §§ 1692a(6), 1692d-1692f. A person or company is not a debt collector if it is seeking to collect a debt "that was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(iii). The Ninth Circuit has confirmed this exception, finding that a party taking ownership of the rights to collect on a debt

ORDER GRANTING DEFENDANTS MERS',
CHASE HOME FINANCE'S, AND JPMORGAN
CHASE BANK, NA'S MOTION FOR SUMMARY
JUDGMENT- 2

1 after the debt was incurred but before it was in default is not a "debt collector." De Dios v. Int'l

2 Realty Inv., 641 F.3d 1071, 1075 (9th Cir. 2011).

3     None of Plaintiffs' FDCPA claims can move forward.  First, Plaintiffs have failed to

4 show that MERS is a debt collector under the FDCPA.  No facts or even allegations exist

5 showing that MERS attempted to collect on a debt.  The FDCPA claim against are DISMISSED.

6 Second, Plaintiffs have failed to provide any facts to rebut Chase's showing that it obtained the

7 Note prior to default and is thus not a debt collector.  Reardon's unrebutted declaration shows

8 that Chase had ownership of the note as of June, 2006.  Plaintiffs did not enter into default until

9 roughly two years later.  As such, Chase is statutorily exempt from the definition of "debt

10 collector" and no FDCPA claims can be brought against it.  15 U.S.C. § 1692a(6)(F)(iii).  The

11 FDCPA claims against both JPMorgan Chase and Chase Home Finance are DISMISSED.

## Conclusion

13     The Court GRANTS the motion for summary judgment in full.  Plaintiffs have provided

14 no evidence that any of these three defendants are "debt collectors" to whom the FDCPA applies.

15 This is fatal to the claims.  All claims against these three defendants are DISMISSED and they

16 are hereby terminated from the case.

17     The clerk is ordered to provide copies of this order to all counsel.

18     Dated this 6th day of August, 2012.

    Marsha J. Pechman
    United States District Judge

ORDER GRANTING DEFENDANTS MERS',
CHASE HOME FINANCE'S, AND JPMORGAN
CHASE BANK, NA'S MOTION FOR SUMMARY
JUDGMENT- 3