THE HON. MARSHA J. PECHMAN
Noted on Motion Calendar
August 10, 2012

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| TRAVIS MICKELSON, DANIELLE H. MICKELSON, and the marital community thereof<br><br>Plaintiffs,<br><br>vs.<br><br>CHASE HOME FINANCE LLC, an unknown entity; et. al.<br><br>Defendants. | NO. 2:11-cv-01445 MJP<br><br>RESPONSE TO CHICAGO'S MOTION TO DISMISS CPA CLAIM<br><br>NOTED ON MOTION CALENDAR: Friday, August 10, 2012 |

COMES NOW Travis and Danielle Mickelson who briefly respond to CHICAGO TITLE INSURANCE COMPANY'S MOTION TO DISMISS CPA CLAIM (dkt. 83).

I.   RESPONSE TO DEFENDANT'S FACTS

As indicated by Chicago Title Insurance ("Chicago"), many of Plaintiffs allegations have been dispensed with in prior orders. For example the ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR CLARIFICATION was partially denied for dismissal of the CPA claim against Chicago Title, indicating "CPA claim asserted against Chicago remains pending and is not dismissed". Dkt. 75 at *3; see also, dkt. 35, 86.

RESPONSE TO CHICAGO'S MOTION TO DISMISS CPA CLAIM- 1

No. 2:11-CV-01445

STAFNE LAW FIRM
239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /STAFNELAWFIRM@AOL.COM

Paragraphs 13.1 and 13.7 of Plaintiffs Amended Complaint (dkt. 29) relate to claims against Chicago Title under the CPA. This includes ¶ 11.20 and ¶¶ 11.21-11.21.3 which are incorporated by reference in ¶ 13.1. See Id. Paragraph 11.20 states in relevant part:

> Defendant Chicago Title's actionable conduct includes being a party to the Plaintiffs' Deed of Trust and later aiding and abetting Northwest Trustee Services in a scheme and enterprise whereby Chicago Title would be identified as the trustee on original deed of trust agreements with no intention of undertaking the good faith duties a trustee owes the borrower under Ch. 61.24 Wash. Rev. Code. [***]

Id. (dkt. 29) at *53; *but see*, dkt. 35 at **5-6 (order denying good faith claim related to Chicago Title).

A review of Island County's Sister County (Snohomish County) Auditor's Grantor/Grantee index online database for "Chicago Title" shows that between January 1, 2005 and December 31, 2010, Fidelity National Title was recorded as the Trustee on over 39,362 Deeds of Trust. See Auditor, Official Public Records, Snohomish County, WA, available at: http://www1.co.snohomish.wa.us/Departments/Auditor/Divisions/Recording/.[1] However, in the same time period, only 242 Notice of Trustee's Sale were recorded by Chicago Title. See Auditor, Official Public Records, Snohomish County, WA, available at: http://www1.co.snohomish.wa.us/ Departments/Auditor/Divisions/Recording/.[2]

## II.   AUTHORITY AND ARGUMENT

Chicago relies in part, on the notion that by applying the same reasoning found by this Court in its order for motion to dismiss (CPA claims against MERS, Chase, Freddie Mac) (dkt. 58), that this motion to dismiss be granted for Chicago. Therein states:

---

[1] Select "Recorded Document Search", acknowledge disclaimer, click official public records, type "Chicago Title" in "Party Name", select "Deed of Trust" in Document Type, type "01/01/2005" in "from" and "12/31/2010" in "to".

RESPONSE TO CHICAGO'S MOTION TO DISMISS CPA CLAIM- 2

No. 2:11-CV-01445

STAFNE LAW FIRM
239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 / STAFNELAWFIRM@AOL.COM

> There is no legal reason why MERS cannot be the beneficiary, as that term is defined in the DTA. The beneficiary is the holder of the promissory note, and there is no legal reason why MERS cannot be the note holder. RCW 64.21.005(2). Even if MERS was not properly appointed as nominee and beneficiary, Plaintiffs have not identified any harm that arose from MERS"s role or from the purported deception.

ORDER GRANTING MOTION TO DISMISS at *7 (dkt. 58). Further the order states "Plaintiffs have also failed to identify any specific conduct" which appears tantamount to Chicago's role. Compare dkt. 58 with, Chicago's Motion to Dismiss at *4 (dkt. 83).

