The Honorable Judge Marsha Pechman

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

| | |
|---|---|
| TRAVIS MICKELSON, DANIELLE H. MICKELSON, and the marital community thereof,<br><br>                                              Plaintiffs,<br><br>    v.<br><br>CHASE HOME FINANCE, LLC, an unknown entity; JPMORGAN CHASE BANK, N.A., a foreign corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a foreign corporation; NORTHWEST TRUSTEE SERVICES, INC., a domestic corporation; JOHN DOES, unknown entities; MORTGAGEIT, INC., a foreign corporation; GMAC MORTGAGE CORPORATION, a foreign corporation; CHICAGO TITLE, an unknown corporation; ROUTH CRABTREE OLSEN, P.S., a domestic Personal Services Corporation; and FEDERAL HOME LOAN MORTGAGE CORPORATION, a corporation,<br><br>                                              Defendants. | No.  C11-01445 MJP<br><br>**MOTION OF DEFENDANTS NORTHWEST TRUSTEE SERVICES, INC., VONNIE MCELLIGOTT, AND ROUTH CRABTREE OLSEN, P.S. FOR RECONSIDERATION OR EXTENSION OF FILING DATES**<br><br>**NOTE ON MOTION CALENDAR:**<br>**August 9, 2012** |

### I.     RELIEF REQUESTED

Defendants Northwest Trustee Services ("NWTS"), Vonnie McElligott ("McElligott"), and Routh Crabtree Olsen, P.S. ("RCO") (collectively, "Moving Defendants") hereby move the Court to reconsider its August 7, 2012 Order denying judgment on the pleadings.  ECF Dkt. No.

MOTION OF DEFENDANTS NWTS, MCELLIGOTT, AND RCO FOR RECONSIDERATION OR EXTENSION OF FILING DATES
1 of 6     Case C11-01445 MJP

ROUTH CRABTREE OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

88.[1]  In the alternative, Moving Defendants respectfully request that the Order Setting Trial and Related Dates be extended to allow for consideration of this matter through summary judgment, based on the Court's ruling on certain documents presented.  *Id.* at 7, 8.

## II.     ARGUMENT ON MOTION FOR RECONSIDERATION

Under Local Rule 7(h), motions for reconsideration are typically disfavored, unless the moving party shows authority which could not have been advanced earlier.

Here, Moving Defendants could not have anticipated the Court's determination that certain documentary evidence referenced in the Complaint was beyond the pleadings, or the acceptance of Plaintiffs' conclusory allegations as to McElligott's signing authority as a MERS officer.  Thus, reconsideration is appropriate for the reasons stated below.

First, the Court found that it could not consider the required Beneficiary Declaration – which is "an exhibit that seems to show Chase was the note holder." ECF Dkt. No. 88, Order at 7.  As a result, the Court held that Plaintiffs' made a plausible claim that "NWTS violated the DTA by initiating foreclosure proceeding without knowledge of the beneficiary as required by RCW 61.24.030(7)," and allowed Plaintiffs' allegations of a good-faith duty breach, and purported violation of 15 U.S.C. §1692f(6), to survive based on the same reasoning.  *Id.* at 8, 9.

Plaintiffs' Amended Complaint expressly references the Beneficiary Declaration, suggesting that NWTS should not have accepted the declaration because it was allegedly "robo-signed" and because the declaration was not sufficiently demonstrative of who held the Note. The documentation concerning Chase's authority as the foreclosing beneficiary is identified through both Paragraph 3.19 of the Amended Complaint ("declarations or affidavits offered in support of initiating non-judicial sale…) and Paragraph 6.52 of the Amended Complaint (NWTS

---

[1] The instant Motion is noted pursuant to Local Rule CR 7(d)(1) and CR 7(h).

MOTION OF DEFENDANTS NWTS, MCELLIGOTT, AND RCO FOR RECONSIDERATION OR EXTENSION OF FILING DATES
2 of 6     Case C11-01445 MJP

ROUTH CRABTREE OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

"did not have any proof or sufficient proof that Chase was… [the beneficiary]… before sending a notice of trustees sale."). Because the Amended Complaint expressly relies on the Beneficiary Declaration, Moving Defendants may also rely on that document – and Plaintiffs do not contest its authenticity either. *See, e.g., Schwartz v. KPMG, LLP,* 476 F.3d 756 (9th Cir. 2007).[2]

In the Order granting Chase's F.R.C.P. 12(b)(6) Motion to Dismiss, this Court ruled that "Chase has explained that it was permitted to initiate foreclosure on the property by virtue of holding the note that was indorsed in blank. Plaintiffs have not provided any valid argument or allegation as to why Chase was not a proper beneficiary with authority to foreclose." ECF Dkt. No. 58 at 8. Moving Defendants reasonably believed that this prior finding, in concert with the Complaint's direct allegations that NWTS' Beneficiary Declaration was somehow insufficient, would nonetheless result in review of the exhibit under a F.R.C.P. 12(b)(6) standard.[3]

