THE HONORABLE MARSHA J. PECHMAN
**Noted on Motion Calendar**
**August 10, 2012**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TRAVIS MICKELSON, DANIELLE H.
MICKELSON, and the marital community
thereof,

                  Plaintiffs,

       v.

CHASE HOME FINANCE LLC, an unknown
entity, et al.,

                  Defendants.

No. 2:11-cv-01445 MJP

CHICAGO TITLE INSURANCE
COMPANY'S MOTION TO STRIKE AND
REPLY IN SUPPORT OF ITS MOTION TO
DISMISS CPA CLAIM

**NOTE ON MOTION CALENDAR:**
**Friday, August 10, 2012**

## I.  MOTION TO STRIKE

Defendant Chicago moves the Court pursuant to Local Rule 7(g) for an Order striking information contained in Plaintiffs' Response (Dkt. No. 87 at p. 2, lines 10-19 and p. 3, lines 16- 22) concerning unrelated instruments recorded in Snohomish County.

The new and unrelated information does not appear in Plaintiffs' Complaint. To supply the Court with new information at this stage in the case, Plaintiffs are first required to obtain the Court's leave to amend their Complaint. FRCP 15(a)(2). Having failed to first

CHICAGO'S MOTION TO STRIKE
AND REPLY IN SUPPORT OF ITS
MOTION TO DISMISS CPA CLAIM – 1
CASE NO. 2:11-CV-01445

**FIDELITY NATIONAL LAW GROUP**
The Law Division of Fidelity National
Title Group, Inc.
1200 – 6TH AVENUE, SUITE 620
SEATTLE, WA  98101
(206) 223-4525

1   amend their Complaint, this new information should be stricken from the Court's record. Only

2   facts alleged in Plaintiffs' Complaint are relevant to Chicago's pending motion to dismiss

3   Plaintiffs' CPA claim. FRCP 12(b)(6).

4   **II. REPLY IN SUPPORT OF CHICAGO'S MOTION TO DISMISS CPA CLAIM**

5           Plaintiffs' Complaint does not include a single allegation against Chicago that could

6   support a CPA claim. This claim must be dismissed as to Chicago.

7           The WCPA prohibits "[u]nfair methods of competition and unfair or deceptive acts in

8   the conduct of any trade or commerce."  RCW 19.86.020.  In order to prove a claim under the

9   statute, a private plaintiff must plead that: (1) the defendant engaged in an unfair or deceptive

10  act or practice; (2) occurring in trade or commerce; (3) impacting the public interest; (4)

11  which caused injury to the plaintiff's business or property; and (5) the injury is causally

12  related to the unfair or deceptive act.  *Panaq v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 37,

13  204 P.3d 885 (2009); *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.,* 105

14  Wn.2d 778, 784-85, 719 P.2d 531 (1986).  Failure to meet any one of these elements is fatal

15  to the claim and requires its dismissal.  *Sorrel v. Eagle Healthcare*, 1l0 Wn. App. 290, 298, 38

16  P.3d 1024 (2002).

17          Plaintiffs have presented no evidence of an "unfair or deceptive act or practice" by

18  Chicago. A plaintiff must allege an unfair or deceptive act or practice that actually deceived

19  or had "the capacity to deceive a substantial portion of the public."  *Hangman Ridge,* 105

20  Wn.2d at 785. Plaintiffs assert in their Response that facts in support of a CPA claim are plead

21  under Paragraphs 11.20, 11.21 through 11.21.3 of their Amended Complaint (See Response at

22  p. 2 lines 1-7). However, Paragraphs 11.1 through 11.23 are all allegations asserted in support

23  of a claim for criminal profiteering – a claim already dismissed by this Court. (Dkt. No. 58).

CHICAGO'S MOTION TO STRIKE
AND REPLY IN SUPPORT OF ITS
MOTION TO DISMISS CPA CLAIM – 2
CASE NO. 2:11-CV-01445

**FIDELITY NATIONAL LAW GROUP**
**The Law Division of Fidelity National**
**Title Group, Inc.**
**1200 – 6TH AVENUE, SUITE 620**
**SEATTLE, WA  98101**
**(206) 223-4525**

Only Paragraph 13.7 of Plaintiffs' Amended Complaint mentions Chicago in the context of a violation of the Consumer Protection Act and loosely claims "unfair or deceptive act or practice":

> 13.7. Defendants Chicago Title and Freddie Mac engaged unfair and deceptive practices in trade or business, which injured the plaintiffs, by contractually defining, enforcing, or drafting uniform language which defines MERS as a beneficiary under the Washington Deed of Trust Act in order to facilitate mass foreclosures, when by statute the beneficiary of a Deed of Trust is statutorily defined to be the person who holds the note.

(Dkt. No. 29 at p. 64).

Regardless, all of the facts establish that Chicago acted in accordance with Washington's Deed of Trust Act. Plaintiffs fail to explain how appointment as trustee to a deed of trust, as authorized by our Deed of Trust Act, is simultaneously a violation of the Consumer Protection Act. Plaintiffs cite no authority for their position.

