UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVIS MICKELSON, and DANIELLE H. MICKELSON,<br><br>                    Plaintiffs,<br><br>        v.<br><br>CHASE HOME FINANCE LLC, et al.,<br><br>                    Defendants. | CASE NO. C11-1445 MJP<br><br>ORDER GRANTING CHICAGO TITLE'S MOTION TO DISMISS |

This matter comes before the Court on Defendant Chicago Title Insurance Company's ("Chicago") motion to dismiss.  (Dkt. No. 83.)  Having reviewed the motion, the response (Dkt. No. 87), the reply (Dkt. No. 92), and all related papers, the Court GRANTS the motion and DISMISSES the CPA claim against Chicago and DISMISSES Chicago from this action.

**Background**

The parties are familiar with the allegations in this foreclosure-related case to the extent that the Court does not repeat them.  Plaintiffs' one remaining claim against Chicago is that it violated the Consumer Protection Act ("CPA") by "contractually defining, enforcing, or drafting

uniform language which defines MERS as beneficiary under the Washington Deed of Trust Act in order to facilitate mass foreclosures, when by statute the beneficiary of a Deed of Trust is statutorily defined to be the person who holds the note.' (Amended Complaint ¶ 13.7.) This claim involves the separate allegation that MERS cannot be a beneficiary under the Deed of Trust Act. Chicago moves for dismissal on the theory Plaintiffs have not alleged it to have undertaken any act that might constitute an unfair or deceptive conduct in violation of the CPA.

**Analysis**

A.   Standard

On a motion to dismiss, the Court must accept the material allegations in the complaint as true and construe them in the light most favorable to Plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). A motion to dismiss filed pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 554, 570 (2007)). The plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

B.   CPA Claim

Chicago has correctly asserted that Plaintiffs' CPA claim against it is flawed and ripe for dismissal.

To prevail on their CPA claim, Plaintiffs must establish five distinct elements: "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; [and] (5) causation." Hangman Ridge

1  Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 780 (1986). Whether a practice is

2  unfair or deceptive is a question of law for the court to decide if the parties do not dispute what

3  the parties did.  Indoor Billboard/Washington, Inc. v. Integra Telecom of Wash., Inc., 162 Wn.2d

4  59, 74 (2007). To satisfy the first element, Plaintiffs must show that the act or practice either has

5  a capacity to deceive a substantial portion of the public or that it constitutes an unfair trade or

6  practice.

7        The CPA claim against Chicago fails to allege any conduct that violates the Act.  The key

8  to Plaintiffs' CPA claim against Chicago is the allegation that MERS cannot be a beneficiary

9  under the Deed of Trust Act and that Chicago's act of naming it as a beneficiary/nominee is an

10 unfair and deceptive act. (Am. Compl. ¶ 13.7.)  As Plaintiffs admit, the Court has already

11 rejected Plaintiffs' theory that MERS could never be a beneficiary under the Deed of Trust Act.

12 (Dkt. No. 58 at 7-8; Dkt. No. 87 at 3.)  The basis for Plaintiffs' CPA claim against Chicago is

13 thus untenable.  Any forms or documents Chicago may have drafted naming MERS as a

14 beneficiary were not misleading or unfair on this point because there is no legal reason why

15 MERS cannot be a beneficiary.  The Court thus GRANTS the motion and DISMISSES this final

16 claim against Chicago.

17        Plaintiffs invite the Court to consider new allegations made for the first time in their

18 response brief—an invitation to error the Court declines.  Plaintiffs allege that Chicago has

19 serially agreed to be a trustee on various deeds of trust without any intention "of performing non-

20 judicial foreclosure trustee" [sic]. (Dkt. No. 87.)  Chicago asks the Court to strike this argument

21 and the Court agrees. (Dkt. No. 92 at 1-2.)  New allegations in support of claims cannot be made

22 in a response brief.  Even if the allegations were properly made, the Court finds them inadequate

23 to show a CPA violation.  The mere fact Chicago is named as a trustee on many deeds of trust

24

does not show it has engaged in any acts that violate the CPA. Plaintiffs' additional unsupported statements do not suffice to allege a plausible claim under the CPA.

**Conclusion**

The Court GRANTS Chicago's motion to dismiss and dismisses it from this case. The CPA claim Plaintiffs allege against Chicago fails to state a claim on which relief can be granted. Chicago's alleged conduct does not violate the CPA.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 21st day of August, 2012.

Marsha J. Pechman
United States District Judge