The Honorable Judge Marsha Pechman

**UNITED STATE DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

| | |
|---|---|
| TRAVIS MICKELSON, DANIELLE H. MICKELSON, and the marital community thereof, <br><br> Plaintiffs, <br><br> v. <br><br> CHASE HOME FINANCE, LLC, an unknown entity; JPMORGAN CHASE BANK, N.A., a foreign corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a foreign corporation; NORTHWEST TRUSTEE SERVICES, INC., a domestic corporation; JOHN DOES, unknown entities; MORTGAGEIT, INC., a foreign corporation; GMAC MORTGAGE CORPORATION, a foreign corporation; CHICAGO TITLE, an unknown corporation; ROUTH CRABTREE OLSEN, P.S., a domestic Personal Services Corporation; and FEDERAL HOME LOAN MORTGAGE CORPORATION, a corporation, <br><br> Defendants. | No.  C11-01445 MJP <br><br> **DEFENDANTS NORTHWEST TRUSTEE SERVICES, INC.'S, VONNIE MCELLIGOTT, AND ROUTH CRABTREE OLSEN, P.S.'S MOTION FOR SUMMARY JUDGMENT** <br><br> **NOTE ON MOTION CALENDAR: October 12, 2012** |

## I.      RELIEF REQUESTED

Defendants Northwest Trustee Services ("NWTS"), Vonnie McElligott ("McElligott") and Routh Crabtree Olsen, P.S. ("RCO") (collectively, "Defendants") respectfully move the Court for an order granting summary judgment in favor of Defendants. This motion is made pursuant to Fed. R. Civ. P. 56 on the grounds that no genuine issue of material fact exists as to Travis and Danielle Mickelson's ("Plaintiffs") remaining causes of action against Defendants as

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1  stated in Plaintiffs' First Amended Complaint ("FAC"), and Defendants are entitled to judgment
2  as a matter of law in their favor.

## II.   STATEMENT OF RELEVANT FACTS

**A.  Introduction.**

In entering its numerous previous orders, the Court has determined most of the salient facts to be true and undisputed. Accordingly, Defendants cite to the Court's previous orders for such facts. To the extent the facts that support summary judgment as to NWTS, McElligott, and RCO have not been established, the Declarations of Vonnie McElligott and Kimberly Raphaeli and accompanying exhibits are offered.

**B.  Facts.**

In 2005, Plaintiffs received a loan from MHL Funding Corp. *See* Dkt. 29 (Ex. A), 58, Dkt. 86, and Dkt. 88.  The loan was evidenced by a promissory note ("Note"), endorsed in blank, which was signed by Plaintiffs. *Id.*

The Note was secured by a deed of trust ("Deed of Trust")[1] in favor of Mortgage Electronic Registration Systems ("MERS") as nominee for the original lender, MHL Funding Corp. and its successors and assigns. *See* Dkt. 29 (Ex. B).

In June of 2006, Chase Home Financial LLC ("Chase") became the holder of the Note and servicer of the loan. Dkt. 58, Dkt. 86, and Dkt. 88.  As Note holder and beneficiary as that term is defined by RCW 61.24.005(2), Chase was authorized to appoint a successor trustee under the Deed of Trust as well as enforce the Note and Deed of Trust. *Id.*

On or about October 9, 2007, pursuant to an agreement among MERSCORP, Inc., Mortgage Electronic Registrations Systems, Inc., Chase Home Finance, and Routh Crabtree Olsen on behalf of Northwest Trustee Services (the "Agreement"), Vonnie McElligott was appointed a vice president of Mortgage Electronic Registration Systems, Inc. A true and correct copy of the Agreement is attached to the Declaration of Vonnie McElligott ("McElligott Decl.") as **Exhibit 1**;

---

[1] The Deed of Trust encumbers the property commonly known as 436 Ezduzit Lane, Camano Island, WA 98282 (the "Property"). *See* Dkt. 58, Dkt. 86, and Dkt. 88.

