EXHIBIT A

Case 2:11-cv-01445-MJP   Document 104-1   Filed 09/07/12   Page 1 of 12

RECEIVED FEB 1 8 2012 BY:

The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVIS MICKELSON, DANIELLE H. MICKELSON, and the marital community thereof,<br><br>Plaintiffs,<br><br>v.<br><br>CHASE HOME FINANCE LLC, et al.,<br><br>Defendants. | No. C11-01445 MJP<br><br>DEFENDANT MERS'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION |

Defendant MERS responds and objects to Plaintiffs' First Set of Interrogatories and Requests for Production as follows:

## I. GENERAL OBJECTIONS

MERS makes the following General Objections to Plaintiffs' First Set of Interrogatories and Requests for Production, and any subsequent requests related to the same subject matter. MERS reserves the right to supplement, amend, or qualify its General Objections.

1. **Scope.** MERS objects to Plaintiffs' discovery requests because, as written, they are overbroad and unduly burdensome, do not seek information or documents relevant to the subject matter of the pending action, and are not reasonably calculated to lead to the discovery of admissible evidence.

2. **Proportionality.** MERS objects to Plaintiffs' discovery requests as overbroad

DEFENDANT MERS'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION
(C11-01445 MJP) — 1
DWT 18753678v3 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

## III. INTERROGATORIES AND REQUESTS FOR PRODUCTION

INTERROGATORY NO. 1: Identify all persons who provided information or assisted in any manner with the preparation of your answers and responses to this first set of interrogatories and requests for production. For each person listed, describe in detail what information or assistance was provided. Include the position held by the person, the length of time the respondent has held this position, and the duties performed for Defendant.

ANSWER: MERS objects to Interrogatory No. 1 to the extent it seeks information protected by the attorney-client privilege or work-product doctrines. MERS further objects to this Interrogatory because it seeks irrelevant information not likely to lead to the discovery of admissible evidence—namely, the "time the respondent has held this position, and the duties performed for Defendant," as those facts would not make more or less likely any material, disputed fact in this case.

Subject to and without waiving the foregoing objections, MERS responds that in-house corporate counsel for MERS provided information and/or assistance with the MERS discovery responses.

INTERROGATORY NO. 2: For each of the persons identified in response to interrogatory number one, please state whether they have personal knowledge regarding any aspect of the non-judicial foreclosure which is the subject of this dispute.

ANSWER: MERS objects to Interrogatory No. 2 to the extent it seeks information protected by the attorney-client privilege or work-product doctrines. Subject to and without waiving the foregoing objection, MERS responds that in-house corporate counsel for MERS does not have personal knowledge regarding any aspect of the Non-Judicial Foreclosure of the Property.

DEFENDANT MERS'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION
(C11-01445 MJP) — 5
DWT 18753678v3 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150   Fax: (206) 757-7700

**INTERROGATORY NO. 3**: Describe the relationship(s), contractual or otherwise, between MHL Funding Corp., and MERS that gave rise to the designation of MERS as nominee or beneficiary under the subject Deed of Trust and state further whether there was any consideration given for such designation

**ANSWER**: MERS objects to Interrogatory No. 3 to the extent it seeks information not reasonably calculated to lead to the discovery of admissible evidence in this litigation (General Objection No. 1). Plaintiffs cannot use this lawsuit to engage in a fishing expedition for information that has no bearing on their claims. *See Cuomo v. Clearing House Ass'n, LLC*, 129 S. Ct. 2710, 2719 (2009) (prohibiting "fishing expeditions or an undirected rummaging through . . . records for evidence of some unknown wrongdoing"). MERS also objects to Interrogatory No. 3 to the extent it calls for producing documents already in Plaintiffs' possession, custody, or control, or that are obtainable through other, more convenient sources, such as the Island County's auditor's office (General Objection No. 5). *See* Fed. R. Civ. P. 26(b)(2)(C)(i). MERS further objects that Plaintiffs lack standing to challenge any alleged or real agreement between MHL Funding Corp. and MERS other than that which appears on the face of Plaintiffs' Deed of Trust. *See Hairston v. Pac. 10 Conf.*, 101 F.3d 1315, 1320 (9th Cir. 1996) (affirming dismissal of contract claims where plaintiffs failed to show they were third-party beneficiaries of the contract under Washington law).

