EXHIBIT C

The Honorable Judge Marsha Pechman

1
2
3
4
5
6
7       **UNITED STATE DISTRICT COURT**
     **WESTERN DISTRICT OF WASHINGTON AT SEATTLE**
8

| | |
|---|---|
| TRAVIS MICKELSON, DANIELLE H. MICKELSON, and the marital community thereof, | No.  C11-01445 MJP |
| Plaintiffs, | **DEFENDANT NWTS' RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION** |
| v. | |
| CHASE HOME FINANCE, LLC, an unknown entity; JPMORGAN CHASE BANK, N.A., a foreign corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a foreign corporation; NORTHWEST TRUSTEE SERVICES, INC., a domestic corporation; JOHN DOES, unknown entities; MORTGAGEIT, INC., a foreign corporation; GMAC MORTGAGE CORPORATION, a foreign corporation; CHICAGO TITLE, an unknown corporation; ROUTH CRABTREE OLSEN, P.S., a domestic Personal Services Corporation; and FEDERAL HOME LOAN MORTGAGE CORPORATION, a corporation, | |
| Defendants. | |

9
10
11
12
13
14
15
16
17
18
19
20
21

COMES NOW, Defendant Northwest Trustee Services, Inc. ("NWTS") and responds to

22  Plaintiffs Travis and Danielle Mickelson ("Plaintiffs") First Set of Interrogatories and Requests

23  for Production on Defendant NWTS ("Requests") as follows:

24          **I.       PRELIMINARY STATEMENT**

25          These responses are made solely for the purpose of this action.  Each response and each

26  document produced is subject to all appropriate objections (including, but not limited to,

---

DEFENDANT NWTS' RESPONSES TO
PLAINTIFFS' INTERROGATORIES AND
RFPS.1 of 15 C11-01445 MJP

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1   question subject to numerous reasonable interpretations. Moreover, Plaintiff's First Set of

2   Interrogatories and Requests for Production are written so broadly that they can reasonably be

3   interpreted to seek irrelevant or otherwise undiscoverable information.

4   .       3.       NWTS objects on the basis that much of the information requested is subject to

5   attorney client privilege and the work product doctrine.

6           4.       NWTS objects on the basis that much of the information requested is irrelevant,

7   even under the broad definition of relevance as put forth in Fed. R. Civ. P. 26 as it does not seek

8   information likely to lead to admissible evidence.

9           5.       NWTS objects on the basis that, as written, Plaintiff's First Set of Interrogatories

10  and Requests for Production are unduly burdensome and overbroad such that they would require

11  extensive, unreasonable, expensive, and labor-intensive investigation that is out of proportion to,

12  and cannot be justified in light of Plaintiff's claims. *See* Fed. R. Civ. P. 26(b).

13                        **III. SPECIFIC RESPONSES TO REQUESTS**

14                  INTERROGATORIES AND REQUESTS FOR PRODUCTION

15  **INTERROGATORY NO. 1**: Identify all persons who provided information or assisted in any

16  manner with the preparation of your answers and responses to this first set of interrogatories and

17  requests for production. For each person listed, describe in detail what information or assistance

18  was provided. Include the position held by the person, the length of time the respondent has held

19  this position, and the duties performed for Defendant.

20  ANSWER:

21  NWTS objects to Interrogatory No 1 as it seeks irrelevant information not likely to lead to the

22  discovery of admissible evidence. Additionally, NWTS objects to Interrogatory No 1 to the

23  extent it seeks information protected by attorney-client privilege and the work-product doctrine.

24  Without waiving these objections, Gwenna Wootress, In House Counsel for NWTS, Jeff

25  Stenman, Senior Foreclosure Manager and Vice President for NWTS, and Vonnie McElligott,

26

ROUTH
CRABTREE
OLSEN, P.S.   13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1    Foreclosure Team Manager and Assistant Vice President for NWTS provided information and

2    assisted with the preparation of the answers and responses herein.

3

4    **INTERROGATORY NO. 2**:  For each of the above persons please state whether they have

5    personal knowledge regarding the non-judicial foreclosure.

6    ANSWER:

7    NWTS objects to Interrogatory No. 2 to the extent it seeks information protected by attorney-

8    client privilege and the work-product doctrine. NWTS also objects to this request as it is vague,

9    ambiguous, NWTS is unable to ascertain what information is being requested. Without waiving

10   any such objection, Vonnie McElligott and Jeff Stenman have personal knowledge of the

11   nonjudicial foreclosure.

