The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIELLE H. MICKELSON and TRAVIS MICKELSON, and the marital community,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>CHASE HOME FINANCE, LLC, et al.,<br><br>　　　　Defendants. | No. C11-01445 MJP<br><br>DEFENDANTS' JOINT RESPONSE TO PLAINTIFFS' MOTION TO VACATE AND RECONSIDER<br><br>**Noted on Motion Calendar:<br>September 17, 2012** |

DEFS.' JOINT RESPONSE TO MOT.
TO VACATE & RECONSIDER (C11-01445 MJP)
DWT 20281464v4 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

**TABLE OF CONTENTS**

I. INTRODUCTION AND SUMMARY OF ARGUMENT ................................................... 1

II. BRIEF STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY ......... 2

III. ARGUMENT ..................................................................................................................... 2

   A. Legal Standard. ........................................................................................................... 2

   B. The Washington State Supreme Court's Decision in *Bain*. ........................................... 3

   C. The Court Should Deny Plaintiffs' Motion to Vacate the Orders Dismissing Plaintiffs' Claims Against Chase, MERS, and Freddie Mac. .................................................................. 4

      1. *Bain* Has No Bearing on the Court's Prior Orders Dismissing Plaintiffs' Waived Claims. ................................................................................................................... 4

      2. *Bain* Does Not Change the Outcome of the Court's Prior Orders Dismissing Plaintiffs' CPA Claims. ................................................................................................................... 6

      3. *Bain* Does Not Affect the Outcome of the Court's Order Granting Summary Judgment on Plaintiffs' FDCPA Claim. ................................................................................................................... 8

   D. The Court Should Deny Plaintiffs' Motion to Vacate and Reconsider the Prior Orders Regarding Chicago Title. ................................................................................................................... 8

   E. The Court Should Deny Plaintiffs' Motion to Vacate the Prior Orders Regarding NWT and Routh Crabtree. ................................................................................................................... 9

IV. CONCLUSION ................................................................................................................. 10

DEFS.' JOINT RESPONSE TO MOT.
TO VACATE & RECONSIDER (C11-01445 MJP) — i
DWT 20281464v4 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Bain v. Metropolitan Mortg. Group., Inc.*,
    2011 WL 917385 (W.D. Wash. 2011) .................................................................................. 3

*Cross v. Benedetti*,
    2012 U.S. Dist. LEXIS 110117 (D. Nev. 2012) .................................................................... 3

*Delay v. Gordon*,
    475 F.3d 1039 (9th Cir. 2007) ............................................................................................... 3

*Florez v. OneWest Bank, FSB*,
    2012 WL 1118179 (W.D. Wash. 2012) ......................................................................... 4, 6, 8

*Kona Enters., Inc. v. Estate of Bishop*,
    229 F.3d 877 (9th Cir. 2000) ......................................................................................... 1, 2, 8

*Nunez v. City of San Diego*,
    114 F.3d 935 (9th Cir. 1997) ................................................................................................. 3

*Phelps v. Alameida*,
    569 F.3d 1120 (9th Cir. 2009) ............................................................................................... 3

*PNC Fin. Servs. Grp., Inc. v. Prime Lending, Inc.*,
    2012 WL 1598125 (E.D. Wash. 2012) .................................................................................. 8

*Ritter v. Smith*,
    811 F.2d 1398 (11th Cir. 1987) ............................................................................................. 3

*United States v. Herman*,
    2009 WL 2973123 (E.D. Wash. 2009) ............................................................................... 8-9

**STATE CASES**

*Bain v. Metropolitan Mortgage Group, Inc.*,
    __ Wn.2d __, 2012 WL 3517326 (2012) ...................................................................... passim

*Peterson v. Citibank, N.A.,*
    No. 67177-4-1, at 5 (Wash. Ct. App. Sep. 17, 2012), available at
    http://www.courts.wa.gov/opinions/pdf/67177-4.unp.docx.pdf ............................................ 8

**OTHER STATUTES**

RCW 61.24.005(2) ....................................................................................................... passim

RCW 62A.3-205 ..................................................................................................................... 6

DEFS.' JOINT RESPONSE TO MOT.
TO VACATE & RECONSIDER (C11-01445 MJP) — ii
DWT 20281464v4 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

RCW 62A.3-301 ................................................................................................................6

