1
2
3
4
5
6

The Honorable Judge Marsha Pechman

7

## UNITED STATE DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

8

| | |
|---|---|
| TRAVIS MICKELSON, DANIELLE H. MICKELSON, and the marital community thereof, | )<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) |
| CHASE HOME FINANCE, LLC, an unknown entity; JPMORGAN CHASE BANK, N.A., a foreign corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a foreign corporation; NORTHWEST TRUSTEE SERVICES, INC., a domestic corporation; JOHN DOES, unknown entities; MORTGAGEIT, INC., a foreign corporation; GMAC MORTGAGE CORPORATION, a foreign corporation; CHICAGO TITLE, an unknown corporation; ROUTH CRABTREE OLSEN, P.S., a domestic Personal Services Corporation; and FEDERAL HOME LOAN MORTGAGE CORPORATION, a corporation, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

No.  C11-01445 MJP

**DEFENDANT NORTHWEST TRUSTEE SERVICES, INC.'S RESPONSE TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

9
10
11
12
13
14
15
16
17
18
19
20
21

## I.     RELIEF REQUESTED

22

Defendant Northwest Trustee Services, Inc. ("NWTS") submits the following in response

23

and opposition to Travis and Danielle Mickelson's ("Plaintiffs") Partial Motion for Summary

24

Judgment.

25

\\

26

\\

DEFENDANT NWTS RESPONSE TO
PLAINTIFF'S PARTIAL MOTION FOR
SUMMARY JUDGMENT 1 of 14
Case C11-01445 MJP

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

## II.      INTRODUCTION

Plaintiffs moved the Court for an Order on summary judgment. Plaintiffs ask the Court to find, as a matter of law, (1) that Defendant NWTS violated its duty of good faith to the Mickelsons and (2) that NWTS violated Washington's Deed of Trust Act ("DTA"), RCW 61.24 *et seq*. Alternatively, Plaintiffs move the Court for an Order specifying those material facts not in substantial controversy. *See* Dkt. 103, *1.

## III.      APPLICABLE FACTS

Plaintiffs obtained a loan evidenced by a promissory note ("Note") in November 2005. Dkt. 29 at ¶ 3.3. The Note was secured by a Deed of Trust encumbering certain real property in Island County, WA commonly known as 436 Ezduzit Lane, Camano Island, Washington, 98282 (the "Property"). Dkt. 29 at ¶¶ 2.2-2.3. The Deed of Trust was recorded under Island County Auditor's File No. 4155570. Dkt. 29, Ex. B.

Defendant Chase became the holder of the Note, which is endorsed in blank, on or about June 26, 2006, and held such Note until October 2011 when it gave the endorsed Note to its counsel, Davis Wright Tremaine, in conjunction with the underlying litigation. *See* Dkt. 86, *2; *see also* Dkt. 74. Chase was permitted to initiate a nonjudicial foreclosure because it held the Note endorsed in blank. Dkt. 88, *5.

Plaintiffs defaulted on the loan by failing to make the payment due August 2008 and every payment thereafter due. Dkt. 58, *2, *see also* Dkt. 29 at ¶ 3.23.

As the beneficiary, as defined by RCW 61.24.005(2), because it was the holder of the Note, Chase was authorized to appoint NWTS as successor trustee.  It did so on or about September 18, 2008, by recording the Appointment of Successor Trustee. Dkt. 74 and 86.

In 2008, NWTS initiated but never completed a nonjudicial foreclosure of the subject property. This Court has determined Plaintiffs did not allege sufficient allegations relating to the 2008 foreclosure to state any claim. Dkt. 88, *6.

DEFENDANT NWTS RESPONSE TO
PLAINTIFF'S PARTIAL MOTION FOR
SUMMARY JUDGMENT 2 of 14
Case C11-01445 MJP

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1      On or about August 6, 2010, NWTS issued a notice of default in response to a nonjudicial

2 foreclosure referral from Chase Home Finance LLC. Dkt. 100 at ¶ 11.

