THE HON. MARSHA J. PECHMAN

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

TRAVIS MICKELSON, DANIELLE H. MICKELSON, and the marital community thereof

                          Plaintiffs,

vs.

CHASE HOME FINANCE LLC, an unknown entity; et. al.

                          Defendants.

NO. 2:11-cv-01445

DECLARATION OF JOCELYNNE R. FALLGATTER IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

I, Jocelynne R. Fallgatter, declare under penalty of perjury under the laws of the State of Washington, that the following is true and correct to the best of my knowledge:

1.    I am over the age of eighteen years, and I am competent to testify as to the matters set forth herein.

2.    I am an attorney of record in the above matter.

3.    On Oct. 8, 2012, I printed from the Freddie Mac website, confirmation it acquired the Mickelson's mortgage on April 27, 2006.  This was attained by following the links on the

Freddie Mac website and inputting the Mickelsons' address and the last four digits of Travis

Mickelson's social security number.  Attached hereto as Exhibit A is a true and correct copy

of that printout.

4.      Attached hereto as Exhibit B is a true and correct copy of excerpts of Defendant

NWTS' Responses to Plaintiffs' First Set of Interrogatories and Requests for Production;

March 14, 2012 letter from Heidi Buck, Attorney for Northwest Trustee Services,

supplementing and amending responses to Plaintiffs Interrogatories and Requests for

Production and NWTS' Second Amended and Supplemental Responses to Plaintiffs' First Set

of Interrogatories and Requests for Production.

5.      Attached hereto as Exhibit C is a true and correct copy of the invoice from

Northwest Trustee Services, Inc., Chase Home Finance.

DATED this 8th day of October, 2012 at Arlington, WA.

Jocelynne R. Fallgatter, WSBA #44587
Stafne Law Firm
239 N. Olympic Ave
Arlington, WA 98223
Phone: (360) 403-8700
Fax: (360) 386-4005

DECLARATION OF JOCELLYNE R. FALLGATTER IN
SUPPORT OF PLAINTIFFS RESPONSE TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT  - 2

EXHIBIT A

Case 2:11-cv-01445-MJP   Document 114   Filed 10/08/12   Page 4 of 21

Go straight to content.

- Home  |
- Terms and Conditions  |
- Privacy Policy



Freddie Mac
How to Get Help with Your Mortgage

# Yes. Our records show that Freddie Mac is the owner of your mortgage and it was acquired on April 27, 2006. This date is also referred to as the Freddie Mac settlement date.

En Español

## What to Do Next

1. **For help with your mortgage, contact your lender and let them know you would like to pursue assistance through the federal Making Home Affordable (MHA) program.**

   a. Your lender, the company to which you make your mortgage payments (also referred to as a mortgage servicer), can help you determine if you are eligible for the options under MHA.

      ■ If you are current on your mortgage payments, but have been unable to refinance because you have little or no equity in the home, the **Home Affordable Refinance Program** may help you obtain a lower interest rate or more stable mortgage.

      ■ If you are behind in making your mortgage payments or believe you may soon fall behind, a Home Affordable Modification may help you obtain more affordable mortgage payments.

**Avoiding Foreclosure Resources**

- Alternatives to Foreclosure
- Working with Your Lender
- Who to Contact for Help
- Avoiding Fraud

**Steps to Get Started with HARP**

1. See if Freddie Mac Owns Your Loan
2. Learn More About HARP
3. Check Your Eligibility for HARP
4. Get Prepared and Call Your Lender
5. Consider Another HARP-Participating Lender

- ■ If it is not realistic for you to keep your home, a **short sale** or **"deed-in-lieu of foreclosure"** may help you transition to more affordable housing.

Freddie Mac is working with its lenders to offer these solutions to eligible borrowers with Freddie Mac-owned mortgages. *Because Freddie Mac does not work directly with consumers, you will need to work with your lender to determine your best foreclosure prevention option.*

b. **If you are not eligible for MHA**, don't give up! Ask your lender about <u>other options</u> to make your payments more affordable or to avoid foreclosure. There are other options available for homeowners with Freddie Mac-owned mortgages that are available through your lender.

