UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVIS MICKELSON and DANIELLE H. MICKELSON,<br><br>Plaintiffs,<br><br>v.<br><br>CHASE HOME FINANCE LLC, et all.,<br><br>Defendants. | CASE NO. C11-1445 MJP<br><br>ORDER DENYING MOTION TO VACATE |

THIS MATTER comes before the Court on Plaintiffs' consolidated motion to vacate previous orders of this Court. (Dkt. No. 94.) Plaintiffs ask the Court to vacate previous orders due to new law from the Washington Supreme Court decision Bain v. Metropolitan Mortgage Group, Inc., 175 Wn.2d 83 (2012). The Court finds Bain does not alter the outcome of the previous orders in question, and DENIES the Motion.

ORDER DENYING MOTION TO VACATE- 1

Background

Plaintiffs Travis and Danielle Mickelson filed suit against several Defendants alleging various improper and illegal acts related to the foreclosure on their home in Island County. Plaintiffs obtained a loan from MHL Funding Corp. on November 22, 2005, to purchase the home. (Amended Complaint ("AC") ¶ 3.3.) The deed of trust securing the loan named Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary and Chicago Title Insurance Company ("Chicago") as the trustee. (Dkt. No. 29-1 at 7.) Roughly three years later on September 19, 2008, Chase Home Finance ("Chase") recorded an assignment of the deed of trust from MERS to Chase. (Id. at 27.) The document is signed by Vonnie McElligot as "Vice President" for MERS, though she is alleged to be an employee of Northwest Trustee Services, Inc. ("Northwest"). (Id.) The same day, Northwest recorded an appointment of successor trustee on behalf of Chase, which appointed Northwest the successor trustee. (Id. at 29.) This document is signed by Jeff Stenman. (Id.) Northwest had recorded a document entitled "Limited Power of Attorney" on October 28, 2005, which gave several individuals, including Vonnie McElligott and Jeff Stenman, authority to make substitutions and appointments of trustees on behalf of Chase. (Dtk. No. 29-1 at 24.)

Starting in the August of 2008, Plaintiffs fell behind on their mortgage payments and were threatened with foreclosure by Chase and Northwest's employee Vonnie McElligott. (AC ¶ 3.23.) Although Plaintiffs tried to enter into a loan modification program, their home was ultimately sold in a non-judicial foreclosure sale on March 25, 2011. (AC ¶¶ 3.25-3.28.) Part of Plaintiffs' allegations against the Defendants involved claims under the Deed of Trust Act and the Consumer Protection Act alleging that Chase never had the authority to foreclose on their home because MERS was not a proper beneficiary under the Deed of Trust Act, and Chicago Title, the original trustee, was still the trustee. (Id.)

ORDER DENYING MOTION TO VACATE- 2

They claimed Chicago should have investigated potential fraud in the transfer of the note and stopped the foreclosure. (Id.)

Some earlier dismissals have been granted at least in part on the grounds that MERS can be a proper beneficiary. The recently decided Bain holds MERS is not a proper beneficiary under the Deed of Trust Act. Because of this, Plaintiffs' ask for reconsideration of prior orders. 175 Wn.2d 83 (2012).

## Analysis

This motion asks for the previous orders dismissing with prejudice the claims against all Defendants to be vacated on the grounds that new law in Bain undercuts the decisions. 175 Wn.2d 83 (2012). Many of the orders Plaintiffs ask the Court to reconsider have nothing to do with the new law or would so clearly be unaffected by Bain that they need not be addressed here. (Dkt. Nos. 35, 86, 88.)  The dismissed claims that may arguably be impacted by the decision in Bain include (1) an order dismissing claims under the Consumer Protection Act (CPA), RCW 19.85, against Chase, MERS, JPMorgan and Freddie Mac (Dkt. No. 58); and (2) an order dismissing the claims under the  CPA against Chicago, (Dkt. No. 93). Other claims dismissed in these orders are unrelated to changes in the law created by Bain. While Bain does undercut some of the articulated reasoning behind at least one of these CPA claim dismissals, reconsideration is not warranted.

A. *Standard*

Motions for reconsideration are disfavored in this District. Local Rule CR 7(h)(1) states that "[t]he court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Although the Plaintiffs fail to properly reference it, they seek relief under Federal Rule of Civil Procedure 60(b)(6), which provides for

relief from a final judgment, order or proceeding. While a change in the underlying law upon which the order is based may require that order to be vacated under this Rule, a court need not reconsider a prior order when the change in decisional law does not undercut its basis. Cross v. Benedetti, 2012 U.S. Dist. LEXIS 110117,*9 (D. Nev. 2012).

