UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVIS MICKELSON, DANIELLE H. MICKELSON, and the marital community thereof,<br><br>Plaintiffs,<br><br>v.<br><br>CHASE HOME FINANCE LLC, et al.,<br><br>Defendants. | CASE NO. C11-1445 MJP<br><br>ORDER GRANTING DEFENDANTS MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS MOTION FOR SUMMARY JUDGMENT |

THIS MATTER comes before the Court on Plaintiffs' motion for partial summary judgment (Dkt. No. 103), Defendants' motion for summary judgment (Dkt. No. 99), and the parties' stipulation to continue pretrial dates (Dkt. No. 120). The Court GRANTS the Defendants' motion and DENIES Plaintiffs' motion. This decision reaches all remaining issues in this litigation and terminates the case, rendering the stipulation to continue pretrial dates MOOT.

ORDER GRANTING DEFENDANTS MOTION
FOR SUMMARY JUDGMENT AND DENYING
PLAINTIFFS MOTION FOR SUMMARY
JUDGMENT- 1

## Background

Plaintiffs Travis and Danielle Mickelson filed suit against several Defendants alleging various improper and illegal acts related to the foreclosure on their home in Island County. Plaintiffs obtained a loan from MHL Funding Corp on November 22, 2005, to purchase a home in Island County. (Amended Complaint ("AC") ¶ 3.3.) Plaintiffs signed a promissory note and a deed of trust that secured the loan. The deed of trust named MERS as the nominee and beneficiary and Chicago Title as the trustee. (Dkt. No. 29-1 at 7.) Chase later became the holder of the promissory note, which was endorsed in blank. On September 19, 2008, Chase recorded an assignment of the deed of trust from MERS to Chase. (Dkt. No. 29-1 at 27.)

The same day, Northwest Trustee Services (NWTS) recorded an appointment of successor trustee on behalf of Chase, which appointed NWTS the successor trustee to Chicago Title. (Dkt. No. 29-1 at 29.) The document is signed by Vonnie McElligott as "Vice President" for MERS. McElligott is alleged by plaintiffs to be an NWTS employee without true authority to assign liens on behalf of MERS (Id.) McElligott has demonstrated through her Declaration and supporting documentation that she was appointed a vice president of MERS on October 9, 2007, with authorization to "assign the lien of any mortgage loan registered on the MERS System that is shown to be registered to Chase Home Finance, LLC or its designee" and to "execute any and all documents necessary to foreclose upon the property securing any mortgage loan registered on the MERS System that is shown to be registered to Chase Home Finance, LLC." (Dkt. No. 100 at 2.)

In August 2008, Plaintiffs began to fall behind on their mortgage payments and were threatened with foreclosure by Chase and NWTS employee Vonnie McElligott. (AC ¶ 3.23.)

ORDER GRANTING DEFENDANTS MOTION
FOR SUMMARY JUDGMENT AND DENYING
PLAINTIFFS MOTION FOR SUMMARY
JUDGMENT- 2

1  Although Plaintiffs tried to enter a loan modification program, their home was ultimately sold in
2  a non-judicial foreclosure sale on March 25, 2011. (AC ¶¶ 3.25-3.28.)

**Discussion/Analysis**

A.  Legal Standard for Summary Judgment & Applicability of Previous Orders

Summary judgment is warranted if no material issue of fact exists for trial. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995), cert. denied, 516 U.S. 1171 (1996).  The underlying facts are viewed in the light most favorable to the party opposing the motion.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  "Summary judgment will not lie if . . . the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The party moving for summary judgment has the burden to show initially the absence of a genuine issue concerning any material fact.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970).  If the moving party makes this showing, the burden shifts to the nonmoving party to establish the existence of an issue of fact regarding an element essential to that party's case, and on which that party will bear the burden of proof at trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  To discharge this burden, the nonmoving party cannot rely on its pleadings, but instead must have evidence showing that there is a genuine issue for trial.  Id. at 324.