Plaintiffs concede that the logic of dkt. 58, if applied similarly here, would warrant any allegation predicated on MERS's involvement in the Deed of Trust related to Chicago Title to also hold the same here. Thus to the extent ¶¶ 11.21, 11.21, and 11.21.3 are incorporated into the Plaintiffs CPA claims, plaintiffs have no other argument than that previously made. However, with respect to portions of ¶11.20 incorporated into the Plaintiffs CPA claims, Homeowners argue that such concession need not be made because this portion of the pleading and inferences stated below, are more than speculative claim.

Therein defendant Chicago Title identifies itself as the trustee on many original deeds of trust (over 30,000 in Snohomish County alone) with little or no intention of performing non-judicial foreclosure trustee. There is deception and troubles the public interest, as this company holds itself out as a trustee without intent to act as such. Further the nature of Chicago Title's business is such that it regularly reviews records at the execution of closing papers before recording. If not complacent, in the practices of the Lending and Serving industry, then at the very least title companies, like Chicago, are in a position to know (than

---

[2] Select "Recorded Document Search", acknowledge disclaimer, click official public records, type "Chicago Title" in "Party Name", select "NOTICE OF TRUSTEE'S" in Document Type, type "01/01/2005" in "from" and "12/31/2010" in "to".

RESPONSE TO CHICAGO'S MOTION TO DISMISS CPA CLAIM- 3

No. 2:11-CV-01445

STAFNE LAW FIRM

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /STAFNELAWFIRM@AOL.COM

the consuming public at large) because they regularly perform searches of title records for false documents and recording as their stock and trade.

Admittedly, this is unfair and prejudicial for two reasons: first external systems like MERS remove chain of title from the grantor/grantee index, depriving any party from knowing the validity of a successor party in interest thus obfuscating the lien on property, not disclosing the real party in interest and preventing negotiation with them for modification and forbearances and/or misrepresenting authority to settle; and secondly, plaintiffs interest in property is not held by the agreed to trustee but rather by a parties who utilize robosigning and successor trustee substitutions to wrest the trustee status from the only party known to maintain an interest in the Deed of Trust. It is linked to Chicago because it agrees not to act.

### III.   CONCLUSION

For these reasons, plaintiffs respectfully request Chicago's 12(b)(6) motion to dismiss be denied.

DATED this 6th day of August, 2012 in Arlington, Washington.

/s/ Andrew J. Krawczyk
Scott E. Stafne, WSBA 6964
Andrew J. Krawczyk, WSBA 42982
Stafne Law Firm
239 N. Olympic Avenue
Arlington, WA 98223
(360) 403-8700
andrew@stafnelawfirm.com
Attorneys for Plaintiffs

RESPONSE TO CHICAGO'S MOTION TO DISMISS CPA CLAIM- 4

No. 2:11-CV-01445

STAFNE LAW FIRM
239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /STAFNELAWFIRM@AOL.COM

CERTIFICATE OF SERVICE

I certify that on the date given below, I electronically filed this document entitled RESPONSE TO CHICAGO'S MOTION TO DISMISS CPA CLAIM with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following persons:

Erin McDougal Stines
FIDELITY NATIONAL LAW GROUP
1200 6TH AVENUE STE 620
SEATTLE, WA 98101
(206) 224-6005
Fax: (877) 655-5286
Email: erin.stines@fnf.com
*Attorney for Chicago Title*

Heidi E. Buck
ROUTH CRABTREE OLSEN
13555 SE 36TH STREET
STE 300
BELLEVUE, WA 98006
425-213-5534
Email: hbuck@rcolegal.com
*Attorney for Defendants Northwest Trustee Services, Inc., Jeff Stenman, Vonnie McElligott, Rhea Pre, and Routh Crabtree Olsen, P.S.*

And all other attorneys of record not presently dismissed from this suit.

SIGNED this 6th day of August, 2012, at Arlington Washington.

                    /s/ Andrew J. Krawczyk_____
                    Andrew J. Krawczyk
                    Stafne Law Firm
                    239 N. Olympic Avenue
                    Arlington, WA 98223
                    (360) 403-8700
                    andrew@stafnelawfirm.com
                    Attorney for Plaintiffs

RESPONSE TO CHICAGO'S MOTION TO DISMISS CPA CLAIM- 5

No. 2:11-CV-01445

STAFNE LAW FIRM
239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /STAFNELAWFIRM@AOL.COM