Second, the Court's Order finds that "it is possible… [McElligott]… lacked the proper authority to… [sign documents on behalf of MERS]." ECF Dkt. No. 88 at 10. However, no party has ever claimed that McElligott is a MERS *employee*; rather, the key question is whether she possessed *signing authority as a MERS officer*.[4]

As the Ninth Circuit recognized in *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011),

---

[2] The Court's opinion notes that a F.R.C.P. 12(b)(6) standard is applied to a Motion for Judgment on the Pleadings. ECF Dkt. No. 88, Order at 4. Under that Rule, a court may consider a writing referenced in the complaint, but not explicitly incorporated therein, if the complaint relies on the document and its authenticity is unquestioned. *Schwartz* at 763. Further, in ruling on a F.R.C.P. 12(b)(6) motion, a court need not accept as true the allegations in the complaint, where these allegations are contradicted by other documents. *In re Lois/USA, Inc.,* 264 B.R. 69 (Bankr. S.D.N.Y.2001).

[3] Moving Defendants also wish to note that Plaintiff's Amended Complaint lacks even a single fact as to how RCO, as a law firm, was involved in FDCPA violations during the non-judicial foreclosure process. It is inconceivable that Plaintiffs could plausibly have alleged that RCO violated 15 U.S.C. §1692f(6) through foreclosure when RCO was not the foreclosing entity. *Cf.* ECF Dkt. No. 88, Order at 9.

[4] Plaintiff's Complaint *acknowledged* that McElligott is a Vice-President of MERS; Plaintiffs simply dispute her ability to sign documents on MERS' behalf. ECF Dkt. No. 29, Amended Complaint at ¶ 6.23.

MOTION OF DEFENDANTS NWTS, MCELLIGOTT, AND RCO FOR RECONSIDERATION OR EXTENSION OF FILING DATES
3 of 6   Case C11-01445 MJP

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

>MERS relies on its members to have someone on their own staff become a MERS officer with the authority to sign documents on behalf of MERS.  *See* Dordan, 12 Loy. J. Pub. Int. L. at 182; *Jackson,* 770 N.W.2d at 491. As a result, most of the actions taken in MERS's own name are carried out by staff at the companies that sell and buy the beneficial interest in the loans. *Id.*

The United States District Court for the Central District of California applied similar reasoning in finding that *no* legal authority prohibiting one individual from holding a "dual position" – i.e. working for both MERS and another company, or acting as an agent for both. *Chua v. IB Prop. Holdings, LLC*, 2011 WL 3322884 (C.D. Cal. Aug. 1, 2011).[5]

Moreover, Plaintiffs lack standing to challenge McElligott's authority, as they were not parties to the signed document nor intended beneficiaries of its execution.  *See Williams v. U.S. Bank, N.A.*, 2011 WL 2293260 (E.D. Mich. June 9, 2011), *Bridge v. Aames Capital Corp. et al.*, 2010 WL 3834059 (N.D. Ohio Sept. 29, 2010).

Given the Ninth Circuit's recognition of MERS' reliance on non-employee officers, as well as the other authority cited herein, Moving Defendants believe reconsideration of the CPA claims against NWTS and McElligott is warranted.

//

//

---

[5] Courts routinely reject conclusory allegations that a MERS officer may not also be an employee of another entity. *See, e.g., Velasco v. Sec. Nat. Mortg. Co.*, 823 F.Supp.2d 1061 (D. Haw. 2011) at *6 (rejecting allegation, on information and belief, that person who executed the MERS Assignment "'has never been appointed Assistant Secretary…' and therefore lacked the authority to make the Assignment on behalf of MERS. Plaintiffs once again fail to allege specific facts to substantiate their conclusory allegations. This unadorned, conclusory allegation is not sufficient to establish the falsity of the Assignment."); *Phillips v. Wells Fargo Bank, N.A*., 2009 WL 3756698, *4 (S.D. Cal. 2009) (dismissing claims where borrower failed to offer evidence employee was not MERS officer); *In re MERS Litig*., 2011 WL 4550189, *5 (D. Ariz. 2011)  (rejecting argument that MERS signatory lacked authority to sign); *Kiah v. Aurora Loan Serv. LLC*, 2011 WL 841282, *7 n.9 (D. Mass. 2011) (rejecting plaintiff's contention that individual's signatory authority was a "fraud on the court" as "[t]he relevant documents appear to have been created in accordance with MERS practices for authorizing and assigning mortgages"). *See also Bain v. Metro. Mortgage Group Inc*., 2010 WL 891585, *1, *6 (W.D. Wash. 2010) (dismissing complaint where servicer employees were appointed as MERS officers to execute documents necessary to foreclose; holding that loan servicer "openly and lawfully allow[ed] its employees to sign on behalf of [MERS], pursuant to contract – which is the essence of ordinary agency action everywhere. There is simply nothing deceptive about using an agent to execute a document, and this practice is commonplace in deed of trust actions").