Furthermore, in a private transaction like the mortgage loan that is the subject of Plaintiffs' Amended Complaint, the vague assertion that Chicago somehow facilitated mass foreclosures because of its statutory role as a trustee is not sufficient to sustain this claim. Furthermore, ordinarily, a breach of a private contract affecting no one but the parties to the contract is not an act or practice affecting the public interest." *Hangman Ridge,* 105 Wn.2d at 790. (citations omitted).

Plaintiffs also fail to present facts establishing the fifth element, causation. In *Indoor Billboard v. Integra Telecom*, the Washington Supreme Court held that a plaintiff must establish that, under the defendant's unfair or deceptive practice, the plaintiff would not have suffered an injury. 162 Wn.2d 59, 63 (2007). Plaintiffs' Complaint lacks any causation element. The injury Plaintiffs assert is that they lost their home to foreclosure and have had to incur fees in challenging the foreclosure. The foreclosure occurred because Plaintiffs

FIDELITY NATIONAL LAW GROUP
The Law Division of Fidelity National
Title Group, Inc.
1200 – 6TH AVENUE, SUITE 620
SEATTLE, WA  98101
(206) 223-4525

1  defaulted on their loan obligations and did not remedy this harm after receiving the notice of

2  default. Defendants' alleged statements did not prevent Plaintiffs from contesting the

3  foreclosure action.  For each of these independent reasons, Plaintiffs' CPA claim should be

4  dismissed.

### III. CONCLUSION

6      For these reasons, Chicago's Motion to Strike and Motion to Dismiss CPA Claim

7  should be granted and Plaintiffs' CPA claim against Chicago should be dismissed with

8  prejudice.

9      DATED this 10th day of August, 2012.

10                          FIDELITY NATIONAL LAW GROUP

11                          /s/ Erin M. Stines_____
                            Erin M. Stines, WSBA #31501
12                          Fidelity National Law Group
                            The Law Division of Fidelity National
13                              Title Group, Inc.
                            1200 – 6th Avenue, Suite 620
14                          Seattle, WA  98101
                            (206) 223-4525
15                          erin.stines@fnf.com

16                          *Attorney for Defendant Chicago*
                            *Title Insurance Company*

17

18

19

20

21

22

23

CHICAGO'S MOTION TO STRIKE
AND REPLY IN SUPPORT OF ITS
MOTION TO DISMISS CPA CLAIM – 4
CASE NO. 2:11-CV-01445

FIDELITY NATIONAL LAW GROUP
The Law Division of Fidelity National
Title Group, Inc.
1200 – 6TH AVENUE, SUITE 620
SEATTLE, WA  98101
(206) 223-4525

1

**CERTIFICATE OF SERVICE**

2

I certify that on the date given below, I electronically filed this document entitled

3

**CHIGAGO TITLE INSURANCE COMPANY'S MOTION TO STRIKE AND REPLY IN SUPPORT OF ITS MOTION TO DISMISS CPA CLAIM** with the Clerk of the Court

4

using the CM/ECF System which will send notification of such filing to the following persons:

5

Scott E. Stafne , WSBA #6964
STAFNE LAW FIRM

6

239 North Olympia Avenue
Arlington, WA  98223

7

360-403-8700 / 360- 386-4005 - FAX
scott.stafne@stafnelawfirm.com

8

*Attorney for Plaintiffs*

9

Fred B Burnside, WSBA #32491
Rebecca J. Francis. WSBA #41196

10

DAVIS WRIGHT TREMAINE (SEA)
1201 Third Avenue, Suite 2200

11

Seattle, WA 98101-3045
206-622-3150 / 206-757-7700 – FAX

12

fredburnside@dwt.com
rebeccafrancis@dwt.com

13

*Attorneys for Defendants*
*Chase Home Finance LLC,*

14

*JPMorgan Chase Bank, N.A.,*
*Mortgage Electronic Registration Systems Inc.*

15

*and Federal Home Loan Mortgage Corporation*

16

Heidi E. Buck**,** WSBA #41769
ROUTH CRABTREE OLSEN

17

13555 SE 36TH STREET, STE 300
BELLEVUE, WA 98006

18

425-213-5534 / 425-283-5968 - FAX
hbuck@rcolegal.com

19

*Attorneys for Defendants*
*Northwest Trustee Services, Inc.,*

20

*Jeff Stenman, Vonnie McElligott,*
*Rhea Pre and Routh Crabtree Olsen, P.S.*

21

**SIGNED** this 10th day of August, 2012 at Seattle, Washington.

22

23

*/s/ Erin M. Stines*_____
Erin M. Stines

FIDELITY NATIONAL LAW GROUP
The Law Division of Fidelity National
Title Group, Inc.
1200 – 6TH AVENUE, SUITE 620
SEATTLE, WA  98101
(206) 223-4525