DEFENDANTS NWTS, MCELLIGOTT,
AND RCO'S MOTION FOR SUMMARY
JUDGMENT - PAGE 2 of 12
Case C11-01445 MJP

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

*see also* McElligott Decl., ¶ 4. Pursuant to the Agreement, Vonnie McElligott was authorized to "assign the lien of any mortgage loan registered on the MERS System that is shown to be registered to Chase Home Finance, LLC or its designee" and to "execute any and all documents necessary to foreclose upon the property securing any mortgage loan registered on the MERS System that is shown to be registered to Chase Home Finance, LLC." *Id.* at ¶ 5.

Plaintiffs defaulted on the loan in August 2008, and Chase initiated the 2008 foreclosure, which was never completed.[2] *See* Dkt. 58, Dkt. 86, and Dkt. 88.

On or about August 25, 2008, MERS, as nominee for Chase Home Finance LLC as successor beneficiary to MHL Funding Corp., executed an assignment of deed of trust ("Assignment") whereby all beneficial interest in the Deed of Trust was transferred to Chase Home Finance LLC. A true and correct copy of the Assignment is attached to the McElligott Decl. as **Exhibit 2**; *see also* McElligott Decl., ¶ 9.  The Assignment was signed by Vonnie McElligott in her capacity as Vice President of MERS pursuant to Exhibit 1 and was recorded on September 19, 2008 under Island County Auditor's No. 4236910.  *Id.* at ¶ 10.

On August 25, 2008, at the direction of and on behalf of Chase Home Finance LLC, Routh Crabtree Olsen, P.S. mailed to Plaintiffs a letter (the "2008 Letter"), which discussed loss mitigation options. A true and correct copy of the 2008 Letter is attached as **Exhibit A** to the Declaration of Kimberly Raphaeli ("Raphaeli Decl."); *see also* Raphaeli Decl., ¶ 3.

On or about September 18, 2008, Chase appointed NWTS successor trustee. *See* Dkt. 29 (Ex. C) and Dkt. 88.[3]

Again, the 2008 foreclosure was never completed. Dkt. 88.

---

[2] In conjunction with the 2008 foreclosure, NWTS received a nonjudicial foreclosure referral from Chase Home Finance LLC on or about August 25, 2008. McElligott Decl., ¶ 6. The referral indicated Plaintiffs were in default under the subject Note and Deed of Trust based on failure to tender the payment due on or about August 1, 2008 and every payment thereafter due. *Id.* at ¶ 7. The referral instructed NWTS to foreclose in the name of Chase Home Finance LLC. *Id.* at ¶ 8. Pursuant to instruction from Chase Home Finance LLC, NWTS closed its nonjudicial foreclosure file on or about April 2, 2009. *Id.* at ¶ 12.

[3] The Appointment was signed by Jeff Stenman as attorney-in-fact for Chase Home Finance LLC pursuant to a Limited Power of Attorney recorded in October 2005. Dkt. 88.

DEFENDANTS NWTS, MCELLIGOTT,
AND RCO'S MOTION FOR SUMMARY
JUDGMENT - PAGE 3 of 12
Case C11-01445 MJP

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1    Then, on or about July 27, 2010, NWTS received a second referral from Chase Home

2  Finance LLC to begin a nonjudicial foreclosure proceeding against the subject property on behalf of

3  Chase Home Finance LLC. McElligott Decl., ¶ 13. The referral indicated Plaintiffs were in default

4  under the subject Note and Deed of Trust based on failure to tender the payment due on or about

5  August 1, 2008 and every payment thereafter due. *Id.* at ¶ 14. The referral instructed NWTS to

6  foreclose in the name of Chase Home Finance LLC. *Id.* at ¶ 15.

7    On or about August 6, 2010, NWTS issued a notice of default. *See* Dkt 29 (F), Dkt. 58,

8  Dkt. 86, and Dkt. 88.

9    On August 6, 2010, at the direction of and on behalf of Chase, Routh Crabtree Olsen, P.S.

10  mailed to Plaintiffs a second letter (the "2010 Letter"), which discussed loss mitigation options.