Subject to and without waiving the foregoing objections, MERS responds as follows: MHL Funding Corporation is a member of the MERS® System, and at loan origination, Plaintiffs and MHL Funding Corporation agreed that MERS would be the named beneficiary of Plaintiffs' Deed of Trust, as nominee for MHL Funding Corporation and MHL Funding Corporation's successors and assigns. *See* Amended Compl., Ex. B [Dkt. 29-1]; *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1042 (9th Cir. 2011) (affirming dismissal of foreclosure-based fraud claims because plaintiffs had agreed to MERS's role by signing their deeds of trust); *Bhatti v. Guild Mortg. Co.*, 2011 WL 6300229, at *5 (W.D. Wash. 2011)
DEFENDANT MERS'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION (C11-01445 MJP) — 6
DWT 18753678v3 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 • 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax (206) 757-7700

("Plaintiffs specifically agreed to MERS' role as beneficiary under the Deed of Trust they signed."; dismissing claims). As a result, MERS held legal title to the security instrument, as nominee for MHL Funding Corp.

REQUEST FOR PRODUCTION NO. 1: Produce all documents that support this relationship between MHL Funding Corp., as the Lender and designation of MERS as nominee and beneficiary under the subject Deed of Trust:

RESPONSE: MERS incorporates as if more fully stated herein its objections to Interrogatory No. 3. Subject to and without waiving those objections, MERS responds that the Deed of Trust is a document responsive to this request, and Plaintiffs have attached that document to their Complaint. Thus, MERS will not reproduce that document again. MERS objects to producing any other documents because MHL Funding Corporation is not a party to this lawsuit and is no longer in operation. Therefore, MHL Funding Corporation's former membership documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

INTERROGATORY NO. 4: Describe the relationship(s), contractual or otherwise, between MortgageIt, MHL Funding Corp. Chicago Title and MERS at the time Plaintiffs executed the subject Note and Deed of Trust.

ANSWER: MERS incorporates as if more fully stated herein its objections to Interrogatory No. 3 and Request for Production No. 1. Subject to and without waiving those objections, MERS responds as follows:

MortgageIt, MHL Funding Corporation, and Chicago Title are members of the MERS® System. At loan origination, Plaintiffs and MHL Funding Corporation agreed that MERS would serve as the mortgagee of record as the nominee for MHL Funding Corporation, and that

DEFENDANT MERS'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION
(C11-01445 MJP) — 7
DWT 18753678v3 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1  Chicago Title would serve as the "Trustee" under the Deed of Trust. *See* Amended Compl.,
2  Ex. B [Dkt. 29-1]; *Cervantes*, 656 F.3d at 1042; *Bhatti*, 2011 WL 6300229, at *5. Chicago
3  Title also issued an ALTA Lender's Policy, insuring MERS acting as nominee for MHL
4  Funding Corporation and MERS holding, as nominee for MHL Funding Corporation, legal title
5  to the security interest securing the Promissory Note.

8  INTERROGATORY NO. 5: As to your status of nominee and/or beneficiary under the
9  subject Deed of Trust, state whether you ever held the Promissory Note and the Deed of Trust
10 physically and where these documents were maintained while under your control and custody.

11 ANSWER: MERS objects to Interrogatory No. 5 to the extent it seeks information not
12 reasonably calculated to lead to the discovery of admissible evidence in this litigation (General
13 Objection No. 1). "[T]he [borrower] should be indifferent as to who owns or has an interest in
14 the note so long as it does not affect [her] ability to make payments on the note." *See In re
15 Veal*, 450 B.R. 897, 912 (B.A.P. 9th Cir. 2011); *see also id.* ("[Plaintiffs] should not care who
16 actually owns the Note—and it is thus irrelevant whether the Note has been fractionalized or
17 securitized—so long as they know who they should pay."). Moreover, "[c]ourts have
18 'routinely held that Plaintiff's "show me the note" argument lacks merit.'" *Bern v. Wells
19 Fargo Bank, N.A.*, 2011 WL 1561799, *2 (W.D. Wash. 2011) (collecting cases; dismissing
20 complaint without leave to amend under Rules 12(b)(6) and 56). Plaintiffs cannot use this
21 lawsuit to engage in a fishing expedition for information that has no bearing on their claims.
22 *See Cuomo*, 129 S. Ct. at 2719 (prohibiting "fishing expeditions or an undirected rummaging
23 through . . . records for evidence of some unknown wrongdoing").