12

13   **INTERROGATORY NO. 3**: State whether you had proof that Chase Home Finance LLC, or

14   other person or entity, was the beneficiary and the owner of any promissory note or other

15   obligation secured by the Deed of Trust. If YES, identify fully all persons, entities,

16   communications and documents identifying Chase Home Finance LLC or other person or entity,

17   as such; and include, with particularity, the subject, time, date, manner and place of such proof.

18   ANSWER:

19   NWTS objects to Interrogatory No. 3 as it is vague, ambiguous, overbroad and burdensome.

20   NWTS also objects to Interrogatory No. 3 as it seeks information not reasonably calculated to

21   lead to discovery of admissible evidence. "The borrower should be indifferent as to who owns or

22   has an interest in the note so long as it does not affect [her] ability to make payments on the

23   note." *See In re Veal*, 450 BAR. 897, 912 (I.E. 9th Cir. 2011); *see also id.* ("[Plaintiffs] should

24   not care who actually owns the Note –and it is thus irrelevant whether the Note has been

25   fractionalized or securitized— so long as they know who they should pay.").        Without

26   waiving any such objection, Yes. NWTS received a declaration dated August 17, 2010, which

DEFENDANT NWTS' RESPONSES TO
PLAINTIFFS' INTERROGATORIES AND
RFPS.4 of 15 C11-01445 MJP

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1  was signed by Susan Massie, as Vice President of Chase Home Finance, LLC declaring Chase

2  Home Finance LLC the actual holder of the note.

3

4  **REQUEST FOR PRODUCTION NO. 1**: Produce copies of all documents identified in

5  Interrogatory No. 3.

6  RESPONSE:

7  NWTS will provide the Beneficiary Declaration.

8

9  **INTERROGATORY NO. 4**: This interrogatory is specific to defendant Northwest Trustee

10  Services' contention in the Notice(s) of Trustee's Sale that the Deed of Trust is to secure an

11  obligation in favor of MERS, as Beneficiary. Identify and explain what you mean by beneficiary

12  in your notice(s) and define the specific benefit(s) you contend are, and were held, by MERS.

13  ANSWER:

14  Defendant NWTS objects to Interrogatory No. 4 on the basis that it seeks a purely legal

15  conclusion unrelated to fact, is vague and ambiguous, and NWTS is unable to ascertain what

16  information is being requested.

17  **INTERROGATORY NO. 5**: This interrogatory is specific to defendant Northwest Trustee

18  Services' contention in the Notice(s) of Default or Foreclosure that the "attached Notice of

19  Trustee's Sale is a consequence of default(s) of the obligation to the Beneficiary of your Deed of

20  Trust" identify and define the specific obligations you contend were owed by Plaintiffs and

21  identify the person or entity to whom these obligations are owed.

22  ANSWER:

23  Defendant NWTS objects to Interrogatory No. 5 on the basis that it is vague and ambiguous, and

24  NWTS is unable to ascertain what information is being requested. Without waiving any such

25  objection, ppursuant to information received by NWTS from Chase Home Finance LLC and the

26  public record,  Travis and Danielle Mickelson are the borrowers under a promissory note in the

DEFENDANT NWTS' RESPONSES TO
PLAINTIFFS' INTERROGATORIES AND
RFPS.5 of 15 C11-01445 MJP

R OUTH
C RABTREE
O LSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1    ANSWER:

2    NWTS objects to Interrogatory No. 10 as it is not reasonably calculated to lead to the discovery

3    of admissible evidence, it is vague, ambiguous, NWTS is unable to ascertain what information is

4    being requested, and it is overbroad and burdensome as it places an inordinate burden and

5    expense on NWTS to respond.

6

7    **REQUEST FOR PRODUCTION NO. 5**: Produce copies of all documents identified in

8    response to Interrogatory No. 10.

9    RESPONSE:

10   NWTS objects to this request as not reasonably calculated to lead to the discovery of admissible

11   evidence, it is vague, ambiguous, NWTS is unable to ascertain what information is being

12   requested, and it is overbroad and burdensome as it places an inordinate burden and expense on

13   NWTS to respond. Without waiving any such objection, no documents were identified in

14   response to Interrogatory No. 10.

15

16

17   **INTERROGATORY NO. 11**:  Please identify the date or dates you contend this loan went into

18   default and explain in detail all facts in support thereof.

19   ANSWER:

20   NWTS objects to Interrogatory No. 10 as it requests information already in the custody and

21   control of Plaintiff. Pursuant to information, including the referral to commence a nonjudicial

22   foreclosure on the subject property, the loan is due for August 1, 2008.