**FEDERAL RULES**

Fed. R. Civ. P. 54 ..............................................................................................................2

Fed. R. Civ. P. 54(b) ..........................................................................................................2

Fed. R. Civ P. 59 ................................................................................................................2

Fed. R. Civ. P. 59(e) ..........................................................................................................2

Fed. R. Civ. P. 60 ...............................................................................................................2

Fed. R. Civ. Proc. 60(b)(1)-(5) ..........................................................................................2

Fed. R. Civ. P. 60(b)(6) .................................................................................................2, 3

DEFS.' JOINT RESPONSE TO MOT.
TO VACATE & RECONSIDER (C11-01445 MJP) — iii
DWT 20281464v4 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

## I.     INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiffs base their motion to vacate and reconsider on the Washington Supreme Court's decision in *Bain v. Metropolitan Mortgage Group, Inc.*, __ Wn.2d __, 2012 WL 3517326 (2012). Dkt. 94 at 1. Plaintiffs claim that decision requires vacating and reconsidering all the Court's prior orders in this case because, according to Plaintiffs, the Court in *Bain* held MERS is not a valid beneficiary under a deed of trust, as it "never holds a promissory note," and in all cases, identifying MERS as the beneficiary under a deed of trust "is a presumptive deceptive practice" under the Consumer Protection Act ("CPA"). *Id.* at 3:22-26. But the Court in *Bain* did not hold so broadly, and the circumstances presented in *Bain* do not exist here. Rather, in *Bain* the Court held MERS cannot act as beneficiary in its own right under RCW 61.24.005(2) unless it holds the promissory note, but a beneficiary (i.e., note holder) may appoint MERS to act as its agent if MERS discloses the beneficiary (i.e., MERS's principal). *Bain*, 2012 WL 3517316, *11. The Court also held that if MERS represents to borrowers that it is acting as beneficiary in its own right, that those representations are presumptively deceptive, but that MERS may rebut the presumption by showing it acted on behalf of a known principal. *Id.* at *17. In particular, the Court clarified that "the mere fact that MERS is listed on the deed of trust as a beneficiary," without more, does ***not*** violate the CPA. *Id.* at *18.

The Court should deny Plaintiffs' motion to vacate and reconsider because unlike in *Bain*, here, MERS acted on behalf of a disclosed principal—Chase—and Defendants did not rely on MERS for the authority to foreclose. Here, the Court has repeatedly found Chase held Plaintiffs' Note and thus, had authority to foreclose under Washington law. *See* Dkts. 58, at 8; Dkt. 86, at 3; Dkt. 88, at 5. The Court's prior orders did not turn on MERS's conduct as beneficiary (because MERS did not act as the beneficiary in its own right), or on MERS's conduct as an agent for an undisclosed beneficiary (because MERS disclosed the beneficiary, Chase). In addition, *Bain* does not cure Plaintiffs' failure to allege facts establishing the elements of their claims, including prejudice. Under these circumstances, *Bain* does not warrant resort to the "extraordinary remedy" of reopening the Court's prior orders and disturbing the strong policies of judicial economy and finality. *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

DEFS.' JOINT RESPONSE TO MOT.
TO VACATE & RECONSIDER (C11-01445 MJP) — 1
DWT 20281464v4 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

## II. BRIEF STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY

This Court has entered numerous orders dismissing Plaintiffs' claims. On November 14, 2011, the Court granted Chicago Title's motion to dismiss Plaintiffs' breach of good faith and fair dealing claim. Dkt. 35. On April 16, 2012, the Court granted Chase, MERS, and Freddie Mac's partial motion to dismiss, dismissing Plaintiffs' quiet title, injunctive relief, breach of contract, unconscionability, criminal profiteering act, Deed of Trust Act, and CPA claims. Dkt. 58. Also, on April 16, 2012, the Court dismissed Plaintiffs' quiet title, injunctive relief, breach of contract, unconscionability, and criminal profiteering act claims against NWT, Routh Crabtree Olsen, and Chicago. *Id.* Plaintiffs sought reconsideration of this order, Dkt. 59, which this Court denied, Dkt. 66. Plaintiffs sought to certify this order for interlocutory appeal, Dkt. 69, which this Court denied, Dkt. 85. On August 6, 2012, the Court granted Chase and MERS's motion for summary judgment on Plaintiffs' Federal Debt Collection Practices Act ("FDCPA") claim. Dkt. 86. On August 7, 2012, the Court granted in part and denied in part Northwest Trustee Services and Routh Crabtree Olsen's motion for judgment on the pleadings. Dkt. 88. On August 21, 2012, the Court granted Chicago Title's motion to dismiss Plaintiffs' CPA claim against it. Dkt. 93.