3      On or about August 19, 2010, in satisfaction of the proof requirement under RCW

4 61.24.030(7)(a), NWTS received a declaration (the "Beneficiary Declaration") from Chase Home

5 Finance LLC. Dkt. 100 at ¶16 and Exhibit 3 attached thereto. The Beneficiary Declaration, dated

6 August 17, 2010, declared, under the penalty of perjury, "Chase Home Finance LLC is the actual

7 holder of the promissory note or other obligation evidencing the above-referenced loan or has

8 requisite authority under RCW 62A.3-301 to enforce said obligation." *Id* at ¶ 17. The Beneficiary

9 Declaration further provided that "the trustee may rely upon the truth and accuracy of the averments

10 made in this declaration." The Beneficiary Declaration was signed by Susan Massie, as Vice

11 President of Chase Home Finance LLC, beneficiary. *Id*.

12      Thereafter, on or about September 6, 2010, NWTS executed a notice of trustee's sale

13 ("Notice of Sale"). Dkt.100 at ¶18 and Exhibit 4 attached thereto. The Notice of Sale was

14 recorded on September 7, 2010, under Island County Auditor's file No. 4280389. *See* Dkt. 58,

15 Dkt. 86, and Dkt. 88.

16      Ultimately, the property was sold in March 2011 to Chase Home Finance LLC based

17 upon its credit bid. *See* Dkt. 29 (Ex. T), Dkt. 58, Dkt. 86, and Dkt. 88. At the direction of Chase

18 Home Finance LLC, NWTS issued a trustee's deed to Federal Home Loan Mortgage

19 Corporation ("Freddie Mac"). *Id*.

## IV.    AUTHORITY AND ARGUMENT

20

21 **A.    EVIDENTIARY OBJECTIONS**

22      **1.    <u>The Declarations of Danielle Mickelson and Travis Mickelson offer no relevant</u>**

23      <u>**testimony as to claims against NWTS.**</u>

24      Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it

25 would be without the evidence; and (b) the fact is of consequence in determining the action.

26 F.R.E. 401. Under Federal Rule of Evidence 402, evidence that is not relevant is inadmissible.

DEFENDANT NWTS RESPONSE TO
PLAINTIFF'S PARTIAL MOTION FOR
SUMMARY JUDGMENT 3 of 14
Case C11-01445 MJP

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

The Declaration of Danielle Mickelson makes scant reference to NWTS. In fact, by Mickelson's very own testimony, it is clear that the Mickelsons had no contact with NWTS following contact initiated by the Mickelsons in 2008. Thus, the testimony offered by Danielle Mickelson does not appear to have any relevance to NWTS' conduct in regard to the 2010 nonjudicial foreclosure that is at issue. Accordingly, the Court should disregard Danielle Mickelson's testimony as it is inadmissible.

Additionally, the Declaration of Travis Mickelson sets forth no testimony that supports any claim against NWTS. In fact, there is not a single reference to any conduct by NWTS in the Declaration of Travis Mickelson. Accordingly, the Court should disregard Travis Mickelson's testimony as it is irrelevant and therefore inadmissible.

### 2. **The testimony set forth in the Declaration of William J. Paatalo should be excluded.**

The testimony of William Paatalo should not be considered for the following reasons.

First, the testimony offered by Paatalo is largely irrelevant to the claims against NWTS and not helpful in light of rulings previously made by the Court in this matter. The court "must determine whether there is 'a link between the expert's testimony and the matter to be proved.'" *Stilwell,* 482 F.3d at 1192 (citation omitted); *see also Daubert,* 509 U.S. at 591–92, 113 S.Ct. 2786 (helpfulness standard requires valid connection to pertinent inquiry as precondition to admissibility). Testimony "that falls short of achieving either" should be excluded. *Stilwell,* 482 F.3d at 1192.

Paatalo testified that the underlying loan was likely securitized. Dkt. 105, ¶ 33. The Court has already concluded "the securitization does not change the relationship of the parties." Dkt. 58 (*citing Lamb v. Mortg. Elec. Registration Sys., Inc.*, No. C10-5856RJB, 2011 WL 5827813, at *6 (W.D. Wash. Nov. 18, 2011)). Paatalo also testified that he believes the note endorsement was "robo-signed." Dkt. 105, ¶ 38. Yet, the Court has already concluded that Defendant Chase has been the note holder since on or about June 26, 2006. Dkt. 86. Paatalo also concludes that

DEFENDANT NWTS RESPONSE TO
PLAINTIFF'S PARTIAL MOTION FOR
SUMMARY JUDGMENT 4 of 14
Case C11-01445 MJP

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

"Freddie Mac was the investor/owner of the Mickelson's promissory note prior to foreclosure." Dkt. 103, ¶ 46. Throughout this proceeding, Defendants have conceded that Freddie Mac was the note owner, and therefore such conclusions by Paatalo are unhelpful.