2. **If you are unable to reach your lender, call a U.S. Department of Housing & Urban Development (HUD)-certified housing counselor at 1-800-569-4287 or <u>visit the web site</u> to find a housing counselor in your area.**

Housing counselors can help you contact and work with your lender to get help with your mortgage – free of charge

# Support Information

- **Be informed.** Visit our <u>Avoiding Foreclosure Resource Center</u> for information and guidance on alternatives to foreclosure, working with your lender, avoiding fraud and more.
- **Be patient and diligent.** Lenders are working hard to get to every call and sometimes it takes longer than you expect.
- **Get prepared.** Before you call your lender, here's what you'll need for <u>your conversation</u>.

Learn more about the options available to you under <u>MHA</u>.

Thank you for contacting Freddie Mac. One of our top priorities is making sure homeowners with Freddie Mac-owned mortgages are able to get proper help and understand all options available to them during this difficult time.

EXHIBIT B

The Honorable Judge Marsha Pechman

1

2

3

4

5

6

7
**UNITED STATE DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

8

9 | TRAVIS MICKELSON, DANIELLE H.
MICKELSON, and the marital community
thereof,

10
                                                      Plaintiffs,

11
      v.

12 | CHASE HOME FINANCE, LLC, an unknown
entity; JPMORGAN CHASE BANK, N.A., a

13 | foreign corporation; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,

14 | INC., a foreign corporation; NORTHWEST
TRUSTEE SERVICES, INC., a domestic

15 | corporation; JOHN DOES, unknown entities;
MORTGAGEIT, INC., a foreign corporation;

16 | GMAC MORTGAGE CORPORATION, a
foreign corporation; CHICAGO TITLE, an

17 | unknown corporation; ROUTH CRABTREE
OLSEN, P.S., a domestic Personal Services

18 | Corporation; and FEDERAL HOME LOAN
MORTGAGE CORPORATION, a corporation,

19

20
                                                      Defendants.

No.  C11-01445 MJP

**DEFENDANT NWTS' RESPONSES TO
PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND REQUESTS
FOR PRODUCTION**

21

22
        COMES NOW, Defendant Northwest Trustee Services, Inc. ("NWTS") and responds to

23
Plaintiffs Travis and Danielle Mickelson ("Plaintiffs") First Set of Interrogatories and Requests

24
for Production on Defendant NWTS ("Requests") as follows:

25
                        I.        **PRELIMINARY STATEMENT**

26
        These responses are made solely for the purpose of this action.  Each response and each

document produced is subject to all appropriate objections (including, but not limited to,

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

Foreclosure Team Manager and Assistant Vice President for NWTS provided information and
assisted with the preparation of the answers and responses herein.


**INTERROGATORY NO. 2**:  For each of the above persons please state whether they have
personal knowledge regarding the non-judicial foreclosure.

ANSWER:

NWTS objects to Interrogatory No. 2 to the extent it seeks information protected by attorney-
client privilege and the work-product doctrine. NWTS also objects to this request as it is vague,
ambiguous, NWTS is unable to ascertain what information is being requested. Without waiving
any such objection, Vonnie McElligott and Jeff Stenman have personal knowledge of the
nonjudicial foreclosure.


**INTERROGATORY NO. 3**: State whether you had proof that Chase Home Finance LLC, or
other person or entity, was the beneficiary and the owner of any promissory note or other
obligation secured by the Deed of Trust. If YES, identify fully all persons, entities,
communications and documents identifying Chase Home Finance LLC or other person or entity,
as such; and include, with particularity, the subject, time, date, manner and place of such proof.

ANSWER:

NWTS objects to Interrogatory No. 3 as it is vague, ambiguous, overbroad and burdensome.
NWTS also objects to Interrogatory No. 3 as it seeks information not reasonably calculated to
lead to discovery of admissible evidence. "The borrower should be indifferent as to who owns or
has an interest in the note so long as it does not affect [her] ability to make payments on the
note." *See In re Veal*, 450 BAR. 897, 912 (I.E. 9th Cir. 2011); *see also id.* ("[Plaintiffs] should
not care who actually owns the Note –and it is thus irrelevant whether the Note has been
fractionalized or securitized—so long as they know who they should pay.").        Without
waiving any such objection, Yes. NWTS received a declaration dated August 17, 2010, which

DEFENDANT NWTS' RESPONSES TO
PLAINTIFFS' INTERROGATORIES AND
RFPS.4 of 15 C11-01445 MJP

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1   was signed by Susan Massie, as Vice President of Chase Home Finance, LLC declaring Chase