Both of the orders possibly impacted by the new law in Bain are on CPA claims. In order to prevail on a CPA claim, the plaintiff must show "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to the plaintiff in his or her business or property; (5) causation." Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 780. This rule remains unchanged.

   B.  Impact of Bain

Bain held that MERS is ineligible as a "beneficiary" under the Deed of Trust Act if it never held a promissory note or other debt instrument secured by the deed of trust. 175 Wn.2d 83, 110 (2012). Because of this, characterizing MERS as a beneficiary meets the deception element of the CPA claim. Id. at 117. However, Bain is clear that there is no automatic cause of action under the CPA simply because MERS acted as an unlawful beneficiary under the Deed of Trust Act. Plaintiffs must still prove all five elements of the CPA claim.

In Bain, the Washington Court addressed three certified questions:

> "(1) Is Mortgage Electronic Registration Systems, Inc., a lawful 'beneficiary' within the terms of Washington's Deed of Trust Act … if it does not hold the promissory note? [Short answer: no]. (2) If so what is the legal effect of [MERS] acting as an unlawful beneficiary under the terms of the [Deed of Trust Act]? [Short answer: We decline to answer based on what is before us.] (3) Does a homeowner possess a cause of action under Washington's Consumer Protection Act against Mortgage Electronic Registration Systems, Inc., if MERS acts and an unlawful beneficiary under the terms of Washington's Deed of Trust Act? [Short answer: The homeowners may have a CPA action but each homeowner will have to establish the elements based upon the facts of that homeowner's case.]" Id. at 91.

Bain does not hold that the presence of MERS in a mortgage creates a presumptive CPA claim. In fact, the Supreme Court clearly states that "[d]epending on the facts of a particular case, a borrower may or may not have been injured by the disposition of the note, the servicing contract, or many other things, and MERS may or may not have a causal role." Id. at 119.

*C. Application*

Even if the deception element of the CPA is met, the Plaintiffs cannot make a claim under the CPA because they cannot show injury. Lack of injury is only articulated as a cause for dismissal in the first order dismissing MERS, Chase, JPMorgan and Freddie Mac (Dkt. No. 58), but it is an implicit reason for dismissal in the order dismissing Chicago Title (Dkt. No. 93).

The reasoning articulated in the order dismissing Chicago Title was that "the key to Plaintiffs' claim against Chicago is the allegation that MERS cannot be a beneficiary under the Deed of Trust Act and that Chicago's act of naming it as a beneficiary is an unfair and deceptive act" (Dkt. No. 93 at 3). The Court rejected the theory that MERS could never be a beneficiary, so there was no deception. (Id.) The holding in Bain does undercut this articulated reasoning in the order dismissing Chicago.

However, the language in the order dismissing Chicago only addresses the deception element of the CPA and the issue of MERS as a beneficiary because it is the only point raised by the Plaintiffs in their CPA claim. In the Plaintiffs' response brief to Chicago's motion to dismiss the CPA claim, Plaintiffs make not a single reference to harms suffered by Chicago's allegedly deceptive acts. (Dkt. No. 87.) Thus, although the original order did not address any element other than deception, Plaintiffs still fail to make out a claim under the CPA, which requires injury and causation.

1      Even if Plaintiffs' failure to plead injury is overlooked, injury could not be found if the Court

2 were to go independently looking for it. Chicago did not initiate foreclosure proceedings, or have

3 any part in those proceedings. Chicago was merely the initial trustee, and this Court has already

4 held that Chicago did not violate duty or act unreasonably in not investigating apparently valid

5 transfers of title for possible fraud. (Dkt. No. 35 at 5.) This Court specifically distinguished <u>Bain</u>

6 (at that point in the District Court), because unlike in <u>Bain</u>, Chicago is not alleged to have

7 engaged in or caused foreclosure proceedings. (Id.)  Therefore, any harm the Plaintiffs may have

8 suffered as a result of their home being foreclosed upon is not the result of Chicago's actions.

9                                          Conclusion

10     <u>Bain</u> does not touch the basis of most of the Court's previous orders. (Dkt. Nos. 35, 86,

11 88.) These orders will not be reconsidered.  Because Plaintiffs do not make a plausible claim for

12 injury, <u>Bain</u> does not change the outcome of the previous orders on CPA claims. (Dkt. Nos. 58

13 and 93.) Because <u>Bain</u> does not undercut the outcome of any previous order, the Court DENIES

14 the motion to vacate.

15     The clerk is ordered to provide copies of this order to all counsel.

16     Dated this 31st day of October, 2012.

*[signature]*

Marsha J. Pechman
Chief United States District Judge