Plaintiffs argue repeatedly in their motion and responsive pleadings for the Court to reconsider previous decisions and apply the new Washington law, Bain v. Metropolitan Mortgage Group, Inc., 175 Wn.2d 83 (2012), to this case.  It has already been held that Bain does

ORDER GRANTING DEFENDANTS MOTION
FOR SUMMARY JUDGMENT AND DENYING
PLAINTIFFS MOTION FOR SUMMARY
JUDGMENT- 3

not apply to the facts of this case, and all of this Court's previous decisions remain the law of this case. (Dkt. No. 118.)

B. <u>Remaining Issues</u>

Defendants NWTS, Vonnie McElligott (McElligott), and Routh Crabtree Olsen (RCO) request summary judgment in their favor on the grounds that no genuine issue of material fact exists as to the Plaintiff's (Mickelson's) remaining claims. (Dkt. No. 99.) Plaintiffs seek summary judgment in their favor on the more narrow issue of Defendant NWTS's alleged DTA violations and breach of duty of good faith. (Dkt. No. 103.) The following questions are at issue in the motions:

   (1) Whether Defendant NWTS or Plaintiffs are entitled to judgment as to Plaintiffs' claims of Deed of Trust Act (DTA) violations or breach of duty of good faith;

   (2) Whether Defendant NWTS is entitled to judgment as to Plaintiffs' claims of Fair Debt Collection Practices Act (FDCPA) violation and Consumer Protection Act (CPA) violation;

   (3) Whether Defendant RCO is entitled to judgment as to Plaintiffs' remaining claim for FDCPA violation; and

   (4) Whether Defendant McElligott is entitled to judgment as to Plaintiffs' remaining claim for CPA violation

Between these motions, all remaining issues in this case are addressed. This Order decides each remaining issue, terminating the case.

C. <u>Defendant NWTS Did Not Violate the DTA or Breach the Duty of Good Faith</u>

Plaintiffs' DTA and violation of good faith claims are premised on the allegation that NWTS lacked sufficient proof of Chase's beneficiary status before proceeding with the 2010 foreclosure, and that an entity cannot be both trustee and beneficiary under the same deed of

ORDER GRANTING DEFENDANTS MOTION
FOR SUMMARY JUDGMENT AND DENYING
PLAINTIFFS MOTION FOR SUMMARY
JUDGMENT- 4

trust. Plaintiffs argue that because McElligott was an employee of NWTS and also the signing agent for MERS, NWTS was acting as both beneficiary and trustee. However, the DTA approves the use of agents, and Plaintiffs provide no proof or law that shows McElligott could not act as an agent of MERS and separately as an employee for NWTS. McElligott's actions do not convert NWTS into both beneficiary and trustee.

The argument that the NWTS had insufficient proof that Chase was the holder of the note and improperly proceeded with foreclosure does not hold up. On or about August 19, 2010, NWTS received a Beneficiary Declaration identifying Chase Home Finance LLC as the note holder in compliance with the DTA. (Dkt. No. 100-3.) The DTA specifically says, "A declaration made under the penalty of perjury stating that the beneficiary is the actual holder of the promissory note or other obligation secured by the deed of trust shall be sufficient proof as required under this subsection." RCW 61.24.030(7)(a).

This Court has already held that the duty of good faith does not create a duty to conduct an independent verification of sworn affidavits. (Dkt. No. 35 at 4.) This expansive view of good faith remains untenable. NWTS relied, as they are specifically permitted to do, on a declaration made under penalty of perjury. They did not breach their duty of good faith in so doing. NWTS acted in accordance with the DTA and with their duty of good faith. Judgment is GRANTED in favor of Defendants on the DTA and good faith claims against NWTS.