MOTION OF DEFENDANTS NWTS, MCELLIGOTT, AND RCO FOR RECONSIDERATION OR EXTENSION OF FILING DATES
4 of 6     Case C11-01445 MJP

ROUTH CRABTREE OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

### III.    ARGUMENT ON ALTERNATIVE MOTION TO EXTEND FILING DATES

Should the Court deny the above-stated Motion for Reconsideration, Moving Defendants alternatively seek amendment of the Order Setting Trial and Related Dates in a manner that would permit consideration of this matter through summary judgment.

Local Rule CR 16(g) provides that "not later than 90 days prior to the trial date, unless otherwise ordered by the court, counsel shall file all… motions for summary judgment…."

In the Joint Status Report here, the parties anticipated that discovery would be complete by September 1, 2012, and this case would be ready for trial by December 1, 2012. ECF Dkt. No. 28 at ¶¶ 6, 11. Under CR 16(g), using December 1, 2012 as the prospective trial date would have resulted in a default September 1, 2012 dispositive motion deadline, unless the Court made an adjustment to the contrary. In this case, however, the Order Setting Trial and Related Dates required discovery completion by June 8, 2012, dispositive motions to have been filed no later than July 9, 2012, and established a trial date of November 5, 2012. ECF Dkt. No. 30.

Moving Defendants' Motion for Judgment on the Pleadings was timely noted for consideration on June 15, 2012. However, because the Court's opinion was entered on August 7, 2012, the Order Setting Trial and Related Dates now constrains Moving Defendants' ability to seek Summary Judgment and cure issues mentioned in the ruling. In fact, the Court's Order appears to allude to the possibility of pursuing Summary Judgment: "Defendants will need to file a motion for summary judgment for the Court to consider such materials."[6]

Because primary counsel of record for Moving Defendants is getting married and unavailable through August 22, 2012, the following amendments to the Order Setting Trial and

---

[6] The "materials" reference a Beneficiary Declaration showing Chase was the note holder. The Court noted that this exhibit did not include a "declaration or affidavit explaining what it is and attesting to its authenticity." ECF Dkt. No. 88, Order at 7.

MOTION OF DEFENDANTS NWTS, MCELLIGOTT, AND RCO FOR RECONSIDERATION OR EXTENSION OF FILING DATES
5 of 6    Case C11-01445 MJP

ROUTH CRABTREE OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

Related Dates are requested in the event reconsideration is not granted: 1) dispositive motions due no later than September 7, 2012, 2) mediation and/or motions in limine must be completed by November 30, 2012, 3) an agreed pretrial order filed by December 21, 2012, 4) a pretrial conference scheduled according to the Court's availability, 5) trial briefs, voir dire questions, jury instructions, and exhibits due by December 28, 2012, and 6) a trial date of January 7, 2013.

This schedule would adequately permit Moving Defendants to ask the Court whether no genuine material issues of disputed fact exist, and likely preclude the need for a lengthy trial. Thus, if relief in the form of Judgment on the Pleadings is still denied, Moving Defendants respectfully request this alternative remedy, in order to specifically address the Court's concerns.

## IV.   CONCLUSION

Moving Defendants ask this Court to reconsider its decision to partially deny Judgment on the Pleadings to them. Moving Defendants relied on documents that directly relate to, or are referenced in, the Amended Complaint. Moreover, there is no dispute that McElligott was a MERS officer – as Plaintiffs concede – and courts, including the Ninth Circuit, routinely reject challenges to such dual-agency role.

However, if the Court declines to reconsider, then Moving Defendants request the opportunity to cure the defects mentioned in the Court's August 7, 2012 Order, through the filing of a Motion for Summary Judgment no later than September 7, 2012.

DATED this 9th day of August, 2012.

**ROUTH CRABTREE OLSEN, P.S.**

  /s/ Joshua S. Schaer
Joshua S. Schaer, WSBA No. 31491
Of Attorneys for Defendants Northwest
Trustee Services, Inc., Vonnie McElligott,
and Routh Crabtree Olsen, P.S.

MOTION OF DEFENDANTS NWTS, MCELLIGOTT, AND RCO FOR RECONSIDERATION OR EXTENSION OF FILING DATES
6 of 6    Case C11-01445 MJP

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131