11  A true and correct copy of the 2010 Letter is attached as **Exhibit B** to the Raphaeli Decl.; *see also*

12  Raphaeli Decl., ¶ 4.

13    On or about August 19, 2010, in satisfaction of the proof requirement under RCW

14  61.24.030(7)(a), NWTS received a declaration (the "Beneficiary Declaration") from Chase Home

15  Finance LLC. A true and correct copy of the Beneficiary Declaration is attached as **Exhibit 3** to the

16  McElligott Decl.; *see also* McElligott Decl., ¶ 16. The Beneficiary Declaration, dated August 17,

17  2010, declared, under the penalty of perjury, "Chase Home Finance LLC is the actual holder of the

18  promissory note or other obligation evidencing the above-referenced loan or has requisite authority

19  under RCW 62A.3-301 to enforce said obligation." *Id* at ¶ 17. The Beneficiary Declaration further

20  provided that "the trustee may rely upon the truth and accuracy of the averments made in this

21  declaration." The Beneficiary Declaration was signed by Susan Massie, as Vice President of Chase

22  Home Finance LLC, beneficiary. *Id*.

23    Thereafter, on or about September 6, 2010, NWTS executed a notice of trustee's sale

24  ("Notice of Sale"). A true and correct copy of the Notice of Sale is attached as **Exhibit 4** to the

25  McElligott Decl.; *see also* McElligott Decl., ¶ 18. The Notice of Sale was recorded on September

26  7, 2010 under Island County Auditor's file No. 4280389. *See* Dkt. 58, Dkt. 86, and Dkt. 88. The

DEFENDANTS NWTS, MCELLIGOTT,
AND RCO'S MOTION FOR SUMMARY
JUDGMENT - PAGE 4 of 12
Case C11-01445 MJP

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1   Notice of Sale was posted at the subject property on or about September 6, 2010 and mailed on

2   or about September 8, 2010. A true and correct copy of the Affidavits of Posting and Mailing of

3   Notice of Sale are attached as **Exhibits 5 and 6** to the McElligott Decl.; *see also* McElligott Decl.,

4   ¶19.

5         Ultimately, the property was sold in March 2011 to Chase Home Finance LLC. *See* Dkt.

6   29 (Ex. T), Dkt. 58, Dkt. 86, and Dkt. 88. At the direction of Chase Home Finance LLC, NWTS

7   issued a trustee's deed to Federal Home Loan Mortgage Corporation ("Freddie Mac"). *Id.*

### III.   STATEMENT OF THE ISSUES

9   The following issues are presented for resolution by this Court:

10        1.   Whether Defendant NWTS is entitled to judgment as a matter of law pursuant to Fed.

11             R. Civ. P. 56 as to Plaintiffs' remaining claims for DTA violations, breach of duty of

12             good faith, FDCPA violation, and CPA violation;

13        2.   Whether Defendant RCO is entitled to judgment as a matter of law pursuant to Fed.

14             R. Civ. P. 56 as to Plaintiffs' remaining claim for FDCPA violation; and

15        3.   Whether Defendant McElligott is entitle to judgment as a matter of law pursuant to

16             Fed. R. Civ. P. 56 as to Plaintiff's remaining claim for CPA violation.

### IV.   AUTHORITY AND ARGUMENT

### A.   LEGAL STANDARD FOR SUMMARY JUDGMENT PURSUANT TO F.R.C.P. 56.

19        The Court should grant summary judgment if no genuine issue of material fact exists and

20  the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving

21  party bears the initial burden of demonstrating the absence of a genuine issue of material fact.

22  *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A fact is

23  material if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty*

24  *Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  Indeed, "the moving

25  party may simply point to the absence of evidence to support the nonmoving party's case." *In re*

26  *Brazier Forest Prod. Inc.*, 921 F.2d 221, 223 (9th Cir. 1990). And, the non-movant may not rest

DEFENDANTS NWTS, MCELLIGOTT,
AND RCO'S MOTION FOR SUMMARY
JUDGMENT - PAGE 5 of 12
Case C11-01445 MJP

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1    on the allegations of the pleadings, but must produce specific facts showing a genuine issue.