24 Subject to and without waiving the foregoing objections, MERS incorporates as if more
25 fully stated herein its answer to Interrogatory No. 3, and further responds that it never
26 physically possessed the original Note or original Deed of Trust.

DEFENDANT MERS'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION
(C11-01445 MJP) — 8
DWT 18753678v3 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

INTERROGATORY NO. 6: If you held the original Note and Deed of Trust at the time of the designation of nominee/beneficiary, state the physical address where the documents were held, the time period during which the documents were held by MERS, and identify the custodian of these documents.

ANSWER: MERS objects to Interrogatory No. 6 because it seeks information not reasonably calculated to lead to the discovery of admissible evidence in this litigation (General Objection No. 1). "[T]he [borrower] should be indifferent as to who owns or has an interest in the note so long as it does not affect [her] ability to make payments on the note." *See In re Veal*, 450 B.R. at 912; *see also id.* ("[Plaintiffs] should not care who actually owns the Note—and it is thus irrelevant whether the Note has been fractionalized or securitized—so long as they know who they should pay."). Moreover, "[c]ourts have 'routinely held that Plaintiff's "show me the note" argument lacks merit.'" *Bern*, 2011 WL 1561799, *2 (collecting cases; dismissing complaint without leave to amend under Rules 12(b)(6) and 56). Plaintiffs cannot use this lawsuit to engage in a fishing expedition for information that has no bearing on their claims. *See Cuomo*, 129 S. Ct. at 2719 (prohibiting "fishing expeditions or an undirected rummaging through . . . records for evidence of some unknown wrongdoing"). MERS further objects to Interrogatory No. 6 because "the discovery sought is unreasonably cumulative or duplicative." Fed. R. Civ. P. 26(b)(2)(C)(i).

Subject to and without waiving the foregoing objections, MERS incorporates as if more fully stated herein its answer to Interrogatories Nos. 3 and 5.

INTERROGATORY NO. 7: If you held the original Note, Mortgage and Deed of Trust as nominee/beneficiary, did you keep a log to account for the movement of the original documents, i.e., whether they were checked out of the maintenance facility for any purposes.

DEFENDANT MERS'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION
(C11-01445 MJP) — 9
DWT 18753678v3 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200   1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

ANSWER: MERS objects to Interrogatory No. 7 because it seeks information not reasonably calculated to lead to the discovery of admissible evidence in this litigation (General Objection No. 1). "[T]he [borrower] should be indifferent as to who owns or has an interest in the note so long as it does not affect [her] ability to make payments on the note." *See In re Veal*, 450 B.R. at 912; *see also id.* ("[Plaintiffs] should not care who actually owns the Note—and it is thus irrelevant whether the Note has been fractionalized or securitized—so long as they know who they should pay."). Moreover, "[c]ourts have 'routinely held that Plaintiff's "show me the note" argument lacks merit.'" *Bern*, 2011 WL 1561799, *2 (collecting cases; dismissing complaint without leave to amend under Rules 12(b)(6) and 56). Plaintiffs cannot use this lawsuit to engage in a fishing expedition for information that has no bearing on their claims. *See Cuomo*, 129 S. Ct. at 2719 (prohibiting "fishing expeditions or an undirected rummaging through . . . records for evidence of some unknown wrongdoing").

Subject to and without waiving the foregoing objections, MERS incorporates as if more fully stated herein its answer to Interrogatories Nos. 3, 5, and 6.