23

24   **INTERROGATORY NO. 12**: State whether or not you have any direct or indirect employment,

25   financial, or managerial relationship with defendant Routh Crabtree Olsen, P.S., or any other

26   defendant or defendant's attorneys. If the answer is yes, then explain in detail the full nature and

DEFENDANT NWTS' RESPONSES TO
PLAINTIFFS' INTERROGATORIES AND
RFPS.9 of 15 C11-01445 MJP

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1   ANSWER:

2   NWTS objects to Interrogatory No. 13 as it seeks irrelevant information not likely to lead to the

3   discovery of admissible evidence, and NWTS objects to Interrogatory No. 13 as it is vague,

4   ambiguous, and NWTS is unable to ascertain what information is being requested.

5

6   **REQUEST FOR PRODUCTION NO. 7**: Produce copies of all documents identified in

7   Interrogatory No. 13.

8   RESPONSE:

9   NWTS objects to this request as not reasonably calculated to lead to the discovery of admissible

10  evidence, it is vague, ambiguous, and NWTS is unable to ascertain what information is being

11  requested.

12

13  **INTERROGATORY NO. 14**: State whether Jeff Stenman, Vonnie McElligott, and Rhea S. Pre

14  are, or were at anytime in the last five years, your employees, agents or contractors. If yes,

15  identify the full nature and extent of such relationship, their present home address, present

16  business address, present home and business telephone number, present or last known position,

17  job title and business affiliation at the time in question.

18  ANSWER:

19  NWTS objects to this request as not reasonably calculated to lead to the discovery of admissible

20  evidence, it is vague, ambiguous, and NWTS is unable to ascertain what information is being

21  requested, and is protected by attorney-client privilege and work product doctrine.

22  Without waiving these objections, NWTS provides the following:

- Jeff Stenman
23    13555 SE 36th St., Suite 200
      Bellevue, WA 98006
24    Senior Foreclosure Manager
      Vice President

25

26

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1    • Vonnie McElligott
        13555 SE 36th St., Suite 200
2       Bellevue, WA 98006
        Foreclosure Team Manager
3       Assistant Vice President

4    • Rhea Pre
        13555 SE 36th St., Suite 200
5       Bellevue, WA 98006
        Foreclosure Assistant

6

7    **REQUEST FOR PRODUCTION NO. 8**: Produce copies of all documents identified in

8    Interrogatory No. 14.

9    RESPONSE:

10   NWTS objects to this request as not reasonably calculated to lead to the discovery of admissible

11   evidence, it is vague, ambiguous, and NWTS is unable to ascertain what information is being

12   requested. No documents were identified in response to Interrogatory No. 14.

13

14   **INTERROGATORY NO. 15**: Do you contend you were the successor trustee on the Deed of

15   Trust. If yes, explain in detail the basis for this contention and identify all persons or documents

16   which support this contention.

17   ANSWER:

18   Yes. Chase Home Finance LLC successor by merger to Chase Manhattan Mortgage Corporation,

19   through its attorney in fact by Power of Attorney recorded under Island County Washington

20   Auditor's File No. 4152512 executed and recorded an appointment of successor trustee

21   ("Appointment of Successor Trustee") naming Northwest Trustee Services, Inc. the successor

22   trustee under Plaintiffs' Deed of Trust. The Appointment of Successor Trustee was recorded

23   September 19, 2008, under Island County Auditor's File No. 4236911.

24

25   **REQUEST FOR PRODUCTION NO. 9**: Produce copies of all documents identified in

26   Interrogatory No. 12.

DEFENDANT NWTS' RESPONSES TO
PLAINTIFFS' INTERROGATORIES AND
RFPS.12 of 15 C11-01445 MJP

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

**ATTORNEY CERTIFICATION**

The undersigned, as attorney for Defendant Northwest Trustee Services, Inc. certifies to the best of her knowledge, information and belief, formed after a reasonable inquiry that the responses and objections are: (1) consistent with the Civil Rules and warranted by existing law or a good faith argument for the extension, modification or reversal of existing law; (2) not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and (3) not unreasonable or unduly burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy and the importance of the issues at stake in the litigation.

DATED this 23rd day of February, 2012.

ROUTH CRABTREE OLSEN, P.S.

Heidi E. Buck, WSBA No. 41769
Of Attorneys for Defendants Northwest
Trustee Services, Inc. and Routh Crabtree
Olsen, P.S.

DEFENDANT NWTS' RESPONSES TO
PLAINTIFFS' INTERROGATORIES AND
RFPS.14 of 15 C11-01445 MJP

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131