On August 27, 2012, Plaintiffs filed a Motion to Vacate Previous Orders of this Court Pursuant to Fed. R. Civ. P. 54(b), and a Motion to Reconsider the Court's August 21 Order Pursuant to Fed. R. Civ. P. 59(e). Dkt. 94. The Court directed Defendants to respond to Plaintiffs' motions by September 7, 2012, preferably in a joint response. Dkt. 96.

### III. ARGUMENT

#### A. Legal Standard.

As a threshold matter, Plaintiffs rely on Fed. R. Civ. P. 54 to seek to vacate all prior orders, except the Court's recent Order granting Chicago Title's motion to dismiss (which Plaintiffs ask the Court to reconsider under Rule 59), but Rule 54 does not provide that relief. Instead, Plaintiffs must invoke Fed. R. Civ. P. 60. That Rule lists six grounds for granting relief from an Order. Fed. R. Civ. P. 60. Plaintiffs do not present grounds for relief under Rule 60(b)(1)-(5),[1] leaving only the catch-all provision in (b)(6). "Rule 60(b)(6) has been used

---

[1] Rule 60(b)(1)-(5) permits a court to relieve a party from an order for: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence …; (3) fraud … misrepresentation, or misconduct by an opposing

DEFS.' JOINT RESPONSE TO MOT.
TO VACATE & RECONSIDER (C11-01445 MJP) — 2
DWT 20281464v4 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

sparingly as an equitable remedy to prevent manifest injustice," and "only where extraordinary circumstances" exist. *Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007).

Plaintiffs ask the Court to vacate prior Orders because Plaintiffs believe the Washington Supreme Court's recent decision in *Bain* changed the law. *See* Dkt. 94, at 1-2. Even if *Bain* did change the law, which Defendants do not concede, a change in decisional law "will not *always* provide the truly extraordinary circumstances necessary" to invoke Rule 60(b)(6). *Phelps v. Alameida*, 569 F.3d 1120, (9th Cir. 2009) (quoting *Ritter v. Smith*, 811 F.2d 1398, 1401 (11th Cir. 1987)). A court will not reopen a prior order under Rule 60(b)(6) when a change in decisional law does not undercut the basis for the prior order. *Cross v. Benedetti*, 2012 U.S. Dist. LEXIS 110117, *9 (D. Nev. 2012). Because *Bain* does not undercut the bases for the Court's prior orders, Plaintiffs cannot establish extraordinary circumstances exist to justify vacating the orders.

### B. The Washington State Supreme Court's Decision in *Bain*.

In *Bain*, the Washington Supreme Court addressed the question whether MERS may act as a Deed of Trust beneficiary in a non-agency capacity, and if not, what the effect of that conduct was. *Bain*, 2012 WL 3517326, at *2. The genesis of the issue arose primarily in the parallel *Selkowitz* case (certified along with *Bain* by Judge Coughenour), because in that case, MERS (acting as beneficiary) appointed the successor Trustee, which in turn initiated foreclosure by recording a Notice of Trustee's sale. *Id.*[2] The Court held that unless MERS was the Note holder, it could not act as beneficiary in a non-agency capacity, but recognized that MERS could act as an agent for the beneficiary Note holder. Specifically, the Washington Supreme Court held in *Bain* that if MERS never held the promissory note, it cannot be a beneficiary under RCW 61.24.005(2). *Id.* at *6-*8. The Court also held, however, that MERS may act as an agent for a known principal

---

party; (4) the judgment is void; [or] (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable."