> "Plaintiffs acknowledge that Chase was acting as servicer for Freddie Mac, *see* Am. Compl. ¶ 2.11, and thus Freddie Mac was Note ***owner*** but Chase was Note ***holder*** with the right to foreclose. *See, e.g., Corales v. Flagstar Bank*, FSB, 822 F. Supp. 2d 1102, 2011 WL 4899957, *4 (W.D. Wash. 2011) ("even if a lender sells a loan to Fannie Mae, the lender's possession of the Note endorsed in blank means that it may foreclose in its own name"); *In re Veal*, 450 B.R. 897, 912 (9th Cir. BAP 2011) ("one can be an owner of a note without being" a holder).

*See* Dkt. 61, * 7.

Second, in discussing similar "Forensic Loan Audits" other courts have determined that "the documents make no more sense than anything else in the Debtor's papers and confirm the empty gimmickery of these types of claims." *In re Norwood*, 10-84443-PWB, 2010 WL 4642447 (Bankr. N.D. Ga. Oct. 25, 2010); *see also Hanson v. Wells Fargo Bank N.A.*, C10-1948Z, 2011 WL 2144836 (W.D. Wash. May 26, 2011) ("The credibility of the Audit Report is dubious, and the Court notes that the Federal Trade Commission has issued a consumer alert regarding forensic mortgage loan audit scams.")

In *Norwood*, the court also noted that it was unfamiliar with the organization, the "National Association of Mortgage Underwriters (if they exist), but it is quite confident that there is no such thing as a 'Certified Forensic Loan Audit' or a 'certified forensic auditor'" and cited to the Federal Trade Commission's "Consumer Alert" regarding "Forensic Mortgage Loan Audit Scams."[1] Accordingly, the Court should reject any "testimony" set forth by Paatalo.

\\

\\\

---

[1] *See* http://www.ftc.gov/bcp/edu/pubs/consumer/alerts/alt177.shtm. Likewise, the State of California, Department of Real Estate has issued a Consumer Alert entitled "Fraud Warning Regarding Forensic Loan Audits" (February 2010). *See* http://www.dre.ca.gov/pdf_docs/ConsumerWarningForensicLoanAudits.pdf.

DEFENDANT NWTS RESPONSE TO
PLAINTIFF'S PARTIAL MOTION FOR
SUMMARY JUDGMENT 5 of 14
Case C11-01445 MJP

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

**B.  LEGAL STANDARD FOR SUMMARY JUDGMENT UNDER FED. R. CIV. P. 56.**

A party is entitled to summary judgment only if it proves that "there is no genuine issue as to any material fact" **and**  "the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett, 477* U.S. 317, 322 (1986) (citing Fed.R.Civ.Pro. 56(c)). Adherence to this standard precludes a finding of summary judgment in Plaintiffs' favor on any of the claims against NWTS.

**C.  PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT IMPROPERLY ATTEMPTS TO RESURRECT ISSUES AND CLAIMS ALREADY RESOLVED BY THIS COURT AND SEEK RELIEF AS TO DEFENDANTS OTHER THAN NWTS.**

Much of Plaintiffs' argument improperly attempts to resurrect allegations as to NWTS and other Defendants that have already been resolved by this Court.

First, Plaintiffs attempt to renew, re-hash, and re-argue allegations that Defendant Chase was not authorized to enforce the underlying Note. *See* Dkt. 103, *12 (Chase must demonstrate it owned the Note). This Court concluded that Defendant Chase has been the note holder since on or about June 26, 2006. Dkt. 86. Further, this Court concluded that since on or about June 26, 2006, as the note holder, Chase was entitled to enforce the underlying Note and Deed of Trust in response to Plaintiffs' default. Dkt. 88.[2] This Court, as well as others, has rejected the notion that authority to enforce a promissory note and deed of trust requires ownership. *See Bain v. Metro. Mortg. Group, Inc.*, 285 P.3d 34, 2012 WL 3517326, *9 (Wash. 2012); *In re Veal*, 450 B.R. 897, 912, 2011 WL 2652328 (B.A.P. 9th Cir. 2011); *In re Reinke*, BR 09-19609, 2011 WL 5079561 *10 (Bankr. W.D. Wash. Oct. 26, 2011); *see also* Dkt. 88, *8. ("[T]here is no claim to be had on this issue" [of whether Chase had authority as beneficiary]).