2   Home Finance LLC the actual holder of the note.

3

4   **REQUEST FOR PRODUCTION NO. 1**: Produce copies of all documents identified in

5   Interrogatory No. 3.

6   RESPONSE:

7   NWTS will provide the Beneficiary Declaration.

8

9   **INTERROGATORY NO. 4**: This interrogatory is specific to defendant Northwest Trustee

10  Services' contention in the Notice(s) of Trustee's Sale that the Deed of Trust is to secure an

11  obligation in favor of MERS, as Beneficiary. Identify and explain what you mean by beneficiary

12  in your notice(s) and define the specific benefit(s) you contend are, and were held, by MERS.

13  ANSWER:

14  Defendant NWTS objects to Interrogatory No. 4 on the basis that it seeks a purely legal

15  conclusion unrelated to fact, is vague and ambiguous, and NWTS is unable to ascertain what

16  information is being requested.

17  **INTERROGATORY NO. 5**: This interrogatory is specific to defendant Northwest Trustee

18  Services' contention in the Notice(s) of Default or Foreclosure that the "attached Notice of

19  Trustee's Sale is a consequence of default(s) of the obligation to the Beneficiary of your Deed of

20  Trust" identify and define the specific obligations you contend were owed by Plaintiffs and

21  identify the person or entity to whom these obligations are owed.

22  ANSWER:

23  Defendant NWTS objects to Interrogatory No. 5 on the basis that it is vague and ambiguous, and

24  NWTS is unable to ascertain what information is being requested. Without waiving any such

25  objection, ppursuant to information received by NWTS from Chase Home Finance LLC and the

26  public record,  Travis and Danielle Mickelson are the borrowers under a promissory note in the

DEFENDANT NWTS' RESPONSES TO
PLAINTIFFS' INTERROGATORIES AND
RFPS.5 of 15 C11-01445 MJP

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1    amount of $403,500.00 dated November 22, 2005, made payable to MHL Funding Corp. The

2    promissory note is secured by a Deed of Trust recorded under Island County Auditor's File No.

3    4155570. Chase Home Finance LLC is the holder of the note.

4

5    **INTERROGATORY NO. 6**: Identify the individual or entity you contend to be the Beneficiary

6    at the time of the trustee's sale of Plaintiffs' home and state further how the Beneficiary acquired

7    such status.

8    ANSWER: Defendant NWTS objects to Interrogatory No. 6 on the basis that it seeks a purely

9    legal conclusion unrelated to fact.

10

11   **INTERROGATORY NO. 7**: Identify and describe the financial transaction that took place

12   upon the trustee's sale in this matter, including:

13   a.      The identity of the person employee who approved the transaction.

14   b.      What funds flows among which entities and for what purpose.

15   c.      Breakdown of fees and costs paid by Freddie Mac.

16   d.      The total number of bids received and the basis for the acceptance of Freddie Mac's
17   offer.

18   ANSWER:

19   NWTS objects to Interrogatory No. 6 as it is vague, ambiguous, NWTS is unable to ascertain

20   what information is being requested, information may be more easily acquired from other

21   parties, and it is overbroad and burdensome as it places an inordinate burden and expense on

22   NWTS to respond.

23

24   **REQUEST FOR PRODUCTION NO. 2**: Produce copies of all documents identified in

25   response to Interrogatory No. 7.

26

DEFENDANT NWTS' RESPONSES TO
PLAINTIFFS' INTERROGATORIES AND
RFPS.6 of 15 C11-01445 MJP

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

RESPONSE:

NWTS objects to Interrogatory No. 7 as it is vague, ambiguous, NWTS is unable to ascertain what information is being requested, documents may be more easily acquired from other parties, and it is overbroad and burdensome as it places an inordinate burden and expense on NWTS to respond. Without waiving any such objection, no documents are identified in Interrogatory No. 7.

**INTERROGATORY NO. 8**: State whether you granted or conveyed a deed for the Mickelson property to Federal Home Loan Mortgage Corporation or other person or entity. If YES, identify all persons, entities, communications and documents relating to that grant or conveyance.

ANSWER:

NWTS objects to Interrogatory No. 8 on the basis that it is vague, ambiguous, and NWTS is unable to ascertain what information is being requested. Without waiving any objection, Defendant NWTS answers yes.