D. <u>Defendant NWTS Did Not Violate the FDCPA or the CPA</u>

The only remaining FDCPA claim against NWTS is their alleged violation of 15 USC §1692f(6), which prohibits taking or threatening to take non-judicial action to effect disposition or disablement of property if there is no present right to possession of the property, by trying to

ORDER GRANTING DEFENDANTS MOTION
FOR SUMMARY JUDGMENT AND DENYING
PLAINTIFFS MOTION FOR SUMMARY
JUDGMENT- 5

foreclose on Plaintiffs' debt when it was unaware if the debt was properly owned by Chase (Dkt. No. 88 at 9.) The Court takes notice of the document showing that on September 18, 2008, Chase warranted to NWTS it was the "owner and holder of the obligation secured by the subject deed of trust . . ." and finds it shows NWTS acted with sufficient awareness that the debt was properly owned by Chase. (Dkt. No. 39 at 9.) Summary judgment is GRANTED in favor of Defendants on the remaining FDCPA claim against NWTS.

To prevail on a CPA claim plaintiffs must show (1) an unfair or deceptive practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injuring plaintiff in his business or property, and (5) caused by the unfair or deceptive act. <u>Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.</u>, 105 Wn.2d 778, 791 (1986). The remaining CPA claim against NWTS alleges they engaged in deceptive signing practices by allowing McElligott to sign a document on MERS' behalf without proper authority. (Dkt. No. 88 at 10.) McElligott and NWTS have demonstrated through McElligott's declaration and supporting documentation that there was proper authority, and no unfair or deceptive practice took place. (Dkts. No. 100, 100-1.) Judgment is GRANTED in favor of Defendants on the CPA claim against NWTS.

E. <u>Defendant RCO Did Not Violate the FDCPA</u>

The remaining FDCPA claim against RCO is their alleged violation 15 USC §1692f(6), which prohibits taking or threatening to take non-judicial action to effect disposition or disablement of property if there is no present right to possession of the property, by trying to foreclose on a debt while unaware if the debt was properly owned by Chase (Dkt. No. 88 at 9.) The conduct at issue involves letters sent by RCO on behalf of their client Chase in response to Plaintiffs' default. RCO has demonstrated that it was an agent of Chase in its capacity as counsel

to Chase. (Dkt. No. 99 at 9.) This Court has already determined that as the actual holder of the note, Chase had the proper authority to initiate foreclosure proceedings. (Dkt. No. 58 at 8.) RCO acted in accordance with the FDCPA because Chase held the note with the right to foreclose, and RCO acted as Chase's agent. Judgment is GRANTED in favor of Defendants on the FDCPA claim against RCO.

F.  Defendant McElligott Did Not Violate the CPA

Plaintiffs allege McElligott, who assigned the beneficial interest of the mortgage from MERS to Chase Home Finance LLC, did so without authority, knowledge or training to perform the transaction. (AC ¶ 6.23.) They allege this constituted an unfair or deceptive practice in violation of the CPA. (Id.) McElligott has demonstrated through her Declaration (Dkt. No. 100) and supporting documents (Dkt. No. 100-1) that she possessed the proper authority to assign the beneficial interest.  Judgment is GRANTED in favor of Defendants on the CPA claim against McElligott.

## Conclusion

The facts of this case establish that Defendants acted properly in the non-judicial foreclosure of Plaintiffs' home. The note was properly assigned to Chase. Chase held the note when the foreclosure took place and had proper authority to initiate foreclosure proceedings. RCO properly acted as an agent for Chase in the foreclosure process. NWTS properly relied on sworn statements when taking actions related to the foreclosure. No wrongdoing took place in this process. Plaintiffs' motion for summary judgment is DENIED and Defendants' motion for summary judgment is GRANTED. This order disposes of all remaining issues in this case in

ORDER GRANTING DEFENDANTS MOTION
FOR SUMMARY JUDGMENT AND DENYING
PLAINTIFFS MOTION FOR SUMMARY
JUDGMENT- 7

1 favor of Defendants. Because all issues have been addressed, the case is terminated and the

2 stipulated motion for extension of pretrial deadlines is MOOT.

3     The clerk is ordered to provide copies of this order to all counsel.

4     Dated this 3rd day of December, 2012.

    Marsha J. Pechman
    Chief United States District Judge

ORDER GRANTING DEFENDANTS MOTION
FOR SUMMARY JUDGMENT AND DENYING
PLAINTIFFS MOTION FOR SUMMARY
JUDGMENT- 8