2    *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103-04 (9th Cir. 1986).   Nor

3    can the non-movant merely state that he will discredit his opponent's evidence at trial.   *T.W.*

4    *Elect. Serv.v. Pac. Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).   Conclusory

5    statements, speculation, personal beliefs, and unsupported assertions cannot withstand a

6    summary judgment motion, and the court will not "presume[]" "missing facts."   *Lujan v. Nat'l*

7    *Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

8    **B.   PLAINTIFFS' CLAIMS FAIL AS A MATTER OF LAW AS TO DEFENDANTS**

9         **NWTS AND RCO.**

10        **1.   NWTS was authorized to begin the 2010 foreclosure.**

11        As previously discussed by this Court, Plaintiffs allege NWTS violated the Washington

12   Deed of Trust Act ("DTA") through its actions in connection with the 2010 foreclosure. *See* Dkt.

13   88, Sec. (B)(2). Specifically, Plaintiffs allege NWTS did not have sufficient proof that Chase was

14   a beneficiary before initiating foreclosure as required by RCW 61.24.030(7). *Id.*

15        Under RCW 61.24.030(7)(a), "for residential real property, before the notice of trustee's

16   sale is recorded, transmitted, or served, the trustee shall have proof that the beneficiary is the

17   owner of any promissory note or other obligation secured by the deed of trust. A declaration by

18   the beneficiary made under the penalty of perjury stating that the beneficiary is the actual holder

19   of the promissory note or other obligation secured by the deed of trust shall be sufficient proof as

20   required under this subsection." RCW 61.24.030(7)(a).

21        It is undisputed that NWTS was the successor trustee under Plaintiff's Deed of Trust

22   pursuant to the Appointment recorded September 2008. Here, on or about August 19, 2010,

23   NWTS received the Beneficiary Declaration dated August 17, 2010 identifying Chase Home

24   Finance LLC as Note holder in compliance with RCW 61.24.030(7)(a). NWTS' receipt of the

25   Beneficiary Declaration was prior to the time when NWTS posted (September 6, 2010), recorded

26   (September 7, 2010), and mailed (September 8, 2010) the Notice of Trustee's Sale. Accordingly,

DEFENDANTS NWTS, MCELLIGOTT,
AND RCO'S MOTION FOR SUMMARY
JUDGMENT - PAGE 6 of 12
Case C11-01445 MJP

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1    given that the evidence demonstrates NWTS obtained proof in compliance with RCW

2    61.24.030(7)(a) prior to issuance of the Notice of Trustee's Sale, Plaintiffs' claim under the DTA

3    premised on the allegation that NWTS lacked sufficient proof of Chase's beneficiary status fails

4    as a matter of law.

5         **2.   NWTS did not breach its duty of good faith.**

6         As previously discussed by this Court, Plaintiffs also allege NWTS breached its duty of

7    good faith by bringing a nonjudicial foreclosure without having sufficient knowledge of the true

8    beneficiary. Dkt. 88, Sec. (B)(3).

9         The DTA provides that a trustee may issue the notice of default. *See* RCW 61.24.030(8).

10   And while the DTA requires a trustee to obtain the proof described in RCW 61.24.030(7)(a)

11   prior to issuing the notice of sale, nowhere in the DTA is there any requirement that prior to

12   issuance of the notice of default, the beneficiary must provide proof to the trustee that it is the

13   holder of the note so as to meet the definition of beneficiary under the DTA. Rather, the trustee is

14   entitled to rely upon the representations of the beneficiary that it is in fact the beneficiary.

15        Under RCW 61.24.010(4), "The trustee or successor trustee has a duty of good faith to

16   the borrower, beneficiary, and grantor." While not defined by the DTA, "good faith" is generally

17   known to be the "absence of intent to defraud or to seek unconscionable advantage." *See*

18   Black's Law Dictionary, 701 (7th ed. 1999); *see also Indus. Indem. Co. of the Northwest, Inc. v.*

19   *Kallevig,* 114 Wn.2d 907, 792 P.2d 520 (1990).  A "covenant of good faith and fair dealing

20   cannot 'be read to prohibit a party from doing that which is expressly permitted'." *Collins v.*

21   *Power Default Services, Inc.*, 2010 WL 234902 (N.D. Cal. Jan. 14, 2010), *citing Carma*

22   *Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc.,* 2 Cal.4th 342, 374, 6 Cal.Rptr.2d 467, 826

23   P.2d 710 (1992).

24        Here, the evidence demonstrates NWTS acted in strict compliance with the DTA and

25   fulfilled its duty of good faith to both the borrower and beneficiary. As successor trustee, NWTS

26   issued the Notice of Default at the direction of the Beneficiary. And, after it obtained the

DEFENDANTS NWTS, MCELLIGOTT,
AND RCO'S MOTION FOR SUMMARY
JUDGMENT - PAGE 7 of 12
Case C11-01445 MJP

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1    requisite proof in the form of a declaration described by Sec. 030(7)(a), it issued the Notice of

2    Trustee's Sale. Accordingly, Plaintiffs' allegation in support of the breach of duty of good faith

3    claim fails as a matter of law, and the claim must be dismissed.