REQUEST FOR PRODUCTION NO. 2: Produce copies of all documents identified in response to Interrogatory No. 7.

RESPONSE: MERS incorporates as if more fully stated herein its objections and answer to Interrogatory No. 7.

INTERROGATORY NO. 8: As to your status as nominee and/or beneficiary under the Deed of Trust, state when and how you relinquished control and custody of the Promissory Note and Deed of Trust and describe the transfer in details.

ANSWER: MERS objects to all subparts of Interrogatory No. 8 to the extent it seeks information not reasonably calculated to lead to the discovery of admissible evidence in this

DEFENDANT MERS'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION
(C11-01445 MJP) — 10
DWT 18753678v3 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1  objects to Interrogatory No. 9 to the extent it calls for information protected by the attorney-
2  client privilege or work-product doctrine (General Objection No. 3).

3       Subject to and without waiving the foregoing objections, MERS responds that it has no
4  first-hand knowledge of any Note transfers, and pursuant to Fed. R. Civ. P. 33(d), will produce
5  the MERS Milestone report reflecting entries made by MERS members reflecting Note
6  transfers.

7
8
9  REQUEST FOR PRODUCTION NO. 4: Produce copies of all documents identified in
10  response to Interrogatory No. 9.

11  RESPONSE: MERS incorporates as if more fully stated herein its answer and
12  objections to Interrogatory No. 9.

13
14
15  INTERROGATORY NO. 10: State whether the Deed of Trust, referred herein as
16  "DOT", executed by Plaintiffs in this case in this case has been transferred or assigned
17  including the identification of any and all persons you may call as a witness to establish the
18  assignment or transfer of the same. With reference to each of these witnesses, state as follows:

19      a.    Name; address, title and job description;

20      b.    Whether any written notes, reports, memoranda, communications, have been
21  prepared and furnished to any of the named Defendants concerning the assignment or transfer
22  of the DOT;

23      c.    Whether any internal memorandum, notes, letters, have been issued concerning
24  the specific provisions of the DOT;

25      d.    The substance on which you expect each witness to testify;

26      e.    The opinions to which he or she is expected to testify; and

27      f.    A summary of the grounds for each opinion.

DEFENDANT MERS'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION
(C11-01445 MJP) — 13
DWT 18753678v3 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

ANSWER: MERS objects to Interrogatory No. 10 because "the discovery sought is unreasonably cumulative or duplicative." Fed. R. Civ. P. 26(b)(2)(C)(i). MERS further objects to Interrogatory No. 10 because it seeks information not reasonably calculated to lead to the discovery of admissible evidence in this litigation (General Objection No. 1). "[T]he [borrower] should be indifferent as to who owns or has an interest in the note so long as it does not affect [her] ability to make payments on the note." *See In re Veal*, 450 B.R. at 912; *see also id.* ("[Plaintiffs] should not care who actually owns the Note—and it is thus irrelevant whether the Note has been fractionalized or securitized—so long as they know who they should pay."). Plaintiffs cannot use this lawsuit to engage in a fishing expedition for information that has no bearing on their claims. *See Cuomo*, 129 S. Ct. at 2719 (prohibiting "fishing expeditions or an undirected rummaging through . . . records for evidence of some unknown wrongdoing"). MERS also objects to Interrogatory No. 10 because the information sought is already in Plaintiffs' possession, custody, or control, or is otherwise available through other, more convenient and less burdensome sources (General Objection No. 5). Additionally, MERS objects to Interrogatory No. 10, subparts e-f, because they exceed the number of interrogatories permitted (General Objection No. 10). *See* Fed. R. Civ. P. 33(a)(1) (limiting number of interrogatories a party may serve to 25, including discrete subparts); *Paananen*, 2009 WL 3327227, at *6 (parties must answer the first 25 interrogatories and then object; parties who "pick and choose" which interrogatories to answer risk waiving the objection).

Subject to and without waiving the foregoing objections, MERS incorporates its answer to Interrogatory No. 8 as if more fully stated herein. MERS further responds that it has not identified any witnesses at this time, but that pursuant to Fed. R. Civ. P. 33(d)(1), it will produce a record showing MERS's Assignment of the Deed of Trust (which Plaintiffs have filed as Exhibit D to their Amended Complaint [Dkt. 29-1]).