[2] The Supreme Court frames the "primary issue" for both *Bain* and *Selkowitz* as whether "MERS is a lawful beneficiary with the power to appoint trustees … if it does not hold the promissory notes secured by the deeds of trust." 2012 WL 3517326, at *1-*2. That issue was raised in *Selkowitz*, but in *Bain*, as here, MERS did not appoint the successor trustee (IndyMac did), after receiving an assignment from MERS. *See Bain v. Metropolitan Mortg. Group., Inc.*, 2011 WL 917385, *2 (W.D. Wash. 2011). In *Bain*, the right to foreclose was based solely on the MERS assignment, rather than possession of the Note. Thus, the argument in *Bain* was that if MERS is not a valid beneficiary, then its assignment to IndyMac Bank is void, and therefore IndyMac's appointment of the Trustee was void, and the Notice of Trustee's Sale was also void. *Id.*

DEFS.' JOINT RESPONSE TO MOT.
TO VACATE & RECONSIDER (C11-01445 MJP) — 3
DWT 20281464v4 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

(i.e., the note holder and thus, the beneficiary). *Id.* at *11. But the Court concluded because the record before it contained no facts disclosing the note holder (i.e., beneficiary), MERS "ha[d] not established that it is an agent for a lawful principal." *Id.* The Court did ***not*** hold that Deeds of Trust listing MERS as a nominee for the disclosed lender were somehow void or misleading— indeed, it held the opposite. *Id.* at *18. Notably, in *Bain*, the defendants' right to foreclose turned exclusively on the rights assigned or appointed by MERS; ***nothing*** in *Bain* addresses the scenario here—where the lender seeking to foreclose is not relying on MERS or any MERS assignment or appointment for the right to foreclose, but instead relies on possession of the Note. *Compare Florez v. OneWest Bank, FSB*, 2012 WL 1118179, *1 (W.D. Wash. 2012) (Coughenour) (granting motion to dismiss with prejudice, and holding that "the situation at issue here is unlike the situation in *Bain* …. In *Bain*, the alleged authority to foreclose was based solely on MERS's assignment of the deed of trust, rather than on possession of the Note. Here, … OneWest had authority to foreclose, independent of MERS, since OneWest held Plaintiffs' Note").

### C. The Court Should Deny Plaintiffs' Motion to Vacate the Orders Dismissing Plaintiffs' Claims Against Chase, MERS, and Freddie Mac.

In their Motion to Vacate, Plaintiffs ask the Court to reconsider its orders dismissing and granting summary judgment on Plaintiffs' claims against Chase, MERS, and Freddie Mac for the third time. The Court should deny Plaintiffs' Motion for at least three reasons.

#### 1. *Bain* Has No Bearing on the Court's Prior Orders Dismissing Plaintiffs' Waived Claims.

The Court's prior order dismissing Plaintiffs' quiet title, injunctive relief, breach of contract, unconscionability, and criminal profiteering act claims against Defendants had nothing to do with MERS's status under Plaintiffs' Deed of Trust. In its order, the Court granted Defendants' motion because it held Plaintiffs waived their quiet title, injunctive relief, breach of contract, unconscionability, and criminal profiteering act claims by failing to challenge the foreclosure and trustee's sale. Dkt. 58, at 5-6. In addition, the Court dismissed Plaintiffs' Deed of Trust Act ("DTA") violations claims against these Defendants because the DTA "specifies that any post-sale claims premised on violations of the Act may only be brought against the trustee," which these Defendants are not. *Id.* at 6. And the Court dismissed Plaintiffs' quiet title claim

DEFS.' JOINT RESPONSE TO MOT.
TO VACATE & RECONSIDER (C11-01445 MJP) — 4
DWT 20281464v4 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

against Chase and Freddie Mac based on the alleged credit bid because Plaintiffs failed to show they suffered prejudice. Dkt. 66. The Court's rationale in reaching these conclusions had nothing to do with MERS's status under Plaintiffs' Deed of Trust. The Court in *Bain* did not address the scope of post-sale challenges under the DTA, and did not change the rule that Plaintiffs must show prejudice to set aside a sale. Tellingly, Plaintiffs do not argue otherwise in their Motion.