Second, within Plaintiffs' Motion, Plaintiffs ask the Court to "hold that the MERS system of foreclosure, which is based on a four-party deed of trust, violated the DTA and therefore did

---

[2] In setting forth NWTS' purported "burden of proof," Plaintiffs assert that NWTS must show it foreclosed nonjudicially on behalf of the entity which met the statutory definition of beneficiary. Dkt. 103, *10.

DEFENDANT NWTS RESPONSE TO
PLAINTIFF'S PARTIAL MOTION FOR
SUMMARY JUDGMENT 6 of 14
Case C11-01445 MJP

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1    not constitute a valid non-judicial foreclosure." Dkt. 103. Pg. 19. In other words, Plaintiffs

2    attempt to renew, re-hash, and re-argue their claim to set aside the nonjudicial foreclosure and

3    quiet title in Plaintiffs' favor. However, the Court previously rejected Plaintiffs' claims, as to all

4    Defendants, which purport to challenge or set aside the now complete trustee's sale. *See* Dkt. 58,

5    * 11. Additionally, this allegation is similar to Plaintiffs alleging "generally that everyone in the

6    mortgage industry was aware of the 'unfair, deceptive, and criminal practices' in the foreclosure

7    industry" to which this Court previously held "does not present a claim for breach of duty of

8    good faith [against NWTS]." Dkt. 88, *8. Similarly, the generalized attack on the "MERS system

9    of foreclosure," particularly when nothing in the evidence supports any allegation that MERS

10   (through NWTS or otherwise) took any action to foreclose, fails to set forth uncontroverted

11   evidence to support any claim against NWTS.

12       Third, Plaintiffs attempt to renew, re-hash, and re-argue that the Deed of Trust was

13   "separated from the note" and  that "someone needs to explain how MortgageIT, Inc. transferred

14   the deed of trust to Chase Home Mortgage *(sic)* and how it now serves as security for the

15   Mickelsen's *(sic)* securitized loan." Dkt. 103, *20. This Court previously held "the securitization

16   does not change the relationship of the parties." Dkt. 58 (*citing Lamb v. Mortg. Elec.*

17   *Registration Sys., Inc*. No. C10-5856RJB, 2011 WL 5827813, at *6 (W.D. Wash. Nov. 18,

18   2011). And, "the foreclosure of [the Mickelsons'] home was not made invalid merely because of

19   securitization." *Id.* Moreover, to the extent Plaintiffs argue that the note was separated from the

20   Deed of Trust, that theory has been soundly rejected. *See In re Reinke*, 2011 WL 5079561 *6

21   ("[T]here is nothing inherent in the use of MERS as nominee under a deed of trust which

22   irreparably splits the note from a deed of trust so as to render the note unsecured."); *see also*

23   *Cervantes v. Countrywide Home Loans, Inc.*, 656 at 1044.

24       Fourth, Plaintiffs attempt to resurrect their claims relating to the 2008 foreclosure. *See*

25   Dkt. 103, *12 ("NWTS started the non-judicial foreclosure of Mickelson's home back in 2008,

26   long before Chase Home Finance declared in August 2010 that it was the holder of the note.").

DEFENDANT NWTS RESPONSE TO
PLAINTIFF'S PARTIAL MOTION FOR
SUMMARY JUDGMENT 7 of 14
Case C11-01445 MJP

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1   This Court has already determined, Plaintiffs' allegations relating to the attempted 2008

2   foreclosure do not give rise to any claims against NWTS because (1) the 2008 foreclosure

3   attempt was never completed and (2) RCW 61.24.030(7)(a) was not in effect in 2008, and

4   NWTS had no independent duty to obtain the proof as required by RCW 61.24.030(7)(a). *See*

5   Dkt. 88, 6; *see also* Vawter v. Quality Loan Serv. Corp. of Washington, 707 F. Supp. 2d 1115,

6   1123 (W.D. Wash. 2010) (finding that in Washington, the DTA does not authorize a cause of

7   action for damages for the wrongful institution of non-judicial foreclosure proceedings where no

8   trustee's sale occurs).