**REQUEST FOR PRODUCTION NO. 3**: Produce copies of all documents identified in Interrogatory No. 8.

RESPONSE:

Defendant NWTS objects to this request on the basis that it is vague, ambiguous, and NWTS is unable to ascertain what information is being requested. Without waving these objections, NWTS will provide the Trustee's Deed and the cover letter sent to First American Title Insurance Company regarding the request to record Trustee's Deed.

**INTERROGATORY NO. 9**: Identify and describe any fees, financial incentives or other consideration for bringing the Mickelson's non-judicial foreclosures or servicing the Mickelson's loan, or providing loss mitigation services on the Mickelson's obligation; and therewith, please provide a narrative description of each service you provided, the amount of the fee for each such

DEFENDANT NWTS' RESPONSES TO
PLAINTIFFS' INTERROGATORIES AND
RFPS.7 of 15 C11-01445 MJP

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131



**ROUTH CRABTREE OLSEN, P.S.**

13555 SE 36ᵗʰ St., Ste. 300
Bellevue, WA 98006

phone - 425.458.2121
fax - 425.458.2131
www.rcolegal.com

Heidi E. Buck
Attorney

phone - 425.213.5534
fax - 425.283.5968
hbuck@rcolegal.com

March 14, 2012

Scott E. Stafne
Stafne Law Firm
239 N. Olympic Ave.
Arlington, WA 98223

   *Re:*  *Mickelson v. Mortgage Electronic Registration Systems, Inc., et al.*
      *RCO File No.: 7604.53376*

Dear Mr. Stafne,

   In response to the purported deficiencies you identified during our telephone conversation on March 5, 2011 in Defendants Northwest Trustee Services, Inc. (NWTS) and Routh Crabtree Olsen, P.S.'s (RCO) responses to Plaintiff's First Set of Interrogatories and Requests for Production, please see the following responses intended to supplement and amend Defendants' previous responses.

   Additionally, as previously discussed, please see the attached case, *Paananen v. Cellco Partnership*.

**Supplements and Amendments to NWTS' Responses to Plaintiff's Interrogatories & Requests for Production:**

   Interrogatory No. 1. NWTS supplements its previous answer as follows: All communications, including emails, memorandum, letters as well as documents produced or exchanged from the time of the filing of Plaintiff's Complaint to present as between counsel for NWTS and those individuals originally identified in NWTS' answer to interrogatory No. 1 are protected by attorney-client privilege. *See* FRCP 26(b)(5)(A)(ii).

   Interrogatory No. 2. NWTS supplements its previous answer as follows: All communications, including emails, memorandum, letters as well as documents produced or exchanged from the time of the filing of Plaintiff's Complaint to present as between counsel for NWTS and those individuals originally identified in NWTS' answer to interrogatory No. 1 are protected by attorney-client privilege. *See* FRCP 26(b)(5)(A)(ii).

Interrogatory No. 3. NWTS maintains the objections and answer stated in its original response. *See* FRCP (b)(2)(C).

Interrogatory No. 4. NWTS maintains its objection on the basis that the information sought seeks a purely legal conclusion. *Jewish Hosp. Ass'n of Louisville, Ky. v. Struck Const. Co., Inc.*, 77 F.R.D. 59, 60, 1978-1 Trade Cases P 61817 (W.D. Ky. 1978). NWTS amends and supplements its answer to state the following: The contention in the Notice of Sale that the Deed of Trust is to secure an obligation in favor of MERS, as Beneficiary is based upon the fact that the Deed of Trust states as such.

Interrogatory No. 5. NWTS maintains the objections and answer stated in its original response. *See* FRCP (b)(2)(C). NWTS amends and supplements its answer to state the following: Pursuant to the promissory note, referral, and beneficiary declaration received from Chase Home Finance LLC as well as the publicly recorded Deed of Trust, Travis and Danielle Mickelson are the borrowers under a promissory note in the amount of $403,500.00 dated November 22, 2005, made payable to MHL Funding Corp. The promissory note is secured by a Deed of Trust recorded under Island County Auditor's File No. 4155570. Chase Home Finance LLC is the holder of the note.