4        **3.   Neither NWTS nor RCO violated 15 U.S.C. 1692f(6).**

5        Plaintiffs allege that NWTS and RCO violated 15 U.S.C. 1692f(6). *See* Dkt. 29.   In

6    construing Plaintiffs' allegations, the Court has determined the only plausible FDCPA violation

7    alleged by Plaintiffs as to NWTS and RCO is that they violated 15 U.S.C. § 1692f(6) by trying to

8    foreclose on a debt when it was unaware if the debt was properly owed to Chase. Dkt. 88, Sec.

9    (C).

10       Section 1692f(6) of the FDCPA prohibits the "taking or threatening to take any

11   nonjudicial action to effect dispossession or disablement of property if . . . there is no present

12   right to possession of the property claimed as collateral through an enforceable security interest."

13   *Id.* at § 1692f(6)(A).

14       Courts have held that to analyze whether a defendant violated 15 U.S.C. 1692f(6), the

15   court must look to state law to determine whether the party had a "present right to possession."

16   *Pflueger v. Auto Fin. Group, Inc.*, CV-97-9499 CAS(CTX), 1999 WL 33740813 (C.D. Cal. Apr.

17   26, 1999) (citing *Clark,* 889 F.Supp. at 546; *James v. Ford Motor Credit Co.,* 842 F.Supp. 1202,

18   1207 (D.Minn.1994)). Here, the Uniform Commercial Code, Article 3, is the applicable

19   Washington authority to determine who is entitled to enforce a promissory note and trust deed.

20   *Bain v. Metro. Mortg. Group, Inc.*, 86206-1, 2012 WL 3517326, *9-10 (Wash. Aug. 16, 2012).

21   Under Article 3, that person is the "person in possession [of the note] if the instrument [note] is

22   payable to bearer."  *Id.* (quoting RCW 62A.1-201(20)). And, it is a well settled principle of law

23   in Washington that the security follows the debt with or without assignment as a matter of law.

24   *Fidelity & Deposit v. Ticor*, 88 Wn. App. 64, 69 (1997); *In re Jacobson*, 402 B.R. 359, 367

25   (Bankr. W.D. Wash. 2009) ("transfer of the note carries … the security"); *Leisure Time Sports v.*

26

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1    *Wolfe*, 194 B.R. 859, 861 (9th Cir. B.A.P. 1996) (citing *Carpenter v. Longan,* 83 U.S. 271, 275,

2    21 L.Ed. 313 (1872)).

3                              a.   There is no dispute Chase had a present right to possession as the

4                                   Note holder in the face of Plaintiffs' default.

5           Defendant Chase has established, and the Court agreed, that Chase became the holder of

6    the blank endorsed Note in 2006. *See* Dkt. 58, Dkt. 86, and Dkt. 88. Thus, for purposes of

7    analyzing Chase's "right to possession" for purposes of 15 U.S.C. 1692f(6), such right arose in

8    2006 when it became Note holder and beneficiary under the Deed of Trust.

9                              b.   RCO's conduct did not violate 15 U.S.C. 1692f(6)

10          RCO's conduct did not violate 15 U.S.C. 1692f(6) as RCO acted on behalf of Chase, the

11   Note holder.[4] An attorney is an agent even if employed for a single transaction and as an

12   independent contractor. *Newman v. Checkrite California, Inc.*, 912 F. Supp. 1354, 1370, 1995

13   WL 776911 (E.D. Cal. 1995) (citing Restatement (Second) of Agency § 1). Based on the

14   evidence, RCO was an agent of Chase in its capacity as counsel to Chase.

15          "An agent has actual authority to take action designated or implied in the principal's

16   manifestations to the agent and acts necessary or incidental to achieving the principal's

17   objectives, as the agent reasonably understands the principal's manifestations and objectives

18   when the agent determines how to act." *Id.* at § 2.02.