DEFENDANT MERS'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION
(C11-01445 MJP) — 14
DWT 18753678v3 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1  REQUEST FOR PRODUCTION NO. 5: Produce copies of all documents identified in
2  Interrogatory No. 10.

3  RESPONSE: MERS incorporates its objections and answer to Interrogatory No. 10 as
4  if more fully stated herein. MERS also notes that Plaintiffs filed with their Amended
5  Complaint a copy of the recorded Assignment of Deed of Trust. Amended Compl., Ex. D [Dkt.
6  29-1].

9  INTERROGATORY NO. 11: State whether the "servicing rights" in this case in this
10 case has been transferred or assigned including the identification of any and all persons you
11 may call as a witness to establish the assignment or transfer of the same. With reference to each
12 of these witnesses, state as follows:

13      a.    Name; address, title and job description;

14      b.    Whether any written notes, reports, memoranda, communications, have been
15 prepared and furnished to any of the named Defendants concerning the assignment or transfer
16 of the DOT;

17      c.    Whether any internal memorandum, notes, letters, have been issued concerning
18 the specific provisions of the DOT;

19      d.    The substance on which you expect each witness to testify;

20      e.    The opinions to which he or she is expected to testify; and

21      f.    A summary of the grounds for each opinion.

22  ANSWER: MERS incorporates its objections to Interrogatory No. 10 as if more fully
23 stated herein. MERS further objects to Interrogatory No. 11 because it exceeds the number of
24 interrogatories permitted (General Objection No. 10). *See* Fed. R. Civ. P. 33(a)(1) (limiting
25 number of interrogatories a party may serve to 25, including discrete subparts); *Paananen*,
26 2009 WL 3327227, at *6 (parties must answer the first 25 interrogatories and then object;
27 parties who "pick and choose" which interrogatories to answer risk waiving the objection).

DEFENDANT MERS'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION
(C11-01445 MJP) — 15
DWT 18753678v3 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

*Elec. Registration Sys.*, 2011 WL 5827813, *6 (W.D. Wash. 2011) (citing cases). *See also Bhatti*, 2011 WL 6300229, *5 (same; citing cases); *Corales v. Flagstar Bank, FSB*, --- F. Supp. 2d ---, 2011 WL 4899957, *4 (W.D. Wash. 2011) (whether loan securitized has no bearing on whether defendant had authority to foreclose). Plaintiffs cannot use this lawsuit to engage in a fishing expedition for information that has no bearing on their claims. *See Cuomo*, 129 S. Ct. at 2719 (prohibiting "fishing expeditions or an undirected rummaging through . . . records for evidence of some unknown wrongdoing"). Finally, MERS objects to Interrogatory No. 13, because it exceeds the number of interrogatories permitted (General Objection No. 10). *See* Fed. R. Civ. P. 33(a)(1) (limiting number of interrogatories a party may serve to 25, including discrete subparts); *Paananen*, 2009 WL 3327227, at *6 (parties must answer the first 25 interrogatories and then object; parties who "pick and choose" which interrogatories to answer risk waiving the objection).

REQUEST FOR PRODUCTION NO. 8: Produce the master document controlling this specific securitized trust you contend Plaintiffs' mortgage loan has been placed into.

RESPONSE: MERS incorporates as if more fully stated herein its objections to Interrogatory No. 13. MERS further objects to the assertion it "contend[s] Plaintiffs' mortgage loan has been placed into" a "securitized trust," as that assumes facts for which no basis exists.

INTERROGATORY NO. 14: Please describe in detail your role in the securitization process and your dealings with owners of the mortgage backed securities who owned Plaintiff's Deed of Trust or held partial interests therein.

ANSWER: MERS incorporates as if more fully stated herein its objections to Interrogatory No. 13 and Request for Production No. 8.

DEFENDANT MERS'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION
(C11-01445 MJP) — 18
DWT 18753678v3 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700