Plaintiffs attempt to revive these claims by arguing *Bain* renders invalid every deed of trust that mentions MERS. *See* Dkt. 94, at 7:1-3. *Bain* does not. Quite the contrary, although the Court in *Bain* held MERS cannot act as the beneficiary under a deed of trust unless it holds the promissory note, the Court also expressly acknowledged (as previously discussed) that lenders can appoint MERS as the nominee or agent for the beneficiary, and that MERS can act in that agency capacity so long as it discloses its principal (i.e., the beneficiary). *Bain*, 2012 WL 3517326, at *11. The Court clarified: "nothing in this opinion should be construed to suggest an agent cannot represent the holder of a note. Washington law, and the deed of trust act itself, approves the use of agents." *Id.* The Court further explained that "agency requires a specific principal that is accountable for the acts of its agent"—that is, a disclosed principal. *Id.* But the Court made clear that "the mere fact that MERS is listed on the deed of trust as a beneficiary is not in itself an actionable injury." *Id.* at *18; *see also id.* at *15 ("we tend to agree" that listing MERS as beneficiary does "not result in a void deed of trust"); *id.* at *14 (holding there is "no authority … for the suggestion that listing an ineligible beneficiary on a deed of trust would render the deed of trust void and entitle the borrower to quiet title"). In *Bain*, however, the Court found on the (limited) record before it no evidence MERS had disclosed a beneficiary. *Id.* at *11.

In contrast, here, as this Court has already recognized, MERS disclosed that Chase held the Note at foreclosure, and that Chase held the Note from June 2006 to October 2011, when Chase sent the Note to Davis Wright Tremaine LLP. *See* Dkts. 58, at 8; Dkt. 86, at 3; Dkt. 88, at 5. Under *Bain*, nothing unlawful occurred here because the Deed of Trust appointed MERS as the nominee for the lender, MERS disclosed its principal (the beneficiary, Chase), and MERS acted only on behalf of its principal (the beneficiary, Chase)—MERS did not attempt to foreclose, to

DEFS.' JOINT RESPONSE TO MOT.
TO VACATE & RECONSIDER (C11-01445 MJP) — 5
DWT 20281464v4 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

initiate foreclosure in its own name, or appoint a Trustee.  Indeed, the same judge that certified *Bain* to the Washington State Supreme Court recently so held, concluding that where the loan servicer presents undisputed facts establishing it held the note at foreclosure, the loan servicer "had authority to foreclose, independent of MERS," rendering the case distinguishable from *Bain*. *Florez*, 2012 WL 1118179, at *1 (Coughenour, J.).  *Bain* does not render Plaintiffs' Deed of Trust invalid, and the DTA's waiver provisions apply to Plaintiffs' claims.

## 2. *Bain* Does Not Change the Outcome of the Court's Prior Orders Dismissing Plaintiffs' CPA Claims.

The Court dismissed Plaintiffs' CPA claims against Chase, MERS, and Freddie Mac for reasons independent of MERS's status as beneficiary under the Deed of Trust.  In particular, the Court dismissed the CPA claim against Chase and MERS because, among other things, Plaintiffs failed to identify any provision of the DTA precluding MERS from acting as a nominee, Chase "has explained it was permitted to initiate foreclosure on the property by virtue of holding the note that was indorsed in blank," and Plaintiffs failed to allege harm.  Dkt. 58, at 7-8.

*Bain* does not compel contrary conclusions.  As discussed above, the Court in *Bain* recognized MERS can act as the nominee or agent for the beneficiary if it discloses the beneficiary.  *Bain*, 2012 WL 3517326, at *11.  For this reason, the Court held that if MERS represents to a borrower that it is acting as beneficiary (in its own name) it only presumptively meets the deceptive element of the CPA.  *Id.* at *17.  MERS can, as it did in this case, rebut that presumption by showing it acted on behalf of a disclosed principal—here, Chase, who held the Note at foreclosure and thus, had authority to foreclose under Washington law.  RCW 61.24.005(2); RCW 62A.3-205; RCW 62A.3-301.  Because MERS disclosed its principal in this case, *Bain* does not apply and does not affect the outcome.  Contrary to Plaintiffs' suggestion, *see* Dkt. 94, at 6:21-26, the Court in *Bain* did not hold invalid or deceptive every deed of trust that names MERS as the nominee for the lender (indeed, the opposite).

Perhaps recognizing *Bain* does not change the result in their case, Plaintiffs resurrect their argument that the exclusionary language in RCW 61.24.005(2) applies to this case.  *See* Dkt. 94, at 6-7.  As Defendants have already explained, however, that language addresses UCC Article 9

DEFS.' JOINT RESPONSE TO MOT.
TO VACATE & RECONSIDER (C11-01445 MJP) — 6
DWT 20281464v4 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

and "applies if, for example, the Note holder pledges a borrower's Note as collateral (i.e., 'security') to get a different loan from a new lender." Dkt. 56, at 10 n.5. The exclusionary language in RCW 61.24.005(2) clarifies that the new lender does not become beneficiary under the deed of trust simply because it possesses the note as security for an unrelated loan. *Id.* Plaintiffs have never meaningfully responded or cited authority supporting their incorrect reading of RCW 61.24.005(2). Indeed, Plaintiffs acknowledge that *Bain*, the only case on which they rely to disturb the Court's prior (and still correct) orders, does not address this language in RCW 61.24.005(2) at all. *See* Dkt. 94, at 6:8-9.