9        In sum, the Court must reject Plaintiffs' improper attempts to renew, re-hash, and re-

10   argue issues that have already been resolved by this Court. And to the extent Plaintiffs set forth

11   such improper allegations and arguments, they cannot support Plaintiffs' request for summary

12   judgment.

13   **D.  PLAINTIFFS' CLAIMS AS TO NWTS FOR BREACH OF DUTY OF GOOD FAITH**

14   **AND VIOLATION OF THE DEED OF TRUST ACT FAIL AS A MATTER OF LAW.**

15        Plaintiffs assert that NWTS violated both its duty of good faith pursuant to RCW

16   61.24.010(4) and the DTA, generally, by bringing and concluding the subject nonjudicial

17   foreclosure. First, Plaintiffs argue that violations of both the good faith duty and DTA provisions

18   arise because NWTS could not have had the requisite proof as required by RCW 61.24.030(7)(a)

19   because Chase was not the note owner. Second, Plaintiffs argue that NWTS violated its duty of

20   good faith and the provisions of the DTA by virtue of simply engaging in foreclosure activities

21   because MERS was involved in the underlying Deed of Trust. *See* Dkt. 103.

22        As successor trustee, NWTS owes a duty of good faith to the borrower, beneficiary, and

23   grantor. RCW 61.24.010(4). "Good Faith" is not defined by the DTA. However, a duty of good

24   faith is generally known to be the "absence of intent to defraud or to seek unconscionable

25   advantage."  *See* Black's Law Dictionary, 701 (7th ed. 1999); *see also Indus. Indem. Co. of the

26   Northwest, Inc. v. Kallevig,* 114 Wn.2d 907, 792 P.2d 520 (1990).  A "covenant of good faith

DEFENDANT NWTS RESPONSE TO
PLAINTIFF'S PARTIAL MOTION FOR
SUMMARY JUDGMENT 8 of 14
Case C11-01445 MJP

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1   and fair dealing cannot 'be read to prohibit a party from doing that which is expressly
2   permitted'." *Collins v. Power Default Services, Inc.,* 2010 WL 234902 (N.D. Cal. Jan. 14,
3   2010), *citing Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc.,* 2 Cal.4th 342, 374, 6
4   Cal.Rptr.2d 467, 826 P.2d 710 (1992).

5         In that the underlying lawsuit is a post-sale claim where Plaintiffs made no attempt to
6   exercise their pre-sale remedies, Plaintiffs are now limited to asserting only those claims as
7   identified in RCW 61.24.127, and they may only seek monetary damages. *See* RCW 61.24.127;
8   *see also Plein v. Lackey,* 149 Wn.2d 214, 227, 67 P.3d 1061, 1067 (2003); *Koegel v. Prudential*
9   *Mut. Sav. Bank,* 51 Wn. App. 108, 114, 752 P.2d 385 (1988); *and see Brown v. Household*
10  *Realty Corp.,* 146 Wn. App. 157, 160, 189 P.3d 223 (2008). Section 127 allows for a post sale
11  damages claim for "failure of the trustee to **materially** comply with the provisions of this
12  chapter."[3] (Emphasis added). Thus, for Plaintiffs to prevail on their claim for violation of the
13  DTA, Plaintiffs would have to show a material violation of the DTA. While this could
14  theoretically be shown through conduct that also constituted a breach of its duty of good faith,
15  there is no independent breach of duty of good faith claim that survives post-sale. In any event,
16  here, no material violation has been evidenced. Thus, Plaintiffs are not entitled to summary
17  judgment as to either claim.

18        1.   **The assertion that a deed of trust naming MERS violates a trustee's duty of good**
19             **faith is unfounded and does not support a claim against NWTS.**

20        Plaintiffs claim "NWTS violated the duties owed to the Mickelsons by bringing a
21  nonjudicial foreclosure under the MERS system." Dkt. 103, Pg. 10-11. Plaintiffs further assert
22  that a deed of trust naming MERS and the MERS system generally violates a trustee's duty of
23  good faith[4] under the DTA. *Id.*

---

[3] RCW 61.24.127 outlines three other causes of action that survive post-sale, none of which are applicable here.
[4] Plaintiffs suggest NWTS owed Plaintiffs a fiduciary duty because Plaintiffs signed their Deed of Trust in 2005 "prior to the legislature's amendment changing the trustee's duty to homeowners to being simply a duty of good faith." Dkt. 103, *10. Plaintiffs further concede that after June 12, 2008, RCW 61.24.010(3) was amended to read the "trustee or successor trustee shall have no fiduciary duty or fiduciary obligation to the grantor or other persons having an interest in the property subject to the deed of trust." *See* Wn. Senate Bill Report, 2008 Reg. Sess. S.B.