Interrogatory No. 6. NWTS maintains its objection on the basis that the information sought seeks a purely legal conclusion. *Jewish Hosp. Ass'n of Louisville, Ky. v. Struck Const. Co., Inc.*, 77 F.R.D. 59, 60, 1978-1 Trade Cases P 61817 (W.D. Ky. 1978). NWTS amends and supplements its answer to state the following: NWTS contends that Chase Home Finance LLC was the beneficiary at the times of the trustee's sale by virtue of its status as note holder by Federal Home Loan Mortgage Corporation.

Interrogatory No. 7. NWTS maintains the objections and answer stated in its original response. *See* FRCP (b)(2)(C). NWTS amends and supplements its answer to state the following: NWTS objects to subpart (a) on the basis that it is vague and ambiguous and NWTS cannot ascertain what Plaintiff is requesting. As to subpart (b) and (c), the accepted bid amount at the trustee's sale by Federal Home Loan Mortgage Corporation was $325,297.00. As to subpart (d), the bid tendered by Federal Home Loan Mortgage Corporation was the only bid.

Interrogatory No. 8. NWTS maintains the objections and answer stated in its original response. *See* FRCP (b)(2)(C). NWTS amends and supplements its answer to state the following: NWTS executed a Trustee's Deed to Federal Home Loan Mortgage Corporation. The Trustee's Deed was executed on or about March 30, 2011, signed by Heather Westfall, Assistant Vice President of NWTS, and recorded on April 4, 2011. On March 30, 2011, NWTS forwarded to First American Title Insurance Company, a cover letter requesting recordation of the Trustee's Deed and Excise Tax Affidavit.

Interrogatory No. 9. NWTS amends and supplements its answer to state the following: The services performed by NWTS and the fees and costs associated with those services relating to the underlying foreclosure are outlined in the final invoice, which is attached in response to NWTS' amended response to Request for Production 4.

Request for Production No. 4. NWTS provides the final invoice as referenced in NWTS' amended answer to Interrogatory No. 9.

Interrogatory No. 10. NWTS amends and supplements its answer to state the following: The services performed by NWTS and the fees and costs associated with those services relating to the underlying foreclosure are outlined in the final invoice, which is attached in response to NWTS' amended response to Request for Production 4.

Request for Production No. 5. Please see the document produced in response to RFP No. 4.

Interrogatory No. 11. NWTS supplements its answer as follows: NWTS provides the attached copy of the nonjudicial foreclosure referral received by NWTS from Chase Home Finance, LLC in connection with the foreclosure on the subject property.

Interrogatory No. 12. NWTS maintains the objections and answer stated in its original response. *See* FRCP (b)(2)(C); *see also* FRCP 26(b)(1). NWTS maintains its answer that it has no direct or indirect employment, financial, or managerial relationship with Routh Crabtree Olsen, P.S. NWTS amends and supplements its answer to state the following: Stephen Routh is an owner of Northwest Trustee Services, Inc. Stephen Routh is a shareholder in Routh Crabtree Olsen, P.S.

Interrogatory No. 13. NWTS maintains the objections stated in its original answer. *See* FRCP (b)(2)(C); *see also* FRCP 26(b)(1).

Interrogatory No. 14. NWTS maintains the objection that, as stated, this request is not reasonably calculated to lead to the discovery of admissible evidence. *See* FRCP 26(b)(1). NWTS supplements its answer as follows: Jeff Stenman, Vonnie McElligott, and Rhea Pre can be reached through counsel at 425-458-2121.

Interrogatory No. 16. NWTS maintains the objections stated in its original answer. *See* FRCP (b)(2)(C); *see also* FRCP 26(b)(1). NWTS withdraws its objection on the basis of attorney-client privilege and work product doctrine.

**Supplements and Amendments to RCO's Responses to Plaintiff's Interrogatories & Requests for Production:**

Request for Production No. 1. RCO amends and supplements its answer to state the following: No documents were identified in Defendant RCO's response to Interrogatory No. 3, and therefore no documents are produced in response to RFP No. 1.

Interrogatory No. 4. RCO strikes the objection originally stated in its answer to Interrogatory No. 4. RCO maintains its previous answer that Defendant RCO had no role in the transfer, sale, pledge or gift of Plaintiffs' Note.