19          Here, the only allegations of conduct by RCO are that RCO sent Plaintiffs two letters,

20   one in August 2008 and one in August 2010, which set forth possible loss mitigation options for

21   Plaintiffs. The letters indicated RCO was acting on behalf of the beneficiary, Chase Home

22   Finance LLC ("We represent your mortgage company."). Given that RCO acted at the direction

23   of and on behalf of Chase in response to Plaintiffs' undisputed default, and given that Chase was

24   the undisputed Note holder at the time, even if such letters could be construed as a "threat to take

25

26   ───────────
     [4] An attorney-client relationship may be implied when (1) a person seeks assistance from an attorney, (2) the
     assistance sought pertains to matters within the attorney's professional competence, and (3) the attorney actually
     gives the desired assistance. *Smith v. Jenkins*, 626 F. Supp. 2d 155 (D. Mass. 2009).

DEFENDANTS NWTS, MCELLIGOTT,
AND RCO'S MOTION FOR SUMMARY
JUDGMENT - PAGE 9 of 12
Case C11-01445 MJP

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1   nonjudicial action to effect dispossession or disablement of property[5]," RCO's conduct in

2   sending the two letters did not violated Sec. 1692f(6) because RCO's principal was entitled to

3   enforce the security instrument to obtain possession of the property.

4                   c.   NWTS' conduct did not violate 15 U.S.C. 1692f(6).

5       NWTS' conduct did not violate 15 U.S.C. 1692f(6).[6] At all times after September 18,

6   2008, NWTS was the successor trustee under the Deed of Trust. Pursuant to the terms of the

7   Deed of Trust, the trustee (and any successor trustee) has the power of sale. *See* Dkt. 29 (Ex. B)

8   at ¶ 24. Upon the borrower's breach of any covenant (which includes default), the lender may

9   invoke the power of sale. The lender shall give written notice to the trustee of the default and of

10  the lender's election to cause the property to be sold, and following proper notice the trustee

11  shall sell the property at public auction. *See* Dkt. 29 (Ex. B) at ¶ 22.

12      In *Burnett*, the Court held that the trustee had a "present right to possession" for purposes

13  of 1692f(6) pursuant to the appointment of successor trustee and terms of the Deed of Trust,

---

14  [5] Defendant RCO respectfully asserts that the 2008 and 2010 Letters were not a threat to take nonjudicial action to

15  effect dispossession or disablement of property. Rather, the 2008 and 2010 Letters were clearly an effort to help the
    Plaintiffs avoid foreclosure by providing them multiple avenues to contact RCO together with a list and explanation

16  of the specific options that may allow them to avoid foreclosure. Courts have held that communications that suggest
    loan workout options and a notice of pending foreclosure sale required by statute does not fall under the FDCPA.

17  *Santoro v. CTC Foreclosure Service*, 12 Fed.Appx. 476, 480, 2001 WL 275008, 4 (Cal. (9th Cir. 2001) (citing
    *Bailey v. Security National Servicing Corp.*, 154 F.3d 384, 389 (7th Cir.1998) ("A warning that something bad

18  might happen if payment is not kept current is not a dun, nor does it seek to collect any debt, but rather the opposite
    because it tries to prevent the circumstances wherein payments are missed and a real dun must be mailed.")).

19  Further, the letters included a form that Plaintiffs could fill out and return as part of their effort to pursue alternatives
    to foreclosure. To hold that such a letter violates 1692f(6) would certainly result in a chilling effect on the

20  dissemination of valuable information to borrowers in need of these loss mitigation options and would be
    counterproductive to the efforts of lenders, lawyers, the legislature and the courts to help those in need avoid

21  foreclosure.
    [6] Prior to being appointed successor trustee in September 2008, NWTS mailed and posted the first notice of default

22  as the duly authorized agent of Chase. Agency relationships are a long-established part of Washington's common
    law. *Moss v. Vadman*, 463 P.2d 159, 164 (Wash. 1970) (en banc). And, the Washington's Deed of Trust Act

23  expressly contemplates that the actions of the trustee or beneficiary will be performed by authorized agents. *See*
    RCW 61.24.031; *see also* RCW 61.24.040(4). *Buse v. First American Title Insurance Company*, 2009 WL 4053509

24  (W.D.Wash.). As an agent of Chase and for purposes of the 2008 Notice of Default, NWTS was entitled to rely on
    the representations of Chase that it was the Note holder entitled to enforce the obligation. There is no independent

25  requirement that NWTS obtain some additional "proof" of Chase's holder status beyond that of Chase's
    representation, and Plaintiffs have cited no authority for such a proposition. Accordingly, in its limited action as

26  Chase's agent in 2008, NWTS, as it was acting on behalf of the undisputed Note holder in response to Plaintiffs'
    default, was not violative of 1692f(6).