The Court's other reasons for dismissing Plaintiffs' CPA claims against Chase, MERS, and Freddie Mac have nothing to do with MERS's role under the Deed of Trust. For instance, the Court dismissed the CPA claims against Freddie Mac because Plaintiffs failed to allege facts suggesting Freddie Mac's purchase of the home at the trustee's sale was unfair or deceptive, that the purchase caused any prejudice, or that Freddie Mac entered any agreement with Plaintiffs that could be unconscionable. Dkt. 58, at 8; Dkt. 66, at 2. The Court dismissed the CPA claims against MERS because Plaintiffs failed to "identify anything deceptive about any securitization." Dkt. 58, at 8-9. And the Court dismissed the "dual tracking" CPA claims against Chase because documents Plaintiffs relied on in their Complaint show Chase disclosed to Plaintiffs that it would not modify Plaintiffs' loan until Plaintiffs completed timely modification payments and submitted a timely modification agreement, which Plaintiffs' own allegations show they did not do. *Id.* at 9. *Bain* does not address these legal theories—particularly where, as here, MERS disclosed its principal (i.e., the beneficiary) and acted on behalf of the beneficiary (Note holder).

In response, Plaintiffs argue, as they have before, that they "could certainly present a fact issue with regard to prejudice as the Mickelsons have alleged all defendants have acted as part of a criminal enterprise so as to avoid having to do a judicial foreclosure." Dkt. 94, at 7:4-7. Plaintiffs therefore implicitly admit *Bain* does not change the prejudice requirement for a wrongful foreclosure claim under the DTA. *See id.* But Plaintiffs' assertion amounts to nothing more than a legal conclusion. Plaintiffs still present no facts suggesting Defendants' foreclosure

DEFS.' JOINT RESPONSE TO MOT.
TO VACATE & RECONSIDER (C11-01445 MJP) — 7
DWT 20281464v4 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

after Plaintiffs' admitted default caused Plaintiffs prejudice or injury. *See* Dkt. 66, at 2 ("Plaintiffs have not alleged any prejudice arising out of this arrangement. Plaintiffs have not shown facts warranting reconsideration.").[3] Allowing Plaintiffs to reopen the Court's prior orders despite Plaintiffs' failure to allege any facts that could support a plausible claim would waste judicial resources and undermine the policy of finality that inheres in court orders.

### 3. *Bain* Does Not Affect the Outcome of the Court's Order Granting Summary Judgment on Plaintiffs' FDCPA Claim.

The Court granted summary judgment on Plaintiffs' FDCPA claim against Chase because Chase presented unrefuted evidence that it has held the Note since before Plaintiffs' default, excluding Chase from the statute's definition of a debt collector. Dkt. 86, at 3:6-11. And the Court granted summary judgment on this claim against MERS because Plaintiffs did not allege MERS attempted to collect a debt or foreclose on their home. *Id.* at 3. Plaintiffs still allege no facts suggesting MERS attempted to collect a debt or foreclose on their home. Nor could they—Chase has shown it held the Note, rendering it the lawful beneficiary entitled to foreclose under Washington law, and MERS merely acted as Chase's agent—a scenario the Court in *Bain* agreed comports with Washington law. *See Bain*, 2012 WL 3517326, at *11; *Florez*, 2012 WL 1118179, at *1. Moreover, the Court in *Bain* did not interpret the FDCPA, let alone the definition of "debt collector" under that Act. Nothing in *Bain* warrants reviving Plaintiffs' FDCPA claim.