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1    In support of Plaintiff's conclusion, Plaintiffs cite both *Bain v. Metro. Mortg. Group, Inc.*

2 and *Thepvongsa v. Reg'l Tr. Services Corp*. However, neither case supports Plaintiffs'

3 conclusion. In *Bain*, the Court did not address whether a nonjudicial foreclosure under a MERS

4 deed of trust amounts to a *per se* breach of the trustee's duty of good faith. *See Bain v. Metro.*

5 *Mortg. Group, Inc.*, 285 P.3d 34, 2012 WL 3517326 (Wash. 2012). The *Bain* Court did,

6 however, note that the question of whether a cause of action under the Consumer Protection Act

7 ("CPA") can be stated against a foreclosure trustee who relied in good faith on MERS' apparent

8 authority to appoint a successor trustee was "far outside the scope of the certified question," and

9 ultimately declined to consider the question. *Bain*, 2012 WL 3517326, *15 at Fn 17. Clearly,

10 *Bain* is not instructive on the trustee's compliance with its duty of good faith. Additionally, the

11 *Bain* Court, in dicta, rejected the idea that a violation of the deed of trust act relating to naming

12 MERS as beneficiary should result in a void deed of trust. *Bain v. Metro. Mortg. Group, Inc.*,

13 285 P.3d 34, 2012 WL 3517326, *15 (Wash. 2012).

14    In *Thepvongsa v. Regional Trustee Services, Corp*., the court did not engage in a

15 discussion as to whether a foreclosure under a MERS deed of trust amounts to a per se violation

16 of the trustee's duty of good faith. Although the *Thepvongsa* Court noted that the parties, in their

17 12(b)(6) motion to dismiss, failed to address plaintiff's allegation that the trustee "began

18 foreclosure proceeding without properly verifying that it was being instructed to do so by a party

19 with the appropriate authority to do so," the Court never engaged in any analysis of whether the

20 trustee breached its duty of good faith. *See Thepvongsa v. Reg'l Tr. Services Corp.*, C10-1045

21 RSL, 2011 WL 307364 (W.D. Wash. Jan. 26, 2011).

22    Notwithstanding the complete lack of legal authority to support such a notion given the

23 inapplicability of the authorities cited by Plaintiffs, NWTS never took any action on behalf of

24 MERS nor did it rely on any act by MERS to carry out its duties as successor trustee. Chase, not

25

26 5378 (Feb. 9, 2008); Wn. House Rep. Bill Report, 2008 Reg. Sess. S.B. 5378 (March 6, 2008). NWTS was
appointed successor trustee on or about September 19, 2008. Accordingly, at all times relevant to NWTS' conduct
as successor trustee, it has owed no fiduciary duty to the borrower plaintiffs.

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1    MERS, appointed NWTS as successor trustee. Furthermore, NWTS initiated the foreclosure

2    (both in 2008 and 2010) in the name of and on behalf of Defendant Chase, not MERS. Thus, to

3    the extent Plaintiffs attempt to characterize the underlying foreclosure as a "MERS foreclosure"

4    and base any claim for liability against NWTS on such a characterization, it is unfounded and not

5    supported by the evidence.

6        **2.  As a matter of law, NWTS was entitled to rely on the Beneficiary Declaration**

7        **and therefore carry out the foreclosure as successor trustee for Defendant**

8        **Chase.**

9        Plaintiffs concede NWTS received a declaration pursuant to RCW 61.24.0307(a), yet

10   now assert that the declaration did not suffice and NWTS could not rely on the declaration such

11   that NWTS must have obtained independent additional proof that Chase owned the Note. Dkt.

12   103, *10-12.

13       Plaintiffs' present argument is akin to a previous argument they advanced that in order to

14   satisfy its duty of good faith, an original trustee under a trust deed must undertake a separate

15   investigation as to whether signatures on papers appointing the successor beneficiary and trustee

16   were valid or forgeries. *See* Dkt. 35, *5. This Court concluded that such a view was unreasonable

17   and the "duty of good faith extends only to ensuring that there are no obvious or known defects

18   in the documents replacing the trustee." *See* Dkt. 35, *6.