Letter to Scott Stafne
Page 4 of 4
March 14, 2012

**Possible dates for depositions:**

   In light of the pending Motion to Dismiss filed by Defendant Chase and Defendants'
NWTS and RCO joinder thereto, I respectfully request that Plaintiff agree to postpone scheduling
the depositions discussed during our March 5, 2011 conference. Considering that likelihood that
the claims and issues will be narrowed as a result of the court's forthcoming ruling, scheduling
and conducting depositions prior to that time would appear to result in unnecessary expense and
time. *McElmurray v. Consol. Government of Augusta–Richmond County*, 501 F.3d 1244 (11th
Cir. 2007). U.S. v. County of Nassau, 188 F.R.D. 187 (E.D. N.Y. 1999). *In re First Constitution
Shareholders Litigation*, 145 F.R.D. 291 (D. Conn. 1991). *In re Merck & Co., Inc. Secs.,
Derivative & ERISA Litigation*, 493 F.3d 393 (3d Cir. 2007). *In re First Bancorp Derivative
Litigation*, 407 F. Supp. 2d 585 (S.D. N.Y. 2006). *Chesney v. Valley Stream Union Free School
Dist. No. 24*, 236 F.R.D. 113 (E.D. N.Y. 2006).

   In the event the foregoing does not satisfy the purported deficiencies we discussed during
our March 5, 2011 telephone call, please contact me and we can set up another discovery
conference.

                              Sincerely,

                              ROUTH CRABTREE OLSEN, P.S.


                              Heidi E. Buck, Attorney

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

The Honorable Judge Marsha Pechman

RECEIVED

APR 3 0 2012

BY:

## UNITED STATE DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

TRAVIS MICKELSON, DANIELLE H.
MICKELSON, and the marital community
thereof,

Plaintiffs,

v.

CHASE HOME FINANCE, LLC, an unknown
entity; JPMORGAN CHASE BANK, N.A., a
foreign corporation; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC., a foreign corporation; NORTHWEST
TRUSTEE SERVICES, INC., a domestic
corporation; JOHN DOES, unknown entities;
MORTGAGEIT, INC., a foreign corporation;
GMAC MORTGAGE CORPORATION, a
foreign corporation; CHICAGO TITLE, an
unknown corporation; ROUTH CRABTREE
OLSEN, P.S., a domestic Personal Services
Corporation; and FEDERAL HOME LOAN
MORTGAGE CORPORATION, a corporation,

Defendants.

No. C11-01445 MJP

**DEFENDANT NWTS' SECOND
AMENDED AND SUPPLEMENTAL
RESPONSES TO PLAINTIFFS' FIRST
SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION**

COMES NOW, Defendant Northwest Trustee Services, Inc. ("NWTS") and amends and

supplements its previous responses to Plaintiffs Travis and Danielle Mickelson's ("Plaintiffs")

First Set of Interrogatories and Requests for Production on Defendant NWTS ("Requests") as set

forth in (1) Defendant NWTS' Responses to Plaintiff's First Set of Interrogatories and Requests

for Production ("First Responses") and (2) the letter dated March 14, 2012, which amended and

supplemented NWTS' First Responses ("March 2012 Letter").

DEFENDANT NWTS' RESPONSES TO ORIGINAL
PLAINTIFFS' INTERROGATORIES AND
RFPS.1 of 11 C11-01445 MJP

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1  **INTERROGATORY NO. 6**: Identify the individual or entity you contend to be the Beneficiary

2  at the time of the trustee's sale of Plaintiffs' home and state further how the Beneficiary acquired

3  such status.

4     ANSWER: NWTS incorporates by reference and as if fully set forth herein the previous

5  response to Interrogatory No. 6 as set forth in the First Responses and the March 2012 Letter.

6

7  **INTERROGATORY NO. 7**: Identify and describe the financial transaction that took place

8  upon the trustee's sale in this matter, including:

9  a.     The identity of the person employee who approved the transaction.

10 b.     What funds flows among which entities and for what purpose.

11 c.     Breakdown of fees and costs paid by Freddie Mac.

12 d.     The total number of bids received and the basis for the acceptance of Freddie Mac's
13 offer.

14    ANSWER: NWTS incorporates by reference all previous objections to this

15 Interrogatory. Without waiving any previous objection, Defendant NWTS amends its response to

16 subparts (b),(c), and (d) set forth in the March 2012 Letter as follows:

17    As to subpart (b), NWTS objects to subpart (b) on the basis that it is vague, ambiguous,

18    and NWTS is unable to ascertain what information is being requested.