DEFENDANTS NWTS, MCELLIGOTT,
AND RCO'S MOTION FOR SUMMARY
JUDGMENT - PAGE 10 of 12
Case C11-01445 MJP

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

which provides the lender and trustee wide latitude to take any action necessary in the face of a borrowers' default. *Burnett v. Mortgage Electronic Registration Systems, Inc.,* 2009 WL 3692294 (D. Utah 2009).

While the DTA requires the trustee obtain additional proof prior to issuance of a notice of sale to comply with the DTA, the FDCPA contains no similar proof requirement. Thus, like an agent, for purposes of compliance with the FDCPA, a successor trustee may rely on representations by the beneficiary that the beneficiary is, in fact, entitled to enforce the debt and security instrument. Here, Chase represented itself as beneficiary to NWTS and appointed NWTS successor trustee under the Deed of Trust. NWTS was entitled to rely on such representations, and cannot be liable for violation of 1692f(6) when, in fact, it acted as successor trustee for Chase who was the undisputed Note holder since 2006.

**4.   Neither NWTS nor McElligott violated the CPA.**

The Court determined Plaintiffs adequately alleged that McElligott falsely signed a document on MERS' behalf without proper authority (aka "robo-signing"), which has the capacity to deceive a substantial portion of the public. Dkt. 88. The Court determined that McElligott signed the document as "Vice President" of MERS, even though every other document in the record indicates that she is an employee of NWTS, and it is possible that she lacked the proper authority to do so. *Id.*

Washington law and the DTA approves of the use of agents. *See Florez v. OneWest Bank, FSB*, No. 11-2088-JCC, 2012 WL 1118179 (W.D. Wash. April 3, 2012); *see also Bain*, 2012 WL 3517326, at *11 ("Nothing in this opinion should be construed to suggest an agent cannot represent the holder of a note.  Washington law, and the deed of trust act itself, approves the use of agents."). Specifically, nothing in the DTA limits an employee of the successor trustee to act in an agent capacity of the beneficiary (or its agent) for purposes of executing documents. Plaintiff has cited no such authority. Moreover, other courts have recognized "[t]here is simply

DEFENDANTS NWTS, MCELLIGOTT, AND RCO'S MOTION FOR SUMMARY JUDGMENT - PAGE 11 of 12
Case C11-01445 MJP

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1    nothing deceptive about using an agent to execute a document, and this practice is commonplace
2    in deed of trust actions." *Russell v. Lundberg,* 120 P.3d 541, 544 (Utah Ct.App.2005).

3         Pursuant to the Agreement among MERSCORP, Inc., Mortgage Electronic Registrations
4    Systems, Inc., Chase Home Finance, and Routh Crabtree Olsen on behalf of Northwest Trustee
5    Services, McElligott was a Vice President of MERS and possessed authority to sign documents
6    such as the Assignment on behalf of MERS. Given the clear permissibility of agents performing
7    such actions under Washington law and McElligott's clear authority pursuant to the Agreement, any
8    claim that McElligott lacked proper authority to sign the Assignment fails as a matter of law and
9    cannot support a CPA claim as to NWTS or McElligott.

## VI.   CONCLUSION

11        In view of the foregoing, the remaining Defendants, NWTS, McElligott, and RCO
12   respectfully request the Court grant their Motion for Summary Judgment as to all of Plaintiffs'
13   remaining claims.

15        DATED this 7th day of September, 2012.

                              **ROUTH CRABTREE OLSEN, P.S.**


                              _____/s/ Heidi E. Buck_____
                              Heidi E. Buck, WSBA No. 41769
                              Of Attorneys for Defendants Northwest
                              Trustee Services, Inc., Vonnie McElligott,
                              and Routh Crabtree Olsen, P.S.

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131