### D. The Court Should Deny Plaintiffs' Motion to Vacate and Reconsider the Prior Orders Regarding Chicago Title.

Like motions to vacate, "[r]econsideration is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *PNC Fin. Servs. Grp., Inc. v. Prime Lending, Inc.*, 2012 WL 1598125, *1 (E.D. Wash. 2012) (quoting *Kona Enters.*, 229 F.3d at 890). Also like motions to vacate, a court may but need not grant a motion to reconsider based on a purported intervening change in the law. *See, e.g.*, *United States v.*

---

[3] Indeed, the Washington Court of Appeals today issued an unpublished opinion (citing *Bain*) affirming a motion to dismiss foreclosure-related claims against MERS because the borrowers "alleged no facts tending to demonstrate that, but for MERS's conduct, they would not have suffered the same [alleged] injuries." *Peterson v. Citibank, N.A.,* No. 67177-4-1, at 5 (Wash. Ct. App. Sep. 17, 2012), available at http://www.courts.wa.gov/opinions/pdf/67177-4.unp.docx.pdf. *See also id.* (plaintiffs "do not contend that any action by MERS caused or induced [them] to default on the loan. … Regardless of MERS's conduct as the beneficiary under the deed of trust, [Plaintiffs'] property would still have been foreclosed upon based on their" default). (There is no bar on a federal court considering an unpublished state court opinion. *Nunez v. City of San Diego*, 114 F.3d 935, 942 n. 4 (9th Cir. 1997) (court is "not precluded from considering unpublished state court opinions").)

DEFS.' JOINT RESPONSE TO MOT.
TO VACATE & RECONSIDER (C11-01445 MJP) — 8
DWT 20281464v4 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

*Herman*, 2009 WL 2973123, *5 (E.D. Wash. 2009) (change in law did not affect case outcome).

The Court dismissed Plaintiffs' CPA claim against Chicago Title because Plaintiffs premised it on the theory that MERS cannot be a beneficiary under the DTA, and the Court had rejected that theory. Dkt. 93, at 3. Plaintiffs argue the Court must reconsider this conclusion under *Bain*. Dkt. 94, at 3. But Plaintiffs overlook that this Court also determined, consistent with *Bain*, that MERS could be the nominee for the beneficiary under the Deed of Trust, and that MERS had disclosed the beneficiary (i.e., MERS's principal)—Chase. *See* Dkts. 58, at 8; Dkt. 86, at 3; Dkt. 88, at 5. *Bain* therefore does not affect the outcome of the Court's prior order, and the Court should deny Plaintiffs' motion for reconsideration.

*Bain* likewise does not affect the Court's order granting Chicago Title's motion to dismiss the breach of duty of good faith and fair dealing claim. Dkt. 35. The Court dismissed that claim because it concluded the duty of good faith and fair dealing does not impose an affirmative duty on the original trustee to investigate all subsequent assignment documentation. *Id.* at 5. *Bain* did not touch on these issues, and Plaintiffs do not claim otherwise.

### E. The Court Should Deny Plaintiffs' Motion to Vacate the Prior Orders Regarding NWT and Routh Crabtree.

As with the Court's orders granting the other Defendants' motions, *Bain* does not require vacating the Court's order granting in part NWT and Routh Crabtree's motion to dismiss. In that order, the Court dismissed Plaintiffs' claims that NWT lacked successor trustee status because it had already ruled that Chase held the Note endorsed in blank and thus, could initiate foreclosure and appoint NWT as successor trustee. Dkt. 88, at 5. The Court's prior order thus did not turn on whether MERS could act as a beneficiary in its own right, or whether it could act on behalf of an undisclosed principal—the issues presented in *Bain*. *See Bain*, 2012 WL 3517326, at *10-11. Indeed, the Court's order could not turn on those issues because this case does not present them—MERS acted on behalf of a disclosed principal (Chase).

The Court also dismissed Plaintiffs' CPA claim against defendants Rhea Pre and Jeff Stenman because Plaintiffs plead only legal conclusions as to them, against NWT because Plaintiffs failed to show NWT's alleged initiation of foreclosure without knowledge of the true

DEFS.' JOINT RESPONSE TO MOT.
TO VACATE & RECONSIDER (C11-01445 MJP) — 9
DWT 20281464v4 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

beneficiary could affect a large portion of the public, and against Routh Crabtree because the letters Routh Crabtree sent Plaintiffs on behalf of Chase disclosed that Chase would not stop foreclosure unless and until Plaintiffs submitted timely modification paperwork and payments, which Plaintiffs admit they did not do. Dkt. 88, at 10-11. *Bain* does not change the requirement that Plaintiffs allege facts plausibly establishing each element of their CPA claim. *See Bain*, 2012 WL 3517326, at *15. Plaintiffs' present motion does not cure these defects.