19       Here, Plaintiffs again "propose an untenable and expansive view of the duty of good faith

20   of the trustee to a deed of trust" by imposing a duty upon the successor trustee to "second guess"

21   and undertake its own investigation into the reliability of every beneficiary declaration it

22   receives. *Id.* Just as such a duty was unreasonable and too great as to the original trustee, so is it

23   here. Moreover, this was surely not what the legislature intended in providing that "the trustee is

24   entitled to rely on the beneficiary's declaration as evidence of proof required under this

25   subsection." RCW 61.24.030(7)(b).

26

DEFENDANT NWTS RESPONSE TO
PLAINTIFF'S PARTIAL MOTION FOR
SUMMARY JUDGMENT 11 of 14
Case C11-01445 MJP

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1  NWTS was entitled to rely on the declaration provided to it by Chase on or about August

2  19, 2010. The declaration attested, under the penalty of perjury, that Chase was the actual Note

3  holder. *See* Dkt. 100 at ¶ 16 and Exhibit 3 attached thereto. Plaintiffs offer no support or

4  authority for their assertion that the trustee is required to seek additional forms of proof to

5  comply with RCW 61.24.030(7)(a) when it receives such a declaration. Based on the sworn

6  declaration of NWTS employees, NWTS received, in advance of issuing the notice of sale, the

7  required proof under RCW 61.24.030(7)(a) and relied on such declaration as is contemplated by

8  the DTA. The law requires nothing more.

9  Moreover, Plaintiffs assertion that NWTS was obligated to obtain additional proof Chase

10  was the Note owner is inconsistent with the law and creates an absurd result. "The issue of

11  ownership, however, is largely immaterial...[b]ecause under Washington law the focus of the

12  analysis is on who is the holder of the note, and thus the beneficiary under the [DTA], Plaintiff's

13  concern should be whether he knows who to pay." *In re Reinke*, BR 09-19609, 2011 WL

14  5079561 at *11 (Bankr. W.D. Wash. Oct. 26, 2011) (citing *Veal v. American Home Mortg.

15  Servicing, Inc. (In re Veal)*, 450 B.R. 897, 912 (9th Cir. BAP 2011)). This Court has concluded

16  that Chase was the Note holder and that as Note holder it was entitled to enforce the Note and

17  Deed of Trust through nonjudicial foreclosure. Yet, under Plaintiffs' view, the trustee may only

18  foreclose on behalf of the note **owner** despite the fact (1) that the DTA defines beneficiary as the

19  note holder (RCW 61.24.005(2)), (2) under the U.C.C., the note holder is entitled to enforce the

20  note (RCW 62A.3-301), and (3) the trustee is in receipt of a declaration from the actual note

21  holder as required by RCW 61.24.030(7)(a). As has been discussed and briefed at length in this

22  matter[5], the Note holder is entitled to enforce the Note and Deed of Trust through nonjudicial

23
24
25
26

[5] As Defendants (through their Joint Response to Plaintiff's Motion for Reconsideration) previously provided,
      "Plaintiffs acknowledge that Chase was acting as servicer for Freddie Mac, see Am. Compl. ¶
      2.11, and thus Freddie Mac was Note owner but Chase was Note holder with the right to
      foreclose.  *See, e.g., Corales v. Flagstar Bank, FSB*, 822 F. Supp. 2d 1102, 2011 WL
      4899957, *4 (W.D. Wash. 2011) ('even if a lender sells a loan to Fannie Mae, the lender's
      possession of the Note endorsed in blank means that it may foreclose in its own name'); *In re
      Veal*, 450 B.R. 897, 912 (9th Cir. BAP 2011) ('one can be an owner of a note without being' a
      holder). Although the Trustee's discovery responses—subsequently corrected—initially

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1   foreclosure. Thus, Plaintiffs' view that would impose additional requirements on the trustee

2   when it has clearly strictly complied with what is required of it under the DTA should be

3   rejected.[6]

4         **3.   Plaintiffs fail to set forth uncontroverted evidence that NWTS has not violated**

5            **RCW 61.24.020.**

6         RCW 61.24.020 provides "no person, corporation, or association may be both trustee and

7   beneficiary under the same deed of trust." Plaintiffs allege that "NWTS violated this basic

8   prohibition [RCW 61.24.020] by knowingly making its employees officers of MERS. Dkt. 103,

9   *11. This appears to be an improper new claim asserted for the first time. "A complaint guides

10  the parties' discovery, putting the defendant on notice of the evidence it needs to adduce in order

11  to defend against the plaintiff's allegations." *Id.; accord Palmer v. I.C. Sys., Inc.*, 2005 WL

12  3001877, *3 (N.D. Cal. Nov. 8, 2005) (it "would be unfair to permit plaintiff to amend her

13  complaint by way of her cross-motion for summary judgment" where plaintiff alleged no facts in

14  complaint to support new claim and defendant lacked sufficient notice to conduct necessary

15  discovery into merits of new claim).

16        Nonetheless, the claim fails. Washington law and the DTA approve the use of agents. *See*

17  *Florez v. OneWest Bank, FSB*, No. 11-2088-JCC, 2012 WL 1118179 (W.D. Wash. April 3,

18  2012); *see also Bain*, 2012 WL 3517326, at *11 ("Nothing in this opinion should be construed to

19  suggest an agent cannot represent the holder of a note. Washington law, and the deed of trust act

20  itself, approves the use of agents."). Specifically, nothing in the DTA limits an employee of the

---

     identified Freddie Mac as the entity purchasing the property at the sale (because it received
     the Trustee's Deed), the Trustee's Deed attached to the Complaint shows that Chase was the
     entity that bid at the sale."
Dkt. 61, *2.

[6] It is NWTS' position that the term "owner" is misused as a synonym for the term "holder" in RCW
61.24.030(7)(a). The terms are not synonymous. *In re Veal*, 450 B.R. 897, 912 ("one can be an owner of a
note without being' a holder."). The term "owner" is not defined in Articles 3 or 9 of the UCC, or in the Deed of Trust
Act.  RCW 62A.3-103 (negotiable instruments); RCW 62A.9A-102 (secured transactions); RCW 61.24.005. Rather,
as discussed herein, under both the DTA's definition of beneficiary and the U.C.C., the note holder is the party
entitled to enforce the Note and Deed of Trust through nonjudicial foreclosure. *See* RCW 61.24.005(2) and RCW
62A.3-301.

DEFENDANT NWTS RESPONSE TO
PLAINTIFF'S PARTIAL MOTION FOR
SUMMARY JUDGMENT 13 of 14
Case C11-01445 MJP

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1  successor trustee to act in an agent capacity of the beneficiary (or its agent) for purposes of

2  executing documents. Moreover, other courts have recognized "using an agent to execute a

3  document…is commonplace in deed of trust actions." *Russell v. Lundberg,* 120 P.3d 541, 544

4  (Utah Ct.App.2005).

5  And, NWTS has produced uncontroverted evidence that pursuant to a Signing Authority

6  Agreement, Vonnie McElligott, individually, was authorized to sign the subject assignment on

7  behalf of MERS. *See* Dkt. 100 at ¶¶ 4-5 and Ex. 1 thereto. And, pursuant to a Limited Power of

8  Attorney recorded under Island County Auditor's File No. 4244144 on October 28, 2005, Jeff

9  Stenman, individually, was given authority as attorney-in-fact for Chase Home Finance LLC for

10  purposes of default-servicing duties Dkt. 29, Ex. C; *see also* Dkt. 43.

11  Beyond their bare assertion, Plaintiffs have set forth nothing that would suggest that

12  NWTS acted as both trustee and beneficiary when individuals employed by NWTS had signing

13  authority for other entities in their individual capacity. Accordingly, the claim fails.

## V.    CONCLUSION

15  Plaintiffs have failed, as a matter of law, to set forth uncontroverted evidence that

16  supports a finding of summary judgment in their favor. Thus, Defendant NWTS respectfully

17  requests the Court consider the foregoing in opposition to Plaintiffs' Partial Motion for Summary

18  and deny Plaintiffs' Partial Motion for Summary Judgment.

20  DATED this 8th day of October, 2012.

**ROUTH CRABTREE OLSEN, P.S.**

22

23  _____/s/ Heidi E. Buck_____
Heidi E. Buck, WSBA No. 41769
Of Attorneys for Defendant Northwest
Trustee Services, Inc.

DEFENDANT NWTS RESPONSE TO
PLAINTIFF'S PARTIAL MOTION FOR
SUMMARY JUDGMENT 14 of 14
Case C11-01445 MJP

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131