19
   As to subpart (c), Freddie Mac paid no fees or costs to NWTS.
20

21    As to subpart (d), NWTS received only 1 bid.  Chase Home Finance LLC submitted the

22    high bid at sale.  By direction from Chase Home Finance LLC and course of dealing,

23    NWTS is directed to and did issue the Trustee's Deed to the benefit of Federal Home

24    Loan Mortgage Corporation.

25

26

DEFENDANT NWTS' RESPONSES TO
PLAINTIFFS' INTERROGATORIES AND
RFPS 4 of 11 C11-01445 MJP

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## ATTORNEY CERTIFICATION

The undersigned, as attorney for Defendant Northwest Trustee Services, Inc. certifies to the best of her knowledge, information and belief, formed after a reasonable inquiry that the responses and objections are: (1) consistent with the Civil Rules and warranted by existing law or a good faith argument for the extension, modification or reversal of existing law; (2) not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and (3) not unreasonable or unduly burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy and the importance of the issues at stake in the litigation.

DATED this 26th day of April, 2012.

ROUTH CRABTREE OLSEN, P.S.

Heidi E. Buck, WSBA No. 41769
Of Attorneys for Defendants Northwest
Trustee Services, Inc. and Routh Crabtree
Olsen, P.S.

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

EXHIBIT C

**Northwest Trustee Services, Inc**
13555 SE 36th St., Suite 100
Bellevue, Washington   98006
(425) 586-1900
EIN: 20-0885049

Chase Home Finance, LLC
3415 Vision Drive
Columbus, OH   43219

Invoice No:  FTS0348914
Invoice Date: 3/28/2011

Attention:

7037.08418

Loan No: 1915309566
Borrower: Mickelson, Travis
            436 Ezduzit Lane
            Camano Island, WA   98282

Type:  Non-Jud Foreclosure/ FHLM

| Date | Item Description | Amount |
|------|------------------|--------|
| 3/25/2011 | Trustee Fee | $725.00 |
|  | TOTAL FEES: | $725.00 |
| 8/6/2010 | FTC Letter Mailed | $10.00 |
| 8/6/2010 | Notice of Default Posted | $70.00 |
| 8/6/2010 | Notice of Default Mailed (Required by Statute) | $9.56 |
| 8/18/2010 | Trustee Sale Guarantee Received | $1,169.61 |
| 9/6/2010 | Notice of Trustee Sale Posted | $70.00 |
| 9/7/2010 | Notice of Trustee Sale Recorded | $65.00 |
| 9/8/2010 | Notice of Trustee Sale Mailed (Required by Statute) | $97.18 |
| 9/10/2010 | Notice To Tenants Mailed | $4.78 |
| 11/10/2010 | Publication Commenced | $633.15 |
| 12/10/2010 | Postponement Mailing | $66.92 |
| 12/10/2010 | Postponement of Sale Read | $50.00 |
| 12/23/2010 | Title Cost - Endorsement | $32.61 |
| 1/14/2011 | Postponement Mailing | $76.48 |
| 1/14/2011 | Postponement of Sale Read | $50.00 |
| 2/2/2011 | Title Cost - Endorsement | $32.61 |
| 2/18/2011 | Postponement of Sale Read | $50.00 |
| 2/18/2011 | Postponement Mailing | $76.48 |
| 3/8/2011 | Title Cost - Endorsement | $32.61 |
| 3/25/2011 | Sale Completed/Read | $100.00 |
| 3/25/2011 | Cost - Record Trustee's Deed | $73.00 |
| 3/25/2011 | Mailed WAC 208-620-900 Letter - Non Recoverable | $1.76 |
| 3/28/2011 | Posted WAC 208-620-900 Letter - Non Recoverable | $70.00 |

**Northwest Trustee Services, Inc**
13555 SE 36th St., Suite 100
Bellevue, Washington   98006
(425) 586-1900
EIN: 20-0885049

Chase Home Finance, LLC
3415 Vision Drive
Columbus,  OH   43219

Invoice No:  FTS0348914
Invoice Date: 3/28/2011

Attention:                                                        7037.08418

TOTAL EXPENSES:        $2,841.75

PLEASE PAY AMOUNT DUE:        $3,566.75