In addition, although the Court in *Bain* concluded that if MERS represents to borrowers that it is acting as beneficiary (and not as an agent) that representation presumptively meets the public interest impact prong of the CPA, that question presents a different issue than the one before the Court here. *Id.* at *17. Here, the Court considered whether Plaintiffs alleged facts suggesting NWT's alleged initiation of foreclosure without knowledge of the true beneficiary could affect a large portion of the public. Dkt. 88, at 11. The Court held Plaintiffs have not met their burden on this prong because Plaintiffs have not alleged facts showing any particular action of MERS toward Plaintiffs that "extends beyond this particular instance." *Id.* The Court's public interest impact determination in *Bain* does not solve Plaintiffs' problem, as *Bain* addresses MERS's representation in a particular case that it was initiating foreclosure as beneficiary, not a particular trustee's knowledge in a particular foreclosure case. *Bain*, 2012 WL 3517326, at *17.

### IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court deny Plaintiffs' motion to vacate all prior orders dismissing Plaintiffs' claims against Chase, MERS, Freddie Mac, Chicago Title, NWT, Routh Crabtree, Rhea Pre, and Jeff Stenman, and deny Plaintiffs' motion to reconsider the Court's prior order dismissing Plaintiffs' CPA claim against Chicago Title.

DATED this 17th day of September, 2012.

**Davis Wright Tremaine LLP**
Attorneys for JPMorgan Chase Bank, N.A., MERS, and FHLMC
By /s/ Fred B. Burnside
Fred Burnside, WSBA #32491
Rebecca Francis, WSBA #4196
1201 Third Ave. Suite 2200
Seattle, WA  98101-3045
Tel.: 206-622-3150; Fax: 206-757-7700
E-mail: fredburnside@dwt.com
rebeccafrancis@dwt.com

DEFS.' JOINT RESPONSE TO MOT.
TO VACATE & RECONSIDER (C11-01445 MJP) — 10
DWT 20281464v4 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1
2
3
4

**ROUTH CRABTREE OLSEN, P.S.**
*/s/* Heidi E. Buck
Heidi E. Buck, WSBA No. 41769
Of Attorneys for Defendants Northwest Trustee Services, Inc., Vonnie McElligott, and Routh Crabtree Olsen, P.S.

5
6
7
8
9
10
11

**FIDELITY NATIONAL LAW GROUP**

/s/ Erin M. Stines
Erin M. Stines, WSBA #31501
Fidelity National Law Group
The Law Division of Fidelity National Title Group, Inc.
1200 – 6th Avenue, Suite 620
Seattle, WA 98101
(206) 223-4525
erin.stines@fnf.com
Attorney for Defendant Chicago Title Insurance Company

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

DEFS.' JOINT RESPONSE TO MOT.
TO VACATE & RECONSIDER (C11-01445 MJP) — 11
DWT 20281464v4 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

I hereby certify that on September 17, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- **Heidi E. Buck**
  hbuck@rcolegal.com,tkwong@rcolegal.com,buck4343@gmail.com
- **John S Devlin , III**
  devlinj@lanepowell.com,Docketing-SEA@LanePowell.com,burrusl@lanepowell.com
- **Scott E Stafne**
  stafnelawfirm@aol.com,wwactfilings@aol.com
- **Erin McDougal Stines**
  erin.stines@fnf.com,nancy.hunt@fnf.com,cindy.rochelle@fnf.com
- **Andrew Gordon Yates**
  yatesa@lanepowell.com,docketing-sea@lanepowell.com,strayerd@lanepowell.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:  N/A

DATED this 17th day of September, 2012.

    Davis Wright Tremaine LLP
    Attorneys for JPMorgan Chase Bank, N.A., MERS, and Federal Home Loan Mortgage Corporation

By */s/ Fred B. Burnside*
    Fred B. Burnside, WSBA #32491
    1201 Third Avenue, Suite 2200
    Seattle, WA 98101-3045
    Tel.: 206-757-8016; Fax: 206-757-7700
    E-mail: fredburnside@dwt.com

CERTIFICATE OF SERVICE (C11-01445 MJP) — 1
DWT 20281464v4 0036234-000130

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax